# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JEFFREY FRANZ and BRANDI FRANZ, as
NEXT FRIEND For RILEY FRANZ, a Minor,
and JEFFREY FRANZ and BRANDI FRANZ,
as NEXT FRIEND For BELLA FRANZ, a
Minor,

                                     Case No.:

        Plaintiffs,                     Hon.

Vs.

OXFORD COMMUNITY SCHOOL DISTRICT,
SUPERINTENDENT TIMOTHY THRONE,
PRINCIPAL STEVEN WOLF, DEAN OF
STUDENTS RYAN MOORE, COUNSELOR
#1, COUNSELOR #2, STAFF MEMBER,
TEACHER #1  and TEACHER #2
In their Individual Capacity,

        Defendants.

---

GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON (P65351)
ROBERT G. KAMENEC (P35283)
NORA Y. HANNA (P80067)
MILICA FILIPOVIC (P80189)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 West Ten Mile Road
Southfield, MI 48075
P: (248) 355-5555
F: (248) 355-5148
g.fieger@fiegerlaw.com
j.harrington@fiegerlaw.com
r.kamenec@fiegerlaw.com
n.hanna@fiegerlaw.com
m.filipovic@fiegerlaw.com

## COMPLAINT AND DEMAND FOR JURY TRIAL

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**NOW COME** Plaintiffs, JEFFREY FRANZ and BRANDI FRANZ, as Next Friends of RILEY FRANZ, a Minor and BELLA FRANZ, a Minor, by and through their attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and for Plaintiffs' Complaint and Jury Demand against the above-named Defendants, state as follows:

## INTRODUCTION

On November 30, 2021, horrific events took place at Oxford High School which resulted in the slaughter of four (4) high school students and serious gunshot and psychological injuries to others. The horror of November 30, 2021 was entirely preventable. Each and every Defendant named herein created and increased the dangers then-existing at Oxford High School.

The individually named Defendants are each responsible through their actions for making the student victims less safe. The Oxford High School students, and Plaintiffs in particular, would have been safer had the Individual Defendants not taken the actions they did.

The Oxford Community School District is responsible for having a Constitutionally deficient policy, custom and practice that was a driving force behind the constitutional violations. Further, said school district ratified the unconstitutional actions of the individually named Defendants.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and under the laws of the United States Constitution, particularly under the provisions of the Fourteenth Amendment to the United States Constitution and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the statutes and common law of the State of Michigan.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3), 1343(a)(4) and 42 U.S.C § 1983.

3. The actions alleged in this Complaint took place within Oakland County, State of Michigan, and as such, jurisdiction lies in the United States District Court for the Eastern District of Michigan (Southern Division).

4. Venue is proper pursuant to 28 U.S.C. §1391(d).

5. The amount in controversy exceeds One Hundred Million ($100,000,000) dollars, excluding interests, costs, and attorneys' fees.

## PARTIES

6. Plaintiffs hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint as if fully set forth herein.

7. At all times relevant hereto, Plaintiffs' Minor, RILEY FRANZ, was a resident of the City of Leonard, County of Oakland, State of Michigan.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

8.    At all times relevant hereto, Plaintiffs' Minor, BELLA FRANZ, was a resident of the City of Leonard, County of Oakland, State of Michigan.

9.    At all times relevant hereto, JEFFREY FRANZ and BRANDI FRANZ are the biological parents of RILEY FRANZ, a Minor, and BELLA FRANZ, a Minor, and are residents of the City of Leonard, County of Oakland, State of Michigan.

10.    At all times relevant Plaintiffs' Minors RILEY FRANZ and BELLA FRANZ were students at Oxford High School in 12th and 9th grade respectively.

11.    Plaintiffs' Minor, RILEY FRANZ, was an honor roll student preparing to enter college. Plaintiffs' Minor, BELLA FRANZ, was a star athlete getting ready for driver's training.

12.    At all times relevant hereto, Defendant, OXFORD COMMUNITY SCHOOL DISTRICT, was and is a municipal corporation, duly organized and carrying out functions in the Township of Oxford, State of Michigan. Its functions include: organizing, teaching, operating, staffing, training, and supervising the staff, counselors, and teachers at Oxford High School.

13.    Upon information and belief, at all times relevant hereto, Defendant, TIMOTHY THRONE, (hereinafter referred to as "THRONE") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as Superintendent of the OXFORD COMMUNITY SCHOOL DISTRICT.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

14.     Upon information and belief, at all times relevant hereto, Defendant, STEVEN WOLF, (hereinafter referred to as "WOLF") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a Principal for Oxford High School within the OXFORD COMMUNITY SCHOOL DISTRICT.

15.     Upon information and belief, at all times relevant hereto, Defendant, RYAN MOORE, (hereinafter referred to as "MOORE") is citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a Dean of Students for Oxford High School within the OXFORD COMMUNITY SCHOOL DISTRICT.

16.     Upon information and belief, at all times relevant hereto, Defendant, COUNSELOR #1, (hereinafter referred to as "COUNSELOR #1") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his/her employment as a counselor at Oxford High School located in the OXFORD COMMUNITY SCHOOL DISTRICT.

17.     Upon information and belief, at all times relevant hereto, Defendant, COUNSELOR #2, (hereinafter referred to as "COUNSELOR #2") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his/her employment as a counselor at Oxford High School located in the OXFORD COMMUNITY SCHOOL DISTRICT.

5

18.     Upon information and belief, at all times relevant hereto, Defendant, STAFF MEMBER, (hereinafter referred to as "STAFF MEMBER") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his/her employment as a staff member at Oxford High School located in the OXFORD COMMUNITY SCHOOL DISTRICT.

19.     Upon information and belief, at all times relevant hereto, Defendant, TEACHER #1, (hereinafter referred to as "TEACHER #1") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his/her employment as a teacher at Oxford High School located in the OXFORD COMMUNITY SCHOOL DISTRICT.

20.     Upon information and belief, at all times relevant hereto, Defendant, TEACHER #2, (hereinafter referred to as "TEACHER #2") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his/her employment as a teacher at Oxford High School located in the OXFORD COMMUNITY SCHOOL DISTRICT.

## FACTUAL STATEMENT

21.     Plaintiffs hereby reincorporates by reference and reasserts each and every allegation set forth in the previous paragraphs of this Complaint as if fully set forth herein.

22.     Plaintiffs' Minor, RILEY FRANZ, is a 17-year-old female senior at Oxford High School.

6

23.     Plaintiffs' Minor, BELLA FRANZ, is a 14-year-old female freshman at Oxford High School.

24.     Ethan Crumbley was a 15-year-old male sophomore at Oxford High School at the time of the incident.

25.     On November 30, 2021, Ethan Crumbley brought a Sig Saur 9mm semi-automatic handgun to Oxford High School and opened fire slaughtering students, resulting in the death of four (4), and seriously injuring six (6) other students and a teacher.

26.     Upon information and belief, in the days leading up to the November 30, 2021, incident, Ethan Crumbley, acted in such a way that would lead a reasonable observer to know and/or believe that he was planning to cause great bodily harm to the students and/or staff at Oxford High School.

27.     By way of example, and not limitation, previous to the November 30, 2021 incident, Ethan Crumbley posted countdowns and threats of bodily harm, including death, on his social media accounts, warning of violent tendencies and murderous ideology prior to actually coming to school with the handgun and ammunition to perpetuate the slaughter.

28.     For example, a threat on social media included an update to his twitter account the night before which read, "Now I am become Death, the destroyer of worlds.  See you tomorrow Oxford."

29. On or about November 16, 2021, days prior to the actual incident, multiple concerned parents provided communications to Defendant WOLF with concerns about threats to students made on social media.

30. The parents' communications to WOLF in part stated, "I know it's been investigated but my kid doesn't feel safe at school," "He didn't even want to go back to school today."

31. That same day, November 16, 2021, WOLF emailed parents indicating, "I know I'm being redundant here, but there is absolutely no threat at the HS…large assumptions were made from a few social media posts, then the assumptions evolved into exaggerated rumors."

32. Defendants THRONE and WOLF reviewed the social media posts of Crumbley prior to November 30, 2021, which threated Oxford High School students.

33. Defendants THRONE and WOLF had actual knowledge of concerns from parents of students at Oxford High School as well as the students at Oxford High School.

34. Despite the posts and knowledge of threats of violence, Defendant THRONE sent correspondence and emails to parents at Oxford High School reassuring them that their children were safe at Oxford High School.

35. Following the November 16, 2021, email exchanges and other communications from Defendant WOLF to the parents of Oxford High School students, Superintendent THRONE warned the students, via loudspeaker, to stop

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

spreading information over social media and to stop relying on information on social media, reiterating that there were no threats that posed any danger to students at Oxford High School.

36.    At all times relevant hereto, Defendant THRONE, while acting as the Superintendent of OXFORD COMMUNITY SCHOOL DISTRICT, discouraged students and parents from reporting, sharing, or otherwise discussing the threatening social media posts.

37.    At all times relevant hereto, Ethan Crumbley's Instagram and other social media accounts were not set to private and were available to the public, including Defendants.

38.    Defendants THRONE, WOLF, and other employees and/or agents of OXFORD COMMUNITY SCHOOL DISTRICT had knowledge of threats made to the students, including Plaintiffs' Minors RILEY AND BELLA FRANZ.

39.    At all times relevant hereto, Plaintiff Minors were safer before Defendant THRONE took action and advised each and every student, including Plaintiff Minors, that there was no credible threat.   By virtue of Defendant THRONE's actions, he substantially increased the harm to Plaintiffs' Minors.

40.    Defendant THRONE knew and/or should have known, that his announcement to the students at Oxford High School would discourage the students and/or their parents from reporting credible threats of bodily harm to teachers, counselors, and staff of Oxford High School.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

41.     At all times relevant, Plaintiffs' Minors were safer before Defendant WOLF took the actions described and advised each and every student, and parents, including Plaintiffs, that there was no credible threat at Oxford High School. By virtue of Defendant WOLF's actions, he substantially increased the harm to Plaintiffs' Minors.

42.     Defendant WOLF knew and/or should have known that his assurances that social media threats were not credible would discourage the students and/or their parents from reporting credible threats of bodily harm to teachers, counselors, and staff of Oxford High School.

43.     On November 26, 2021, Ethan Crumbley's father, James Crumbley, purchased a Sig Saur 9 mm semi-automatic handgun for his son.

44.     On November 26, 2021, Ethan Crumbley posted a picture of the Sig Saur 9 mm semi-automatic handgun to his social media account with the caption, "just got *my* new beauty today" with an emoji with heart eyes, followed by, "Sig Saur 9 mm. Any questions I will answer." *Emphasis added.*

45.     At all times relevant hereto, Ethan Crumbley posted to his Instagram account a post with a picture and caption of the Sig Saur 9 mm semi-automatic handgun. This post was for public viewing and accessible to all Defendants.

46.     On November 27, 2021, Ethan Crumbley's mother, Jennifer Crumbley, posted a message on her social media account reading, "mom and son day testing out *his* new Christmas present." *Emphasis added.*

47.    At all times relevant hereto, Jennifer Crumbley's social media account was not set to private, and the post was available to the public.

48.    At all times relevant hereto, Jennifer Crumbley's social media account with the picture and caption of the Sig Saur 9 mm semi-automatic handgun was available for public viewing and accessible to all Defendants prior to Ethan Crumbley returning to school on Monday, November 29, 2021.

49.    On November 29, 2021, Defendant TEACHER #1 at Oxford High School observed Ethan Crumbley searching for ammunition on his cell phone during class and reported the incident to COUNSELOR #1 at OXFORD COMMUNITY SCHOOL DISTRICT.

50.    Defendant TEACHER #1 allowed Crumbley to stay in the classroom despite the threats of violence with the minor children at Oxford High School, including Plaintiff' Minors.

51.    Defendant TEACHER #1 knowingly and deliberately decided to exclude the school safety liaison officer from notice of such dangers, despite knowing that Ethan Crumbley was searching for ammunition during class, and the aforesaid social media posts regarding his weapon were available to the public, including Defendant TEACHER #1.

52.    Defendant TEACHER #1 had actual knowledge of the violent threats of bodily harm and further had knowledge of Crumbley's intent to perpetrate those acts when he/she found Ethan Crumbley searching for ammunition and then did

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

knowingly and deliberately decided to exclude the school safety liaison officer from reporting this incident.

53. Following the search for ammunition on Crumbley's cell phone, Defendants WOLF and THRONE were notified of the incident, putting them on further alert of the threat.

54. Upon information and belief, Ethan Crumbley met with Defendants, COUNSELOR #1 and STAFF MEMBER about the search for ammunition during class on November 29, 2021.

55. On November 29, 2021, after meeting with Defendants COUNSELOR #1 and STAFF MEMBER, and as a result of Ethan Crumbley's search for ammunition during class, Jennifer Crumbley, was contacted via telephone by Defendant STAFF MEMBER who left a voicemail regarding Ethan Crumbley's inappropriate internet search.

56. On November 29, 2021, Defendant STAFF MEMBER followed up on the unreturned voicemail to Jennifer Crumbley, with an email to Ethan Crumbley's parents regarding the search for ammunition during school hours.

57. Defendants COUNSELOR #1 and STAFF MEMBER, made a knowing and deliberate decision to exclude involving the school safety liaison officer of Ethan Crumbley's behavior and knowingly decided to refrain from informing the school safety liaison of the meeting with Ethan Crumbley regarding the same.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

58. Defendants TEACHER #1 and COUNSELOR #1, deliberately and knowingly sent Ethan Crumbley home after school, without any discipline or follow-up search regarding his inappropriate search for ammunition during class.

59. At all times relevant, Defendant STAFF MEMBER, knew and/or should have known that the information regarding Ethan Crumbley's inappropriate internet search would likely be relayed to Ethan Crumbley by his parents and would encourage and/or entice Ethan Crumbley into more affirmative actions.

60. At all times relevant, the students at Oxford High School, including minor Plaintiffs, were safer before Defendant STAFF MEMBER, affirmatively contacted Ethan Crumbley's parents via telephone and email, and afferently chose to allow Ethan Crumbley to return to school the next day. This action assisted with an acceleration of plans to effectuate his slaughter of classmates. Defendant, STAFF MEMBER, made a knowing and deliberate decision to not take any meaningful corrective action against Ethan Crumbley, increasing the risk that Plaintiffs' Minors would be exposed to Ethan Crumbley's acts of violence.

61. At all times relevant, Plaintiffs were safer before Defendant COUNSELOR #1, affirmatively contacted Ethan Crumbley's parents via telephone and email, and affirmatively chose against certain actions and affirmatively decided to allow Ethan Crumbley to return to school the next day. This action assisted in the perpetuation of his plans to effectuate a violent slaughter of classmates, and

increased the risk that Plaintiffs' Minors would be exposed to Ethan Crumbley's acts of violence.

62.    On November 29, 2021, when Defendants TEACHER #1 and COUNSELOR #1, knowingly and deliberately released Ethan Crumbley without further investigation, or discipline. Further, Ethan Crumbley's public social media post's regarding *his* Sig Saur 9 mm semi-automatic handgun and Jennifer Crumbley's public social media post were available to the Dean of Students, school principal, superintendent, counselors, and teachers, including Defendants, all of which altered said Defendants to the imminent attack.

63.    Upon information and belief, in the evening of November 29, 2021, after Defendants TEACHER #1, COUNSELOR #1, and STAFF MEMBER, released Ethan Crumbley from school without discipline and without investigating his inappropriate internet search, and without notifying the school safety liaison officer, that Ethan Crumbley had posted to his Twitter account, "Now I am become Death, the destroyer of worlds. See you tomorrow Oxford." Although his Twitter account was set to private, the posting was made to his profile biography, and visible to anyone who could search his name, including Defendants.

64.    Ethan Crumbley returned to school the next day unchained. The students at Oxford High School, and Plaintiffs' Minors in particular, were safer before Defendant TEACHER #1, COUNSELOR #1, and STAFF MEMBER, knowingly and deliberately allowed the murderous student to return to school the

14

next day, despite the clear and present dangers he posed to students at Oxford High School.

65.   At all times relevant, Defendant TEACHER #1, COUNSELOR #1, STAFF MEMBER, made a knowing, intentional, and deliberate decision to intentionally withhold and exclude important and vital information from the school liaison officer before allowing Ethan Crumbley to return to school the next day, putting all students in immediate danger, and accelerating Crumbley's plans to effectuate his planned slaughter of classmates, thereby increasing the risk that Plaintiffs' Minors would be exposed to Ethan Crumbley's acts of violence.

66.   On the morning of November 30, 2021, Defendant TEACHER #2 discovered a note on Ethan Crumbley's desk which alarmed her, and which she reported to Defendant MOORE and Defendant COUNSELOR #1, and took a picture of said note with her cell phone.

67.   Upon information and belief, the note contained the following:

- A drawing of a semi-automatic handgun pointing the words, "the thoughts won't stop help me;"

- In another section of the note was the drawing of a bullet with the following words above the bullet, "blood everywhere;"

- Between the drawing of the gun and bullet is a drawing of a person who appears to have been shot twice and bleeding;

- Below that figure is a drawing of laughing emoji;

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

▪ Further down the drawing are the words, "My life is useless" with the words, "the world is dead" to the right.

68. Upon information and belief, Defendant TEACHER #2, was also aware of a school policy of excluding backpacks in classroom, and TEACHER #2, made a knowing and deliberate decision to leave, unsearched, Ethan Crumbley's backpack, even after discovering the alarming note authored by Crumbley.

69. At all times relevant hereto, the students at Oxford High School, and in particular, minor Plaintiffs, were safer before Defendant TEACHER #2 knowingly and affirmatively allowed Crumbley to continue to maintain control of his backpack, phone, and other possessions, giving him easy access to store a gun, thereby increasing the risk that Plaintiff' Minors would be exposed to Ethan Crumbley's acts of violence.

70. At all times relevant, the students of Oxford High School, were safer before Defendant TEACHER #2 took action and intentionally did not report the violent note drawn by Ethan Crumbley, containing threats of bodily harm, including death, to the school liaison officer, causing Ethan Crumbley to have the opportunity to shoot the classmates, but to do so on an accelerated timeline, thereby increasing the risk that Plaintiffs' Minors would be exposed to Ethan Crumbley's acts of violence.

71. Upon information and belief, upon discovery of the concerning note, Ethan Crumbley was removed from the classroom, in front of his classmates, with

his backpack, by Defendant COUNSELOR #1 and was made to sit in the office with Defendants COUNSELOR #1, and COUNSELOR #2 for approximately an hour and a half while waiting for his parents to arrive at the school.

72.     Defendant COUNSELOR #1 knew and/or should have known that by removing Ethan Crumbley from class, in front of his classmates, with his backpack and making him sit for an hour and a half while waiting for his parents, after Ethan Crumbley had drawn violent pictures and notes depicting death and violence against students at Oxford High School, such actions would further accelerate Ethan Crumbley's murderous plans.

73.     Upon information and belief, during the period of time that Ethan Crumbley sat with the counselors, he maintained control of his backpack which then contained the Sig Saur 9 mm semi-automatic handgun with 30 live bullets to be used to slaughter classmates.

74.     Defendant COUNSELOR #1 and COUNSELOR #2, knowingly and deliberately decided to exclude the school safety liaison despite from having knowledge of threats against the school, Ethan Crumbley's search history the day before, and the violent drawing which were the reason for his removal from the classroom.

75.     At all times relevant, the students of Oxford High School, were safer before Defendant COUNSELOR #1 and COUNSELOR #2 took action and deliberately did not report the violent note drawn by Ethan Crumbley, containing

threats of bodily harm, including death, to the school liaison officer allowing Ethan Crumbley thereby to have the opportunity to carry out his murderous rampage on an accelerated timeline, thereby increasing the risk that Plaintiffs' Minors would be exposed to Ethan Crumbley's acts of violence.

76.     Upon information and belief, Ethan Crumbley's parents arrived at the school and a meeting was held with Defendant COUNSELOR #1, Defendant COUNSELOR #2, Defendant MOORE, Defendant STAFF MEMBER, and Defendant WOLF, at which Ethan Crumbley was present and at which time they were shown the aforesaid drawing and advised by Defendants that Ethan was required to go to counseling within 48-hours.

77.     Upon information and belief, Ethan Crumbley's parents were advised by Defendants COUNSELOR #1, COUNSELOR #2, MOORE, STAFF MEMBER, and WOLF, in the presence of Ethan Crumbley, that a failure to attend counseling within 48 hours would result in the school contacting Child Protective Services.

78.     Defendants COUNSELOR #1, COUNSELOR #2, MOORE, STAFF MEMBER, and WOLF took these actions during school hours, while students were present at Oxford High School.

79.     After the meeting which Defendants COUNSELOR #1, COUNSELOR #2, STAFF MEMBER, TEACHER #1, TEACHER #2, WOLF and MOORE, Ethan Crumbley, and his parents, Ethan Crumbley returned to the classroom with his backpack containing the Sig Saur 9 mm semi-automatic handgun and 30 live bullets.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

80.     At all times relevant, Defendants STAFF MEMBER, COUNSELOR #1, COUNSELOR #2, TEACHER #2, MOORE, and WOLF, deliberately conducted this meeting, excluding the School Safety Liaison Officer from the meeting, thereby preventing him from being present at the meeting.

81.     At all times relevant, Plaintiffs were safer before Defendant WOLF took action and held a meeting with Crumbley and his parents (without the school safety liaison officer present) and by subsequently allowing Ethan Crumbley to return to class where he was able to carry out a massacre of classmates. By virtue of Defendant WOLF's actions, he substantially increased the harm that Plaintiffs' Minors would be exposed to Ethan Crumbley's acts of violence.

82.     At all times relevant, Plaintiffs were safer before Defendant MOORE took action and held a meeting with Ethan Crumbley and his parents (without the school safety liaison officer present) and by subsequently allowing Crumbley to return to his classroom where he was able to carry out the murder of fellow students, fulfilling his aforesaid promises to do so.  By virtue of Defendant MOORE's actions, he substantially increased the risk that Plaintiffs' Minors would be exposed to Ethan Crumbley's acts of violence.

83.     At all times relevant, Plaintiffs were safer before Defendant TEACHER #2 took action and held a meeting with Crumbley and his parents (without the school safety liaison officer present) and by subsequently allowing Crumbley to return to his classroom where he was able to effectuate his planned massacre. By virtue of

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

Defendant TEACHER #2 actions, he/she substantially increased the risk that Plaintiffs' Minors would be exposed to Ethan Crumbley's acts of violence.

84. At all times relevant, Plaintiffs were safer before Defendant COUNSELOR #1 took action and held a meeting with Crumbley and his parents (without the school safety liaison officer present) and by subsequently allowing Crumbley to return to his classroom where he was able to carry out a massacre of students. By virtue of Defendant COUNSELOR #1 actions, he/she substantially increased the risk that Plaintiffs' Minors would be exposed to Ethan Crumbley's acts of violence.

85. At all times relevant, Plaintiffs were safer before Defendant COUNSELOR #2 took action and held a meeting with Crumbley and his parents (without the school safety liaison officer present) and by subsequently allowing Crumbley to return to his classroom where he was able to carry out a slaughter. By virtue of Defendant COUNSELOR #2 actions, he/she substantially increased the risk that Plaintiffs' Minors would be exposed to Ethan Crumbley's acts of violence.

86. At all times relevant, Plaintiffs were safer before Defendant STAFF MEMBER took action and held a meeting with Crumbley and his parents (without the school safety liaison officer present) and by subsequently allowing Crumbley to return to his classroom where he was able to carry out his plan to murder classmates. By virtue of Defendant STAFF MEMBER's actions, he/she substantially increased

the risk that Plaintiffs' Minors would be exposed to Ethan Crumbley's acts of violence.

87.     Defendants WOLF, MOORE, TEACHER #2, COUNSELOR #1, COUNSELOR #2, and STAFF MEMBER, knew that threatening to call Child Protective Services within 48 hours, and threating, without action, to remove Ethan Crumbley from his home, would create and/or increase the likelihood that Ethan Crumbley would carry out his plan and slaughter he lost the opportunity given the prospect of threatened Child Protective Services intervention in the coming days.

88.     Upon information and belief, after being allowed to return to his classroom, Ethan Crumbley took his backpack to a school bathroom, and, sometime after being returned to his class, loaded ammunition in the Sig Saur 9 mm semi-automatic handgun and walked out of the bathroom to design the massacre.

89.     Defendants WOLF, MOORE, TEACHER #2, COUNSELOR #1, COUNSELOR #2, and STAFF MEMBER gave Ethan Crumbley the opportunity to go to the bathroom, with his backpack, to prepare for his planned rampage, thereby increasing the risk that Plaintiffs' Minors would be exposed to Ethan Crumbley's acts of violence.

90.     At approximately 12:52 p.m., authorities were notified of an active shooter at Oxford High School.

91.     Upon information and belief, Ethan Crumbley's massacre was halted when he was apprehended by law enforcement.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

92.     On November 30, 2021, RILEY FRANZ was shot in the neck as a direct result of each and every one of the within enumerated actions of Defendants', causing her severe trauma, post-traumatic stress disorder, fright, shock, terror, anxiety as well as physical and emotional injuries.

93.     On November 30, 2021, BELLA FRANZ, narrowly escaped the bullets discharged towards her, her sister, and her friends. She observed her sister, friends and classmates being shot and murdered, causing her severe trauma, fright, shock, terror, anxiety, post-traumatic stress disorder,  and emotional injuries

94.     On December 1, 2021, Ethan Crumbley was arraigned and charged as an adult with one count of terrorism causing death, four (4) counts of first-degree murder, seven (7) counts of assault with intent to murder, and 12 counts of possession of a firearm in the commission of a felony.

95.     The risk that Ethan Crumbley posed a substantial and deadly harm to other students was obvious and known by the Defendants.

96.     That each and every defendant named herein made affirmative actions that created and increased the risk of harm  and danger to Oxford High School students, and in particular, Plaintiffs' Minors' RILEY FRANZ's and BELLA FRANZ's, vulnerability to the extremely violent behavior and murderous ideology of Ethan Crumbley.  Minor Plaintiffs were all safer before the actions of all Defendants than they were after.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

97.     The "state action" of all Defendants substantially increased the harm to the minor Plaintiffs, thereby increasing the risk that Plaintiffs' would be exposed to Ethan Crumbley's acts of violence.

98.     The "state action" of each and all of the Defendants accelerated the acts of violence committed by Ethan Crumbley.

99.     The "state action" of all Defendants allowed threats of violence to be carried out towards the students, and allowed Crumbley the opportunity to retrieve his handgun,  by deliberately conducting inflammatory meetings without a police liaison present, directly causing the students at Oxford High School to be subjected to great bodily harm.

100.    At all times relevant, all Defendants willfully misrepresented the dangers presented which was an action in and of itself.  The students and Plaintiffs' Minors in particular were safer had the misrepresentations not been said, thereby increasing the risk that Plaintiffs' would be exposed to Ethan Crumbley's acts of violence.

101.    The Defendants affirmative actions were reckless and put the students at Oxford High School, and in particular Plaintiffs' Minors, RILEY FRANZ, and BELLA FRANZ, in a substantial risk of serious and immediate harm.

102.    Defendants had a clearly established duty to not create and/or increase the risk of harm and danger to Oxford High School Students, and in particular, Plaintiffs' minors' RILEY FRANZ and BELLA FRANZ.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.  •  A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

103.   The Defendants affirmative actions placed Oxford High School students, and in particular Plaintiffs' minors, RILEY FRANZ and BELLA FRANZ, at risk of a violent school shooting.

104.   The Defendants knew and/or clearly should have known that their actions would endanger the students at Oxford High School, and in particular, Plaintiffs' Minors, RILEY FRANZ and BELLA FRANZ.

105.   RILEY FRANZ and BELLA FRANZ were safer before each and every one of the individual Defendants took the within enumerated actions, which placed Plaintiffs' Minors in a substantially more dangerous situation, increasing the risk that Plaintiffs' Minors would be exposed to Ethan Crumbley's acts of violence.

106.   At all times relevant the action by each and every individual defendant created the substantial risk that outside assistance to the Oxford High School Students and Plaintiff's in particular would be negated, by willfully representing they had taken action ensure the safety of all the Oxford High School Students, including Plaintiffs' minors.

107.   Defendants' conduct was outrageous and shocks the conscience.

108.   Defendants are not entitled to governmental and/or qualified immunity.

## COUNT I
## VIOLATION OF CIVIL RIGHTS PURSUANT TO THE 14TH AMENDMENT TO THE CONSTITUTION AND 42 U.S.C. §1983, 1988 STATE CREATED DANGER AS TO DEFENDANTS, COUNSELOR #1, COUNSELOR #2, TEACHER #1, TEACHER #2, STAFF MEMBER, SUPERINTENDENT TIMOTHY THRONE, DEAN OF STUDENTS, RYAN MOORE and, PRINCIPAL STEVEN WOLF

109. Plaintiffs hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint as if fully set forth herein.

110. As a citizen of the United States Plaintiffs' Minors, RILEY FRANZ and BELLA FRANZ were entitled to all rights, privileges, and immunities accorded to all citizens of the State of Michigan and of the United States.

111. Pursuant to the Fourteenth Amendment of the United States Constitution, at all times relevant hereto, Plaintiffs' Minors, RILEY FRANZ and BELLA FRANZ, had a clearly established right to be free from danger created and/or increased by the Defendants.

112. At all times relevant hereto, that the Defendants, COUNSELOR #1, COUNSELOR #2, TEACHER #1, TEACHER #2, STAFF MEMBER, THRONE, WOLF, and MOORE, were acting under the color of state law and created and/or increased a state created danger by substantially increasing the risk of harm to RILEY FRANZ and BELLA FRANZ and in reckless disregard to Plaintiffs' Minors safety, thereby increasing the risk that Plaintiffs' Minors would be exposed to Ethan Crumbley's acts of violence.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

113. That actions by Defendants, COUNSELOR #1, COUNSELOR #2, TEACHER #1, TEACHER #2, STAFF MEMBER, THRONE, WOLF, and MOORE, under the 14th Amendment to the United States Constitution, as well as 42 U.S.C. §1983 and §1988 were all performed under the color of state law and were objectively unreasonable and performed knowingly, deliberately and indifferently to Plaintiffs' Minors RILEY FRANZ and BELLA FRANZ and in reckless disregard to Plaintiffs' Minors' safety.

114. That each and all Defendants, were acting under the color of state law when they deprived Plaintiffs' Minors RILEY FRANZ and BELLA FRANZ of their clearly established rights, privileges, and immunities in violation of the 14th Amendment of the Constitution of the United States, and of 42 U.S.C. §1983 and §1988.

115. That each and every individual Defendant exhibited deliberate indifference, pursuant to the Fourteenth Amendment to the United States Constitution, by taking affirmative actions resulting in the students and Plaintiffs' Minors in particular being less safe than they were before the action of each and every Individual Defendant. Their actions created the danger and increased the risk of harm that their students would be exposed to private acts of violence, to wit:

    a. Deliberately and intentionally returning Ethan Crumbley to class with a loaded Sig Saur 9 mm semi-automatic handgun;

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION

19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

b. Deliberating deciding not to involve or advise the proper police authorities of Ethan Crumbley's conduct and making a decision to handle the situation without proper authorities being involved;

c. Choosing to return Ethan Crumbley to class with a Sig Saur 9 mm semi-automatic handgun after he had been actively searching for ammunition during class on the internet the day before;

d. Deliberately choosing not to search Ethan Crumbley's backpack;

e. Choosing not to report Ethan Crumbley's internet search for ammunition to proper police authorities the day before the shooting;

f. Deliberately returning Ethan Crumbley to his classroom with a Sig Saur 9 mm semi-automatic handgun and ammunition, after confiscating a picture drawn by Ethan Crumbley which demonstrated a high likelihood that Ethan Crumbley would effectuate a slaughter;

g. Choosing to internally handle the complaints and threat of a school shooter in the days leading to the November 30, 2021, school shooting rather than involve the proper police authorities;

h. Deciding not to inspect Ethan Crumbley's backpack which maintained the Sig Saur 9 mm semi-automatic handgun and ammunition used to shoot Plaintiffs' Minors and/or Ethan Crumbley's locker, when Defendants maintained custody and control over same;

i. Deliberately and intentionally concealing facts from the appropriate law enforcement authority before returning Ethan Crumbley to class where he had access to the Sig Saur 9 mm semi-automatic handgun used to shoot Plaintiffs' Minors';

j. Deliberately choosing not to report Ethan Crumbley's suspicious behavior to Child Protective Services;

k. Deliberately choosing not to report Ethan Crumbley's suspicious behavior to appropriate law enforcement;

l. Interviewing Ethan Crumbley in front of his parents, knowing that interview would accelerate the violence planned;

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

m. Deliberately choosing not to have appropriate mental health intervention for Ethan Crumbley prior to returning him to class with a Sig Saur 9 mm semi-automatic handgun;

n. Demonstrating conduct so reckless that it demonstrates a substantial lack of concern for whether any injury would result;

o. Wrongfully causing Plaintiffs' Minors to suffer extreme emotional distress;

p. Recklessly, or otherwise improperly returning Ethan Crumbley to class with the Sig Saur 9 mm semi-automatic handgun, so that he could effectuate his murderous ideology;

q. Any and all other breaches that may become known throughout the course of this litigation.

116. That all of the above conduct alleged in paragraph 115 a-q substantially increased the harm to Plaintiffs Minors, who were safer before Defendants took the affirmative acts described within paragraph 115 a-q.

117. That the above-described conduct of Defendants COUNSELOR #1, COUNSELOR #2, TEACHER #1, TEACHER #2, STAFF MEMBER, THRONE, MOORE, and WOLF, as specifically set forth above, were the proximate cause of Plaintiffs' Minor, RILEY FRANZ's injuries and damages, including but not limited to the following:

a. Gunshot wound to the neck;

b. Fright, shock, and terror leading up to the shooting;

c. Conscious pain and suffering;

d. Need for wound care;

e. Need for therapy;

f. Post-Traumatic Stress Disorder;

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

g. Terrors;

h. Disruption of her life;

i. Pain and suffering;

j. Anxiety;

k. Mental anguish;

l. Emotional Distress;

m. Fright and shock;

n. Humiliation and/or mortification;

o. Past and future reasonable medical and hospital expenses;

p. Past and future wage loss and loss of earnings capacity;

q. Need for household services;

r. Need for attendant care;

s. Punitive damages;

t. Exemplary damages;

u. Any and all compensatory damages, both past and future;

v. Attorneys' fees and costs pursuant to 42 U.S.C. §1988;

w. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

x. Any other damages allowed by law.

118.   That the above-described conduct of Defendants, COUNSELOR #1,

COUNSELOR #2, TEACHER #1, TEACHER #2, STAFF MEMBER, THRONE,

MOORE, and WOLF, as specifically set forth above, were the proximate cause of

Plaintiffs' Minor, BELLA FRANZ's injuries and damages, including but not limited to the following:

a.  Post-Traumatic Stress Disorder;

b.  Fright, shock, and terror leading up to the shooting;

c.  Pain and suffering;

d.  Anxiety;

e.  Mental anguish;

f.  Emotional Distress;

g.  Fright and shock;

h.  Humiliation and/or mortification;

i.  Past and future reasonable medical and hospital expenses;

j.  Past and future wage loss and loss of earnings capacity;

k.  Need for household services;

l.  Need for attendant care;

m.  Punitive damages;

n.  Exemplary damages;

o.  Any and all compensatory damages, both past and future;

p.  Attorneys' fees and costs pursuant to 42 U.S.C. §1988;

q.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

r.  Any other damages allowed by law.

119.  Defendants are not entitled to governmental or qualified immunity.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION

19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**WHEREFORE**, Plaintiffs, JEFFREY FRANZ and BRANDI FRANZ, as Next Friends of RILEY FRANZ, a Minor, and BELLA FRANZ, a Minor, request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of One-Hundred Million Dollars ($100,000,000.00), together with interest, costs and attorneys' fees, as well as punitive and/or exemplary damages.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO THE**
**14TH AMENDMENT TO THE CONSTITUTION**
**AND 42 U.S.C. §1983, 1988 – SUPERVISORY LIABILITY**
**DEFENDANTS SUPERINTENDENT TIMOTHY THRONE, and**
**PRINCIPAL STEVEN WOLF**

120.   Plaintiffs hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint.

121.   At all times relevant hereto, Defendant THRONE, was the Superintendent at OXFORD COMMUNITY SCHOOL DISTRICT, and directly supervised and oversaw the actions of Defendants WOLF, COUNSELOR #1, COUNSELOR #2, TEACHER #1, TEACHER #2, STAFF MEMBER, and MOORE, and encouraged the specific incident of misconduct and/or directly participated in it by not expelling, disciplining, and providing proper supervision for Ethan Crumbley, and/or notifying police authorities of Crumbley's violent plans.

122.   At all times relevant hereto, Defendant THRONE, was the Superintendent at OXFORD COMMUNITY SCHOOL DISTRICT, and directly

supervised and oversaw the actions of Defendants WOLF, COUNSELOR #1, COUNSELOR #2, TEACHER #1, TEACHER #2, STAFF MEMBER, and MOORE, and encouraged the specific incident of misconduct and/or directly participated in it by discoursing the reporting, sharing, or mentioning of threats against Oxford High School.

123.   At all times relevant hereto, Defendant WOLF, was the principal at Oxford High School, who was the direct supervisor and oversaw the actions of Defendants COUNSELOR #1, COUNSELOR #2, TEACHER #1, TEACHER #2, STAFF MEMBER, and MOORE, and encouraged the specific incident of misconduct and/or directly participated in it by not expelling, disciplining, and providing proper supervision for Ethan Crumbley.

124.   By inadequately training and/or supervising their teachers, counselors, and dean of students, and having a custom or policy of indifference to the constitutional rights of their citizens, and/or by failing to adequately supervise school shooter, Ethan Crumbley, Defendants THRONE and WOLF encouraged and cultivated the conduct which then caused a violation of Plaintiffs' rights under the Fourteenth Amendments of the United States Constitution.

125.   By not expelling, disciplining, searching, or providing proper supervision for Ethan Crumbley, Defendants THRONE and WOLF authorized, approved, or knowingly acquiesced in the unconstitutional conduct of Defendants COUNSELOR #1 and COUNSELOR #2, TEACHER #1, TEACHER #2, STAFF

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION

19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

MEMBER, and MOORE,  by allowing Ethan Crumbley to return to his classroom and carry out his murderous rampage.

126. Pursuant to the Fourteenth Amendment of the United States Constitution, at all times relevant hereto, each of Plaintiffs' Minors, RILEY FRANZ and BELLA FRANZ, had a clearly established right to be free from dangers created by the Defendants.

127. That actions and omissions by Defendants, THRONE, WOLF, COUNSELOR #1, and COUNSELOR #2, TEACHER #1, TEACHER #2, and MOORE, under the 14th Amendment to the United States Constitution, as well as 42 U.S.C. §1983 and §1988 were all performed under the color of state law and were objectively unreasonable and performed knowingly, deliberately and indifferently to Plaintiffs' Minors RILEY FRANZ and BELLA FRANZ and in reckless disregard to Plaintiffs' Minors' safety.

128. That Defendants, THRONE, WOLF, COUNSELOR #1, and COUNSELOR #2, TEACHER #1, TEACHER #2, and MOORE were acting under the color of state law when they deprived Plaintiffs' Minors RILEY FRANZ and BELLA FRANZ of their clearly established rights, privileges, and immunities in violation of the 14th Amendment of the Constitution of the United States, and of 42 U.S.C. §1983 and §1988.

129. The Defendants exhibited deliberate indifference, pursuant to the Fourteenth Amendment to the United States Constitution, to be free from acts that

create the risk of harm and/or increase the risk of harm that an individual will be exposed to private acts of violence, to wit:

    a. Deliberately and intentionally returning Ethan Crumbley to his class with a loaded Sig Saur 9 mm semi-automatic handgun;

    b. Choosing not to involve the proper authorities of Ethan Crumbley's conduct and make the decision to handle the situation without the proper authority involvement;

    c. Choosing to return Ethan Crumbley to his classroom with a Sig Saur 9 mm semi-automatic handgun after he had been actively searching for ammunition during class on the internet the day before;

    d. Choosing not to report Ethan Crumbley's internet search for ammunition to proper authorities the day before the shooting;

    e. Returning Ethan Crumbley to his classroom with a Sig Saur 9 mm semi-automatic handgun after confiscating a picture drawn by Ethan Crumbley which demonstrated a high likelihood that Ethan Crumbley would carry out a mass murder;

    f. Choosing to handle the complaints and allegations of a threat of a school shooter in the days leading to the November 30, 2021, school shooting, rather than involve the proper police authorities;

    g. Deciding not to inspect Ethan Crumbley's backpack which maintained the Sig Saur 9 mm semi-automatic handgun used to carry out the rampage, when Defendants otherwise maintained custody and control, for over an hour, of Ethan Crumbley and his backpack;

    h. Deliberately and intentionally omitting facts to appropriate law enforcement authorities before returning Ethan Crumbley to class where he had access to the Sig Saur 9 mm semi-automatic handgun used to massacre students;

    i. Deliberately choosing not to report Ethan Crumbley's suspicious behavior to Child Protective Services;

    j. Deliberately choosing not to report Ethan Crumbley's suspicious behavior to appropriate law enforcement;

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

k. Interviewing Ethan Crumbley in front of his parents, knowing that such interview would accelerate the violent actions and/or murderous plans of Ethan Crumbley;

l. Deliberately choosing not to have appropriate mental health intervention for Ethan Crumbley prior to returning him to his classroom with a Sig Saur 9 mm semi-automatic handgun;

m. Demonstrating conduct so reckless that it shows a substantial lack of concern for whether any injury would result;

n. Wrongfully causing Plaintiffs' Minors to suffer extreme emotional distress;

o. Recklessly, or otherwise improperly returning Ethan Crumbley to class with the Sig Saur 9 mm semi-automatic handgun, so that he could effectuate his planned slaughter;

p. Enforced the deficient and faulty policies, procedures, and practices set forth in Count III, infra, as well as those previously described in this Complaint.

q. Any and all other breaches that may become known throughout the course of this litigation.

130. That the above-described conduct of Defendants, THRONE, WOLF, COUNSELOR #1, COUNSELOR #2, TEACHER #1, and TEACHER #2, STAFF MEMBER, and MOORE as specifically set forth above, were the proximate cause of Plaintiffs' Minor, RILEY FRANZ's injuries and damages, including but not limited to the following:

a. Gunshot wound to the neck;

b. Fright, shock, and terror leading up to the shooting;

c. Conscious pain and suffering;

d. Need for wound care;

e. Need for therapy;

35

f.  Post-Traumatic Stress Disorder;

g.  Terrors;

h.  Disruption of her life;

i.  Pain and suffering;

j.  Anxiety;

k.  Mental anguish;

l.  Emotional Distress;

m. Fright and shock;

n.  Humiliation and/or mortification;

o.  Past and future reasonable medical and hospital expenses;

p.  Past and future wage loss and loss of earnings capacity;

q.  Need for household services;

r.  Need for attendant care;

s.  Punitive damages;

t.  Exemplary damages;

u.  Any and all compensatory damages, both past and future;

v.  Attorneys' fees and costs pursuant to 42 U.S.C. §1988;

w.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

x.  Any other damages allowed by law.

131.  That the above-described conduct of Defendants, THRONE, WOLF, COUNSELOR #1, COUNSELOR #2, TEACHER #1, and TEACHER #2, STAFF MEMBER, and MOORE, as specifically set forth above, were the proximate cause

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

of Plaintiffs' Minor, BELLA FRANZ's injuries and damages, including but not limited to the following:

a.  Post-Traumatic Stress Disorder;

b.  Fright, shock, and terror leading up to the shooting;

c.  Pain and suffering;

d.  Anxiety;

e.  Mental anguish;

f.  Emotional Distress;

g.  Fright and shock;

h.  Humiliation and/or mortification;

i.  Past and future reasonable medical and hospital expenses;

j.  Past and future wage loss and loss of earnings capacity;

k.  Need for household services;

l.  Need for attendant care;

m. Punitive damages;

n.  Exemplary damages;

o.  Any and all compensatory damages, both past and future;

p.  Attorneys' fees and costs pursuant to 42 U.S.C. §1988;

q.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

r.  Any other damages allowed by law.

132.   Defendants are not entitled to governmental or qualified immunity.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**WHEREFORE**, Plaintiffs, JEFFREY FRANZ and BRANDI FRANZ, as Next Friends of RILEY FRANZ, a Minor, and BELLA FRANZ, a Minor, request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of One Hundred Million Dollars ($100,000,000.00), together with interest, costs and attorneys' fees, as well as punitive and/or exemplary damages.

**COUNT III**
**42 U.S.C. § 1983 – *MONELL* LIABILITY**
**DEFENDANT OXFORD COMMUNITY SCHOOL DISTRICT**

133.    Plaintiffs hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint.

134.    At all times relevant, Defendant OXFORD COMMUNITY SCHOOL DISTRICT failed and failed adequately to train, discipline and supervise Defendants, THRONE, WOLF, COUNSELOR #1, COUNSELOR #2, TEACHER #1, and TEACHER #2, STAFF MEMBER, and MOORE, promulgating and maintaining de facto unconstitutional customs, policies, or practices rendering them liable for the constitutional violations alleged herein under *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658 (1978).

135.    At all times relevant, Defendant OXFORD COMMUNITY SCHOOL DISTRICT knew or should have known that the policies, procedures, training supervision and discipline of Defendants, THRONE, WOLF, COUNSELOR #1,

COUNSELOR #2, TEACHER #1, and TEACHER #2, STAFF MEMBER, and MOORE, were inadequate for the tasks that each Defendant was required to perform.

136. At all times relevant, Defendant, OXFORD COMMUNITY SCHOOL DISTRICT failed to establish, implement or execute adequate policies, procedures, rules and regulations to ensure that their actions did not create or increase the risk Plaintiffs' Minors, RILEY FRANZ and BELLA FRANZ, would be exposed to private acts of violence.

137. At all times relevant, Defendant, OXFORD COMMUNITY SCHOOL DISTRICT failed to establish, implement or execute adequate policies, procedures, rules and regulations to ensure that their teachers, counselors and staff do not take actions that create or increase the risk of harm to district's students at Oxford High School, such as Plaintiffs' Minors RILEY FRANZ, and BELLA FRANZ.

138. At all times relevant, Defendant OXFORD COMMUNITY SCHOOL DISTRICT was on notice or should have known, of a history, custom, propensity, and pattern for Defendants, THRONE, WOLF, COUNSELOR #1, COUNSELOR #2, TEACHER #1, and TEACHER #2, STAFF MEMBER, and MOORE, and other employees of Oxford High School, to fail to properly identify a student with violent tendencies and acted in such a way that created a risk of harm to Oxford High School students and/or increased a risk of harm to Oxford High School students, such as Plaintiffs' Minors' RILEY FRANZ and BELLA FRANZ.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

139.   Defendant OXFORD COMMUNITY SCHOOL DISTRICT explicitly and implicitly authorized, approved, or knowingly acquiesced in the deliberate indifference to the strong likelihood that constitutional violations, such as in the instant case, would occur, and pursued policies, practices, and customs that were a direct and proximate cause of the deprivations of Plaintiffs' Minors' constitutional rights.

140.   At all times relevant, Defendant OXFORD COMMUNITY SCHOOL DISTRICT knew that its policies, procedures, customs, propensity and patterns of supervising a student with violent tendencies and murderous ideology, would deprive citizens, such as Plaintiffs' Minors RILEY FRANZ and BELLA FRANZ, of their constitutional rights.

141.   At all times relevant, Defendant OXFORD COMMUNITY SCHOOL DISTRICT knew that its policies, procedures, customs, propensity and patterns allowed principals, counselors, and teachers to return a student with violent tendencies back to his classroom such that their actions created a risk of harm and/or an increased risk of harm to the students at Oxford High School before getting permission from proper authorities.

142.   Upon information and belief, Defendant OXFORD COMMUNITY SCHOOL DISTRICT maintained a policy that allowed principals, counselors and teachers to return a fully weaponized violent child with murderous plans, back into a classroom, such that he could effectuate a massacre.

143. By inadequately training and/or supervising their principals and counselors and having a custom or policy of deliberate indifference to the constitutional rights of their citizens, Defendant, OXFORD COMMUNITY SCHOOL DISTRICT, encouraged and cultivated the conduct which violated Plaintiffs' Minors' rights under the Fourteenth Amendments of the United States Constitution, thereby increasing the risk that Plaintiffs' Minors would be exposed to Ethan Crumbley's acts of violence.

144. That the above-described conduct of Defendant, Oxford Community School District, was the proximate cause of Plaintiffs' Minor, RILEY FRANZ's injuries and damages, including but not limited to the following:

    a.  Gunshot wound to the neck;

    b.  Fright, shock, and terror leading up to the shooting;

    c.  Conscious pain and suffering;

    d.  Need for wound care;

    e.  Need for therapy;

    f.  Post-Traumatic Stress Disorder;

    g.  Terrors;

    h.  Disruption of her life;

    i.  Pain and suffering;

    j.  Anxiety;

    k.  Mental anguish;

    l.  Emotional Distress;

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

m. Fright and shock;

n.  Humiliation and/or mortification;

o.  Past and future reasonable medical and hospital expenses;

p.  Past and future wage loss and loss of earnings capacity;

q.  Need for household services;

r.  Need for attendant care;

s.  Punitive damages;

t.  Exemplary damages;

u.  Any and all compensatory damages, both past and future;

v.  Attorneys' fees and costs pursuant to 42 U.S.C. §1988;

w.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

x.  Any other damages allowed by law.

145.  That the above-described conduct of Defendants was the proximate cause of Plaintiffs' Minor, BELLA FRANZ's injuries and damages, including but not limited to the following:

a.  Post-Traumatic Stress Disorder;

b.  Fright, shock, and terror leading up to the shooting;

c.  Pain and suffering;

d.  Anxiety;

e.  Mental anguish;

f.  Emotional Distress;

g.  Fright and shock;

h. Humiliation and/or mortification;

i. Past and future reasonable medical and hospital expenses;

j. Past and future wage loss and loss of earnings capacity;

k. Need for household services;

l. Need for attendant care;

m. Punitive damages;

n. Exemplary damages;

o. Any and all compensatory damages, both past and future;

p. Attorneys' fees and costs pursuant to 42 U.S.C. §1988;

q. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

r. Any other damages allowed by law.

146.    Defendants are not entitled to governmental or qualified immunity.

**WHEREFORE**, Plaintiffs, JEFFREY FRANZ and BRANDI FRANZ, as Next Friends of RILEY FRANZ, a Minor, and BELLA FRANZ, a Minor, request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of One Hundred Million Dollars ($100,000,000.00), together with interest, costs and attorneys' fees, as well as punitive and/or exemplary damages.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

Respectfully submitted,

*/s/Geoffrey N. Fieger*

GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON (P65351)
Dated: December 9, 2021    ROBERT G. KAMENEC (P35283)
NORA Y. HANNA (P80067)
MILICA FILIPOVIC (P80189)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 West Ten Mile Road
Southfield, MI 48075
P: (248) 355-5555
F: (248) 355-5148
g.fieger@fiegerlaw.com
j.harrington@fiegerlaw.com
r.kamenec@fiegerlaw.com
n.hanna@fiegerlaw.com
m.filipovic@fiegerlaw.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

_____

JEFFREY FRANZ and BRANDI FRANZ, as
NEXT FRIEND For RILEY FRANZ, a Minor,
and JEFFREY FRANZ and BRANDI FRANZ,
as NEXT FRIEND For BELLA FRANZ, a
Minor,

                                        Case No.:

    Plaintiffs,                 Hon.

Vs.

OXFORD COMMUNITY SCHOOL DISTRICT,
SUPERINTENDENT TIMOTHY THRONE,
PRINCIPAL STEVEN WOLF, DEAN OF
STUDENTS RYAN MOORE, COUNSELOR
#1, COUNSELOR #2, STAFF MEMBER,
TEACHER #1 and TEACHER #2
In their Individual Capacity,

    Defendants.

---

GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON (P65351)
ROBERT G. KAMENEC (P35283)
NORA Y. HANNA (P80067)
MILICA FILIPOVIC (P80189)
_Fieger, Fieger, Kenney & Harrington, P.C._
Attorneys for Plaintiffs
19390 West Ten Mile Road
Southfield, MI 48075
P: (248) 355-5555
F: (248) 355-5148
g.fieger@fiegerlaw.com
j.harrington@fiegerlaw.com
r.kamenec@fiegerlaw.com
n.hanna@fiegerlaw.com
m.filipovic@fiegerlaw.com

---

## DEMAND FOR TRIAL BY JURY

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**NOW COME** Plaintiffs, JEFFREY FRANZ and BRANDI FRANZ, as NEXT FRIENDS OF RILEY FRANZ, a MINOR, and BELLA FRANZ, a MINOR, by and through their attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

*/s/Geoffrey N. Fieger*
GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON (P65351)
Dated: December 9, 2021     ROBERT G. KAMENEC (P35283)
NORA Y. HANNA (P80067)
MILICA FILIPOVIC (P80189)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 West Ten Mile Road
Southfield, MI 48075
P: (248) 355-5555
F: (248) 355-5148
g.fieger@fiegerlaw.com
j.harrington@fiegerlaw.com
r.kamenec@fiegerlaw.com
n.hanna@fiegerlaw.com
m.filipovic@fiegerlaw.com

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148