### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JEFFREY FRANZ, et al.,

Plaintiffs,

Case No. 21-cv-12871
HON. MARK A. GOLDSMITH

Vs.

OXFORD COMMUNITY SCHOOL DISTRICT, et al.,

Defendants.

---

### PLAINTIFFS' *EX-PARTE* EMERGENCY MOTION FOR LEAVE TO ISSUE RULE 45 SUBPOENAS, OR IN THE ALTERNATIVE FOR COURT ISSUED SUBPOENAS

---

**NOW COME** Plaintiffs, JEFFREY FRANZ, et al. by and through their attorneys, Fieger, Fieger, Kenney & Harrington, P.C., and hereby move this Court for an order allowing Plaintiffs to issue Subpoenas for the production of documents and things pursuant to Fed. R. Civ. P. 45, and state as follows:

1.      Consistent with This Honorable Court's Order Regarding Filings in this case ECF No. 10, as the first paragraph so as to satisfy Local Rule 7.1(a), the moving party and the undersigned hereby state that seeking concurrence in this motion is not required as it is being filed on an *Ex Parte* basis.  As such, seeking concurrence is not required.

2.      This lawsuit arises out the horrific and tragic shooting at Oxford High

School on November 30, 2021.

3.      Plaintiffs have alleged events prior to November 30, 2021, and the day of November 30, 2021, perpetuated by Defendant Oxford School District and their agents created harm and danger to the Minor Plaintiffs.  See Plaintiffs' Complaint for further information on the allegations and claims. **See [ECF No. 1, Complaint, 12/09/21.]**

4.      On December 10, 2021, Counsel for Plaintiffs served letters demanding that all evidence be preserved and requesting that all records relating to this case be produced to Plaintiffs' counsel.  The preservation letters were sent to the following entities: [**See ECF 11-2, PageID 108-189.**]

      a.  Verizon

      b.  T-Mobile/Metro PCS

      c.  AT&T

      d.  Abby Ridge Apartments

      e.  Meijer Store

      f.  Tim Hortons Café and Bakeshop

      g.  Oakland County Dispatch

      h.  Office of the Michigan Attorney General

      i.  Oakland County Prosecutor

      j.  Michigan State Police

      k.  Oakland County Sheriff's Office

      l.  Department of Justice

      m. Federal Bureau of Investigations

      n.  Oxford Community School District

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.  • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

o. Instagram

p. Facebook

q. Snapchat

r. TikTok

s. YouTube

t. LinkedIn

5.     On December 10, 2021, Plaintiffs' Counsel served Freedom of Information Act requests relating to this case upon various entities subject to FOIA requirements including law enforcement entities charged with the investigation and prosecution of this matter, including but not limited to the following: **Exhibit 1, Freedom of Information Act Requests, December 10, 2021.**

a. Oakland County Dispatch

b. Office of the Michigan Attorney General

c. Oakland County Prosecutor

d. Michigan State Police

e. Oakland County Sheriff's Office

f. Department of Justice

g. Federal Bureau of Investigations

6.     On December 10, 2021, the day after the filing of Plaintiffs' complaint against the Oxford Community School District and various Oxford High School officials, a Stipulation and Protective Order was entered into by non-parties Oakland County Prosecutor and Ethan Crumbley, mandates a preclusion of disclosure of information and evidence to civil attorneys in that it allows for consultation with "**other**

Fieger, Fieger, Kenney & Harrington, p.c. • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

**attorneys not related to any civil litigation…"** only. [*See* **Exhibit 2, Stipulation and Protective Order, Dated 12/10/2021].** The Order precludes release of evidence and information identified in the criminal prosecution of Ethan Crumbley, including but not limited to video recordings, police reports, witness statements, audio recordings and writings purportedly created by the Defendant amongst other expressly enumerated evidence. ***Id.***

7.     The Stipulation and Protective Order was entered into by the Oakland County Prosecutor's Office; an entity that was not only sent a preservation letter but also a request and FOIA.

8.     The Oakland County Prosecutor's Office was mailed and **emailed** the preservations and requests, and FOIA. They had actual knowledge of this claim since the filing of Plaintiffs' Complaint December 9, 2021, triggering their duty to preserve and disclose.

9.     Ethan Crumbley, a 15-year-old accused perpetrator of the November 30, 2021, school shooting occurring at Oxford High School is not a named Defendant in the matter pending before this Honorable Court.

10.     Ethan Crumbley stands accused of numerous felonies and a trial date for his criminal prosecution has not yet been selected.

11.     The entry of the Stipulation and Protective Order entered into by the non-parties precludes Plaintiffs from obtaining evidence necessary to prosecute their claims in this matter, as the victims of the November 30, 2021, school rampage.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

12.     Upon all information and belief, the Protective Order attached hereto as Exhibit 2 was drafted by the Oakland County Prosecutor's office and specifically and clearly seeks to preclude the Plaintiffs from obtaining crucial evidence in this case.

13.     Additionally, Plaintiffs' counsel is concerned about the ability to obtain records from the nonparties with crucial evidence for the prosecution of the Plaintiffs' Federal Civil Rights claims.

14.     Plaintiffs will endure a substantial harm without immediate authority for issuance of Subpoena power pursuant to Fed. R. Civ. P. 45, because without the ability to obtain the information, Plaintiffs cannot otherwise obtain evidence necessary for the prosecution of their case.

15.     The only mechanism to alleviate this harm is to allow Plaintiffs' Counsel to issue subpoenas to the Non-Parties to ensure that production of the evidence is not spoiled.

16.     The information that Plaintiffs will not be able to obtain, is already known to Defendants, and/or otherwise provided to the Oakland County Prosecutor, and/or investigative law enforcement agencies, by the Defendants themselves.

17.     Counsel for Plaintiffs has received notice that Attorney Timothy Mullins will be representing the Oxford Community School District.  Plaintiffs' Counsel will provide a copy of every subpoena to Mr. Mullins to provide him with all opportunities to seek any relief he feels just under the circumstances.

18.     Granting leave to issue the subpoenas does not prejudice Defendants in

this Federal Civil Rights action.

19.     Plaintiff will suffer irreparable harm should this Honorable Court not grant the relief requested.

20.     The irreparable harm Plaintiffs will suffer includes the following:

a.  The loss of contemporaneous review and evaluation of material evidence;

b. The loss of and/or exacerbation of any chain of custody concerns regarding material evidence;

c. The loss of contemporaneous ability to determine and uncover additional material evidence which would be triggered by the present production of the existing evidence; and

d. The lack of a defined duration for the existence of the state court orders and the prospect of renewed orders further extending the duration of the purported confidentiality of material evidence.

21.     Plaintiffs are unable to investigate and/or obtain by other means the time sensitive information as well as the information subject to the non-disclosure clause in the Unconstitutional Protective Order which is either maintained exclusively by Defendants and/or was released to investigating agencies by the Defendants.

22.     The delayed disclosure of this information unduly prejudices the Plaintiffs because Plaintiffs cannot obtain information to independently question witnesses that are known to the Defendants, while they will have unfettered access to the information

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

subjection to this lawsuit.

23. Allowing for the issuance of the subpoenas pursuant to Fed. R. Civ. P. 45, to the above entities does not prejudice any Defendant in this matter.

24. Additionally, the delayed disclosure of this information, runs a substantial risk of spoliation of the same as witness memories fade, and data and information become obsolete.

25. The hinderance of Plaintiffs' minors, to obtain evidence establishing liability for their claims, prevents Plaintiffs from obtaining the evidence until the conclusion of criminal proceedings, which may be subject to a long and lengthy trial and potential appellate process, such that denial of said evidence would effectively preclude Plaintiffs from being able to prosecute their claims entirely.

26. There is nothing privileged or protected about the footage, drawings, records, and information obtained by the Defendant and provided to the Oakland County Prosecutor.

27. The delay caused by the non-party protective order would create irreparable harm to the Plaintiffs, mandating the need for Subpoena Power.

28. Federal Rule of Civil Procedure 26(b)(1) states:

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

Fed. R. Civ. P. 26

29.     The Stipulation and Protective Order, as shown in Exhibit 2, prohibits Plaintiffs' counsel from obtaining evidence relative to Plaintiffs' minors claims, as the *victims* of the November 30, 2021, shooting at Oxford High School.

30.     Rule 26(b)(3) provides:

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."

Fed. R. Civ. P. 26

31.     Plaintiffs' minors have a substantial need for the materials to prepare their case and cannot, without undue hardship, obtain their substantial equivalent by any other means, other than through this Courts grant of Subpoena power allowing Plaintiffs to obtain and/or have access to the information already known by Defendants in this matter.

32.     On December 10, 2021, this Honorable Court granted Plaintiffs' *Ex-Parte* Motion for Preservation of Evidence, as information was removed and/or restricted to the Plaintiffs which hinders Plaintiffs' ability to conduct their own investigation and obtain information and evidence without the relief sought in this motion.  [***See* Dkt.**

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**12, Order Granting Plaintiff's *Ex-Parte* Motion to Preserve and Restore Evidence, 12/10/2021.]**

33.     Oxford High School's website has also removed from their website any mention and/or link to the identity of the Dean of Students, while claiming that Plaintiffs have erroneously named the Dean of Students, while simultaneously refusing to reveal the identity of the Dean of Students, and obscuring their information from their own website, which was displayed on November 30, 2021, subsequent to the school rampage.

34.     This Honorable Court has the power and authority to control the discovery process of its cases and may exercise its authority to promote efficiency throughout litigation and may issue document discovery subpoenas and/or alternatively grant Plaintiffs' authority to issue document discovery subpoenas in accordance with Fed. R. Civ. P. 45, where justice so requires.

35.     A party does not need to use a subpoena to obtain evidence from another party. It can instead use any of the discovery devices contained in FRCP 26 through FRCP 37. However, many courts have held that a party's use of a subpoena to obtain evidence from another party is not necessarily prohibited, so long as a party does not use a subpoena to circumvent FRCP 34 see *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996)). For example, a party may wish to use a subpoena to ensure that the original version of a document that a party already produced in discovery is available at trial.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

36.     In the case at bar, Plaintiffs require subpoenas to protect information that once again, Plaintiffs believe are being deliberately withheld and/or otherwise altered.

37.     FRCP 45 which governs Subpoena Power states:

> "(a)(4) Notice to Other Parties Before Service. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is DIRECTED, a notice and a copy of the subpoena must be served on each party."

38.     Plaintiffs have full intentions to continue to comply with the FRCP and serve the subpoena upon the entities in an effect to avoid Court Intervention as is required under FRCP 45.

39.     Plaintiffs have rights under federal and state law to obtain complete and accurate information and evidence involving this matter.

40.     There are no pending criminal charges involving the parties in the instant litigation, such that criminal proceedings would violate the constitutional rights and/or protections of any named parties to this lawsuit. To the contrary, the Order of the 52-3 District Court is prohibiting Plaintiffs from obtaining evidence and information necessary to preserve, protect, and prosecute their federal claims for damages arising out of a violation of their Fourteenth Amendment rights.

41.     Plaintiffs as victims of the school shooting at Oxford High School occurring on November 30, 2021, have the right to obtain evidence which is relevant to their claims that their Fourteenth Amendment rights to the United States Constitution were violated.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court GRANT Plaintiff's motion and enter an Order as follows:

a. Plaintiffs shall be permitted to immediately issue Subpoenas in this case pursuant to Fed. R. Civ. P. 45;

b. Alternatively, Plaintiffs request this Honorable Court issue Subpoenas to the following entities:

    a. Verizon
    b. T-Mobile/Metro PCS
    c. AT&T
    d. Abby Ridge Apartments
    e. Meijer Store
    f. Tim Hortons Café and Bakeshop
    g. Oakland County Dispatch
    h. Office of the Michigan Attorney General
    i. Oakland County Prosecutor
    j. Michigan State Police
    k. Oakland County Sheriff's Office
    l. Department of Justice
    m. Federal Bureau of Investigations
    n. Oxford Community School District
    o. Instagram
    p. Facebook
    q. Snapchat
    r. TikTok
    s. YouTube
    t. LinkedIn

**(Exhibit 3; Proposed Order Submitted to Court through Utilities)**

Fieger, Fieger, Kenney & Harrington, p.c. • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

Respectfully submitted,
*/s/ Geoffrey N. Fieger*
GEOFFREY N. FIEGER (P30441)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 West Ten Mile Road
Southfield, MI 48075
P: (248) 355-5555
Dated: December 13, 2021            g.fieger@fiegerlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys.

*/s/: Samantha M. Teal*
**Legal Assistant to Geoffrey N. Fieger**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JEFFREY FRANZ, et al.,

Plaintiffs,

Case No. 21-cv-12871

HON. MARK A. GOLDSMITH

Vs.

OXFORD COMMUNITY SCHOOL DISTRICT, et al.,

Defendants.

## BRIEF IN SUPPORT OF PLAINTIFFS' *EX-PARTE* EMERGENCY MOTION FOR LEAVE TO ISSUE RULE 45 SUBPOENAS, OR IN THE ALTERNATIVE FOR COURT ISSUED SUBPOENAS

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

## <u>TABLE OF CONTENTS</u>

**Table of Authorities**………………………………………………………………ii

**Statement of the Issue Presented**……………………………………………...iii

    1.  Whether This Honorable Court Should Grant Plaintiff's Emergency *Ex Parte* Motion for Leave To Issue Subpoenas In Light Of Good Cause Shown And No Arguable Prejudice To Defendants…………………………………….............iii

**Statement of Facts**………………………………………………………………1

**Statement of Law and Argument**……………………………………………2

**Relief Requested**………………………………………………………………...3

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

# TABLE OF AUTHORITIES

<u>CASES:</u>

*Anwar v. Dow Chem. Co.,* 876 F. 3d 841, 854 (6th Cir. 2017)……………………………1

*Surles v. Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir. 2007)………………………1

<u>RULES:</u>

Fed. R. Civ. P. 26(b)(1)………………………………………………......…1, 2

Fed. R. Civ. P. 26(b)(3)…………………………………………………... 2

Fed. R. Civ. P. 45…………………………………………………………3

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

## STATEMENT OF THE ISSUE PRESENTED:

1. Whether This Honorable Court Should Grant Plaintiff's Emergency *Ex Parte* Motion for Leave to Issue Subpoenas In Light Of Good Cause Shown and No Arguable Prejudice To Defendants.

Plaintiffs say: **"YES"**

## I.    STATEMENT OF FACTS:

The horrific actions that took place at Oxford High School on November 30, 2021, had weeks of peremptory warnings and signs. The Defendants knew about the threats and took action that put the Plaintiffs' Minors in direct danger and harm as outlined in Plaintiffs' Complaint. *See* **ECF No. 1, Complaint, 12/09/21.** As a direct result of Defendants actions, Plaintiffs' Minors suffered unmeasurable losses and damages including suffering a gunshot wound to the neck, PTSD, terror, suffering, and ongoing trauma.

Since the inception of the case, Plaintiffs' counsel had serious concerns of destruction and withholding of evidence. Just one day subsequent to the filing of the Complaint, the 52-3 Judicial District Court entered a Stipulation and Protective Order prohibiting the release of evidence and information to attorneys in the civil litigation matter. *See* **Exhibit 2.**   The minor Plaintiffs are unable to prosecute their case without the ability to obtain the evidence that Defendants are already privy to and/or provided to the prosecution and/or investigative law enforcement agencies.

## II.    STATEMENT OF LAW AND ARGUMENT

The scope of discovery is within the discretion of the court. *Anwar v. Dow Chem. Co.,* 876 F. 3d 841, 854 (6th Cir. 2017); *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).  Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

{01212394.DOCX}                     1

Counsel for Defendant Ethan Crumbley, and the Oakland County Prosecutor's office entered into a Stipulation and Protective Order which prohibits the release of information to attorneys "**related to any civil litigation**." In other words, the Stipulation and Order specifically prohibits release of evidence, to Plaintiffs' attorneys who are charged with the prosecution of Plaintiffs' claims for violation of Plaintiffs' Minors' Fourteenth Amendment Rights to the United States Constitution.

Federal Rule of Civil Procedure 26(b)(3) provides:

Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) *the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.*

Fed. R. Civ. P. 26

Without the ability to issue Subpoena's to the investigating law enforcement officers, Plaintiffs' cannot properly prepare their case, without undue hardship and cannot obtain a substantial equivalent by other means. As noted in Plaintiff's *Ex-Parte* Motion for Preservation of Evidence, the information that Plaintiffs seek to obtain is evidence that contains information that may have been subject to prior alteration by the Defendants, and/or consists of information known exclusively by the Defendants. The evidence that Plaintiffs are being precluded from is evidence that was and is known to Defendants in this matter, and/or provided to the Oakland County Prosecutor's office

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

and/or investigative law enforcement agencies by the Defendants. The withholding of said information delays, hinders, and otherwise impedes Plaintiffs in pursing claims for damages for the violation of their federally protected constitutional rights.

**<u>RELIEF REQUESTED</u>**

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court GRANT Plaintiff's motion and enter an Order as follows:

    a.  Plaintiffs shall be permitted to immediately issue Subpoenas in this case pursuant to Fed. R. Civ. P. 45;

    b.  Alternatively, Plaintiffs request this Honorable Court issue Subpoenas to the following entities:

        a.  Verizon
        b.  T-Mobile/Metro PCS
        c.  AT&T
        d.  Abby Ridge Apartments
        e.  Meijer Store
        f.  Tim Hortons Café and Bakeshop
        g.  Oakland County Dispatch
        h.  Office of the Michigan Attorney General
        i.  Oakland County Prosecutor
        j.  Michigan State Police
        k.  Oakland County Sheriff's Office
        l.  Department of Justice
        m.  Federal Bureau of Investigations
        n.  Oxford Community School District
        o.  Instagram
        p.  Facebook
        q.  Snapchat
        r.  TikTok
        s.  YouTube
        t.  LinkedIn

**(Exhibit 3; Proposed Order Submitted to Court through Utilities)**

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**LOCAL RULE CERTIFICATION**: I, Geoffrey N. Fieger, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,
*/s/ Geoffrey N. Fieger*
GEOFFREY N. FIEGER (P30441)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 West Ten Mile Road
Southfield, MI 48075
P: (248) 355-5555
Dated: December 13, 2021        g.fieger@fiegerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys.

*/s/: Samantha M. Teal*
**Legal Assistant to Geoffrey N. Fieger**

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148