UNITED STATES DISTRICT COURT.
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY FRANZ, et al,

       Plaintiffs,                            Hon. Mark A. Goldsmith

v                                                  No. 21-12871

OXFORD COMMUNITY SCHOOL
DISTRICT, et al,

       Defendants.

_____/

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | TIMOTHY J. MULLINS (P28021) |
| JAMES J. HARRINGTON (P65351) | KENNETH B. CHAPIE (P66148) |
| ROBERT G. KAMENEC (P35283) | JOHN L. MILLER (P71913) |
| NORA Y. HANNA (P80067) | ANNABEL F. SHEA (P83750) |
| MILICA FILIPOVIC (P80189) | *Giarmarco, Mullins & Horton, P.C.* |
| *Fieger, Fieger, Kenney & Harrington, P.C.* | Attorneys for Defendant Ryan Moore |
| Attorneys for Plaintiffs | 101 W. Big Beaver Road, 10th Floor |
| 19390 West Ten Mile Road | Troy, MI 48084-5280 |
| Southfield, MI 48075 | (248) 457-7020 |
| P: (248) 355-5555 | tmullins@gmhlaw.com |
| F: (248) 355-5148 | kchapie@gmhlaw.com |
| g.fieger@fiegerlaw.com | jmiller@gmhlaw.com |
| j.harrington@fiegerlaw.com | ashea@gmhlaw.com |
| r.kamenec@fiegerlaw.com | |
| n.hanna@fiegerlaw.com | |
| m.filipovic@fiegerlaw.com | |

# Mr. Moore's Motion to Dismiss/Summary Judgment, Motion for Sanctions, and Motion for Immediate Consideration

> Statement Regarding Concurrence: Prior to filing this Motion, Undersigned Counsel sought concurrence by email and text message. Concurrence was not granted.

# FACTS

1. **GEOFFREY FIEGER'S ACTIONS ARE UNCONSCIONABLE AND HAVE ENDANGERED THE LIVES OF PUBLIC SCHOOL EMPLOYEES.**

In a hurry to be on the news, Geoffrey Fieger filed a lawsuit against Oxford Schools and numerous employees without conducting the due diligence required by our Rules of Professional Responsibility. While his pleading is full of lies and misrepresentations, one is particularly appalling and must be dealt with immediately. Mr. Fieger has claimed that Mr. Ryan Moore was the High School Dean of Students. (DE# 1 at ¶ 15). Then, throughout the Complaint, Mr. Fieger accused Mr. Moore of being aware that the shooter poised a threat to students and did nothing. (Id at ¶¶ 66, 76-82.) Lastly, Mr. Fieger affirmatively alleged that Mr. Moore made students less safe by his actions. (Id at ¶ 82.)

Had Mr. Fieger been less concerned about being on the news and more concerned about the facts, he would have been able to easily confirm that Mr. Moore had not even worked in the High School for more than one year. At the risk of being redundant: **Mr. Moore was not the High School Dean of Students as alleged by Mr. Fieger**. He worked in an entirely different building.

This is not much ado about nothing. In reality, <u>because of Mr. Fieger's sloppy legal filings, Mr. Moore has received death threats</u>. These death threats have even been covered by the news and have necessitated Sheriff Deputies being posted outside school employees' homes. In fact, the <u>"Oakland County Sheriff's deputies are now investigating more than a dozen new threats against school administrators in Oxford"</u> following Mr. Fieger's lawsuit.[1] After Mr. Fieger's lawsuit, <u>Mr. Moore's face was on national TV</u>. Mr. Moore—to protect his family—(1) had reinforced doors installed on his home and (2) pulled his children out of school. Also, not surprising, Mr. Moore is concerned about how these lies will impact his potential employability. Again, this is all due to Mr. Fieger's reckless actions. Mr. Moore now lives in fear. Just today, the school district had to close all buildings again due to threats.[2] This has caused Mr. Moore to experience a significant increase of emotional stress during an already traumatic time for Mr. Moore as a member of the Oxford Community.

Mr. Fieger's unconscionable actions have not only adversely impacted Mr. Moore's emotional and psychological health, but they have also adversely impacted

---

[1] *See* <u>https://www.wxyz.com/news/oxford-school-shooting/more-than-a-dozen-threats-confirmed-against-school-administrators-in-oxford</u> (last accessed December 14, 2021).

[2] *See* <u>https://www.fox2detroit.com/news/oxford-school-district-closed-nov-14-after-threat-to-middle-school</u> (last accessed December 14, 2021)

the entire Oxford Community. Mr. Moore is a member of the Oxford Community School's Trauma Response Team. The filing of this lawsuit has hindered Mr. Moore's ability to render effective and meaningful aide to the Oxford Community during a crucial time of need.

2. **ATTEMPTS TO ADDRESS THIS PROBLEM WITH MR. FIEGER.**

After Mr. Fieger filed this lawsuit and appeared on numerous news channels defaming Mr. Moore, undersigned sent the below letter:

> Dear Mr. Fieger:
>
> I represent Oxford Schools. I have received your lawsuit and note that you have named Mr. Ryan Moore as a Defendant. Mr. Moore is not the Dean of Students at the High School and has not been employed at the High School for more than one year. All of your allegations regarding Mr. Moore are false.
>
> I demand that you retract all allegations and references relating to Mr. Moore. It is this type of misrepresentation that has resulted in school employees receiving death threats. I insist you publicly retract this lie and apologize to Mr. Moore.
>
> The Prosecutor has requested that we not comment on these matters to avoid compromising the ongoing prosecutorial proceedings. Furthermore, to allow the entire community the ability to grieve, I have no intention of litigating this matter in the media.
>
> Very truly yours,
>
> Timothy J. Mullins

In response, Mr. Fieger refused to fix the problem he created. In fact, he doubled down.

In an "ex parte" filing—in violation of the Rules of Civil Procedure, the Local Rules, and Judge Goldsmith's Practice Guidelines—Mr. Fieger filed a Motion

4

accusing Defendant of "destroying" evidence.³ (DE # 11). That Motion alleged that Mr. Moore—**someone that should not have been sued in the first place**—made his LinkedIn Account private to hopefully prevent physical harm to himself and his family. Mr. Fieger is trying to obfuscate his sanctionable actions by filing motions that lack factual and legal merit. The Court needs to stop this misconduct before it gets worse; the Court needs to stop it before someone is physically injured or killed because of Mr. Fieger's reckless and false statements.⁴

## LEGAL ARGUMENT

### 1. MR. MOORE SHOULD BE DISMISSED.

There is no dispute that Mr. Moore was not the High School Dean of Students as alleged in the Complaint. *See* (**Exhibit A**). Mr. Fieger was advised of this fact last week and refused to dismiss him. This has resulted in Mr. Moore receiving death threats and living in fear.

---

³ The Oakland County Sheriff Department and Oakland County Prosecutor have already obtained and are in possession of all relevant evidence—which will be of no surprise to this Court. And the School District has not destroyed any evidence. These are more false allegations made by an attorney trying to say something inflammatory to be on the news.

⁴ The Rules of Professional Responsibility prohibit Mr. Fieger's extrajudicial statements, but the Rules are obviously not enough to dissuade him. *See Grievance Adm'r v. Fieger*, 476 Mich. 231, 362, 719 N.W.2d 123, 195 (2006).

## 2. MR. FIEGER SHOULD BE SANCTIONED UNDER THIS COURT'S INHERENT AUTHORITY.

In *Chambers v. NASCO, Inc.*, the Supreme Court emphasized that the inherent authority of the Court is an independent basis for sanctioning bad faith conduct in litigation. 501 U.S. 32 (1991). In *Chambers,* the Supreme Court affirmed a district court's award of $996,644.65 in attorney's fees and litigation expenses for the defendant's series of meritless motions and pleadings and delaying actions. 501 U.S. at 38, 111 S.Ct. 2123. In affirming the district court's resort to its inherent authority for that award, despite the availability of 28 U.S.C. § 1927 and Rule 11, the Court stated:

> We discern no basis for holding that the sanctioning scheme of the statute and the rules displaces the inherent power to impose sanctions for the bad-faith conduct described above. These other mechanisms, taken alone or together, are not substitutes for the inherent power, for that power is both broader and narrower than other means of imposing sanctions. First, whereas each of the other mechanisms reaches only certain individuals or conduct, the inherent power extends to a full range of litigation abuses. *At the very least,* the inherent power must continue to exist to fill in the interstices.

501 U.S. at 46, 111 S.Ct. 2123 (emphasis added).

The Supreme Court further noted that:

> There is, therefore, nothing in the other sanctioning mechanisms or prior cases interpreting them that warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct. This is plainly the case where the conduct at issue is not covered by one of the other sanctioning provisions. *But neither is a federal court forbidden to*

6

> *sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules.* A court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees. Furthermore, when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, *the court ordinarily should rely on the Rules rather than the inherent power.* But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power.

501 U.S. at 50, 111 S.Ct. 2123 (emphasis added and citations omitted).

The Sixth Circuit has likewise stated that "[i]n addition to Rule 11 and 28 U.S.C. § 1927, a district court may award sanctions pursuant to its inherent powers when bad faith occurs." *Runfola & Assocs.,* 88 F.3d at 375. The district court has the "inherent authority to award fees when a party litigates 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.,* 125 F.3d 308, 313 (6th Cir.1997) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)). "In order to award attorney fees under this bad faith exception, a district court must find that 'the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment.' " *Big Yank Corp.,* 125 F.3d at 313 (quoting *Smith v. Detroit Fed'n of Teachers, Local 231,* 829 F.2d 1370, 1375 (6th Cir.1987)).

Here, there is no dispute that Mr. Fieger sued someone entirely unconnected to this event. He was given notice of this fact and an opportunity to fix it. He

7

Refused. Because of his bad faith, a public school employee has been pictured on the news and received death threats. That is unconscionable and morally wrong. Furthermore, in an attempt obfuscate his misconduct, Mr. Fieger filed a frivolous motion accusing Mr. Moore of hiding his social media—an action that was necessitated by Mr. Fieger improperly naming him in a lawsuit. When these actions are considered together, this Court should impose monetary sanctions of a sufficient amount that will hopefully dissuade Plaintiff's counsel from further reckless litigation tactics.

## CONCLUSION

This Court should immediately dismiss Mr. Moore from this lawsuit. It should also impose significant sanctions against Mr. Fieger for his unconscionable and reckless misconduct.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant Ryan Moore

DATED: December 14, 2021

## CERTIFICATE OF ELECTRONIC SERVICE

TIMOTHY J. MULLINS states that on December 14, 2021, he did serve a copy of **Mr. Moore's Motion to Dismiss/Summary Judgment, Motion for Sanctions, and Motion for Immediate Consideration** via the United States District Court electronic transmission on the aforementioned date.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant Ryan Moore
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021