UNITED STATES DISTRICT COURT.
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY FRANZ, et al,

       Plaintiffs,                           Hon. Mark A. Goldsmith

v                                                    No. 21-12871

OXFORD COMMUNITY SCHOOL
DISTRICT, et al,

       Defendants.
_____/

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | TIMOTHY J. MULLINS (P28021) |
| JAMES J. HARRINGTON (P65351) | KENNETH B. CHAPIE (P66148) |
| ROBERT G. KAMENEC (P35283) | JOHN L. MILLER (P71913) |
| NORA Y. HANNA (P80067) | ANNABEL F. SHEA (P83750) |
| MILICA FILIPOVIC (P80189) | *Giarmarco, Mullins & Horton, P.C.* |
| *Fieger, Fieger, Kenney & Harrington, P.C.* | Attorneys for Defendant Ryan Moore |
| Attorneys for Plaintiffs | 101 W. Big Beaver Road, 10th Floor |
| 19390 West Ten Mile Road | Troy, MI 48084-5280 |
| Southfield, MI 48075 | (248) 457-7020 |
| P: (248) 355-5555 | tmullins@gmhlaw.com |
| F: (248) 355-5148 | kchapie@gmhlaw.com |
| g.fieger@fiegerlaw.com | jmiller@gmhlaw.com |
| j.harrington@fiegerlaw.com | ashea@gmhlaw.com |
| r.kamenec@fiegerlaw.com | |
| n.hanna@fiegerlaw.com | |
| m.filipovic@fiegerlaw.com | |

**DEFENDANT OXFORD SCHOOL'S RESPONSE TO PLAINTIFFS' *EX-PARTE* EMERGENCY MOTION FOR LEAVE TO ISSUE RULE 45 SUBPOENAS, OR IN THE ALTERNATIVE FOR COURT ISSUED SUBPOENAS**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................ iii

STATEMENT OF ISSUES PRESENTED ......................................................... iv

FACTS ................................................................................................................. 1

LAW AND ARGUMENT ................................................................................... 2

I.     Plaintiffs' Ex Parte Motion Should be Denied Because Discovery is Not Allowed at this Juncture Under the Federal Rules of Civil Procedure ................................................................................................... 2

     A.     Plaintiffs Failed to Prove Good Cause for Their Request of Expedited Discovery ..................................................................... 3

     B.     This Court Should Deny Plaintiff's Request that this Court Issue Rule 45 Subpoenas to Oxford Community Schools ......................... 6

CONCLUSION .................................................................................................... 8

# INDEX OF AUTHORITIES

*Cases*

*C.f. Thomas v. Colson*, __F. Supp. 2d__, 2013 WL 5461854
(W.D. Tenn. Sept. 30, 2013)..................................................................................3

*Flagg ex rel. Bond v. City of Detroit*, 268 F.R.D. 279 (E.D. Mich 2010).............5

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982).........................................................4

*Lashuay v. Delilne*, __Fed. Supp.__, 2018 WL 317856
(E.D. Mich. Jan. 8, 2018)......................................................................................3

*Lopez v. Foerster*, 791 F. App'x 582 (6th Cir. 2019).............................................4

*Mitchell v. Forsyth*, 472 U.S. 511(1985) ..............................................................4

*Siegert v. Gilley*, 500 U.S. 226 (1991)..................................................................4

*Stanford v. Parker*, 266 F.3d 442 (6th Cir. 2001).................................................3

*Stokes v. Xerox Corp.*, No. 05-cv-71683-DT, 2006 WL 6686584,
(E.D. Mich. Oct. 5, 2006) ..................................................................................6,7

*United States v. Amodeo*, 71 F.3d 1044 (2nd Cir. 1995) ......................................5

*United States v. Valenti*, 987 F.2d 708(11th Cir. 1993) ........................................5

*Rules*

Fed. R. Civ. P. 12(b) ..............................................................................................7

Fed. R. Civ. P. 26(d)(1)..........................................................................................2

Fed. R. Civ. P. 26(f)..........................................................................................2,3,7

Fed. R, Civ. P. 34 ...................................................................................................6

Fed. R, Civ. P. 45 ...................................................................................................6

iii

## STATEMENT OF ISSUES PRESENTED

**Issue One:** Should this Court deny Plaintiffs' *ex parte* motion for leave to issue Rule 45 subpoenas given that discovery is premature under the Rules of Civil Procedure?

**YES**

## FACTS

This lawsuit arises from the tragic events that took place at Oxford High School on November 30, 2021. Just ten days later, on December 9, 2021, Plaintiffs filed the instant Section 1983 lawsuit against Defendant Oxford Community Schools and various school officials in their individual capacities. While the community was grieving and trying to move forward, Mr. Fieger announced his lawsuit at a theatrical press conference—which unfortunately occurred on the same day as the last funeral causing needless distraction and interruption. Since that time, Plaintiff's counsel has repeatedly appeared on various news outlets and continues to make false allegations. In doing so, he publicly named a school employee as a defendant who did not even work at the High School at the time of the incident. Mr. Fieger has refused to dismiss this Defendant, despite this employee receiving death threats because of Mr. Fieger's false allegations. It has also impeded this school employee's ability to serve students who need him the most. Plaintiff's counsel's actions have contributed to the reluctance of employees to return to school and provide services to the children and their families who are in need.

This issue is the subject of a separate motion to dismiss the wrongly named Defendant, which is currently pending before this Court. *See* (ECF No. 14).

Despite Plaintiff counsel's grandstanding, Plaintiffs have not served any Defendants. As an obvious corollary, Defendants' initial pleading/motions are not

1

yet due. Similarly, given the inchoate nature of this lawsuit, the Rule 26(f) conference has not yet occurred.

Against the Rules of Civil Procedure, Plaintiffs have filed several *ex parte* motions with this Court. (ECF No. 5, ECF No. 11, ECF No. 13). On December 13, 2021, Plaintiffs filed an *ex parte* motion for leave to issue Rule 45 subpoenas to both Defendants and various non-parties. (ECF No. 13). Undersigned counsel filed a limited appearance as counsel for Defendant Oxford Schools relative to that *ex parte* motion. Undersigned counsel is now filing this Response along with a Motion for Protective Order requesting a stay of discovery pending this Court's decision on the issue of qualified immunity.

For the following reasons, Plaintiffs' improper *ex parte* motion should be denied.

## LAW AND ARGUMENT

1. **Plaintiffs' *Ex Parte* Motion Should be Denied Because Discovery is Not Allowed at this Juncture Under the Federal Rules of Civil Procedure.**

The Federal Rules of Civil Procedure expressly state the timing for discovery. *See* Fed. R. Civ. P. 26(d)(1). Under Rule 26(d)(1) "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). When a party seeks leave to request early discovery, courts typically

impose a "good cause standard." *See Lashuay v. Delilne*, __Fed. Supp.__, 2018 WL 317856 (E.D. Mich. Jan. 8, 2018).

Here, there is no dispute that the parties have not conferred as required by Rule 26(f). Because of this, the parties are not permitted to begin discovery at this juncture, rendering Plaintiffs' *ex parte* motion premature; in fact, Defendants have not even been served with the lawsuit yet. Furthermore, Plaintiffs failed to establish good cause, as explained in more detail below. Accordingly, this Court should deny Plaintiffs' *ex parte* motion.

### A. Plaintiffs Failed to Prove Good Cause for Their Request of Expedited Discovery.

Plaintiffs have failed to establish good cause for six reasons. First, Plaintiffs cite no legal authority in support of their proposition that this Court should expedite discovery and grant leave to issue subpoenas to law enforcement agencies. This alone is insufficient to demonstrate good cause. *C.f. Thomas v. Colson*, __F. Supp. 2d__, 2013 WL 5461854 (W.D. Tenn. Sept. 30, 2013)( "'Good cause' is not determined by 'bald assertions' or 'conclusory allegations.'")(quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001))).

Second, Plaintiffs' position is contrary to binding authority. Based on the specific claims plead against the individual Defendants in their individual capacities, discovery is not yet warranted. Plaintiffs are advancing constitutional claims against individual Defendants in their individual capacity, that are barred by qualified

3

immunity. When qualified immunity is raised as a defense, the Supreme Court's instructions are clear: until the "threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). This is so because qualified immunity is not just a defense to liability, but a shield against the burden of facing trial and "other burdens of litigation," including "broad-reaching discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The Sixth Circuit recently held that when a district court refuses to address the merits of a qualified immunity defense at the pleading stage, the district court's conduct amounts to "an effective denial qualified immunity." *Lopez v. Foerster*, 791 F. App'x 582, 586 (6th Cir. 2019). *See Walker v. Detroit Public Schools*, 535 Fed Appx 461 (6th Cir 2013); *McQueen v. Beecher Schools,* 433 F.3d 460 (6th Cir. 2006)(dismissing very similar claims involving school shootings)).

Here, Defendants will immediately file motions based on qualified immunity, making discovery improper at this stage. As such, no good cause exists to expedite discovery given that the allegations in the Complaint give rise to the qualified immunity defense.

Third, Plaintiffs are seeking highly confidential information material to the ongoing criminal investigations and the prosecution's ongoing procedure. The prosecutor has asked the parties to refrain from any action that might interfere with

4

their office and to clear any release of information through their office. This further supports the denial of Plaintiffs' *ex-parte* motion. *See Flagg ex rel. Bond v. City of Detroit*, 268 F.R.D. 279, 295 (E.D. Mich 2010)(holding that federal courts may prohibit the disclosure of materials bearing upon an ongoing criminal investigations or prosecutions); *see United States v. Amodeo*, 71 F.3d 1044, 1050 (2nd Cir. 1995); *see United States v. Valenti*, 987 F.2d 708, 714 (11th Cir. 1993).

Fourth, Plaintiffs' arguments are meritless. Plaintiffs' claim that they cannot prepare for their case without this extraordinary measure has no basis in fact. Like every other lawsuit, this Court will set a period for discovery. At that time, Plaintiff can issue subpoenas, and entities can respond/object with the deliberation this matter demands. This case is no different in that regard.

Fifth, contrary to Plaintiffs' suggestion, there is no threat of spoliation of evidence. Not only have Plaintiffs failed to produce any evidence of spoliation, this Court entered an Order to prevent the spoliation of evidence. (ECF No. 12). Because of this, Plaintiffs' argument regarding spoliation of evidence is moot. Furthermore, this case is unlike most lawsuits regarding the preservation of evidence. The day of the incident, and the days following, law enforcement obtained and preserved all relevant evidence. It is obscene—and sanctionable—to suggest that any relevant documentation has been spoliated especially because that evidence that will be material to the ongoing prosecutions.

5

Lastly, this Court should consider the temporal proximity of Plaintiffs Counsel's actions in litigation and the incident giving rise to this case. Plaintiffs' Counsel is attempting to accelerate the litigation process as a publicity stunt and to gain more attention in the media at a time when Defendants are working tirelessly to get students back in school and provide support services to the Oxford Community. Plaintiffs Counsel's actions throughout this litigation have been in bad faith and amount to an abuse of the judicial process. This type of misconduct does not support a finding of good cause to expedite discovery. As such, this Court should deny Plaintiffs' *ex-parte* motion.

### B. This Court Should Deny Plaintiff's Request that this Court Issue Rule 45 Subpoenas to Oxford Community Schools.

Plaintiffs request that this Court should grant leave to issue subpoenas to Oxford Community Schools under Federal Rule of Civil Procedure 45 has no basis in law given that Oxford Community Schools is a party to this case.

Federal Rule of Civil Procedure 34 governs discovery from a party which is distinct from discovery from a non-party. *Compare* Fed. R. Civ. P. 45 *with* Fed. R. Civ. P. 34; *see Stokes v. Xerox Corp.*, No. 05-cv-71683-DT, 2006 WL 6686584, at *3 (E.D. Mich. Oct. 5, 2006)(holding that "[d]iscovery from a party, as distinct from a nonparty, is governed by Rule 34, not Rule 45")). Because of this, a plaintiff should not be "permitted to circumvent the requirements and protections of Rule 34 by

6

proceeding under Rule 45 for the production of documents belonging to a party." *Stokes*, 2006 WL 6686584, at *3.

Here, Plaintiffs are attempting to proceed under Rule 45 to obtain documents possessed by Oxford Community Schools before Defendants have: (1) been properly served, (2) appeared, (3) filed an answer/12(b) motion, and (4) before the parties have conferred as required by Rule 26(f). This amounts to an inappropriate effort to circumvent the discovery rules. The inappropriate nature of Plaintiffs Counsel's actions is bolstered by the fact that Plaintiffs' motion was filed on an *ex parte* basis, despite knowing that undersigned represented the School District.[1] This Court should take into account the temporal proximity of Plaintiffs Counsel's actions in relation to the tragedy that has rocked the Oxford Community. This type of abuse of the judicial process should not be permitted. Instead, this Court should deny Plaintiffs' request to expedite discovery and require Plaintiffs to proceed with discovery in the manner prescribed by the Federal Rules of Civil Procedure—not rules that are made up as Plaintiffs' Counsel sees fit.

---

[1] Plaintiffs conceded to this in their *ex-parte* motion. See (ECF No. 13 PageID 199)("Counsel for Plaintiffs have received notice that Attorney Timothy Mullins will be representing the Oxford Community School District.")).

## CONCLUSION

For the reasons stated above, this Court should deny Plaintiffs' *ex parte* motion and award Defendants costs and fees associated with responding to their motion.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant Oxford Community
Schools

DATED: December 15, 2021

## CERTIFICATE OF ELECTRONIC SERVICE

TIMOTHY J. MULLINS states that on December 15, 2021, he did serve a copy of **DEFENDANT OXFORD SCHOOL'S RESPONSE TO PLAINTIFFS'** ***EX-PARTE*** **EMERGENCY MOTION FOR LEAVE TO ISSUE RULE 45 SUBPOENAS, OR IN THE ALTERNATIVE FOR COURT ISSUED SUBPOENAS** via the United States District Court electronic transmission on the aforementioned date.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant Oxford Community
Schools
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021
