FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEFFREY FRANZ, et al.,

    Plaintiffs,

Case No. 21-cv-12871
HON. MARK A. GOLDSMITH

Vs.

*Oral Argument Requested*

OXFORD COMMUNITY SCHOOL DISTRICT, et al.,

    Defendants.

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT MOORE'S MOTION TO DISMISS/SUMMARY JUDGEMENT, MOTION FOR SANCTIONS, AND MOTION FOR IMMEDIATE CONSIDERATION**

**NOW COME** Plaintiffs by and through their attorneys, *Fieger, Fieger, Kenney & Harrington, P.C.,* and in their Response in Opposition to Defendant's Motion to Dismiss/Summary Judgement: state as follows:

Defendant Moore has failed to comply with Fed. R. Civ. P 10 by failing to form their Motion in numbered paragraphs. Notwithstanding this failure, Plaintiffs will respond to the allegations in their Brief in Support.

Notably, Defendant Moore also falsely indicated that they sought concurrence via email and text prior to the filing of this Motion. When, in fact, Exhibit 7 to Plaintiffs' Response highlights Plaintiffs' willingness to dismiss Defendant Moore if counsel could provide a proper name of who they believe the Dean of Students was on November 30, 2021. To date, six (6) days after that exchange, no name(s) or

{01213532.DOCX}  1

other information relevant to the lawsuit has been provided to the Plaintiffs. No subsequent texts or emails were sent to any of counsel for Plaintiffs.

Indeed, Plaintiffs do possess evidence that Defendant Moore was the acting Dean of Students at the time of the incident as evidenced by Defendant's own social media page and Defendant Oxford's webpage that lists Moore and the title of Dean of Students next to his name up and until the day after the shooting.

*The instant action has only been commenced for six (6) days. In those days, Plaintiffs have sent preservations to the Defendants through Oxford counsel Timothy Mullins, they have called Mr. Mullins, texted Mr. Mullins, and repeatedly asked the webpages to be restored so that Plaintiffs' can amend their complaint. In just six (6) days, Plaintiffs have had to ask the Court to intervene with destruction of evidence and are again asking this Court to force Mr. Mullins and the Defendants to comply with the Federal Rules of Civil Procedure and participate in litigation without hesitation.*

Dated: December 16, 2021

                                                    Respectfully submitted,
                                                    */s/Nora Y. Hanna*
                                                    GEOFFREY N. FIEGER (P30441)
                                                    NORA Y. HANNA (P80067)
                                                    *Fieger, Fieger, Kenney & Harrington, P.C.*
                                                    Attorneys for Plaintiffs
                                                    19390 West Ten Mile Road
                                                    Southfield, MI 48075
                                                    P: (248) 355-5555
                                                    n.hanna@fiegerlaw.com

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JEFFREY FRANZ, et al.,

    Plaintiffs,

Vs.

OXFORD COMMUNITY SCHOOL DISTRICT, et al.,

    Defendants.

Case No. 21-cv-12871
HON. MARK A. GOLDSMITH

*Oral Argument Requested*

**BRIEF IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT MOORE'S MOTION TO DISMISS/SUMMARY JUDGEMENT, MOTION FOR SANCTIONS, AND MOTION FOR IMMEDIATE CONSIDERATION**

## TABLE OF CONTENTS

**Table of Authorities**……………………………………………………………………iii

**Concise Counterstatement of the Issues Presented**……………………………..iv

1. Whether the defendants motion for summary judgment must be denied when there are genuine issues of material fact regarding whether Moore was acting as Dean of Students on November 30, 2021; especially when discovery has yet to commence and defendant Moore as well as defendant Oxford publicly Portrayed Moore as the Dean of Students on social media and other webpages up and until the day after the shooting……………………………………………iv

2. Whether counsel for plaintiff conducted due diligence in searching social media, Defendants pages, and Defendant Oxfords websites for who was the Dean of Students………………………………………………………………………….iv

3. Whether the deliberate withholding of information, name, and deletion of electronically stored information is sanctionable conduct by the Defendant……………………………………………………………………………..iv

**Statement of Facts**……………………………………………………………………1

**Standard of Review**……………………………………………………………….8

**Law and Argument**……………………………………………………….....……..9

    I.    THIS RULE 56 MOTION IS PREMATURE BECAUSE DISCOVERY HAS YET TO COMMENCE………………………….9

    II.    DEFENDANT MOORE'S MOTION IS IMPROPERLY ESPOUSED AS A MOTION FOR SANCTIONS PURSUANT TO FRCP 11 AND SHOULD BE DENIED……………………………………………………..10

    A. *Mr. Mullin's egregious conduct in prematurely pursuing this meritless Motion, failing to communicate or respond to Counsel for Plaintiffs, and deliberately withholding evidence warrants Plaintiffs' attorneys' fees and costs in defending the instant motion* …………..12

**Relief Requested**……………………………………………………………………17

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

# TABLE OF AUTHORITIES

**CASES**

*60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432 (6th Cir. 1987)…………………..8

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)………………………..……..9

*Henson v. National Aeronautics and Space Administration,* 14 F.3d 1143 (6th Cir. 1994)……………………………………………………………………………..8

*Kendall v. Hoover Co.,* 751 F.2d 171 (6th Cir. 1984)………………………………8

*Kennedy v. Silas Mason Co.*, 334 U.S. 249 (1948)…………………………….....9

*Martin v. Ohio Turnpike Commission,* 968 F.2d 606 (6th Cir. 1992)……………….8

*Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764 (6th Cir. 2014)……………11

**RULES**

Fed. R. Civ. P. 11……………………………………………………………10, 11
Fed. R. Civ. P. 56……………………………………………………………..10

# CONCISE COUNTERSTATEMENT OF THE ISSUES PRESENTED

*Defendant Moore did not provide a statement of issue presented.*

1. Whether the defendants motion for summary judgment must be denied when there are genuine issues of material fact regarding whether Moore was acting as Dean of Students on November 30, 2021; especially when discovery has yet to commence and defendant Moore as well as defendant Oxford publicly Portrayed Moore as the Dean of Students on social media and other webpages up and until the day after the shooting?

   | | |
   |---|---|
   | Plaintiffs Say: | **"yes"** |
   | Defendant Moore Likely Says: | **"no"** |

2. Whether counsel for plaintiff conducted due diligence in searching social media, Defendants pages, and Defendant Oxfords websites for who was the Dean of Students?

   | | |
   |---|---|
   | Plaintiffs Say: | **"yes"** |
   | Defendant Moore Likely Says: | **"no"** |

3. Whether the deliberate withholding of information, name, and deletion of electronically stored information is sanctionable conduct by the Defendant?

   | | |
   |---|---|
   | Plaintiffs Say: | **"yes"** |
   | Defendant Moore Likely Says: | **"no"** |

## STATEMENT OF FACTS

This lawsuit arises out the horrific and tragic shooting at Oxford High School on November 30, 2021. On December 2, 2021, just two days after the massacre, Defendant Superintendent Timothy Throne issued a 12:45 minute video statement to the Oxford Community.[1] With regards to Ethan Crumbley, in his video statement he stated, "No discipline was warranted…[y]es, this student did have contact with our front office, and yes his parents were on campus, November 30, 2021." *Id.*

The following day, the Oakland County Prosecutor, Karen McDonald, held a press conference in which she described a search for ammunition within class on November 29, 2021, and a violent drawing by Ethan Crumbley on November 30, 2021, and explicitly stated that Oxford High School Personnel were notified.[2]

On December 4, 2021, one day after details of Ethan Crumbley's actions in Oxford High School were revealed by Oakland County Prosecutor Karen McDonald, Defendant Superintendent Timothy Throne issued a written statement which included:

> On the morning of Nov. 30, a teacher observed concerning drawings and written statements that have been detailed in media reports, which the teacher reported to school counselors and the ***Dean of students.***

(**Exhibit 1, Statement of Superintendent 12/04/2021**). *Emphasis added.*

---

[1] https://www.youtube.com/watch?v=2wHd8nN4tXw
[2] https://www.youtube.com/watch?v=oqbSyz2o3A8

{01213532.DOCX}   1

Following these public announcements, all information containing the Dean of Students, was removed from the school website, on the following Monday morning, December 6, 2021. This action intentionally and deliberately shielded identification of individuals involved in the investigation of Ethan Crumbley's actions. By way of example, a screenshot from the Defendant's webpage **taken on December 14, 2021,** the date of Defendant's filing of this Motion, is below and lists all administrative personnel, **minus, the Dean of Students**. **(Exhibit 2-Screenshot from Oxford High School's Webpage, dated December 14, 2021).**[3]



On December 9, 2021, Plaintiffs initiated the instant action based upon information that was available and provided to counsel, with subsequent and

---

[3] https://oxfordhigh.oxfordschools.org/administration (This information is still accessible on the school website, as of the date of filing this motion).

{01213532.DOCX}  2

independent research verifying as much information as possible.

Despite Defendant Moore's assertion that he has not been the Dean of Students in over a year or affiliated with Oxford High School for over a year, cache data obtained from Google, shows that Defendant Moore was listed as the Dean of Students on November 18, 2021.  (**Exhibit 3, Screenshot from Google Cache Data of Oxford High School Dean of Student's Page-Identifying Ryan Moore**). Investigation conducted the day after the shooting, on **December 1, 2021,** shows that Defendant Ryan Moore was on the Oxford High School website as the Dean of Students. (**Exhibit 4, Screenshot from Oxford High School Dean of Student's Page-Identifying Ryan Moore, obtained through archives**).



Additionally, as of the filing of Plaintiffs' complaint on December 9, 2021, Defendant Moore's own social media, which he controlled, indicated that he was the Dean of Students of Oxford High School from August of 2018, until present.

{01213532.DOCX}                              3

**(Exhibit 5-Screenshot of Defendant Moore's LinkedIn Page.)**

Due diligence and an investigation was conducted when naming Ryan Moore, as the Dean of Students, on the basis of information available at that time, that was online. Defendant Moore's own social media portraying him as the Dean of Students of Oxford High School, cache information and "Wayback Machine" verification, available from Oxford High School's webpage, before it was intentionally and deliberately removed. shielding whomever may be the Dean of Students of Oxford High School, and obstructing Plaintiffs' claims and investigation.

On December 9, 2021, at 3:42 p.m., 3:58 p.m., and 4:41 p.m., Plaintiffs' counsel received three revised letters from Timothy Mullins. Mr. Mullins indicated that he represents **Oxford Schools**, and never once indicated that he represents Mr. Ryan Moore. (*See* **Exhibit 6, Letters from Timothy J. Mullins, dated 12/09/2021**).

In addition to the Oxford Webpage and Moore's own webpage, once Plaintiffs' Counsel received correspondence from Counsel for Oxford Schools, attorney for Plaintiffs, James J. Harrington IV, called Timothy Mullins, within hours after receiving the letters. When Mr. Harrington's call was unanswered, he contacted Mr. Mullins via text message, regarding his letter, and indicated that the Fieger Firm would be **"happy to substitute"** Defendant Moore out of the lawsuit with the appropriate Dean of Students. To date, his/her identity is has been withheld. (*See* **Exhibit 7, Text Exchange between Plaintiffs' Counsel and Timothy**

{01213532.DOCX} 4

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**Mullins, dated 12/09/2021.**) *Phone numbers intentionally omitted for privacy.*

That same night, Defendant Moore's LinkedIn - which advertised himself as the present Dean of Students - was deleted, necessitating Plaintiff's *Ex Parte* Motion to Preserve and Restore Evidence. [**ECF No. 11**]. The Court issued an Order within hours of Plaintiffs' filing, ordering the preservation of evidence, despite Mr. Mullin's allegations that the motion was improper and in violation of the Rules of Civil Procedure, the Local Rules, and Judge Goldsmith's Practice Guidelines. [**ECF No. 12**].

Mr. Mullins claims that Plaintiffs' lawsuit is full of falsehoods and misrepresentations as it relates to Defendant Moore. It is a position taken after Oxford High School intentionally removed the information from public access subsequent to Defendant Throne's public statements. Such attacks and misrepresentations stem from false allegations that Fieger Law failed to do due diligence. Upon being made aware of Fieger Law's diligence, the social media handles of Defendant Moore were deliberately and intentionally deleted. To what end? Obviously, to further advance Mr. Mullin's false narrative and accusations. All the while, Defendant requests sanction but failed to comply with Fed. R. Civ. P. 11 requiring proper notice and allowing for the 21-day remedy period. Instead, Counsel for Defendant has failed to communicate with Plaintiffs' counsel and continues to withhold information to the detriment of Defendant Moore.

{01213532.DOCX}    5

To date, Mr. Mullins, as the attorney representing Oxford Schools, has ***not*** filed an appearance on behalf of Oxford Schools, or Defendant Moore. To date, Mr. Mullins, has ***not*** sought proper concurrence for Defendant Moore's Motion to Dismiss/Summary Judgement, Motion for Sanctions, and Motion for Immediate Consideration via email or text message. To date, Mr. Mullins has repeatedly refused to provide the Dean of Students name, as Counsel for Oxford Schools, while simultaneously accusing attorney Mr. Fieger of "unconscionable behavior" and making false allegations that the Fieger Firm has named Defendant Moore without due diligence.

Mr. Mullin's motion is meritless, at a minimum premature, and attempts to circumvention of the Rules of Professional Responsibility. It seems apparent that he has a direct conflict in representing both Oxford Schools and Defendant Moore. He has curiously filed an appearance on behalf of Oxford and not Moore. Mr. Mullins, acting on behalf of Oxford Schools, fails to act in the best interest of Defendant Moore by refusing to provide information that should verify that Defendant Moore is not in fact the Dean of Students (prior to the commencement of any discovery in this matter).

Defendant Moore was named because research and investigation available to Plaintiffs' counsel at the time of filing of the lawsuit. Is Oxford High School concealing who is the Dean of Students? Defendant Moore's claimed ability to

render effective and meaningful aide to the Oxford Community during a crucial time of need, as a member of the Oxford Community School's Trauma Response team, is the direct result of attorney Mullin's refusal to provide the name and supporting evidence of who actually is the Dean of Students on November 30, 2021. The request made by the Fieger Firm, and the firm's **same-day** willingness to **immediately** substitute Defendant Moore was unanswered. Defendant Moore's declaration, presumably drafted by Mr. Mullins, fails to mention any successor to his position as the Dean of Students. It is clear that Mr. Mullins is acting to shield, Oxford Schools, at the determinant of Defendant Moore.

To date, six days after our request, there is ample conflicting evidence to support that Defendant Ryan Moore was the Dean of Students of Oxford High School on November 30, 2021. At this point in litigation, discovery has not yet commenced, and no attorney has filed an appearance on behalf of any defendant, including Defendant Moore, and Defendant Oxford Community School District.

There exists genuine dispute of material fact that Defendant Moore was the Dean of Students at Oxford High School, given the information that is available to Plaintiffs' counsel. Dismissal without verification and discovery would prejudice Plaintiffs in the prosecution of their claims.

## STANDARD OF REVIEW

Defendant does not mention any standard of review or basis for the motion for summary judgment. Since the Defense arguments go beyond the pleadings, the subject motion must be treated as a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). In accordance with this rule, summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Martin v. Ohio Turnpike Commission,* 968 F.2d 606, 608 (6th Cir. 1992). In considering such a motion, the Court must view the facts and draw all reasonable inferences therefrom in the light most favorable to the non-moving party. *60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is neither permitted nor required to judge the evidence or make findings of fact. *Id.*

> "A fact is 'material' for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or defense advanced by the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir. 1984). In other words, the disputed fact must be one which might affect the outcome of the suit under the substantive law controlling the issue. *Henson v. National Aeronautics and Space Administration,* 14 F.3d 1143, 1148 (6th Cir. 1994) A fact is "material," if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

When the facts, set forth above, are considered in the light most favorable to

{01213532.DOCX}  8

Plaintiffs, and all reasonable inferences are drawn in Plaintiffs' favor, it is clear that summary judgment and dismissal of Defendant Moore must be denied.

## LAW AND ARGUMENT

### I. THIS RULE 56 MOTION IS PREMATURE BECAUSE DISCOVERY HAS YET TO EVEN COMMENCE.

Defendant's Motion for Summary Disposition asks this Court to perform a fact-intensive analysis to who actually was the Dean of Students. Defendant's motion is premature given the fact that no evidence has been provided contrary to the on public webpages as to who the Dean of Students was on November 30, 2021.

Evaluating who was the acting Dean of Students on November 30, 2021, aside from Defendant Moore, requires a dive into the evidence. To date, no such evidence has been provided to Plaintiffs' counsel, or to this Court. It certainly has not been provided in the pending Motion. Such analysis cannot be accomplished until discovery has commenced, and the facts can thereafter be determined. A motion for summary disposition is grossly premature if no discovery has even begun. The only evidence submitted is a declaration by the Defendant Moore, this declaration directly conflicts with other evidence. *Supra.*

"Neither do we suggest that the trial courts should act other than with caution in granting summary judgment or that the trial court may not deny summary judgment in a case in which there is reason to believe that the better course would be to proceed to a full trial. *Kennedy v. Silas Mason Co.*, 334 U.S. 249 (1948)),"

with *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, ***after adequate time for discovery*** and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.") *Emphasis added*. A full and complete record is necessary before this Court rules on Defendant's Motion for Summary Disposition.

At a minimum, Plaintiffs must be afforded the opportunity to depose Defendant Moore to (1) confirm his position, (2) inquire as to who is the Dean of Students, (3) confirm whether he was in fact acting as Dean of Students, and (4) why his and Oxford's public postings indicated that he was Dean of Students. Outstanding discovery is noted in Plaintiffs' counsel's affidavit. **(Exhibit 8- Affidavit of James J. Harrington, IV).**

### II. DEFENDANT MOORE'S MOTION IS IMPROPERLY CHARACTERIZED AS A MOTION FOR SANCTIONS PURSUANT TO FRCP 11 AND MUST BE DENIED.

Although Defendant Moore does not title this *Motion* as a motion for sanctions pursuant to Rule 11, all arguments raised by Defendant Moore fall under the provisions of Fed. R. Civ. P. 11.

In order to grant Fed. R. Civ. P. 11 sanctions Defendant must comply with the built-in notice provisions. Fed. R. Civ. P. 11(c)(2) requires a party to provide notice to the offending party and a 21-day period is afforded for correction of the violation.

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.
>
> Fed.R.Civ.P. 11(c)(2).

The Court in *Penn*, discussed "We AFFIRM the district court's denial of sanctions on the alternative ground that the Arnold Firm's failure to comply with Rule 11's safe-harbor provision made sanctions unavailable." *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 765 (6th Cir. 2014). Until and less Fed. R. Civ. P 11(c)(2) is complied with sanctions are unavailable.

In the case at bar, not only are sanctions not available to Defendant as a matter of procedural failure; they are also unavailable on the merits. The Fieger Firm named a Defendant based upon the **Defendants' own public representations**. **The Fieger Firm has also been more than willing to consider dismissing Defendant if proofs show otherwise.** Mr. Mullins has failed to communicate with the Fieger Firm and has filed with a frivolous Rule 11 Sanctions Motion.

{01213532.DOCX}  11

> **A.** *Mr. Mullin's egregious conduct in prematurely pursuing this meritless Motion, failing to communicate or respond to Counsel for Plaintiffs, and deliberately withholding evidence warrants Plaintiffs' attorneys' fees and costs in defending the instant motion.*

Plaintiffs' instant *Response* demonstrates that the undersigned's conduct in filing the instant Complaint was more than "reasonable". The pleadings submitted by the undersigned are grounded in plausible, triable facts as contained in Defendant Throne's public statements [where he indicated publicly that he met with the Dean of Students] and are not controverted by Defendants.

Mr. Mullin's argument that Plaintiff's claims lack evidentiary support are misguided. Mr. Mullin's entire *Motion* is a reckless display of a conflict of interest in representing Oxford Schools, while acting contrary to Defendant Moore's best interests. As stated, Plaintiffs' counsel ***immediately*** told Mr. Mullin's that we were willing to substitute Ryan Moore if there was another Dean of Students referred to by Defendant Throne. Instead, Mr. Mullins has used this *Motion* as nothing more than an opportunity to sling mud and besmirch Plaintiffs' counsel in some vain hope of obtaining a tactical advantage in this case. Such conduct is misguided.

As stated above, the Sixth Circuit has held that a court may impose sanctions, pursuant to its inherent powers, upon any party, not just the party responding to such a motion, when that party acts in bad faith. "Bad faith" can easily be implied from a party's conduct which is "tantamount to bad faith." As such, this court

{01213532.DOCX}                                    12

unquestionably has the power to and should award a party attorney fees and costs when, as here, Plaintiffs are required to defend against a frivolous motion for sanctions.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiffs' respectfully request this Honorable Court:

a. **DENY** Defendant Moore's Motion to Dismiss/Summary Judgement;

b. **DECLINE** to impose sanctions upon Plaintiffs' counsel;

c. **SANCTION** Mr. Mullins pursuant to this Court's inherent powers for bringing this ill-gotten, premature, and frivolous motion; and

d. **ORDER** any and all other such relief that this Honorable Court deems equitable and just, including attorneys' fees and costs in responding to this frivolous motion and baseless claims.

**LOCAL RULE CERTIFICATION**: I, Nora Y. Hanna, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated:  December 16, 2021

Respectfully submitted,

*/s/Nora Y. Hanna*
GEOFFREY N. FIEGER (P30441)
NORA Y. HANNA (P80067)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 West Ten Mile Road
Southfield, MI 48075
P: (248) 355-5555
n.hanna@fiegerlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys.

*/s/: Samantha M. Teal*
**Legal Assistant to Geoffrey N. Fieger**