UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY FRANZ, et al,

      Plaintiffs,                           Hon. Mark A. Goldsmith

v                                         No. 21-12871

OXFORD COMMUNITY SCHOOL
DISTRICT, et al,

      Defendants.
_____/

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | TIMOTHY J. MULLINS (P28021) |
| JAMES J. HARRINGTON (P65351) | KENNETH B. CHAPIE (P66148) |
| ROBERT G. KAMENEC (P35283) | JOHN L. MILLER (P71913) |
| NORA Y. HANNA (P80067) | ANNABEL F. SHEA (P83750) |
| MILICA FILIPOVIC (P80189) | *Giarmarco, Mullins & Horton, P.C.* |
| *Fieger, Fieger, Kenney & Harrington, P.C.* | Attorneys for Defendant Ryan Moore |
| Attorneys for Plaintiffs | 101 W. Big Beaver Road, 10th Floor |
| 19390 West Ten Mile Road | Troy, MI 48084-5280 |
| Southfield, MI 48075 | (248) 457-7020 |
| P: (248) 355-5555 | tmullins@gmhlaw.com |
| F: (248) 355-5148 | kchapie@gmhlaw.com |
| g.fieger@fiegerlaw.com | jmiller@gmhlaw.com |
| j.harrington@fiegerlaw.com | ashea@gmhlaw.com |
| r.kamenec@fiegerlaw.com | |
| n.hanna@fiegerlaw.com | |
| m.filipovic@fiegerlaw.com | |

# Mr. Moore's Reply Brief in Support of
# Motion to Dismiss and Motion for Sanctions

Mr. Fieger should learn to admit when he makes a mistake. To err is human. To refuse to fix a mistake he made—despite knowing that he has placed an educator's life in jeopardy—is unconscionable and shocking. Mr. Moore should be dismissed. Mr. Fieger should be sanctioned.

In response to Defendant's Motion, Mr. Fieger had exactly one acceptable response: apologize to Mr. Moore and dismiss him as a Defendant, even if the dismissal was without prejudice. Rather than do what basic human decency requires, he continues to double down. In fact—brazenly—Mr. Fieger indicated that he would only dismiss Mr. Moore if Mr. Moore identified who the Dean of Students is. There is a word for this: extortion. It is NOT Mr. Moore's job to help Mr. Fieger figure out who to sue. Mr. Fieger's current and ongoing refusal to dismiss someone improperly named speaks volumes. Mr. Fieger has already named the teachers and counselor with Pseudonyms, so he is aware of what he should do, but he refuses to do so. This is inexcusable.

The following facts cannot be disputed: (1) Mr. Moore was not the High School Dean of Students (he worked at the virtual academy); (2) because of Mr. Fieger's false allegations, Mr. Moore has received death threats and he has needed to install reinforced doors and locks at his home; (3) Mr. Moore has been pictured on national news in a highly defamatory manner, which has caused emotional distress; (4) Mr. Moore had to remove his children from school because of the threats

caused by Mr. Fieger; and (5) Mr. Moore's ability to help students in Oxford—those who need him most—has been directly impacted by Mr. Fieger's false allegations.

Should this Court treat Mr. Moore's motion as one for summary judgment, summary judgment should be granted for Mr. Moore. Mr. Moore was not the Dean of Students at Oxford High School on November 30, 2021, and he did not interact with E.C. prior to the incident at issue.[1] <u>No amount of discovery can change this fact</u>. As such, Plaintiffs cannot prove Mr. Moore violated Plaintiffs' constitutional rights as a matter of law. Accordingly, Plaintiffs cannot establish a genuine issue of material fact that Mr. Moore's affirmative actions caused or increased the risk of harm to Plaintiffs. *See McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 464 (6th Cir. 2006)(holding that to establish liability under the state created danger theory, the plaintiff must prove that an ***affirmative act*** by the school official either created or increased the risk that the plaintiff would be exposed to danger)); *see generally Bridgeport Music, Inc. v. Rondor Music Int'l, Inc.*, 259 Fed. Appx. 827, 828 (6th Cir. 2008) (affirming summary judgment where the plaintiff named the wrong defendant)).

To claim he did some due diligence to justify his "mistake" (basically conducting a google search, apparently), Mr. Fieger alleges that Mr. Moore's

---

[1] Given that Plaintiffs conceded that they sued the wrong defendant in their Response, this Court has adequate basis to dismiss Mr. Moore from this lawsuit without resorting to evidence submitted by Mr. Moore outside the pleadings.

3

LinkedIn profile listed him as the Dean of Students. However, this profile simply says he worked for Oxford Schools; it does not say he worked at the High School. The School District employs many deans, and it is now apparent that Mr. Fieger just picked one from the District's webpage. Instead, had he not been in a rush to hold a press conference and file a lawsuit as the last funeral was occurring, Mr. Fieger could have served a FOIA request, which is what 99% of attorneys do prior to filing a lawsuit.

Rather than address the merits of what is presented—which are pretty simple—Plaintiffs' Counsel makes bizarre allegations.

FIRST, they allege that Defendants' Motion was improper because it did not have numbered paragraphs. Plaintiffs then cite Rule 10. This Rule applies to pleadings. Rule 7 defines Pleadings to be Complaints and Answers—not Motions. As such, this argument is peculiar.

SECOND, Plaintiffs' Counsel suggests that undersigned did not "file an appearance" for Mr. Moore. Again, LR 83.25 plainly provides that an attorney appears in an action "by filing a pleading or other paper or a notice of appearance." Undersigned did just that.

THIRD, Plaintiffs' counsel claims that undersigned did not seek concurrence. Then—contradictory—Plaintiffs attach the letter and text messages where Plaintiffs' counsel was told that Mr. Moore needed to be immediately dismissed, and Mr.

4

Fieger refused by written letter. And—while obvious—even at this juncture, Mr. Fieger is refusing to dismiss an educator improperly named, so he obviously still does not concur.

FOURTH, contrary to Plaintiffs' assertion, Mr. Moore is not requesting sanctions pursuant to Rule 11. Instead, he is seeking Sanctions against Mr. Fieger under this Court's inherent authority. *See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 514 (6th Cir. 2002)(holding that the Supreme Court's decision in *Chambers* "should be read broadly to permit the district court to resort to its inherent authority to sanction bad-faith conduct. . . . .").

## CONCLUSION

Mr. Fieger should learn to admit when he makes a mistake. To err is human. To refuse to fix a mistake he made—despite knowing that he has placed an educator's life in jeopardy—is unconscionable and shocking. Mr. Moore should be dismissed. Mr. Fieger should be sanctioned.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant Ryan Moore

DATED: December 17, 2021

LOCAL RULE CERTIFICATION: I, TIMOTHY J. MULLINS, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and

5

bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant Ryan Moore

Dated: December 17, 2021

## CERTIFICATE OF ELECTRONIC SERVICE

TIMOTHY J. MULLINS states that on December 17, 2021, he did serve a copy of **Mr. Moore's Reply Brief in Support of Motion to Dismiss and Motion for Sanctions** via the United States District Court electronic transmission on the aforementioned date.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant Ryan Moore
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021