**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEFFREY FRANZ, et al.,

                                Case No. 21-cv-12871

    Plaintiffs,                HON. MARK A. GOLDSMITH

Vs.                                     *Oral Argument Requested*

OXFORD COMMUNITY SCHOOL DISTRICT, et al.,

    Defendants.

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' *EX-PARTE* EMERGENCY MOTION FOR LEAVE TO ISSUE RULE 45 SUBPOENAS, OR IN THE ALTERNATIVE FOR COURT ISSUED SUBPOENAS**

**NOW COME** Plaintiffs by and through their attorneys, *Fieger, Fieger, Kenney & Harrington, P.C.,* and submits the following Reply to Defendants' Response to Plaintiff's *Ex-Parte* Emergency Motion for Leave to Issue Rule 45 Subpoenas, or in the alternative for Court Issued Subpoenas:

Since the filing of Plaintiffs' Motion new information has become available that demonstrates Plaintiffs' need for Subpoena power. As this Court is aware, on December 10, 2021, counsel for Plaintiffs sent several FOIA's to entities requesting documents to be produced on or before December 28, 2021.

On December 15, 2021, the Oakland County Prosecutor's Office and Oakland County Sheriff's Office sent blanket denials to Plaintiffs' counsel stating investigation records would deprive a person of the right to a fair trial due to there

1

being underlying criminal investigations. **(Exhibit 1- Letter from Oakland County Prosecutor's Office) (Exhibit 2- Letter from Oakland County Sheriff's Office).**

Despite issuing a denial to Plaintiffs' counsel, on December 23, 2021, the Oakland County Prosecutor's Office attached several of the very items requested to the public by way of an **unsealed** Motion Response in two (2) pending criminal cases. **(Exhibit 3- Response to Motion in Cases 21-0006651-FY and 21-0006652-FY).**

This production allowed for public viewing and access by the News and Media. The Oakland County Prosecutor's Office and Oakland County Sheriff's Office failed to produce any of those documents to the Plaintiffs. Yet, they attached facts, evidence, texts, photographs, and other information that was clearly not protected and did not hinder the right of a Defendant to have a fair trial in a public filing. Specifically**,** 911 calls, reports, photographs, downloads, and the like have no impact on a party's right to a fair trial.

In the motion response, The Oakland County Prosecutor's Office mentioned facts regarding Crumbley bringing a severed bird head to school. The Motion attached photographs that Crumbley drew in school. It also made reference to his actions the day of the shooting as well as before the shooting. All of these items are relevant to the case at bar. Plaintiffs are entitled to obtain these records. This information is being released to media outlets without prejudice to the criminal matter. However, this very information is not being produced for pending litigation.

Plaintiffs have exhausted all reasonable means to obtain the information and preserve the requested information, all to no avail. Subpoena power would allow for Plaintiffs to obtain the information and promote judicial efficiency in receiving the information now that is necessary to respond to Motions and the like all the while, the pending criminal cases can proceed.

The Federal Rules of Civil Procedure specifically provide the Court with the discretion in allowing discovery. Here, there is a distinct possibility that either testimony will become unavailable, or its acquisition will cause substantial delay in the prospective litigation. Here, plaintiffs are able to show the need to perpetuate the testimony lest it be lost (because of the commencement of litigation, specifically because the criminal proceedings are likely to be lengthy and result in absent and distorted memories with the passage of time) particularly where bits and pieces of essential information are being arbitrarily released by the investigative agencies themselves charged with the data collection. *In re* Bay County Middlegrounds Landfill Site, 171 F.3d 1044, 1047 (6th Cir. 1999).

The three (3) criminal matters are set for probable cause conferences weeks from now. On January 7, 2022, Ethan Crumbley, is set to have a probable cause conference where he will likely be bound over on the 24 criminal counts pending against him. His parents, Jennifer and James Crumbley, have their probable cause conference on February 8, 2022. Given then the current nature of the trial backlog, evidence that that is relevant and necessary will not be produced by the Prosecutors

3

office or the Sheriff's office for months to come.

Furthermore, Defendants have made clear through their filings with the Court that they intend to file motions based upon qualified immunity. Without the ability to issue Subpoenas to non-party Defendants the Plaintiffs will have no ability to access information that is otherwise available to Defendants but not Plaintiffs. For example, there may be over 1,787 students who Defendants have gleaned important information from. Plaintiffs, meanwhile, are in the dark about names, phone numbers, and addresses of potential key witnesses. The information maintained by various investigative agencies, including the Oakland County Sheriff's Department, and Oakland County Prosecutor's Office includes information that the Defendants provided to investigators. Allowing Plaintiffs the ability to Subpoena records, such as witness statements, in no way prejudices the Defendants in this matter. Such exchange of information will only aid in the advancement of the case at hand.

Plaintiffs have been forced to obtain information from media sources instead of from the investigating entities. This is not proper and forces Plaintiffs to deal with severe prejudice. In light of the new information, Plaintiffs renew their request to issue Subpoena power.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court grant Plaintiffs' Motion and Enter an Order:

    a. Allowing Plaintiffs to exercise Subpoena power pursuant to Fed. R. Civ. P. 45;

4

b. Or in the alternative issue Subpoenas to the following entities so that Plaintiffs' may properly investigate and prosecute their claims:

   i. Oakland County Dispatch
   ii. Office of the Michigan Attorney General
   iii. Oakland County Prosecutor
   iv. Michigan State Police
   v. Oakland County Sheriff's Office
   vi. Department of Justice
   vii. Federal Bureau of Investigations.

**LOCAL RULE CERTIFICATION**: I, Milica Filipovic, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

*/s/Geoffrey N. Fieger*
GEOFFREY N. FIEGER (P30441)
MILICA FILIPOVIC (P80189)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 West Ten Mile Road
Southfield, MI 48075
P: (248) 355-5555
m.filipovic@fiegerlaw.com

Dated: December 29, 2021

### CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys.

*/s/    Samantha M. Teal*
**Legal Assistant to Geoffrey N. Fieger**