## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JEFFREY FRANZ and BEANDI FRANZ,
As NEXT FRIEND for RILEY FRANZ, a
Minor and JEFFREY FRANZ and BRANDI
FRANZ as NEXT FRIEND for ISABELLA
FRANZ, a Minor,

                                     Case No. 21-cv-12871

      Plaintiffs,                       Hon. Mark A. Goldsmith

v                                   ***Oral Argument Requested***

OXFORD COMMUNITY SCHOOLS,
TIMOTHY THRONE, STEVEN WOLF,
RYAN MOORE, COUNSELOR #1,
COUNSELOR #2, STAFF MEMBER,
TEACHER #1 and TEACHER #2,

      Defendants.

---

**PLAINTIFFS' BRIEF IN RESPONSE TO
DEFENDANTS' MOTION TO STAY PROCEEDINGS
PENDING THE CONCLUSION OF THE CRIMINAL CASES,
CASE NOS. 21-006611-FY, 21-006652-FY AND 21-006651-FY**

---

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | TIMOTHY MULLINS (P28021) |
| JAMES J. HARRINGTON (P65351) | KENNETH B. CHAPIE (P66148) |
| ROBERT G. KAMENEC (P35283) | JOHN L. MILLER (P71913) |
| NORA Y. HANNA (P80067) | ANNABEL F. SHEA (P83750) |
| MILICA FILIPOVIC (P80189) | Giarmarco, Mullins & Horton, P.C. |
| Fieger, Fieger, Kenney & Harrington, P.C. | Attorneys for Defendants, Oxford |
| Attorneys for Plaintiffs | Community Schools, Timothy |
| 19390 West 10 Mile Road | Throne, Steven Wolf and Ryan Moore |
| Southfield, MI 48075 | 101 W Big Beaver Road, 10th Floor |
| (248) 355-5555 | Troy, MI 48084 |
| Fax: (248) 355-5148 | (248) 457-7020 |
| g.fieger@fiegerlaw.com | tmullins@gmhlaw.com |
| j.harrington@fiegerlaw.com | kchapie@gmhlaw.com |

i

r.kamenec@fiegerlaw.com                    jmiller@gmhlaw.com
n.hanna@fiegerlaw.com                      ashea@gmhlaw.com
m.filipovic@fiegerlaw.com

## Table of Contents

CONCISE STATEMENT OF THE ISSUES PRESENTED ...............................1

CONTROLLING AUTHORITY .........................................................................2

INTRODUCTION..............................................................................................3

COUNTERSTATEMENT OF THE FACTS ......................................................4

  1.  This Civil Lawsuit and the Hearing of January 20, 2022. ..............................4

  2.  The Criminal Cases Pending In The 52-3rd District Court Do Not  Present The Same Issues Which Defendants Conflate With The  Issues To Be Litigated In This Civil Action. ....................................................................................................7

  3.  There Is No Good Cause For A Stay Of This Civil Action When  The Evidence Sought By Plaintiffs Involves Issues Different From  Those Pending In The Criminal Action. ...................................................................................11

  4.  There Is No Good Cause For A Stay Here When Plaintiffs' Claimed  Ability To Obtain All The Relevant Evidence From Law  Enforcement *After* The Conclusion Of The Criminal Cases Could  Take Years.........................................13

  5.  Defendants' Argument That Additional Federal Civil Filings Serve  As A Basis To Stay This Case Is Not Supported In Law Or Fact.................................15

LAW AND ARGUMENT..................................................................................17

  I.  THIS COURT SHOULD DECLINE TO STAY THIS CASE PENDING THE OUTCOME OF CRIMINAL CASES – BROUGHT AGAINST PERSONS WHO ARE *NOT* DEFENDANTS IN THIS CASE – BECAUSE THE INFORMATION SUBJECT TO DISCOVERY IN THIS MATTER – BROUGHT BY PRIVATE PARTIES RATHER THAN THE GOVERNMENT – WILL *NOT* HINDER AND/OR INTERFERE WITH THE CRIMINAL PROCEEDINGS – AS SO REPRESENTED BY COUNSEL FOR THE CRUMBLEY PARENTS – AND WHERE THE ALLEGATIONS IN THE CIVIL CASE AGAINST THE CIVIL DEFENDANTS ARE UNRELATED TO THE CHARGES BROUGHT IN THE CRIMINAL CASE AGAINST THE CRIMINAL DEFENDANTS. ..................17

  A.  The Issues In The Criminal Cases Do Not Overlap The Issues In This Civil Action. ..............................................................................................20

B.   The Status Of The Cases Defeats A Stay When None Of The Civil Defendants Have Been Indicted. ............................................................................21

C.   Plaintiffs Have A Strong Interest In Proceeding Expeditiously In This Civil Litigation Which Would Be Greatly Inhibited By The Prejudice To Plaintiffs By Delay Resulting From A Stay, Especially One Premised Upon Mere Hypotheticals. ..................................................................................21

D.   There Is No Demonstrated Burden Placed Upon Defendants, Who Have The Burden Of Justifying A Stay, If This Civil Action Is Allowed To Proceed Without A Stay. .............................................................................................22

E.   The Predominant Interest Of The Court Is To Proceed Expeditiously Here Consistent With Fed. R. Civ. P. 1 ........................................................23

F.   The Interests Of The Public And Third Parties Are Best Served By Proceeding Here Without A Stay To Expeditiously Ensure Accountability For Public Officials And Employees.......................................................................................24

II.  A STAY OF PROCEEDINGS IS NOT WARRANTED BASED ON THE FILING OF ADDITIONAL CIVIL LAWSUITS BECAUSE SUCH ADDITIONAL FILINGS WILL NOT HINDER AND/OR IMPEDE JUDICIAL ECONOMY. ....25

**RELIEF REQUESTED** ...........................................................................25

## CONCISE STATEMENT OF THE ISSUES PRESENTED

Should this Court stay this pending Civil matter until the conclusion of the Crumbleys' criminal trials—Case Nos. 21-006611-FY, 21-006652-FY, and 21-006651-FY—when: (1) the civil suit does not name a single defendant which has a pending criminal matter; (2) the information and evidence sought in the civil matter relates to liability against Oxford High School's administration and individuals, (3) the information and evidence sought in the civil matter relating to the Civil Defendants in no way prejudices the adult criminal defendants – *as they so have stated in writing* – or impedes their right to a fair trial, or interferes with the criminal prosecutions; (4) and the criminal trials could last years such that a stay would unduly prejudice and preclude Plaintiffs' from effectively seeking justice in their suit against the civil defendants.

Plaintiffs Say:     "No."

Defendants Say:   "Yes."

## CONTROLLING AUTHORITY

Fed. R. Civ. P. 1

*Ohio Env't. Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977)

*Landis v. North American Co.*, 299 U.S. 248, 255 (1936)

*FTC v. E.M.A. Nationwide*, 767 F.3d 611, 626–27 (6th Cir. 2014)

*Int'l Bhd. of Elec. Workers, Loc. Union No. 2020, AFL-CIO v. AT&T Network Sys. (Columbia Works)*, 879 F.2d 864 (6th Cir. 1989).

*United States v. Conn,* No. CV 11-157-ART, 2016 WL 4803970, at *7–9 (E.D. Ky. Sept. 9, 2016)

## INTRODUCTION

Defendants have made a truly extraordinary request of this Court: ignore Fed. R. Civ. P. 1's directive that proceedings in "***all civil actions***" be administered "***to secure the just, speedy, and inexpensive determination of every action***" and stay proceedings here, in a civil action, based on the "if-come" that continued litigation here would somehow detrimentally affect proceedings in the criminal actions pending against Ethan Crumbley and his parents. Defendants' request is premised on the mischaracterization that there are "parallel" criminal proceedings to this purely civil action. Yet, none of the Defendants in this case is a defendant in the referenced criminal cases. Nor is the government presently prosecuting the criminal cases a party here in the civil action, let alone one of the Plaintiffs. These mischaracterizations are the springboard for Defendants' speculation that preceding orderly in this civil action will somehow impede or detrimentally affect the criminal defendants' rights. The Court is presented with a letter from counsel for the Crumbley parents who have no objection to this civil action proceeding without a stay (citation *infra*):

> "It is our position that the full exchange of discovery and materials, both in the civil cases and the criminal cases, best serves the interest of justice for all parties. Our clients agree that access to all documents and all records is critical to all of the litigants involved. As such, we do **not support** the request for a stay in the civil matter, nor do we join the civil defendants in their request for a stay. *We do not believe that the civil matters proceeding forward interferes [sic] with our clients' rights to a fair trial in any way.*

3

(Bolding and underlining original; italics added). This correspondence is directly contrary the presumed and inaccurate contention that a stay is necessary here, in this civil action, for the orderly prosecution of the pending criminal actions against persons *who are not Defendants in this case*! Defendants failed to present a single case in which a judge has granted a stay where the civil plaintiff are not the government prosecuting the criminal actions – as here – and where the civil defendants are not the criminal defendants – as here – and where counsel for the criminal defendants has stated no objection, indeed encourages preceding orderly in the civil action. In which a court has granted a stay of the civil action.

## COUNTERSTATEMENT OF THE FACTS

### 1.      This Civil Lawsuit and the Hearing of January 20, 2022.

Plaintiffs filed the instant lawsuit on December 9, 2021 (not December 10, 2021) arising from the November 30, 2021, school shooting rampage at Oxford High School. This massacre left Plaintiff's minor, Riley Franz, with a gunshot wound to her neck while Plaintiff's Minor, Isabella Franz, nearly escaped and watched her sister get gunned down.

Although the case has only recently commenced and the parties have not yet conferred under Rule 26(f) or created a discovery plan, Defendants seek to stay proceedings until the conclusion of the Crumbleys' criminal prosecutions. However, Defendants have failed to provide any factual basis demonstrating how discovery

regarding what Oxford High School personnel knew and how they acted in the weeks leading to the incident would in any way prejudice the perpetrator of this rampage, or his parents in their criminal cases. Defendants fail to explain, let alone justify, how the release of the names of various "John Doe" Defendants, who are not parties to any of the pending criminal proceedings, would prejudice the Crumbley criminal defendants right to a fair trial or taint any potential jury pool. This is particularly true when Oakland County Prosecutor Karen McDonald has publicly filed records on January 10, 2022, referencing various high school personnel names, despite the Defendants refusal. (*See* **Exhibit 1, Prosecutor's Discovery Disclosure**).

While arguing that the disclosure of information would hinder factually unrelated criminal cases, Defendant Oxford Community Schools is in the process of retaining an "independent third-party investigator" to assess the school's actions. (*See* **Exhibit 2**). The information disclosed to the third-party is undoubtedly the same information that Plaintiff seeks to obtain. Nothing about giving the name of who Teacher #1 is would be an issue for a criminal proceeding and no privilege can be asserted if this same information is being divulged to the investigators.

On January 20, 2022, the Parties appeared before this Court to present oral arguments on Defendant Moore's Motion to Dismiss and Plaintiffs' *Ex-Parte* Motion for Leave to Issue Rule 45 Subpoenas, during which Defense counsel requested this case should be stayed – without any briefing provided to the Court or

to counsel. As the overwhelming basis in support of their argument, Defendants claimed that discovery on this matter could interfere with the criminal cases – cases pending against the nonparties here and not the Defendants – and that there is potential for additional parties to bring suit on the behalf of other plaintiffs who were victims of the tragic shooting rampage at Oxford High School. The issue of a stay was not before this Honorable Court by way of motion at that time. The Court required briefing on the issue of the stay, directing Defendants to advise whether the stay would be of all proceedings and whether the stay would include all discovery, including the Rule 26(f) conference. Later that evening, Defendant, Oxford Community Schools, held a special board to discuss the third-party investigation process, despite arguing just hours before that the release of such information to Plaintiffs' would interfere with the Crumbley's criminal proceedings.[1]

Defendants' brief and argument requests a stay for a period that could last for years and years without identifying a single case in which such relief has been granted where the civil defendants are ***not*** the criminal defendants. Every single case cited by the Defendants is completely factually distinguishable from the case at bar. With a full opportunity to research and brief, Defendants have still failed to explain how disclosure of information such as the name of the Dean of Students would in

---

[1] https://www.youtube.com/watch?v=rGhmFBJdeHU; Special School Board Meeting: 1-20-22.

any way impede and/or prejudice the criminal Defendants from having a fair trial. Defendants have not shown how allowing discovery relating to the Civil Defendants would in any way contravene or affect any other proceedings brought before this Court which may arise out of the same transaction and/or occurrence. Defendants acknowledged that as the parties requesting the stay, they carry the burden to demonstrate a pressing need for delay and that neither Plaintiffs nor the public will suffer harm from entry of a stay order, requested to be indefinite in time given the extraordinary nature of the relief sought. Defendants rely on the argument that Oakland County Prosecutor Karen McDonald has asked the Defendants' not to divulge information, however even Ms. McDonald has publicly filed documents identifying the names of various Oxford High School staff. *See* **Exhibit 1, s***upra.*

## 2. The Criminal Cases Pending In The 52-3rd District Court Do Not Present The Same Issues Which Defendants Conflate With The Issues To Be Litigated In This Civil Action.

On December 1, 2021, Oakland County Prosecutor, Karen McDonald, announced that the perpetrator of the shooting rampage at Oxford High School was charged with one count of terrorism causing death, four counts of murder in the first degree, seven counts of assault with intent to murder, and twelve counts of felony firearm possession. (Case No. 21-006611-FY). On December 10, 2021, a Stipulation and Protective Order was entered in which the Criminal Defense attorneys were not permitted to disclose certain sensitive information to Plaintiffs' attorneys in potential

civil cases. (ECF NO. 13-3, PageID 258-261). This Protective Order had provisions as to its effectiveness stating:

> _Effective Period_. This Protective Order shall be effective immediately upon entry by the Court. The Court shall retain jurisdiction to enforce or modify its terms until such time as this District Court has lost jurisdiction.

_Id._ at 261.

As of the date of Defendants filing of the instant motion, Defendant Ethan Crumbley waived his right to a preliminary exam on January 7, 2022, and was bound over for trial, with the 52-3rd District Court losing its jurisdiction over Case No.: 21-006611-FY. As of today's date, there is no protective order in the case against Ethan Crumbley. **_Notably, Crumbley is not a party to this civil action._** Nothing in the referenced Protective Order suggests that the disclosure of Oxford High School personnel names should be prohibited, and the prosecutor's filings **do not** redact the names of Oxford High School personnel.

On December 3, 2021, Defendants, Jennifer and James Crumbley, were each charged with four counts of involuntary manslaughter for their participation in the facts giving rise to the November 30th incident (Case Nos. 21-006652-FY and 21-006651-FY). Jennifer and James Crumbleys' preliminary examination is scheduled for February 8, 2022. During the preliminary examination, the prosecutor will submit evidence supporting that there is probable cause to bind the Defendants to

Circuit Court for the above charged crimes. The instant case is not concerned with Jennifer and James Crumbleys' participation in the facts giving rise to the November 30, 2021, tragedy at Oxford High School. Defendants have failed to meet their burden in establishing how the release of ***the actions of Oxford High School's teachers, counselors, and administrators***, would in any way preclude the Crumbley Defendants from their right to a fair trial and/or impede and hinder the criminal prosecution. To the contrary, the Crumbley parents defense team was provided Defendants' motion for stay, and has responded in writing that, "We do not believe the civil matters proceeding forward interferes with our clients' rights to a fair trial ***in any way***." *Emphasis added.* (**Exhibit 3,** 01/27/2022 letter from counsel for Mr. and Ms. Crumbley to counsel for Plaintiffs) ("1/27/2022 Letter"). Indeed, it appears Mr. and Ms. Crumbleys' defense team will use information relating to the Oxford civil Defendants in this matter to aid in their defense, rather than hinder it. ***Similarly, this case does not name Jennifer and James Crumbley as Defendants.***

Counsel for Defendants stated on the record that the Oakland County Prosecutor instructed him "*to avoid releasing information related to the within matter so as to prevent any interference with the ongoing criminal proceedings*," yet, she publicly filed documents disclosing names of various personnel. The Oakland County Prosecutor's Office and the Oxford Defendants in this case mutual desire to control the time of the disclosure of information does not serve but rather

9

frustrates justice. Nor does this mutual desire of control provide any legal justification to stay this case. It is important to note that the Oxford Defendants have formally declined Attorney General Dana Nessel's offer to conduct an investigation, while simultaneously announcing they will hire an "independent third-party" to investigate the school personnel actions and/or inactions as they relate to the shooting rampage. Incredibly, the Oxford Defendants here believe that the release of information relating to the Defendants in this suit will only impede and hinder the criminal matter if released to the Plaintiffs who were seriously injured, but not to the "independent third party."

Defendant Throne has indicated the investigation will be conducted so as to provide the Oxford Community transparency and to answer their inquiries about the events that transpired on November 30, 2021, involving their staff. *See* Exhibit 2. Accordingly, this information is not privileged, and cannot be used to obtain a stay or otherwise be shielded from the Plaintiffs in the instant case, particularly where the third-party investigators will author and publish a report with their findings, providing answers to the parents of Oxford High School students. Defendants' position lacks merit. Finally, the evidence sought by Plaintiffs does not concern the criminal prosecutions (by way of example, the name of Teacher # 1 here in no way interferes with the criminal prosecutions. The Oxford Defendants are being less than truthful as to the basis for their stay request to this Honorable Court. They claim they

10

cannot disclose information because the Oakland County Prosecutor told them so, but yet they are disclosing information to their "independent third party" as well as the Prosecutor's Office.

**3.    There Is No Good Cause For A Stay Of This Civil Action When The Evidence Sought By Plaintiffs Involves Issues Different From Those Pending In The Criminal Action.**

The pending criminal cases have different Defendants and different facts. The criminal defendants are being charged as it relates to their knowledge, participation and perpetration of the tragic massacre that occurred at Oxford High School on November 30, 2021. The instant case alleges a violation of Constitutional rights, including a state created danger, by the teachers, counselors, and administrators of Oxford High School. The facts of this case focus on the actions of the named civil Defendants in the days and weeks leading up to the shooting rampage that made Plaintiffs' minors less safe. The parties are clearly distinguishable, the facts are distinguishable, and the involvement in the massacre greatly differs. Neither Plaintiffs nor Plaintiffs' counsel want to interfere with the criminal trial. Clearly, Plaintiffs who were shot and wounded during the events wish to see their assailant be brought to justice. Mr. Mullins allegations against the Fieger Firm and the Plaintiffs – that they intend on hindering the criminal proceedings – is inaccurate and  disregards the Plaintiffs' minors' serious mental and physical injuries.

11

The evidence of what the teachers, counselors, and administrators of Oxford High School did in regard to the numerous threats and warnings they received of the shooting in the days and weeks prior to the shooting, has nothing to do with whether Jennifer and James Crumbley supplied their son with a weapon. Likewise, the evidence has nothing to do with whether or not the Ethan Crumbley committed an act of terrorism causing death, murder in the first degree, or seven counts of assault with intent to murder with 12 counts of felony firearm possession. The charges brought against all Crumbley Defendants stem from the incident occurring on November 30, 2021, whereas the allegations in this case, stem from the actions of Oxford High School teachers, counselors, and administrators in the days and weeks leading up to the November 30, 2021, tragedy.

Defendants have allocated nearly five pages of copying and pasting Plaintiffs' prior Freedom of Information Act ("FOIA") requests to suggest that the information that Plaintiffs' seek is overly broad. However, at the January 20, 2022, hearing, Plaintiffs' counsel indicated that the addendum to the subpoenas for the document production would be narrowly tailored. Furthermore, Rule 45 provides inherent safeguards in obtaining this information pursuant to Rule 45. These safeguards include a notice provision prior to service of the subpoena, as well as the ability of a party to request a modification or move to quash the Rule 45 Subpoena.

Additionally, the FOIA request was only denied for public disclosure based on statutory provisions relating to FOIA requests pursuant to M.C.L. § 15.243. The prosecutor's office has already indicated that they are willing to produce records if requested via Subpoena because disclosure via FOIA would require disclosure to media as well, and the information would not impede on the criminal defendants' right to a fair trial. (**Exhibit 4,** Letter to FOIA Coordinator)**.** As such, Defendants' arguments that the disclosure of such information would prejudice the criminal case fails, when the Prosecutor's office has indicated they would disclose information via Subpoena, that they would not disclose via FOIA. *Id.*

### 4. There Is No Good Cause For A Stay Here When Plaintiffs' Claimed Ability To Obtain All The Relevant Evidence From Law Enforcement *After* The Conclusion Of The Criminal Cases Could Take Years.

Under FOIA, Plaintiffs may seek the previously requested public records from law enforcement agencies after the conclusion of the criminal case, however that information will nevertheless be subject to redaction. Additionally, various records may still be subject to FOIA exemptions such as the Plaintiffs' minors' health information, despite being sought by the Plaintiffs' minors. Accordingly, Plaintiffs' minors will nevertheless use Rule 45 Subpoena power to obtain the information, as they seek to obtain the information at the present time.

The criminal prosecution will take *years* to conclude, and Plaintiffs' have already briefed why it is necessary to obtain certain information *now*. On January

27, 2022, Ethan Crumbley filed a notice of insanity defense with the Court. (**Exhibit 5, Notice of Insanity Defense.**) Defendants have on numerous occasions in addressing the Oxford Community disclosed their willingness for transparency, yet are asking this Court to stay proceedings to preclude Plaintiffs' from obtaining information about the very same individuals that continue to provide services to the students of Oxford High School. There is absolutely no reason this case should be stayed pending the resolution of the criminal matters, preventing Plaintiffs from obtaining information such as names of individuals, and what those individuals knew and what actions they took, as it has nothing to do with the pending criminal matters.

Defendants argue the Oakland County Sheriff's Department and the Oakland County Prosecutor have conducted an extensive investigation into this matter which includes interviewing a number of witnesses from Oxford, and that the school and its employees have cooperated in all respects with the State's criminal investigation. At no point in their briefing to this Court have Defendants' argued and articulated *how* information relating to the schools involvement in the days and weeks prior to the school massacre at Oxford High School on November 30, 2021, would hinder the investigation and criminal cases against Ethan, James, and Jennifer Crumbley. Surely identifying the names of the Oxford High School personnel who *continue to work at the school currently*, which are referenced in public documents filed by the Prosecution, in no way prejudices the pending criminal matters.

14

The criminal trials may take years. The very parties entitled to a fair hearing, James and Jennifer Crumbley, through their defense attorney, do not oppose a stay in this case (agreeing the "***full exchange of materials from everyone, as well as access to all documents and records, best serves the interest of justice***." **See Exhibit 3.** Finally, Defendants asked for an indefinite stay of the entire case, especially inappropriate where the civil Defendants are not criminal defendants, and the balance of factors way in favor of Plaintiffs' right to a determination of their rights without undue delay.

### 5. Defendants' Argument That Additional Federal Civil Filings Serve As A Basis To Stay This Case Is Not Supported In Law Or Fact.

There were 11 Students physically injured on November 30, 2021. We are now 60 days post incident and there has been one additional filing in the Oakland County Circuit Court on behalf of (MILICA INSERT THE NUMBER) of Students. At the January 20, 2022 hearing Defense Counsel indicated he received notice from numerous plaintiff attorneys indicating that they will pursue claims on behalf of their clients. He offers nothing in support of this assertion. Letters of representation were not attached to the Motion for Stay.

On January 27, 2022, another civil lawsuit was brought on behalf of three additional Plaintiffs in the Oakland County Circuit Court before the Honorable Chabot. (Case No.: 2022-192262-NO). In that filing, Oxford High School personnel are identified, and Defendants in this case will have no choice but to answer the

15

lawsuit and admit or deny the allegations brought against those individuals who are likely the unnamed civil Defendants in this matter.

The Crumbleys' criminal trials could take years to adjudicate, and certainly civil suits would be filed before the conclusion of the criminal cases, if nothing more, than to preserve the statute of limitations on the civil claims.

Even if each and every victim of the school shooting filed a lawsuit on behalf of their physical injuries including wrongful death, the resulting civil lawsuits would share similar legal and factual issues. True, each plaintiff would have to prove his or her damages, but that hardly renders the situation as one of "mass tort" litigation, as referenced by opposing counsel during the last hearing. The Court identified the judicial tool of "companion cases" which would be available for the efficient administration of such litigation in a "just, speedy, and inexpensive manner. Fed. R. Civ. P. 1). Even if multiple plaintiffs were to come forward and file suit there would be no likelihood of conflicting rulings and/or a waste of judicial economy. As this Court noted during the January 20, 2022, hearing, "if there are multiple cases that are deemed companion cases generally speaking involving the same transactions and occurrences and the same or related parties, those cases are generally reassigned to the first judge who is assigned the case fitting that definition." (ECF 34, Page ID 33). The Court explained that although it is not an iron clad rule, "if there are later cases filed, there is a very good chance that they would ultimately be reassigned" to

this Court which in turn could govern how discovery should continue in the interest of judicial economy. *Id.* Nothing suggests that Plaintiffs' counsel would not foster the free exchange of information such that requests for the information would be duplicative and/or unduly burdensome for the Defendants to produce.

## LAW AND ARGUMENT

**I.   THIS COURT SHOULD DECLINE TO STAY THIS CASE PENDING THE OUTCOME OF CRIMINAL CASES – BROUGHT AGAINST PERSONS WHO ARE _NOT_ DEFENDANTS IN THIS CASE – BECAUSE THE INFORMATION SUBJECT TO DISCOVERY IN THIS MATTER – BROUGHT BY PRIVATE PARTIES RATHER THAN THE GOVERNMENT – WILL _NOT_ HINDER AND/OR INTERFERE WITH THE CRIMINAL PROCEEDINGS – AS SO REPRESENTED BY COUNSEL FOR THE CRUMBLEY PARENTS – AND WHERE THE ALLEGATIONS IN THE CIVIL CASE AGAINST THE CIVIL DEFENDANTS ARE UNRELATED TO THE CHARGES BROUGHT IN THE CRIMINAL CASE AGAINST THE CRIMINAL DEFENDANTS.**

Defendants here are overreaching by asking for a stay of the entire case, without justifying a stay at all when we have different parties here in different facts governing than in the criminal matters, in a civil case that is not being pursued by the government itself. The stay request should be denied in its entirety.

District courts possess inherent power and broad discretion to grant a stay. "The power to stay proceedings," the Sixth Circuit has explained, "is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry

17

of such an order ordinarily rests with the sound discretion of the District Court." *FTC v. E.M.A. Nationwide*, 767 F.3d 611, 626–27 (6th Cir. 2014) (quoting *Ohio Env't. Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977)). Given this discretion, however, it is also clear that a court must tread carefully in granting a stay of proceedings. The Court must exercise its power with "caution," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991), because the power to stay is potentially limitless and a party has a right to a determination of its rights and liabilities without undue delay. *Ohio Env't Council* 565 F.2d at 396. Justice requires a stay where there is a "pressing need for delay" and "neither the other party nor the public will suffer harm." *Id.* This heavy burden is borne here by Defendants: "[T]he moving party has the burden of proving that it will suffer irreparable injury if the case moves forward, and that the non-moving party will not be injured by a stay." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936); *Ohio Env't Council*, 565 F.2d at 396.

Courts remain bound by their duty to "administer" litigation in a "just, speedy, and inexpensive manner." Fed. R. Civ. P. 1., As one court has stated, "[t]he Court's job is to move cases along, not to stop them." *United States v. Conn,* No. CV 11-157-ART, 2016 WL 4803970, at *7–9 (E.D. Ky. Sept. 9, 2016) (**Exhibit 3**) (Thapar, J.). A court may stay the case "only when justice [ ] requires" because it is an "extraordinary remedy." *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich.

18

2007).[2] While no precise test has developed to guide district courts in deciding whether to grant requested stays, courts have noted a number of relevant considerations. The most important consideration is the balance of hardships; the moving party has the burden of proving that it will suffer irreparable injury if the case moves forward, and that the non-moving party will not be injured by a stay. 299 U.S. at 255; *Ohio Env't Council*, 565 F.2d at 396. The Court must also consider whether granting the stay will further the interest in economical use of judicial time and resources. *Emerson Electric Co. v. Black & Decker Manufacturing Co*., 606 F.2d 234 (8th Cir.1979); *Aetna State Bank v. Altheimer,* 430 F.2d 750 (7th Cir.1970). See *Int'l Bhd. of Elec. Workers, Loc. Union No. 2020, AFL-CIO v. AT&T Network Sys. (Columbia Works)*, 879 F.2d 864 (6th Cir. 1989).

Several factors bear on whether and when the Court's exercise of this discretion to stay a civil lawsuit is appropriate in the context of a pending criminal proceeding: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the

---

[2] Curiously, Defendants as controlling authority the Western District's decision in *Chao,* where the United States Attorney had advised defendants of a criminal investigation and had found sufficient evidence to bring criminal charges, and in which the civil case was being prosecuted by the US Government. Those dynamics do not remotely apply here where the Defendants are not criminally charged, there are no indictments pending, and this action is brought by private citizens rather than by the government/State of Michigan. Even with all of those dynamics weighing toward a stay, the *Chao* court found only that a 90-day stay would be appropriate.

defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Id.* at 627. As a general rule, in such circumstances courts will typically only stay proceedings if "the issues in the criminal case overlap with those of the civil case." *Chao*, 498 F. Supp. 2d at 1037. The burden is on Defendants to show that the balance of these factors weigh in their favor. *Ohio Env't Council*, 565 F.2d at 396.

### A. The Issues In The Criminal Cases Do Not Overlap The Issues In This Civil Action.

Defendants grossly exaggerate the extent in which the issues in the pending criminal matters allegedly overlap with the issues in this civil case. They simply do not. Reading Defendants' Motion, one would think one of the named Defendants in this case has been indicted or is facing the possibility of indictment. Untrue. This is not a case in which this Court can lineup the issues in a pending criminal indictment against those in a pending civil action to then determine whether those issues exist overlap, and to what extent, and from there to determine whether development of the civil issues would adversely impact the pending criminal matter. The facts material to the pending 42 U.S.C. §1983 case and the state law claims involve the acts and omissions of the civil Defendants, with the acts and omission of the charged criminal defendants acting as a backdrop but not as an overlay of the civil case. No

20

case holds the mere prospect of a yet-to-be filed criminal case overlap with the issues pending in the already-filed civil case is material to deciding a stay. This factor weighs heavily in favor of Plaintiffs.

### B.   The Status Of The Cases Defeats A Stay When None Of The Civil Defendants Have Been Indicted.

The case for a stay is most persuasive "where the defendant has ***already*** been indicted**.**" *Chao*, 498 F. Supp. 2d at 1037 (emphasis supplied). Absent such an indictment, there is little risk of self-incrimination. Waiting to determine whether a civil defendant will be indicted is thin gruel for a stay. Uncertainty about whether criminal proceedings would be brought necessarily requires the Court to estimate when such charges are possible, and then determine a possible trial date for the criminal action, all of which effectively equates with an indefinite stay of the civil matter. In contrast, the civil action has been filed immediately following the incident, is fully staffed by counsel and is ready to proceed consistent with this Court's instructions and the Federal Rules of Civil Procedure.

### C.   Plaintiffs Have A Strong Interest In Proceeding Expeditiously In This Civil Litigation Which Would Be Greatly Inhibited By The Prejudice To Plaintiffs By Delay Resulting From A Stay, Especially One Premised Upon Mere Hypotheticals.

The balance of prejudice to Plaintiffs of delay and lost evidence verses their private interests of proceeding expeditiously weighs against a stay. The court should not grant a stay, considered an extraordinary remedy, based on mere hypotheticals,

*Chao*, 498 F. Supp. 2d at 1037, at the cost of Plaintiffs having their rights determined without delay. *Ohio Env't Council*, 565 F.2d at 396. Under Defendants' theory of a stay of civil proceedings, plaintiff's case would be parked in neutral for an immeasurable amount of time – again, based on hypothetical situations. There is "nothing in the Constitution requi[ring] a civil action to be stayed in the face of a pending or impending criminal indictment, *Chao*, 498 F. Supp. 2d at 1037, and "there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings." *Fed. Trade Com'n. v. E.M.A. Nationwide, Inc*., 767 F.3d 611, 627 (6th Cir. 2014). Defendants do not face both civil and criminal proceeding simultaneously, and equally important, Plaintiffs here are not the government prosecuting a criminal action, but rather private citizens of the State of Michigan. Finally, Fed. R. Civ. P. 1 comes in the play, providing the directive to "administer" litigation in a "just, speedy, and inexpensive matter." Embedded in this Court Rule is the notion that a civil litigant should not be deprived of relevant evidence which may be lost by fading memories or spoilation, let alone become stale and less reliable. This factor weighs heavily in favor of Plaintiffs.

> **D.    There Is No Demonstrated Burden Placed Upon Defendants, Who Have The Burden Of Justifying A Stay, If This Civil Action Is Allowed To Proceed Without A Stay.[3]**

---

[3] The case law defines "Defendants" as those in the civil action, who are also – but not in this case – the defendants in a criminal proceeding. To the extent "Defendants" include unrelated/different persons or entities who are only criminal defendants, the

Given the lack of a pending indictment or criminal complaint against any of these Defendants, there is no realistic concern about Fifth Amendment rights being implicated or inhibited, or their effect upon defending the civil action. Even if such rights were in play, and related civil and criminal proceedings were a possibility, such proceedings are not objectionable unless Defendants can show "substantial prejudice to the rights of the parties involved." *SEC v. Dressler Industries, Inc.*, 628 F.2d 1368, 1374 (D.C. Cir. 1980). Defendants do not allege any significant prejudice beyond the typical choice of whether to invoke Fifth Amendment rights, "a choice defendants must often make, even in the absence of an extra-civil proceeding." *Conn*, *supra* at *7. Left unaddressed is the available tools to lessen or avoid the burden of Fifth Amendment right concerns, such as protective orders. The criminal Defendants do not face the State as the plaintiff in this civil action, such that discovery and the development of proceedings here would be used against those Defendants for any criminal prosecutions brought against them.

### E. The Predominant Interest Of The Court Is To Proceed Expeditiously Here Consistent With Fed. R. Civ. P. 1.

A stay only waste judicial time and resources. There is a reason Fed. R. Civ. P. 1 is the very first rule: courts have an obligation to bring cases to conclusion quickly and efficiently. The very relief sought by Defendants – an indefinite stay – is

---

Court is referred to the January 27, 2022 letter indicating that the attorneys for Mr. and Ms. Crumbley do not support a stay of proceedings in this civil action.

disfavored. *Landis*, 299 U.S. at 257 (reasoning that a stay is actually unlawful unless it is cabined within "reasonable limits"). Under Defendants' notion of a stay, this civil action could lie in hibernation indefinitely, "with no hopeless spring, or of a full and efficient resolution." *Conn*,*8. This Factor favors Plaintiffs.

  **F.**   **The Interests Of The Public And Third Parties Are Best Served By Proceeding Here Without A Stay To Expeditiously Ensure Accountability For Public Officials And Employees.**

  The public has a specific and vigorous interest in determining accountability for the Oxford shootings. The purpose of 42 U.S.C. §1983 is not only for purposes of compensation of the individual plaintiffs or their wards, but also to support and reinforce one of the most important civil statutes in American law. It authorizes private parties to enforce their federal constitutional rights, and some federal statutory rights, against defendants who have acted under color of state law. This case involves the right to personal security, noted to be the pinnacle of an individual's interest in life and liberty. *Youngberg v. Romeo*, 457 U.S. 307, 315 (1982). Such rights are too important to be shelved on the "if-come" scenarios premising Defendants' stay motion. Finally, to the extent the Court finds there is public interest in the integrity of the criminal proceedings, here they are unrelated to the civil proceedings and, in any event, allowing both cases to proceed ensures accountability on all fronts (especially when none of the defendants in the civil case are parties to the criminal cases).

## II.   A STAY OF PROCEEDINGS IS NOT WARRANTED BASED ON THE FILING OF ADDITIONAL CIVIL LAWSUITS BECAUSE SUCH FILINGS WILL NOT HINDER JUDICIAL ECONOMY.

The Court has addressed this issue: use of companion cases for multiple civil actions filed. Even if this judicial tool is unavailable, multiple civil cases here, mislabeled by Defendants as constituting mass tort cases, are dramatically different than handling cases such as Flint Water, Dr. Nassar, asbestos, breast implants, or other types of cases that are indeed a challenge to the judicial system. Issues in multiple civil actions filed would be similar and consolidation of the cases before one judge and the use of case management orders would suffice.

### RELIEF REQUESTED

Each of the stay factors weighs against a stay in this case. Defendants have failed their burden to "make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

Respectfully submitted,

/s/ *Geoffrey N. Fieger*
GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON, IV (P65351)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiffs
19390 West 10 Mile Road
Southfield, MI 48075
 (248) 355-5555

Dated:  January 31, 2022

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 31, 2022, I electronically filed the foregoing document using the ECF system which will send notification of such filing to all participating attorneys.

<u>/s Nicole F. Soulsby</u>
Legal Assistant to James J. Harrington, IV