UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY FRANZ, et al,

      Plaintiffs,                         Hon. Mark A. Goldsmith

v                                         No. 21-12871

OXFORD COMMUNITY SCHOOLS,
TIMOTHY THRONE, STEVEN WOLF,
RYAN MOORE, COUNSELOR #1,
COUNSELOR #2, STAFF MEMBER,
TEACHER #1 and TEACHER #2,

      Defendants.
_____/

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | TIMOTHY J. MULLINS (P28021) |
| JAMES J. HARRINGTON (P65351) | KENNETH B. CHAPIE (P66148) |
| ROBERT G. KAMENEC (P35283) | JOHN L. MILLER (P71913) |
| NORA Y. HANNA (P80067) | ANNABEL F. SHEA (P83750) |
| MILICA FILIPOVIC (P80189) | *Giarmarco, Mullins & Horton, P.C.* |
| *Fieger, Fieger, Kenney & Harrington, P.C.* | Attorneys for Defendants, Oxford |
| Attorneys for Plaintiffs | Community Schools, Timothy Throne, |
| 19390 West Ten Mile Road | Steven Wolf and Ryan Moore |
| Southfield, MI 48075 | 101 W. Big Beaver Road, 10th Floor |
| (248) 355-5555 | Troy, MI 48084-5280 |
| g.fieger@fiegerlaw.com | (248) 457-7020 |
| j.harrington@fiegerlaw.com | tmullins@gmhlaw.com |
| r.kamenec@fiegerlaw.com | kchapie@gmhlaw.com |
| n.hanna@fiegerlaw.com | jmiller@gmhlaw.com |
| m.filipovic@fiegerlaw.com | ashea@gmhlaw.com |

## **AMENDED AFFIRMATIVE DEFENSES**

Defendants, OXFORD COMMUNITY SCHOOLS, TIMOTHY THRONE, STEVEN WOLF and RYAN MOORE, by and through their attorneys,

GIARMARCO, MULLINS & HORTON, P.C., state their Amended Affirmative Defenses as follows:

1. Defendants deny that they breached any duties and, further, deny that they were negligent in any manner. Defendants affirmatively state that they were guided by and strictly observed all legal duties and obligations imposed by operation of law and otherwise. Further, all actions of their agents, servants and/or employees were careful, prudent, proper and lawful.

2. Plaintiffs have failed to state a claim or cause of action against these Defendants as to which relief can be granted as prayed.

3. Defendants will show and rely upon at the time of trial that any injury or damage complained of by Plaintiffs was proximately caused by third persons not under the control of these Defendants.

4. Defendants will show and rely upon at the time of trial that at all times pertinent hereto, Defendants were engaged in the performance of governmental functions and, therefore, are statutorily immune from suit for civil damages for this claim pursuant to the principles of governmental immunity as set forth in case law and the statutes of this State.

5. Plaintiffs' claims are barred by the doctrine of preemption.

6. Defendants will show at the time of trial that all actions or communications complained of in Plaintiffs' Complaint were absolutely or

qualifiedly privileged pursuant to the Constitutions, statutes and common law of the State of Michigan and of the United States and, further, that Defendants are both statutorily immune and the claims as to the Defendants are also barred by qualified immunity.

7. Defendants are not liable to Plaintiffs for the criminal, assaultive acts of third parties.

8. This Court lacks jurisdiction over the subject matter of Plaintiffs' Complaint.

9. Plaintiffs' claim is barred by the Michigan Revised School Code.

10. Plaintiffs' Complaint is conclusory in nature and fails to state a claim and sufficient facts upon which relief can be granted.

11. Defendants will show that Plaintiffs have failed to prove any deprivation of a Federal right, nor have Plaintiffs alleged or proven an act of deprivation taken under color of law sufficient to maintain an action based upon the Fourteenth Amendment or 42 USC §1983, § 1988 or the Michigan constitution or statutes.

12. Plaintiffs have failed to mitigate their damages.

13. Plaintiffs' Complaint is barred by the provisions of the Eleventh Amendment.

14. Plaintiffs' claim is barred by claim and issue preclusion.

15. Plaintiff's claims against Defendants failed because Plaintiffs cannot show that Defendants acted with deliberate indifference regarding Plaintiff's allegations of injury.

16. Defendants have not violated any clearly established constitutional or statutory right.

17. As a matter of law, OXFORD COMMUNITY SCHOOLS cannot be held vicariously liable for its employees' actions.

18. Plaintiffs' claim fails as a matter of law and fact because Defendants were not required to protect Plaintiffs from the violence or other mishaps that are not directly attributable to the conduct of its employees.

19. Defendants will show and rely upon at the time of trial that Plaintiffs had preexisting medical conditions which are a contributing proximate cause of the injuries complained of.

20. Plaintiffs' claims are barred by qualified immunity.

21. Plaintiffs' claims are barred by the doctrine of Legislative immunity.

22. Defendants reserve the right to amend their Answer, including additional affirmative defenses, upon completion.

DATED: February 4, 2022

/s/TIMOTHY J. MULLINS  
GIARMARCO, MULLINS & HORTON, PC  
Attorney for Defendants Oxford Community Schools, Timothy Throne, Steven Wolf and Ryan Moore

4

## CERTIFICATE OF ELECTRONIC SERVICE

    TIMOTHY J. MULLINS states that on February 4, 2022, he did serve a copy of the **Amended Affirmative Defenses** via the United States District Court electronic transmission.

                                     /s/TIMOTHY J. MULLINS
                                     GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants Oxford Community Schools, Timothy Throne, Steven Wolf and Ryan Moore
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021