UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY FRANZ, et al,

      Plaintiffs,                          Hon. Mark A. Goldsmith

v                                            No. 21-12871

OXFORD COMMUNITY SCHOOLS,
TIMOTHY THRONE, STEVEN WOLF,
RYAN MOORE, COUNSELOR #1,
COUNSELOR #2, STAFF MEMBER,
TEACHER #1 and TEACHER #2,

      Defendants.
_____/

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | TIMOTHY J. MULLINS (P28021) |
| JAMES J. HARRINGTON (P65351) | KENNETH B. CHAPIE (P66148) |
| ROBERT G. KAMENEC (P35283) | JOHN L. MILLER (P71913) |
| NORA Y. HANNA (P80067) | ANNABEL F. SHEA (P83750) |
| MILICA FILIPOVIC (P80189) | *Giarmarco, Mullins & Horton, P.C.* |
| *Fieger, Fieger, Kenney & Harrington, P.C.* | Attorneys for Defendants, Oxford |
| Attorneys for Plaintiffs | Community Schools, Timothy Throne, |
| 19390 West Ten Mile Road | Steven Wolf and Ryan Moore |
| Southfield, MI 48075 | 101 W. Big Beaver Road, 10th Floor |
| (248) 355-5555 | Troy, MI 48084-5280 |
| g.fieger@fiegerlaw.com | (248) 457-7020 |
| j.harrington@fiegerlaw.com | tmullins@gmhlaw.com |
| r.kamenec@fiegerlaw.com | kchapie@gmhlaw.com |
| n.hanna@fiegerlaw.com | jmiller@gmhlaw.com |
| m.fiipovic@fiegerlaw.com | ashea@gmhlaw.com |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO STAY PROCEEDINGS FOR A PERIOD
TO BE DETERMINED BY THIS COURT**

1. **THIS COURT SHOULD GANT DEFENDANTS' MOTION BECAUSE BASED ON A BALANCING OF THE HARDSHIPS, THEY HEAVILY WEIGH IN FAVOR OF A STAY.**

    a. **The Issues in the Parallel Criminal Cases Overlap with the Issues in this Case.**

Plaintiffs misinterpret the proper application of the first stay factor to this case. The first stay factor weighs in favor of a stay when the issues in the criminal and civil cases overlap. *See F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014). District courts have found that the issues sufficiently overlap when the event giving rise to the civil action is the central event to any criminal charges. *See McGee v. Madison County, Tenn.*, __F. Supp. 3d.__, 2015 WL 3648986,*3 (W.D. Tenn. June 10, 2015)(holding that the criminal case and civil case have overlapping issues because they arise out of the same incident and any potential indictment will be based on the same factual circumstances alleged in the civil complaint)); *see Sikon v. Carroll County,* Ohio, No. 5:20-cv-0674, 2020 WL 8838043, *2 (N.D. Ohio June 12, 2020)(holding that there is substantial overlap between the pending criminal investigation and the civil case because they both arise out of the same incident, making this factor weigh heavily in favor of a stay)); *see Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527-29 (N.D.N.J. 1998)(granting a stay based on the fact that the criminal investigation overlapped with the civil case because it focused on the same allegations of misconduct)).

Here, there is substantial overlap between this case and the parallel criminal cases given that they both arise from the November 30, 2021, incident. Accordingly, this factor weighs in favor of a stay.

> **b.     A Stay is in the Best Interest of Defendants, the State, and the Public Given that it Prevents Interference with the Parallel Criminal Proceedings.**

Plaintiffs claim that their crusade for early discovery will not interfere with the criminal prosecutions. However, Plaintiffs are wrong. Based on Plaintiffs' FOIA requests and the items mentioned in Plaintiffs' response, they intend to seek production of sensitive information crucial to the prosecution of the parallel criminal cases. Plaintiffs' dispute is really with the Oakland County Prosecutor, which has already denied Plaintiffs' request for information as the criminal investigation and prosecution are ongoing.

Moreover, based on Plaintiff's Exhibit 3, there is a very real threat that the criminal defendants will attempt to obtain documents through civil discovery and use them in their criminal cases.  This is the precise type of inference that courts find warrants a stay. *See SEC v. Dresser Indus., Inc*, 628 F.2d 1368, 1376 (D.C. Circ. 1980)(citing *Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962), cert. denied, 371 U.S. 955 (1963)("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled

2

to for use in his criminal suit.")); *see Unite States v. Any and All Assets of that Certain Business Known as Shane Co.*, 147 F.R.D. 99, 100-02 (M.D.N.C. 1992)(staying civil case pending the conclusion of a criminal investigation out of concern that the defendants might use the liberal discovery rules to obtain information that could jeopardize the ongoing criminal investigation)).

Similarly, a stay will protect Defendants, Plaintiffs, and the public's shared interest in obtaining justice for the crimes that were committed on November 30, 2021. This should be given substantial weight when balanced against Plaintiffs' claim that they should be accorded an expedited determination of their civil claims. *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).

Therefore, these factors balance in favor of giving the criminal proceedings priority by granting a stay.

### c. Plaintiffs' Failed to Establish that a Stay Would Cause Undue Prejudice.

Plaintiffs' arguments regarding prejudice have no basis in fact. First, Plaintiffs' fixation on acquiring early discovery in violation of the Federal Rules of Civil Procedure cannot establish prejudice for obvious reasons. There is no dispute that discovery is not yet permitted in this case and that this Court has not ruled on Plaintiff's motion requesting early discovery. As such, Plaintiffs' arguments regarding early discovery should be disregarded.

3

Second, Plaintiffs' submitted proofs establish that they continue to obtain information relevant to their case from the criminal proceedings. *See e.g.*, Pl.'s Ex. 1. The preliminary examination for James and Jennifer Crumbley is scheduled on February 8, 2022. This will be the next date that Plaintiffs will be able to obtain an influx of information relevant to their case. There is a high probability that the information disclosed during the preliminary examination will resolve some of the issues raised in their Response.

Third, there is no risk of spoliation. This Court has entered an Order requiring Defendants to preserve evidence. Also, given the significant overlap in this case with the criminal cases, they will involve many of the same issues, witnesses, and evidence. *See Stockwell v. Hamilton*, __Fed. Supp.___, 2016 WL 3438108, *3 (E.D. Mich. June 23, 2016). Because of this, the witness testimony and documents will be preserved by the criminal proceedings, as well by Defendants herein. *See Id.*

### d. This Court's Interest in Judicial Economy is a Legitimate Basis to Impose a Stay.

A stay of this case pending the conclusion of the criminal proceedings furthers this Court's interest in economical use of judicial resources by expediting the civil proceedings and avoiding the needless expense of judicial time and resources. This is evident from Plaintiffs' filings as they show that Plaintiffs continue to obtain the information sought by way of the criminal proceedings. *See* Pls.' Ex. 1. If Plaintiffs

4

are patient and continue to take advantage of the criminal proceedings, then they will reduce the need for civil discovery while eliminating the need to burden this Court with unnecessary discovery disputes.[1] Moreover, based on Plaintiffs' desire to issue Rule 45 subpoenas to law enforcement agencies, this Court will likely be burdened by discovery disputes based on the Government's assertion that compliance with Plaintiffs' discovery request will disclose sensitive information critical to the criminal proceedings. As such, a stay will further the interest of judicial economy. *See See Stockwell v. Hamilton*, __Fed. Supp.___, 2016 WL 3438108, *3-4 (E.D. Mich. June 23, 2016.

    The procedural complications arising from this incident are far more complicated than Plaintiffs suggest. Another suit has just been filed in the Oakland County Circuit Court. Numerous attorneys have contacted counsel herein and advised of their intentions to pursue claims on behalf of other students as a result of the same incident herein. There is a substantial interest to the judiciary and our system of justice that some consideration be given to an orderly pursuit of the resolution of those claims to avoid inconsistent rulings, as well as to maintain some aspect of judicial economy in a system heavily burdened with a burgeoning docket that is already complicated by delays resulting from the current health crisis.

---

[1] It should be noted that the companion case filed in Oakland County Circuit Court did not name Ryan Moore as the Dean of Students.

5

### e. This Court has Broad Discretion to Grant a Stay Even If None of the Civil Defendants have been Indicted.

Courts have granted a stay pending the conclusion of a pending parallel criminal investigation or parallel criminal proceeding even in the absence of an indictment. *See Chao v. Fleming*, 498 F. Supp. 2d 1034, 1038-39 (W.D. Mich. 2007); *see Unite States v. Any and All Assets of that Certain Business Known as Shane Co.*, 147 F.R.D. 99, 100-02 (M.D.N.C. 1992); *see Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527-29 (N.D.N.J. 1998); *see McGee v. Madison County, Tenn.*, __F. Supp. 3d.__, 2015 WL 3648986,*3 (W.D. Tenn. June 10, 2015); *see Sikon v. Carroll County,* Ohio, No. 5:20-cv-0674, 2020 WL 8838043, *2 (N.D. Ohio June 12, 2020). This is proper when the other factors weigh in favor of a stay, rendering this factor less significant. *See Chao*, 498 F. Supp. 2d at 1038-39. Here, as explained above, the other factors heavily weigh in favor of a stay. Because of this, the lack of an indictment becomes less significant.

### CONCLUSION

For all the reasons stated above, this Court should grant Defendants' Motion and stay this case as would comport with this Court's discretion. Defendants would

suggest that this stay remain in place until the aforementioned criminal trials are completed.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants, Oxford
 Community Schools, Timothy Throne,
 Steven Wolf and Ryan Moore

DATED: February 4, 2022

### CERTIFICATE OF ELECTRONIC SERVICE

TIMOTHY J. MULLINS states that on February 4, 2022, he did serve a copy of **Defendants' Reply in Support of their Motion to Stay Proceedings for a Period to be Determined by this Court** via the United States District Court electronic transmission.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants, Oxford
 Community Schools, Timothy Throne,
 Steven Wolf and Ryan Moore
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021