UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY FRANZ, et al.,

    Plaintiffs,

Case No. 21-cv-12871
HON. MARK A. GOLDSMITH

vs.

OXFORD COMMUNITY SCHOOL DISTRICT, et al.,

    Defendants.

### JOINT RULE 26(f) PLAN AND STATUS REPORT

The parties by and through their counsel, pursuant to this Court's Order Regarding Telephonic Scheduling Conference dated April 1, 2022 **[ECF# 39]**, and upon meeting on April 5, 2022, submit the following Joint Rule 26(f) Plan and Status Report:

1. **BRIEF SUMMARY OF THE CASE**

This is a civil action brought pursuant to 42 U.S.C. § 1983, seeking compensatory damages, punitive damages and costs and attorney's fees under 42 U.S.C. § 1988, for violations of Plaintiffs' Minors' rights under the Fourteenth Amendment to the United States Constitution under a theory of State Created Danger.  This action also includes State Law Claims for Gross Negligence, Intentional Infliction of Emotional Distress/Negligent Infliction of Emotional

Distress, and Violations of Child Protection Laws pursuant to MCL §722.621, *et. seq*.

This case arises from the November 30, 2021, Oxford High School shooting. Plaintiffs' Minor, Riley Franz, was shot in the neck. Her younger sister, Plaintiffs' Minor, Isabella Franz, was in the hallway when E.C., opened fire and witnessed her sister get shot in the neck. Plaintiffs allege the following counts in their Complaint:

> COUNT I- Violation of Civil Rights Pursuant to the 14th Amendment to the Constitution and 42 U.S.C. § 1983, 1988 State Created Danger as to Defendants, Counselor #1, Counselor #2, Teacher #1, Teacher #2, Staff Member, Superintendent Timothy Throne, Dean of Students, Ryan Moore, and Principal, Steven Wolf;
>
> COUNT II- Violation of Civil Rights Pursuant to the 14th Amendment to the Constitution and 42 U.S.C. § 1983, 1988—Supervisor Liability Defendants Superintendent Timothy Throne and Principal Steven Wolf;
>
> COUNT III- 42 U.S.C. § 1983 – *Monell* Liability, Defendant Oxford Community School District;
>
> COUNT IV- Gross Negligence, Defendant Timothy Throne;
>
> COUNT V- Gross Negligence, Defendant Steven Wolf;
>
> COUNT VI- Gross Negligence, Defendant Ryan Moore;
>
> COUNT VII- Gross Negligence, Defendant Counselor #1;
>
> COUNT VIII- Gross Negligence, Defendant Counselor #2;
>
> COUNT IX- Gross Negligence, Defendant Staff Member;
>
> COUNT X- Gross Negligence, Defendant Teacher #1;
>
> COUNT XI- Gross Negligence, Defendant Teacher #2;

COUNT XII- Intentional Infliction of Emotional Distress / Negligent Infliction of Emotional Distress to Plaintiff Riley Franz by All Defendants

COUNT XIII- Intentional Infliction of Emotional Distress / Negligent Infliction of Emotional Distress to Plaintiff Isabella Franz by All Defendants

COUNT XIV- Violation of Child Protection Law, MCL § 722.621, *et. seq.,* All Defendants.

Defendants deny all allegations and wrongdoing and incorporate herein its Answer and Affirmative Defenses.

2.   **THE BASIS FOR SUBJECT MATTER JURISDICTION**

The basis for this Court's jurisdiction is 28 USC § 1331 and § 1343(a)(3). In its discretion, the Court has supplemental jurisdiction over Plaintiff's state law claims of Gross Negligence, Intentional Infliction of Emotional Distress/Negligent Infliction of Emotional Distress, and Violation of Child Protection Laws pursuant to MCL §722.621, *et. seq.,* claims under 28 USC § 1367.

3.   **THE RELATIONSHIP OF THIS CASE TO OTHER CASES**

There are two (2) other pending State and Federal actions concerning the subject matter raised in the complaint. Currently, the following cases are pending concerning the subject matter raised in Plaintiff's Complaint:

> *Asciutto et. al.* v. *Oxford Community School District et. al.,* Case No.: 2:22-cv-10407-MAG-APP. This case was filed on February 24, 2022, and on March 3, 2022, was reassigned as a companion case to this Honorable Court.

*William Myre et. al.* v. *Pam Parker Fine, et. al.,* Case No.: 2022-192262-NO, is currently pending before the Honorable Rae Lee Chabot, in Oakland County Circuit Court.

Furthermore, Defense counsel has been contacted by multiple other attorneys who have indicated that they will be filing civil actions arising from same transaction/occurrence.

**4.    CONTEMPLATED AMENDMENT(S) OF PLEADINGS OT ADD OR DELETE CLAIMS, DEFENSES, OR PARTIES**

Plaintiffs will file an amended complaint. The amendment will include the substitution of the JOHN DOE Defendants for the following individuals: (1) Nicholas Ejak; (2) Pamela Fine; (3) Shawn Hopkins; (4) Jacquelyn Kubina; (5) Allison Karpinski; and (5) Becky Morgan. Plaintiffs further anticipate amendments to the factual basis of the pleadings as discovery becomes available and information is released from the criminal trials. Plaintiff Riley Franz has now reached the age of majority and may proceed without representative capacity. As such, this will be reflected in the amended complaint.

Plaintiffs have provided Defendants with a proposed stipulation and order to allow for the amendment. Defendants' Counsel requested a copy of the proposed amended complaint to review before indicating whether consent would be provided for the amendment.

Defendants do not anticipate any amendments to pleadings at this time.

**5.      ANTICIPATED DISCOVERY DISPUTES AND DISCOVERY PROGRESS**

Discovery has not yet commenced. At this point, there are no discovery disputes; however, Plaintiff anticipates that disputes will arise regarding the retrieval and production of ESI, disclosure of information regarding non-party minor students, timing of the taking of depositions of Defendants and Defendants' employees. Plaintiffs also anticipate that Defendants may attempt to withhold discovery that was turned over to the Oakland County Prosecutors Office and/or Oakland County Sheriff's Department for use in the criminal cases pending against minor, E.C., and E.C.'s parents, James and Jennifer Crumbley.

Counsel for the parties have read this Court's Order Regarding Telephonic Scheduling Conference dated April 1, 2022 and have agreed upon the following discovery plan enumerated below and attached as ***Exhibit 1, Proposed Case Management and Scheduling Order***.

Defendants will be filing a motion to consolidate related cases, either in whole or for discovery purposes only. Plaintiffs will oppose a request for consolidation for all purposes including trial. Plaintiff is open to a discussion of consolidation for discovery purposes; however, given Defendants' representations that other cases "will be filed" leaves your Plaintiffs with concern about delays. When will these other cases be filed? How will consolidation be achieved with every new case filed?

Without proper safeguards to mind the timely sequence of the Franz matter, Plaintiff cannot agree to consolidation for discovery purposes at this time.

Additionally, information sought by Plaintiff may require Defendants to raise an objection to the information based on various privileges, such as FERPA, and according to Defendants it will implicate strong privacy interests that will require appropriate protective orders. Plaintiff disagrees. Plaintiff's Counsel will oppose the application of the claimed privileges.

## **SCHEDULING**

a. The parties agree that the initial disclosures required by Rule 26(a) should be made on or before **May 17, 2022**, four weeks after the April 19, 2022, Scheduled Conference, the date established by this Court for the submission of a Rule 26(f) Plan and Status Report.

b. The parties agree that fact discovery should remain open for a period of 10 months for discovery with other dates following. The parties will conduct discovery as contemplated within the Federal Rules of Civil Procedure to consist of the exchange written discovery. At a minimum, the Plaintiffs will depose the named Defendants, representatives of the Oakland County Sheriff's Department, Defendants' expert witnesses, if any, and witnesses who reported threats of violence at Oxford High School. Given the vast potential witnesses from Plaintiffs' perspective, it is wholly unknown the

total amount of depositions that will be needed to adequately conduct discovery. The Defendants will depose the Plaintiffs, Plaintiff's experts, if any, Plaintiffs' medical providers, if any, and witnesses with knowledge pertaining to Plaintiffs' injury and damage claims, and any other witnesses defendants deem necessary.

c. The parties further agree that expert discovery shall remain open through **April 19, 2023.**

d. The Parties will file and serve a list of Witnesses, six weeks before the close of discovery, on or before **December 8, 2022.**

e. The Parties will file and serve a list of Exhibits, six weeks before the close of discovery on or before **December 8, 2022**.

f. Both Plaintiff and Defendant disclosures shall be produced under Rule 26(a) by **December 8, 2022.**

### DISCOVERY PROVISIONS/MODIFICATIONS

g. Parties are aware that there is electronically stored information from parties and non-parties and may request an ESI conference in conformance with the Federal Rules of Civil Procedure.

h. The parties are not aware of issues involving claims of privileges or protection of trial preparation materials. However, nothing in this Discovery Plan shall be construed as a waiver of any privilege. Issues

    regarding privileges and protective orders shall be brought to the Court's attention as they arise. From Defendants' perspective, there are known issues regarding FERPA and privacy interests.

   i. The parties are unaware of any other orders that the Court should issue under Rule 26(c) or Rule 16(b) and (c).

   j. There are no current admissions of fact. However, the parties may stipulate to the authenticity of various documents and records.

   k. The Plaintiffs are currently seeking leave to serve in excess of twenty-five (25) interrogatories, including subparts. The parties are requesting leave to serve 50 interrogatories to each named party. Defendants oppose this request.

   l. The Plaintiffs are seeking leave of this Honorable Court to take depositions in excess of the limitation of ten depositions as set forth by Rule 30(a)(2)(A). Plaintiffs requests leave to limit deposition testimony to fifty (50) depositions per side. Defendants oppose this request.

   m. The parties may retain experts as necessary.

**6.**    **<u>FACILITATION / ARBITRATION / CASE EVALATION</u>**

    Plaintiffs' minors do not consent to the Case Evaluation process. Counsel for the parties have discussed the possibility of prompt resolution (including the advisability of alternative dispute resolution, arbitration, early

facilitation/mediation, and early Settlement Conference with the Court, etc.) and report as follows:

It is our joint view that alternative dispute resolution, arbitration, early facilitation/mediation and early settlement conference, are not, at this time, likely to be productive. However, the parties agree to keep these prompt resolution possibilities in mind as the discovery phase of this litigation unfolds.

**7.     ANTICIPATED MOTION PRACTICE**

The Defendants anticipate filing Motions for Summary Judgment or a 12(b)/12(c) motion. Defendants will also be filing a motion to consolidate.

If Defendants withhold consent to file an amended complaint, Plaintiffs will seek leave of this Court to allow for the filing of an amended complaint.

## 8. SETTLEMENT

The parties have concluded that it is too early in the process to meaningfully discuss settlement. However, the parties agree to consider and maintain all settlement options including private facilitation or arbitration as this litigation proceeds. Defense has never requested a demand, Plaintiffs have not made any demands, so defendants cannot evaluate the likelihood of settlement.

        Respectfully Submitted,

BY:   /s/ Milica Filipovic
       GEOFFREY N. FIEGER (P30441)
       MILICA FILIPOVIC (P80189)
       *Fieger, Fieger, Kenney & Harrington, P.C.*
       Attorneys for Plaintiffs
       19390 West Ten Mile Road
       Southfield, MI 48075
       P: (248) 355-5555 / F: (248) 355-5148
       g.fieger@fiegerlaw.com
       m.filipovic@fiegerlaw.com

       /s/John L. Miller
       TIMOTHY J. MULLINS (P28021)
       JOHN L. MILLER (71913)
       *Giarmarco, Mullins & Horton, P.C.*
       Attorneys for Defendants Oxford Community Schools, Timothy Throne, Steven Wolf and Ryan Moore
       101 W. Big Beaver Road, 10th Floor
       Troy, MI 4808-5280
       P: (248) 457-7020
       tmullins@gmhlaw.com
       jmiller@gmhlaw.com

Dated: April 12, 2022