UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY FRANZ and BEANDI FRANZ,
As NEXT FRIEND for RILEY FRANZ, a
Minor and JEFFREY FRANZ and BRANDI
FRANZ as NEXT FRIEND for ISABELLA
FRANZ, a Minor,

            Case No. 21-cv-12871

  Plaintiffs,        Hon. Mark A. Goldsmith

v             *Oral Argument Requested*

OXFORD COMMUNITY SCHOOLS,
TIMOTHY THRONE, STEVEN WOLF,
RYAN MOORE, COUNSELOR #1,
COUNSELOR #2, STAFF MEMBER,
TEACHER #1 and TEACHER #2,
  Defendants.

---

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT AND REQUEST FOR
TAXABLE COSTS PURSUANT TO L.R. 7.1(a)(3)**

---

  NOW COME Plaintiffs, JEFFREY FRANZ and BEANDI FRANZ as NEXT FRIEND for ISABELLA FRANZ a minor, and RILEY FRANZ by and through their attorneys, FIEGER, FIEGER, KENNEY AND HARRINGTON, P.C., and file this Motion for Leave to File Second Amended Complaint and Request for Taxable Costs Pursuant to LR 7.1(a)(3) and hereby states as follows:

  1.  The undersigned counsel certifies that counsel personally spoke to and communicated in writing with opposing counsel, explaining the nature of the relief

to be sought by way of this motion and seeking concurrence in the relief; opposing counsel expressly denied concurrence.  Concurrence was sought on:

> a. March 17, 2022, via telephone and email **(Exhibit 3)**
> b. April 4, 2022, via email  **(Exhibit 3)**
> c. During the April 5, 2022, Meet and Confer
> d. During the April 19, 2022, Rule 16 conference
> e. May 4, 2022, via email **(Exhibit 1)**
> g. May 9, 2022, via telephone and email **(Exhibit 2)**
> h. May 10, 2022, via telephone

Plaintiffs have continuously sought concurrence to merely amend party names for at least 54 days and Defendants have outright blocked, stonewalled, and unreasonably withheld concurrence.

  2. This case arises from the tragic shooting that took place at Oxford High School on November 30, 2021.

  3. On December 9, 2021, Plaintiffs filed their Complaint *(see Dkt. No. 1)* naming the following individual defendants: Throne, Wolf, Moore, School Official, Counselor 1, Counselor 2, Teacher 1, and Teacher 2.

  4. During the course of this case, as well as through the progression of the investigation, it became known to Plaintiffs that certain named defendants are now properly substituted for others and some of the John Doe defendants became known who Plaintiffs believe are proper defendants in this case.

  5. Plaintiffs now seek leave from this Honorable Court to file a Second

Amended Complaint to modify party names[1].

6. During the scheduling conference held on April 19, 2022, this Honorable Court asked Plaintiffs to file any Amendments to the Complaint on or before May 10, 2022. ***See Dkt. No. 50.***

7. In conformity with the Order, Plaintiffs sent a draft complaint to counsel for Defendants on Wednesday, May 4, 2022, seeking concurrence. **(Exhibit 1-Email to Counsel for Defendants attaching Letter to Counsel Seeking Concurrence, Proposed Second Amended Complaint, and Draft Stipulated Order)** The draft Complaint does not add-in any new Counts but rather, only changes the party names and gives proper names to the John Doe Defendants.

8. Plaintiffs' counsel requested that Defense counsel provide concurrence no later than Friday, May 6, 2022, by 5:00 p.m.

9. After no response was received by counsel on May 6, 2022; on May 9, 2022, Plaintiffs called and emailed counsel for Defendants following up on the request made on May 4, 2022. No response was obtained granting the concurrence. **(Exhibit 2- Follow up Email to Counsel with Correspondence)**

10. Prior to the Court's Order, Plaintiffs proactively attempted to obtain concurrence in amending the Complaint to narrow down the parties and "name" the John Doe Defendants which is beneficial to both the Plaintiffs and the Defendants.

---

[1] Proposed Second Amended Exhibit is Attached as Exhibit 7

**(Exhibit 3-March 17, 2022, and April 4, 2022, Emails to Counsel for Defendants)**

11. Additionally on April 5, 2022, during the meet and confer; Mr. Mullins said he would consider the amendment and "didn't think it would be a problem" to provide consent but wanted to review the complaint first.

12. In December of 2021, Defendants filed a Motion claiming that Defendant Moore was the wrong Defendant and that he urgently needed to be dismissed in order to not suffer further irreparable harm. *See Dkt. No. 14*

13. Defense Counsel has refused concurrence in Plaintiff's request for leave to amend the complaint.

14. With deadlines approaching and no response from the Defendants, once again, Plaintiffs' counsel on the evening of May 9, 2022, called and emailed Defense counsel. **(Exhibit 4- Email to Defense Counsel Asking for a Response)** At 5:39 p.m. counsel sent a reply email indicating that he will call on May 10, 2022.

15. Plaintiffs made another attempt to contact Defendants on the morning of May 10, 2022, to obtain concurrence. Plaintiff's counsel finally received a response from Defense Counsel. During this conversation, counsel for Defendants indicated that they cannot agree to the amendments without speaking to their client about it and that they had other things going on.

16. Defense Counsel was aware of the request of the amendment as early

as March 17, 2022, of Plaintiffs' desire to amend the complaint. Defendants have over 54 days to speak to their clients about amending the party names and have failed to do so.

17. On May 4, 2022, the proposed Amended Complaint was sent to Defense Counsel. On May 5, 2022, Defense Counsel was in fact present with the Oxford School Board and at any time he could have "spoken with" his clients about concurrence. **(Exhibit- 5: 5/5/22 WXYZ News Article)**

18. Defense Counsel is currently representing ALL of the individual defendants Plaintiffs now seek to add to this lawsuit as they have been named in other lawsuits stemming from the 11/30/21 incident at Oxford High School. *See Complaints in Myre v Oxford et al[2]., Asciutto v Oxford et al, and St. Juliana v Oxford et al.*

19. Pursuant to the Local Court Rules, Rule 7.1, Plaintiffs' counsel sought concurrence from counsel for Defendants for the relief requested by this motion beginning at least **54 days ago and concurrence has not yet been granted.**

20. In fact, the failure to grant concurrence in this request for leave to file an amended complaint because defense counsel "has not spoken to their client" is wholly unreasonable and done in bad faith.

21. Local Court Rules, Rule 7.1(a)(3) allows this Court to tax costs for the

---

[2] Myre v Oxford is currently pending in the Oakland County Circuit Court with Hon. Chabot presiding.

{01279910.DOCX}                              5

unreasonable withholding of consent.

22. Taxable costs include actual costs and an assessment of reasonable attorney fees.

23. Federal courts have the inherent authority to sanction bad-faith conduct, as well as conduct that is "tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)). Bad faith, in turn, is associated with conduct that is intentional or reckless. See *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). A party may act in bad faith, for example, if it files a frivolous suit with an improper motive, or if it commits a fraud on the court. *Williamson v. Recovery Ltd. P'ship*, 826 F.3d 297, 301–302 (6th Cir. 2016); see also *Chambers*, 501 U.S. at 45-46 (court may impose sanctions if it finds that "fraud has been practiced upon it, or that the very temple of justice has been defiled").

24. Hon. Sean Cox in *Burton v City of Detroit,* No. 20-CV-12182, 2021 WL 670205, at *1 (ED Mich, February 18, 2021) granted Local Rule 7.1(a)(3) sanctions.

> Due to Burton's concessions of the § 1983 claims against the defendants in their official capacity and state law tort claims against the City, in their Reply brief, Defendants request costs and fees against Burton as a sanction for unreasonably withholding consent to Defendants' motion for partial judgment on the pleadings. (Reply, ECF No. 7 at 5-6).Under Local Rule 7.1(a)(3), "the court may tax costs for unreasonable holding of consent." E.D. Mich.

> LR 7.1(a)(3). "The purpose of Local Rule 7.1(a) is to preclude the incurrence of unnecessary fees, costs and expenses by the party who intends to file the motion where the non-moving party concurs with the relief sought by the party intending to file the motion." *Dupree v. Cranbrook Educ. Cmty.*, No. 10-12094, 2012 WL 1060082, at *13 (E.D. Mich. Mar. 29, 2012). Defendants sought concurrence before filing this motion (ECF No. 5 at PageID 91) and such concurrence was denied

25. According to this Honorable Court's Practice Guidelines under Motion Practice, this Honorable Court requires strict compliance with LR 7.1(a) which Plaintiffs have complied, however Defendants have wrongfully withheld consent.

26. There is absolutely no reasonable basis for withholding consent in this matter when the naming of the Defendants promotes judicial economy and is in the best interests of all parties.

27. The claims against all proposed added defendants are well within the applicable statute of limitations.

28. The request for leave to amend is not done in bad faith and provides no prejudice to Defense. No depositions have been taken in any pending Oxford case in any court, the request has been made early in the pendency of the case.

29. No reasonable opposition to the requests exists, and simply put the denial of the request for concurrence for reasons that "we haven't spoken with our client" is simply vexatious and unreasonably caused the necessity to file this motion.

30. Defendants filed a motion to dismiss Moore and now that Plaintiffs are

able to do so, they are not responding to emails, delaying calling back the Plaintiffs, and outright denying concurrence to do the same. *Supra*

31. Counselors for Defendants requested the amendment to Moore in December of 2021, they were contacted in March, they were reminded of the need to amend in April, they were present at the status conference in April where this issue was brought up again, they were sent a draft of the Complaint six (6) days before the filing of this Motion, and to-date they have continued to withhold consent.

32. Defendants, at the 11th hour, the day of the deadline, withheld concurrence in an effort to cause delay of this matter. **(Exhibit 6-Letter to Counsel Regarding Teleconference of May 5, 2022)**

33. Public information was released indicating that representatives from Defendants firm did meet with the Oxford Community School District Board during several of their special board of education meetings last week, regarding the third-party investigation, the last being Friday, May 6, 2022. Surely, they could have made contact while in the same room with them about the amendment of parties.

34. Plaintiffs seek to Amend the Complaint to change:

- Dean of Students from **Moore** to Ejak
- School Official to Pam Fine
- **Counselor 1** to Shawn Hopkins
- Dismissal of Counselor 2

- **Teacher 1** to Jacquelyn Kubina

- **Teacher 2** to Allison Karpinski

- Adding Becky Morgan

35.  Pursuant to the Federal Rules of Civil Procedure, Rule 15(a)(1)(A) and (a)(1)(B), a party may amend once as a matter of right.  Plaintiffs have already amended the complaint once as a matter of right.

36.  The Federal Rules of Civil Procedure, Rule 15(a)(2) provides that a party may amend the complaint with either the opposing party's written consent or leave of the court, and that leave should be granted when justice so requires.

37.  Here, justice requires that leave should be granted to amend the party names as this would create judicial economy and benefit both the Plaintiffs and Defendants.

38.   There is no prejudice on the end of the Defendants to amend party names and in fact, Defendants in pervious filings have requested the same relief for Mr. Moore.

39.  Plaintiffs now seek sanctions in the form of a monetary fine for forcing the Plaintiffs to file the instant motion pursuant to Local Rule 7.1(a)(3). Defendants withholding of consent under the circumstances is unreasonable. The explanation that "we haven't spoken to our clients" is in bad faith and the Defendants must be taxed costs.

40. Plaintiffs' seek leave from this Honorable Court to file **Exhibit 7** as their Second Amended Complaint.

**WHEREFORE**, Plaintiffs respectfully requests that this Honorable Court GRANT their Motion for Leave to File Second Amended Complaint and Request For Taxable Costs Pursuant to LR 7.1(a)(3).

Respectfully submitted,

 */s/ Nora Y. Hanna*
NORA Y. HANNA (P80067)
GEOFFREY N. FIEGER (P30441)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorney for Plaintiffs
19390 West Ten Mile Road
Dated: May 10, 2022      Southfield, MI 48075

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEFFREY FRANZ and BEANDI FRANZ,
As NEXT FRIEND for RILEY FRANZ, a
Minor and JEFFREY FRANZ and BRANDI
FRANZ as NEXT FRIEND for ISABELLA
FRANZ, a Minor,

                                                    Case No. 21-cv-12871

    Plaintiffs,                           Hon. Mark A. Goldsmith

v

OXFORD COMMUNITY SCHOOLS,
TIMOTHY THRONE, STEVEN WOLF,
RYAN MOORE, COUNSELOR #1,
COUNSELOR #2, STAFF MEMBER,
TEACHER #1 and TEACHER #2,

    Defendants.

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT**

---

## CONTROLLING AND MOST USEFUL AUTHORITIES

Fed. R. Civ. P. 15(a)

Local Rule 7.1(a)(3)

*Burton v City of Detroit,* No. 20-CV-12182, 2021 WL 670205, at *1 (ED Mich, February 18, 2021)

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)

*Dupree v. Cranbrook Educ. Cmty.*, No. 10-12094, 2012 WL (E.D. Mich. Mar. 29, 2012)

*Foman v. Davis*, 371 U.S. 178, 182 (1962)

## STATEMENT OF ISSUE

Should this Honorable Court grant Plaintiffs Motion ForLeave to Amend their Complaint?

      Plaintiffs say:   "Yes"

      Defendants say:  "No"

Should this Honorable grant Plaintiffs' request for an award of taxable costs pursuant to LR 7.1(a)(3) for unreasonable withholding of consent.

      Plaintiffs say:   "Yes"

      Defendants say:  "No"

## INTRODUCTION AND RELIEF REQUESTED

Plaintiffs have been seeking concurrence to merely amend party names for at least 54 days and Defendants have outright denied the same.

    Concurrence was sought on:

    a. March 17, 2022, via telephone and email **(Exhibit 3)**
    b. April 4, 2022, via email  **(Exhibit 3)**
    c. During the Meet and Confer
    d. During the Rule 16 conference
    e. May 4, 2022, via email **(Exhibit 1)**
    g. May 9, 2022, via telephone and email **(Exhibit 2)**
    h. May 10, 2022, via telephone

Plaintiffs now seek to amend their complaint to change party names. Since March Plaintiff has been attempting to contact Defendants to amend the parties and no response has been received. Despite the Court Order and the "urgent" nature

claimed by the Defense in replacing Moore as a Defendant the multiple emails and phone calls have gone ignored.

Information on the parties was made public during the criminal hearings in the cases of the Crumbley's prosecution. Following the release of that information, Plaintiffs sought concurrence to Amend the Complaint to change:

- Dean of Students from **Moore** to Ejak
- School Official to Pam Fine
- **Counselor 1** to Shawn Hopkins
- Dismissal of Counselor 2
- **Teacher 1** to Jacquelyn Kubina
- **Teacher 2** to Allison Karpinski
- Adding Becky Morgan

There is no prejudice in changing the John Doe Defendants to have proper names. In fact, doing so would speed along the case and promote judicial economy.

## LAW AND ARGUMENT

**Leave to amend the complaint should be granted where amendment is in the interest of justice and Defendant will not suffer any prejudice.**

Fed. R. Civ. P. 15(a)(2) provides that a party may amend their complaint with either the opposing party's written consent or leave of the Court. Whether a party should be granted leave to amend their pleadings generally a matter left to the

discretion of the court. Fed. R. Civ. P. 15 provides that leave to amend should be freely given when justice so requires. The general principles underlying Fed. R. Civ. P. 15(a) were discussed by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182. Foman's analysis has been favorably adopted by the Sixth Circuit. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir.1980), *Brown v. Chapman*, 814 F.3d 436 (6th Cir.2016).

In deciding whether justice requires granting leave to amend, the court should balance the *Foman* factors, especially prejudice to the opposing party and harm to the movant. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d327 (6th Cir. 2007). ***The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings***. *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). (emphasis added). In this case, the *Foman* factors militate towards granting the motion to amend.

{01279910.DOCX}                              14

A. <u>No Undue Delay or Bad Faith</u>

Delay alone does not justify denial of a motion brought under Rule 15(a). *Security Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir.1995). "Delay alone, regardless of its length is not enough to bar [the amendment] if the other party is not prejudiced." *Moore v. City of Paducah*, 790 F.2d 557, 560 (6th Cir. 1986), quoting 3 Moore's Federal Practice, ¶ 15.08 at 15.76. Nor does the Rule establish a deadline within which a party must file a motion to amend. See *Lloyd v. United Liquors Corp.*, 203 F.2d 789, 793–94 (6th Cir.1953) (reviewing a district court's denial of a motion to amend after the entry of summary judgment).

There has been no undue delay in seeking leave to amend the complaint to amend party names. Plaintiff raised the issues with the Defendants back in <u>March, again in April, again when the Honorable Court asked Plaintiffs to make Amendments, and as recently as this morning.</u> Today, counsel for Defendants indicated that he needed to speak with his clients about naming the John Doe Defendants and replacing Moore with Ejak. For over 54 days this conversation was commended by Plaintiffs and the conversation to merely change party names has not occurred. The only delay and prejudice has been created by the Defendants themselves.

B. Lack of Prejudice

Allowing the amendment will not cause any prejudice to Defendants. In Fact, it was the Defendants who advocated for the dismissal of Moore. Now, Plaintiff has received public information of Ejak being the Dean of Students. Plaintiffs presume that the Defendants would want the names to be made proper as to proceed with the litigation.

Moreover, the amendment would not be futile because Plaintiff has adequately alleged facts and the claims in their original Complaint. The only substantial amendment sought is to change parties.

C. Sanctions under Local Rule 7.1

Local Court Rules, Rule 7.1(a)(3) allows this Court to issue sanctions for unreasonable withholding of consent. "The purpose of Local Rule 7.1(a) is to preclude the incurrence of unnecessary fees, costs and expenses by the party who intends to file the motion where the non-moving party concurs with the relief sought by the party intending to file the motion." *Dupree v. Cranbrook Educ. Cmty.*, No. 10-12094, 2012 WL 1060082, at *13 (E.D. Mich. Mar. 29, 2012). There is absolutely no reasonable basis for withholding consent in this matter when the naming of the Defendants promotes judicial economy and is in the best interests of all parties.

Defendants filed a motion to dismiss more and now that Plaintiff is able to do so, they are not responding to emails, delaying calling back the Plaintiffs, and outright denying concurrence to do the same. Counselors for Defendants requested the amendment to Moore in December of 2021, they were contacted in March, they were reminded of the need to amend in April, they were present at the status conference in April where this issue was brought up again, they were sent a draft of the Complaint six (6) days before the filing of this Motion, and to-date they have continued to withhold consent. Defendants, at the 11th hour, the day of the deadline, withheld concurrence in an effort to cause delay of this matter. Public information was released indicating that representatives from Defendants firm did meet with the Oxford Community School District Board during several of their special board of education meetings last week, regarding the third-party investigation, the last being Friday, May 6, 2022. Surely, they could have made contact while in the same room with them about the amendment of parties.

Federal courts have the inherent authority to sanction bad-faith conduct, as well as conduct that is "tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)). Bad faith, in turn, is associated with conduct that is intentional or reckless. See *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). A party may act in bad faith, for example, if it files a frivolous suit with an improper

motive, or if it commits a fraud on the court. *Williamson v. Recovery Ltd. P'ship*, 826 F.3d 297, 301–302 (6th Cir. 2016); see also *Chambers*, 501 U.S. at 45-46 (court may impose sanctions if it finds that "fraud has been practiced upon it, or that the very temple of justice has been defiled").

Hon. Sean Cox in *Burton v City of Detroit,* No. 20-CV-12182, 2021 WL 670205, at *1 (ED Mich, February 18, 2021) granted Local Rule 7.1(a)(3) sanctions.

> Due to Burton's concessions of the § 1983 claims against the defendants in their official capacity and state law tort claims against the City, in their Reply brief, Defendants request costs and fees against Burton as a sanction for unreasonably withholding consent to Defendants' motion for partial judgment on the pleadings. (Reply, ECF No. 7 at 5-6).Under Local Rule 7.1(a)(3), "the court may tax costs for unreasonable holding of consent." E.D. Mich. LR 7.1(a)(3). "The purpose of Local Rule 7.1(a) is to preclude the incurrence of unnecessary fees, costs and expenses by the party who intends to file the motion where the non-moving party concurs with the relief sought by the party intending to file the motion." *Dupree v. Cranbrook Educ. Cmty.*, No. 10-12094, 2012 WL 1060082, at *13 (E.D. Mich. Mar. 29, 2012). Defendants sought concurrence before filing this motion (ECF No. 5 at PageID 91) and such concurrence was denied.

## **CONCLUSION**

Because Rule 15(a)(2) directs courts to "freely give leave when justice so requires," the rule embodies a "liberal amendment policy." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). This liberal amendment policy favors leave being granted in this case. Here, none of the reasons articulated in *Foman* exist in this

{01279910.DOCX} 18

case. There has been no significant showing of prejudice to the opposing party. There is no bad-faith, undue delay, or dilatory motive.

Furthermore, there is no good-faith basis that Defendants have provided or will provide for why they could not concur in a Motion for Leave to Amend in order to clarify party names in the 54 days they have had to discuss the same.

For the reasons stated above and in Plaintiffs' motion, Plaintiffs respectfully request that this Court GRANT this motion and allow Plaintiffs leave to file Second Amended Complaint.

**LOCAL RULE CERTIFICATION 5.1**: I, Nora Y. Hanna, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,
*/s/ Nora Y. Hanna*
NORA Y. HANNA (P80067)
GEOFFREY N. FIEGER (P30441)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorney for Plaintiffs
19390 West Ten Mile Road
Dated: May 10, 2022          Southfield, MI 48075

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she served a copy of the foregoing upon all attorneys via CMF ECF filing system as disclosed by the pleadings of record herein on this 10th DAY of May 2022.

__US Mail ___ Hand Delivered ___ UPS ___ Other
__Email   X ECF ___ Federal Express ___ Facsimile

Signature: */s/ Nora Y. Hanna*
**Nora Y. Hanna**