UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY FRANZ, et al,

      Plaintiffs,                          Hon. Mark A. Goldsmith

v                                            No. 21-12871

OXFORD COMMUNITY SCHOOLS,
TIMOTHY THRONE, STEVEN WOLF,
RYAN MOORE, COUNSELOR #1,
COUNSELOR #2, STAFF MEMBER,
TEACHER #1 and TEACHER #2,

      Defendants.
_____/

| | |
|---|---|
| Geoffrey N. Fieger (P30441) | Timothy J. Mullins (P28021) |
| James J. Harrington (P65351) | Kenneth B. Chapie (P66148) |
| Robert G. Kamenec (P35283) | John L. Miller (P71913) |
| Nora Y. Hanna (P80067) | Annabel F. Shea (P83750) |
| Milica Filipovic (P80189) | Giarmarco, Mullins & Horton, P.C. |
| Fieger, Fieger, Kenney & Harrington, P.C. | *Attorneys for Defendants, Oxford* |
| *Attorneys for Plaintiffs* | *Community Schools, Timothy Throne,* |
| 19390 West Ten Mile Road | *Steven Wolf and Ryan Moore* |
| Southfield, MI 48075 | 101 W. Big Beaver Road, 10th Floor |
| (248) 355-5555 | Troy, MI 48084-5280 |
| g.fieger@fiegerlaw.com | (248) 457-7020 |
| j.harrington@fiegerlaw.com | tmullins@gmhlaw.com |
| r.kamenec@fiegerlaw.com | kchapie@gmhlaw.com |
| n.hanna@fiegerlaw.com | jmiller@gmhlaw.com |
| m.filipovic@fiegerlaw.com | ashea@gmhlaw.com |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THE SECOND AMENDED COMPLAINT AND REQUEST FOR TAXABLE COSTS PURSUANT TO LR 7.1(a)(3)**

# FACTS

Plaintiffs initially filed a complaint improperly naming Ryan Moore as the Dean of Students of Oxford High School on December 10, 2021. Additionally, Plaintiffs named several "Jane Doe" Defendants. Then on January 7, 2022, Plaintiffs amended the Complaint. The First Amended Complaint stilled named Ryan Moore as the Dean of Students and did not identify the "Jane Doe" Defendants.

While Defendants informed Plaintiffs on several occasions that they improperly named Ryan Moore as the Dean of Students, Plaintiffs received undeniable evidence of their mistake on February 8, 2022, and February 24, 2022, during the preliminary examination in the companion criminal cases. (**Exhibit 1**). The preliminary examination also revealed the identify of the "Jane Doe" Defendants. (Id).

Following the preliminary examination, Defense Counsel had several conversations with Plaintiff's Counsel regarding Plaintiffs Counsel's intention to amend the Complaint a third time, dismissing Ryan Moore and naming the Jane Doe Defendants. Then on May 4, 2022, Plaintiffs' Counsel provided Defense Counsel with a copy of the proposed Second Amended Complaint along with a proposed Stipulation and Order. (**Exhibit 1**). Plaintiffs' Counsel then provided Defense Counsel with a 48-hour deadline to consent to the proposed Second Amended Complaint. (Id).

The proposed Second Amended Complaint sought to add six new individual employees of our client, Oxford Community Schools, as individual defendants to Plaintiffs' lawsuit. Because of this, Defense Counsel needed to advise all six individuals of Plaintiffs' proposal and obtain consent from each of them prior to stipulating to the Second Amendment. Once Defense Counsel obtained consent from both the previously named Defendants and the six newly named Defendants, Defense Counsel notified Plaintiffs' Counsel that they would stipulate to the filing of the Second Amended Complaint. (**Exhibit 2; Exhibit 3**). Despite Defendants' agreement to stipulate to the filing of the Second Amended Complaint, Plaintiffs decided to proceed with its Motion for Leave to File a Second Amended Complaint and Request for Taxable Costs Pursuant to LR 7.1(a)(3). (**Exhibit 4**). Defendants are now filing the instant Response.

## LAW AND ARGUMENT

1. **DEFENDANTS AGREED TO STIPULATE TO THE FILING OF THE SECOND AMENDMENT, RENDERING PLAINTIFF'S MOTION MOOT.**

Fed. R. Civ. P. 15(a) states that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). Otherwise, "a party may amend its pleading only with the ***opposing party's written consent*** or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, there is no dispute that Defendants agreed to stipulate to the Second Amendment. As such, Plaintiffs have

obtained Defendants' **consent**, rendering its request for leave to file the Second Amended Complaint moot. Accordingly, Plaintiffs' Motion should be denied.

## 2. PLAINTIFFS HAVE NO LEGAL BASIS FOR TAXABLE COSTS UNDER LR 7.1(a)(3).

LR 7.1 governs motion practice in this Court. LR 7.1(a) expressly requires a moving party to first seek concurrence before filing a motion. *See* LR 7.1(a)(1). LR 7.1(a)(3) then provides "[t]he court may tax cost for unreasonably withholding of consent." However, if the nonmoving party never unreasonably withheld concurrence to the moving party's motion, there is no basis for the court to award costs to the moving party. *See e.g., L.A. Ins. Agency Franchising*, *LLC v. Montes*, No. 14-cv-14432, 2015 WL 901124 (E.D. Mich. Mar. 3, 2015)(declining to award costs under LR 7.1(a)(3) because there was no evidence that the nonmoving party unreasonably withheld concurrence)). Moreover, there is no Local Rule or Federal Rule of Civil Procedure that requires a defendant to stipulate to the opposing party's amendment to a pleading.

Here, Plaintiffs' claim that Defendants "unreasonably withheld consent" is meritless. Defendants provided Plaintiffs with written consent to the Second Amended Complaint. (**Exhibit 2; Exhibit 3**). Instead, Defendants reasonably requested sufficient time to review the proposed Second Amended Complaint and to obtain written consent from each of the named Defendants before providing

4

Plaintiffs with their stipulation. This is exactly what Defendants did. Thus, there is no basis to award taxable costs under LR 7.1(a)(3). Therefore, this Court should decline Plaintiffs' request.

## CONCLUSION

For all the reasons stated above, this Court should deny Plaintiffs' Motion.

                                    /s/TIMOTHY J. MULLINS
                                    GIARMARCO, MULLINS & HORTON, PC
                                    Attorney for Defendants Oxford
                                    Community Schools, Timothy Throne,
                                    Steven Wolf and Ryan Moore

DATED: May 23, 2022

**LOCAL RULE CERTIFICATION:** I, TIMOTHY J. MULLINS, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is not smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## CERTIFICATE OF ELECTRONIC SERVICE

ANNABEL F. SHEA states that on May 23, 2022, she did serve a copy of **Defendants' Response to Plaintiffs' Motion for Leave to File the Second**

**Amended Complaint and Request for Taxable Costs Pursuant to LR 7.1(a)(3)**

via the United States District Court electronic transmission.

/s/ANNABEL F. SHEA
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants Oxford Community
 Schools, Timothy Throne, Steven Wolf and
 Ryan Moore
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7081
ashea@gmhlaw.com
P83750