UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JEFFREY FRANZ, et al.,

    Plaintiffs,

Case No. 21-cv-12871
HON. MARK A. GOLDSMITH

Vs.

*Oral Argument Requested*

OXFORD COMMUNITY SCHOOL DISTRICT, et al.,

    Defendants.

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND REQUEST FOR TAXABLE COSTS PURSUANT TO L.R. 7.1(a)(3)**

**NOW COME** Plaintiffs by and through their attorneys, *Fieger, Fieger, Kenney & Harrington, P.C.,* and submits the following Reply to Defendants' Response to Plaintiff's Motion for Leave to File Second Amended Complaint and Request for Taxable Costs Pursuant to L.R. 7.1(a)(3):

Defendants unreasonably withheld consent and violated L.R. 7.1(a)(3). Defendants do not explain in their response brief a reasonably justification or a good faith basis Defendants' response would have this court believe that as a result of their willingness to now consent to the relief sought in Plaintiffs' motion, that this motion is now moot. This flawed reasoning would render L.R. 7.1(a)(3) meaningless. The purpose of seeking consent and reasonably granting consent is to avoid needless steps in the litigation as well as conserving Court resources.

1

Prior to filing the Motion to Amend the Complaint, Plaintiffs made numerous attempts to obtain consent for the amendment dating back two (2) months before the motion was filed. Still, even in filing a response to a Motion, Defendants have not provided this Court with a single reason why they failed to grant concurrence. The Defendants did not address why on: 1. March 17, 2022, 2. April 4, 2022, 3. April 5, 2022, 4. April 19, 2022, 5. May 4, 2022, 6. May 9, 2022, and 7. May 10, 2022 consent was not given. The "I haven't had a chance to speak to our client" excuse should not be given a pass.

Federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them. In invoking the inherent power to punish conduct which abuses the judicial process, a court must exercise discretion in fashioning an appropriate sanction, which may range from dismissal of a lawsuit to an assessment of attorney's fees. *Chambers v NASCO, Inc,* 501 US 32, 33; 111 S Ct 2123, 2126; 115 L Ed 2d 27 (1991). Here, Defendants actions cannot go excused. From the inception of litigation, they have failed to accept service of the complaint, failed to provide names of parties, required the entry of preserving evidence after electronic evidence was altered and now, they have failed to consent to amending a complaint when the only reason for the withholding of consent was "I haven't had a chance to speak to our client" when this issue was known by the defense for months.

Ms. Filipovic has expended 6 hours in preparation and reply of the Motion.

Ms. Hanna has expended 8.5 hours in preparation and reply of the Motion. Mr. Harrington has expended 2.5 hours in preparation and reply of the Motion. Ms. Filipovic and Ms. Hanna request a reasonable attorney fee of $350/hour. Mr. Harrington requests $600/hour. 14.5 x $350 = $5,075.00. 2.5 x $600 = $1,500.00. The total attorney fees incurred as a result of the unreasonable withholding of consent pursuant to L.R. 7.1(a)(3) is $6,575.00. Plaintiff requests this Honorable Court assess taxable costs in the amount of $4,500 against Defendants for the unreasonable withholding of consent.

**WHEREFORE**, Plaintiffs respectfully requests that this Honorable Court GRANT their Motion for Leave to File Second Amended Complaint and Request For Taxable Costs Pursuant to LR 7.1(a)(3).

Respectfully submitted,

/s/ Nora Y. Hanna
NORA Y. HANNA (P80067)
GEOFFREY N. FIEGER (P30441)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorney for Plaintiffs
19390 West Ten Mile Road
Dated: May 26, 2022        Southfield, MI 48075

**CERTIFICATE OF SERVICE**
I hereby certify that on May 26, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys.

/s/     Nora Y. Hanna
Nora Y. Hanna

3