## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RILEY FRANZ, and JEFFREY FRANZ and
BRANDI FRANZ, as NEXT FRIEND For
ISABELLA FRANZ, a Minor,

                               Case No.: 2:21-cv-12871

      Plaintiffs,              Hon. Mark A. Goldsmith

Vs.

OXFORD COMMUNITY SCHOOL
DISTRICT, SUPERINTENDENT TIMOTHY
THRONE, PRINCIPAL STEVEN WOLF,
DEAN OF STUDENTS NICHOLAS EJAK,
COUNSELOR SHAWN HOPKINS,
DIRECTOR OF RESTORATIVE PRACTICES,
PAMELA FINE, TEACHER JACQUELYN
KUBINA, TEACHER ALLISON KARPINSKI,
and TEACHER BECKY MORGAN.

In their Individual Capacity,

      Defendants.

---

### PLAINTIFFS' SECOND AMENDED COMPLAINT AND RELIANCE ON DEMAND FOR JURY TRIAL

     **NOW COME** Plaintiffs, RILEY FRANZ, and JEFFREY FRANZ, and

BRANDI FRANZ, as Next Friends ISABELLA FRANZ, a Minor, by and through

their attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and for

Plaintiffs' Second Amended Complaint and Reliance on Demand for Jury Trial

against the above-named Defendants, state as follows:

## **INTRODUCTION**

On November 30, 2021, horrific events took place at Oxford High School which resulted in the slaughter of four (4) high school students and serious gunshot and psychological injuries to others. The horror of November 30, 2021 was entirely preventable. Each and every Defendant named herein created and increased the dangers then-existing at Oxford High School.  Each and every Defendant named herein committed conduct amounting to gross negligence, causing serious and permanent physical and emotional trauma.

The individually named Defendants are each responsible through their actions for making the student victims less safe, causing the students to be in direct harm, and acting in a manner that was so reckless as to demonstrate a substantial lack of concern for whether an injury results. The acts committed by the Defendants completely shock the conscious.  The Oxford High School students, and Plaintiffs in particular, would have been safer had the Individual Defendants not taken the actions they did.

The Oxford Community School District is responsible for having a Constitutionally deficient policy, custom and practice that was a driving force behind the constitutional violations. Further, said school district ratified the unconstitutional actions of the individually named Defendants.

## JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and under the laws of the United States Constitution, particularly under the provisions of the Fourteenth Amendment to the United States Constitution and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the statutes and common law of the State of Michigan.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3), 1343(a)(4) and 42 U.S.C § 1983.

3.      This Court has supplemental jurisdiction of the Michigan law state claims which arise out of the nucleus of operative facts common to Plaintiff's federal claims pursuant to 28 U.S.C. § 1367.

4.      The actions alleged in this Amended Complaint took place within Oakland County, State of Michigan, and as such, jurisdiction lies in the United States District Court for the Eastern District of Michigan (Southern Division).

5.      Venue is proper pursuant to 28 U.S.C. §1391(d).

6.      The amount in controversy exceeds One Hundred Million ($100,000,000) dollars, excluding interests, costs, and attorneys' fees.

## **PARTIES**

7.    Plaintiffs hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Amended Complaint as if fully set forth herein.

8.    At all times relevant hereto,  RILEY FRANZ, was a resident of the City of Leonard, County of Oakland, State of Michigan.

9.    At all times relevant hereto, Plaintiffs' Minor, ISABELLA FRANZ, was a resident of the City of Leonard, County of Oakland, State of Michigan.

10.    At all times relevant hereto, JEFFREY FRANZ and BRANDI FRANZ are the biological parents of RILEY FRANZ, and ISABELLA FRANZ, a Minor, and are residents of the City of Leonard, County of Oakland, State of Michigan.

11.    At all times relevant hereto, Plaintiff RILEY FRANZ and Plaintiff's Minor, ISABELLA FRANZ were students at Oxford High School in 12th and 9th grade respectively.

12.    RILEY FRANZ was an honor roll student preparing to enter college. Plaintiffs' Minor, ISABELLA FRANZ, was a star athlete getting ready for driver's training.

13.    At all times relevant hereto, Defendant, OXFORD COMMUNITY SCHOOL DISTRICT, was and is a municipal corporation, duly organized and carrying out functions in the Township of Oxford, State of Michigan. Its functions

include, but are not limited to: organizing, teaching, operating, staffing, training, and supervising the staff, counselors, and teachers at Oxford High School.

14.    Upon information and belief, at all times relevant hereto, Defendant, TIMOTHY THRONE, (hereinafter referred to as "THRONE") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as Superintendent of the OXFORD COMMUNITY SCHOOL DISTRICT.

15.    Upon information and belief, at all times relevant hereto, Defendant, STEVEN WOLF, (hereinafter referred to as "WOLF") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a Principal for Oxford High School within the OXFORD COMMUNITY SCHOOL DISTRICT.

16.    Upon information and belief, at all times relevant hereto, Defendant, NICHOLAS EJAK, (hereinafter referred to as "EJAK") is citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a Dean of Students for Oxford High School within the OXFORD COMMUNITY SCHOOL DISTRICT.

17.    Upon information and belief, at all times relevant hereto, Defendant, SHAWN HOPKINS, (hereinafter referred to as "HOPKINS") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope

of his/her employment as a counselor at Oxford High School located in the OXFORD COMMUNITY SCHOOL DISTRICT.

18.      Upon information and belief, at all times relevant hereto, Defendant, PAMELA FINE, (hereinafter referred to as "FINE") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of her employment as the director of restorative practices at Oxford High School located in the OXFORD COMMUNITY SCHOOL DISTRICT.

19.      Upon information and belief, at all times relevant hereto, Defendant, JACQUELYN KUBINA, (hereinafter referred to as "KUBINA") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of her employment as a teacher at Oxford High School located in the OXFORD COMMUNITY SCHOOL DISTRICT.

20.      Upon information and belief, at all times relevant hereto, Defendant ALLISON KARPINSKI, (hereinafter referred to as "KARPINSKI") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of her employment as a teacher at Oxford High School located in the OXFORD COMMUNITY SCHOOL DISTRICT.

21.      Upon information and belief, at all times relevant hereto, Defendant, BECKY MORGAN, (hereinafter referred to as "MORGAN") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope

of her employment as a teacher at Oxford High School located in the OXFORD

COMMUNITY SCHOOL DISTRICT.

## FACTUAL STATEMENT

22.   Plaintiffs hereby reincorporate by reference and reassert each and every

allegation set forth in the previous paragraphs of this Second Amended Complaint

as if fully set forth herein.

23.   RILEY FRANZ, is an 18-year-old female senior student at Oxford High

School, who was 17-years-old at the time of the incident

24.   Plaintiffs' Minor, ISABELLA FRANZ, is a 14-year-old female

freshman student at Oxford High School.

25.   Ethan Crumbley was a 15-year-old male sophomore at Oxford High

School at the time of the incident.

26.   Defendant THRONE is the Superintendent of the Oxford Community

School District.

27.   Defendant THRONE has issued several public statements and

correspondence as the Superintendent of the Oxford Community School district.

28.   Defendant THRONE has also attended board meetings as the

Superintendent of the Oxford Community School District, immediately before and

after the November 30, 2021, shooting rampage at Oxford High School.

29.   Defendant WOLF is the Principal of Oxford High School.

7

30.     Defendant WOLF is listed as the Principal of Oxford High School on the administration page of the Oxford High School Website.

31.     Defendant WOLF has sent correspondence to parents of the students attending Oxford High School, including Mr. Jeffrey Franz and Mrs. Brandi Franz, immediately before and after the November 30, 2021, shooting rampage at Oxford High School.

32.     Defendant WOLF is listed on various Oxford High School documents, such as the Student Code of Conduct and the 2021-2022 Course Catalogue, as the principal of Oxford High School.

33.     Upon information and belief, Defendant EJAK is the Dean of Students at Oxford High School.

34.     On November 30, 2021, Ethan Crumbley brought a Sig Saur 9mm semi-automatic handgun to Oxford High School and opened fire slaughtering students, resulting in the death of four (4), and seriously injuring six (6) other students and a teacher.

35.      Upon information and belief, in the days leading up to the November 30, 2021, incident, Ethan Crumbley acted in such a way that would lead a reasonable observer to know and/or believe that he was planning to cause great bodily harm to the students and/or staff at Oxford High School.

36.     By way of example, and not limitation, previous to the November 30, 2021, incident, Ethan Crumbley posted countdowns and threats of bodily harm,

8

including death, on his social media accounts, warning of violent tendencies and murderous ideology prior to actually coming to school with the handgun and ammunition to perpetuate the slaughter.

37.     For example, a threat on social media included an update to his twitter account the night before the shooting, reading, "Now I am become Death, the destroyer of worlds.  See you tomorrow Oxford."

38.     Upon information and belief, on November 11, 2021, Ethan Crumbley brought a severed bird head in a mason jar containing a yellow liquid to Oxford High School and left the jar on a toilet paper dispenser in the boys bathroom.

39.     On November 11, 2021, students reported to school administration officials, including defendant WOLF, the discovery of the jar in the boys bathroom containing a severed bird head and yellow liquid.

40.     The following day, on November 12, 2021, the Oxford High School administration sent an email to parents of Oxford High School students indicating, "Please know that we have reviewed every concern shared with us and investigated all information provided…[w]e want our parents and students to know that there has been no threat to our building nor our students."

41.     On or about November 16, 2021, days prior to the actual incident, multiple parents of students provided communications to Defendant WOLF with concerns about threats to students made on social media, and the incident of the severed animal heads at Oxford High School, the two weeks before.

42.     The parents' communications to WOLF in part stated, "I know it's been investigated but my kid doesn't feel safe at school," "He didn't even want to go back to school today."

43.     That same day, November 16, 2021, WOLF emailed parents indicating, "I know I'm being redundant here, but there is absolutely no threat at the HS…large assumptions were made from a few social media posts, then the assumptions evolved into exaggerated rumors."

44.     Defendants THRONE and WOLF reviewed the social media posts of Crumbley prior to November 30, 2021, which threated Oxford High School students.

45.     Defendants THRONE and WOLF had actual knowledge of concerns from parents of students at Oxford High School as well as the students at Oxford High School.

46.     Defendants THRONE and WOLF were aware that Ethan Crumbley brought a severed bird head to school and left it in the boys bathroom.

47.     Defendants THRONE and WOLF had actual knowledge of Ethan Crumbley's violent tendencies and ideations.

48.     Despite the posts and knowledge of threats of violence, Defendant THRONE sent correspondence and emails to parents at Oxford High School reassuring them that their children were safe at Oxford High School thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

10

49.    Following the November 16, 2021, email exchanges and other communications from Defendant WOLF to the parents of Oxford High School students, Superintendent THRONE warned the students, via loudspeaker, to stop spreading information over social media and to stop relying on information on social media.  He reiterated that there were no threats that posed any danger to students at Oxford High School thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

50.    At all times relevant hereto, Defendant THRONE, while acting as the Superintendent of OXFORD COMMUNITY SCHOOL DISTRICT, discouraged students and parents from reporting, sharing, or otherwise discussing the threatening social media posts thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

51.    At all times relevant hereto, Defendant WOLF, while acting as the Principal of Oxford High School, directed the teachers and counselors to tell students to stop reporting, sharing, or otherwise discussing the threatening social media posts, and violent animal slaughter that was occurring at Oxford High School, thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

52.     At all times relevant hereto, Ethan Crumbley's Instagram and other social media accounts were not set to private and were available to the public, including Defendants.

53.     Defendants THRONE, WOLF, and other employees and/or agents of OXFORD COMMUNITY SCHOOL DISTRICT had knowledge of threats made to the students, including Plaintiff RILEY FRANZ AND PLAINTIFF'S MINOR ISABELLA FRANZ.

54.     At all times relevant, Defendant THRONE's actions, by advising each and every student, including Plaintiffs that there was no credible threat, demonstrated conduct so reckless as to demonstrate a substantial lack of concern for whether an injury result, thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

55.     At all times relevant hereto, Plaintiffs were safer before Defendant THRONE took action and advised each and every student, including Plaintiffs, that there was no credible threat.  By virtue of Defendant THRONE's actions, he substantially increased the harm to Plaintiffs thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

56.     Defendant THRONE knew and/or should have known, that his announcement to the students at Oxford High School would discourage the students

and/or their parents from reporting credible threats of bodily harm to teachers, counselors, and staff of Oxford High School thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

57.     At all times relevant, Plaintiffs were safer before Defendant WOLF took the actions described and advised each and every student, and  parents, including Plaintiffs, that there was no credible threat at Oxford High School.  By virtue of Defendant WOLF's actions, he substantially increased the harm to Plaintiffs thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

58.     At all times relevant, Defendant WOLF's actions, by advising each and every student, including Plaintiffs that there was no credible threat, constitutes conduct so reckless as to demonstrate a substantial lack of concern for whether an injury result.

59.     Defendant WOLF knew and/or should have known that his assurances that social media threats were not credible would discourage the students and/or their parents from reporting credible threats of bodily harm to teachers, counselors, and staff of Oxford High School thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

13

60.    On November 26, 2021, Ethan Crumbley's father, James Crumbley, purchased a Sig Saur 9 mm semi-automatic handgun for his son.

61.    On November 26, 2021, Ethan Crumbley posted a picture of the Sig Saur 9 mm semi-automatic handgun to his social media account with the caption, "just got *my* new beauty today" with an emoji with heart eyes, followed by, "Sig Saur 9 mm. Any questions I will answer." *Emphasis added.*

62.    At all times relevant hereto, Ethan Crumbley posted to his Instagram account a post with a picture and caption of the Sig Saur 9 mm semi-automatic handgun. This post was for public viewing and accessible to all Defendants.

63.    On November 27, 2021, Ethan Crumbley's mother, Jennifer Crumbley, posted a message on her social media account reading, "mom and son day testing out *his* new Christmas present." *Emphasis added.*

64.    At all times relevant hereto, Jennifer Crumbley's social media account was not set to private, and the post was available to the public.

65.    At all times relevant hereto, Jennifer Crumbley's social media account with the picture and caption of the Sig Saur 9 mm semi-automatic handgun was available for public viewing and accessible to all Defendants prior to Ethan Crumbley returning to school on Monday, November 29, 2021.

66.    On November 29, 2021, Ethan Crumbley brought live ammunition to Oxford High School and openly displayed the same while in the classroom.

67.    On November 29, 2021, Defendant KUBINA at Oxford High School observed Ethan Crumbley searching for ammunition on his cell phone during class and reported the incident to Defendants HOPKINS, EJAK and FINE, SHAWN HOPKINS at OXFORD COMMUNITY SCHOOL DISTRICT.

68.    Defendant KUBINA allowed Crumbley to stay in the classroom despite the threats of violence with the minor children at Oxford High School, including Plaintiff RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

69.    Defendant KUBINA knowingly and deliberately decided to exclude the school safety liaison officer from notice of such dangers, despite knowing that Ethan Crumbley was searching for ammunition during class, and the aforesaid social media posts regarding his weapon were available to the public, including Defendant KUBINA, thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

70.    Defendant KUBINA had actual knowledge of the violent threats of bodily harm and further had knowledge of Crumbley's intent to perpetrate those acts when she found Ethan Crumbley searching for ammunition and then did knowingly and deliberately decided to exclude the school safety liaison officer from reporting this incident, thereby increasing the risk that Plaintiff, RILEY FRANZ, and

15

Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

71.     Following the search for ammunition on Crumbley's cell phone, Defendants WOLF and THRONE were notified of the incident, placing them on further alert of the threat.

72.     Upon information and belief, Ethan Crumbley met with Defendants, HOPKINS and FINE about the search for ammunition during class on November 29, 2021.

73.     On November 29, 2021, after meeting with Defendants HOPKINS and FINE, and as a result of Ethan Crumbley's search for ammunition during class, Jennifer Crumbley, was contacted via telephone by Defendant FINE who left a voicemail regarding Ethan Crumbley's inappropriate internet search. Defendant FINE indicated that she and Defendant HOPKINS spoke with Ethan and that it was not necessary for the Crumbley parents to call back, thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

74.     Upon information and belief, on November 29, 2021, Defendant FINE followed up on the unreturned voicemail to Jennifer Crumbley, with an email to Ethan Crumbley's parents regarding the search for ammunition during school hours.

75.     Defendants HOPKINS and FINE made a knowing and deliberate decision to exclude involving the school safety liaison officer of Ethan Crumbley's

behavior and knowingly decided to refrain from informing the school safety liaison of the meeting with Ethan Crumbley regarding the same, thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

76.     Defendants  HOPKINS, KUBINA, FINE, and EJAK, deliberately and knowingly sent Ethan Crumbley home after school, without any discipline or follow-up search regarding his inappropriate search for ammunition during class, thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

77.     At all times relevant, Defendants KUBINA, HOPKINS, FINE, and EJAK, knew and/or should have known that the information regarding Ethan Crumbley's inappropriate internet search would likely be relayed to Ethan Crumbley by his parents and would encourage and/or entice Ethan Crumbley into more affirmative actions, thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

78.     At all times relevant, the students at Oxford High School, including Plaintiff RILEY FRANZ and Plaintiff's Minor, ISABELLA FRANZ, were safer before Defendant FINE, affirmatively contacted Ethan Crumbley's parents via telephone and email, and afferently chose to allow Ethan Crumbley to return to school the next day. This action assisted with an acceleration of plans to effectuate

the slaughter of his classmates and provided clearance for Ethan Crumbley to commit the violent slaughter of his classmates. Defendants, FINE, HOPKINS, EJAK and KUBINA made a knowing and deliberate decision against taking any meaningful corrective action against Ethan Crumbley, increasing the risk that Plaintiff RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

79.    At all times relevant, Plaintiffs were safer before Defendants FINE and HOPKINS, met with Ethan, and Defendant FINE affirmatively contacted Ethan Crumbley's parents via telephone and email, and affirmatively chose against certain actions and affirmatively decided to allow Ethan Crumbley to return to school the next day. This action assisted in the perpetuation of his plans to effectuate and provided the clearance for Ethan Crumbley to commit, a violent slaughter of classmates and increased the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

80.    On November 29, 2021, Defendants KUBINA, EJAK, HOPKINS, and FINE, knowingly and deliberately released Ethan Crumbley without further investigation, or discipline thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence. Further, Ethan Crumbley's public social media post's regarding *his* Sig Saur 9 mm semi-automatic handgun and Jennifer Crumbley's public social

media post were available to the Dean of Students, school principal, superintendent, counselors, and teachers, including Defendants, all of which alerted said Defendants to the imminent attack.

81. Upon information and belief, in the evening of November 29, 2021, after Defendants KUBINA, EJAK, HOPKINS and FINE, released Ethan Crumbley from school without discipline and without investigating his inappropriate internet search, and without notifying the school safety liaison officer, that Ethan Crumbley had posted to his Twitter account, "Now I am become Death, the destroyer of worlds. See you tomorrow Oxford." Although his Twitter account was set to private, the posting was made to his profile biography, and visible to anyone who could search his name, including Defendants.

82. Ethan Crumbley returned to school the next day unchained and emboldened by the knowledge that Defendants decided to allow him to return to school, thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence. The students at Oxford High School, and Plaintiff, RILEY FRANZ and Plaintiff's Minor, ISABELLA FRANZ, in particular, were safer before Defendants KUBINA, EJAK, HOPKINS, and HOPKINS, knowingly and deliberately allowed the murderous student to return to school the next day, despite the clear and present dangers he posed to students at Oxford High School.

83.    At all times relevant, Defendants KUBINA, EJAK, HOPKINS, and FINE made a knowing, intentional, and deliberate decision to intentionally withhold and exclude important and vital information from  the school liaison officer before allowing Ethan Crumbley to return to school the next day, putting all students in immediate danger, accelerating Crumbley's plans to effectuate his planned slaughter of classmates and providing clearance for Ethan Crumbley to commit his acts of violence, by said decisions increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

84.    The actions of Defendants KUBINA, EJAK, HOPKINS, and FINE, amounted to conduct so reckless so as to demonstrate a substantial lack of concern for whether an injury results.

85.    On the morning of November 30, 2021, Defendant KARPINSKI, observed Ethan viewing violent videos of shootings and notified Defendant HOPKINS via email of his inappropriate search again.  Defendant KARPINSKI co-teaches with Defendant KUBINA, and knew and/or should have known of Ethan's inappropriate internet search for ammunition the day before.

86.    Defendants KARPINSKI and KUBINA allowed Ethan to stay in the classroom despite the threats of violence with the minor children at Oxford High School, including Plaintiff RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's

20

Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

87.     Defendants KARPINSKI and KUBINA, knowingly and deliberately decided to exclude the school safety liaison officer from notice of such dangers, despite knowing that Ethan was searching for ammunition the day before, had met with Defendants HOPKINS and FINE the day before, and that he continued to watch violent shooting videos in class on the morning of November 30, 2021, thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

88.     Defendant KARPINSKI had actual knowledge of the violent threats of bodily harm and further had knowledge of Ethan's intent to perpetrate those acts when she discovered Ethan watching violent videos of shootings, the day after Defendant KUBINA discovered he was searching for ammunition, and then did knowingly and deliberately decide to exclude the safety liaison officer from reporting this incident, thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

89.     Defendants KARPINSKI and KUBINA allowed Ethan to remain in their English class, surrounded by students, and leave their classroom where he proceeded to his math class.

90.    On the morning of November 30, 2021, Defendant ALLISON KARPINSKI discovered horrific drawings on assignments left on Ethan Crumbley's desk, after Ethan was caught searching for and watching violent shooting videos on his phone. These horrific writings and drawings, and Ethan's watching of shooting videos, were reported to Defendant EJAK and Defendant SHAWN HOPKINS. Defendant MORGAN  took a picture of said note with her cell phone.

91.    Upon information and belief, the note contained the following:

- A drawing of a semi-automatic handgun pointing the words, "the thoughts won't stop help me;"

- In another section of the note was the drawing of a bullet with the following words above the bullet, "blood everywhere;"

- Between the drawing of the gun and bullet is a drawing of a person who appears to have been shot twice and bleeding;

- Below that figure is a drawing of laughing emoji;

- Further down the drawing are the words, "My life is useless" with the words, "the world is dead" to the right.

92.    Upon information and belief, Defendant  MORGAN, was also aware of a school policy of excluding backpacks in classroom, and MORGAN, made a knowing and deliberate decision to leave, unsearched, Ethan Crumbley's backpack, even after discovering the alarming note authored by Crumbley.

93.    Defendant MORGAN knowingly and affirmatively allowed the violent and threatening student to continue to maintain control of his backpack, phone, and

other possessions, giving him easy access to store a weapon, all demonstrating conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

94.     At all times relevant hereto, the students at Oxford High School, and in particular, minor Plaintiffs, were safer before Defendant MORGAN knowingly and affirmatively allowed Crumbley to continue to maintain control of his backpack, phone, and other possessions, giving him easy access to store a gun, thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

95.     At all times relevant, the students at Oxford High School, were safer before Defendant MORGAN took action and intentionally did not report the violent notes and drawing by Ethan Crumbley, containing threats of bodily harm, including death, to the school liaison officer, causing Ethan Crumbley to have the opportunity to shoot the classmates, on an accelerated timeline, by providing clearance for Ethan Crumbley to commit his acts of violence, thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

96.     Upon information and belief, upon discovery of the concerning note, Ethan Crumbley was removed from the classroom, in front of his classmates by Defendant HOPKINS and was made to sit in the office with Defendant HOPKINS

for approximately an hour and a half while waiting for his parents to arrive at the school.

97.     Defendant HOPKINS, then requested that Defendant EJAK, go to Ethan's classroom to retrieve his backpack and bring it to the counseling office without searching it.

98.     Defendant HOPKINS knew and/or should have known that by removing Ethan Crumbley from class,  in front of his classmates, and making him sit for an hour and a half while waiting for his parents, after Ethan Crumbley had drawn violent pictures and notes depicting death and violence against students at Oxford High School, such actions provided clearance for Ethan Crumbley to commit his acts of violence and would, and did, further accelerate Ethan Crumbley's murderous plans, thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

99.     Upon information and belief, during the period of time that Ethan Crumbley sat with Defendant HOPKINS, he maintained control of his backpack which then contained the Sig Saur 9 mm semi-automatic handgun with 30 live bullets to be used to slaughter classmates, after Defendant EJAK brought him his backpack without searching it, thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan

Crumbley's acts of violence. Ethan's backpack also included a journal which contained his plans to effectuate a school shooting.

100.   Defendants HOPKINS and EJAK, knowingly and deliberately decided to exclude the school safety liaison despite having knowledge of threats against the school, Ethan Crumbley's search history the day before, viewing of a violent shooting video during English class, and the violent drawing which were the reason for his removal from the classroom, thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

101.   At all times relevant, the students of Oxford High School, were safer before Defendants HOPKINS and EJAK took action and deliberately decided against reporting the violent note drawn by Ethan Crumbley, containing threats of bodily harm, including death, to the school liaison officer, providing clearance for Ethan Crumbley to commit his acts of violence, allowing Ethan Crumbley thereby to have the opportunity to carry out his murderous rampage on an accelerated timeline, thereby increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence.

102.   Upon information and belief, Ethan Crumbley's parents arrived at the school and a meeting was held with Defendant HOPKINS, at which Ethan Crumbley was present and at which time they were shown the aforesaid drawing and advised

by Defendant HOPKINS that Ethan was required to go to counseling within 48-hours.

103.   Upon information and belief, Ethan Crumbley's parents were advised by Defendant HOPKINS and EJAK, in the very presence of Ethan Crumbley, that a failure to attend counseling within 48 hours would result in the school contacting Child Protective Services.

104.   At no point prior to the meeting with Ethan Crumbley and his parents did any Defendant contact Child Protective Services.

105.   All Defendants are mandatory reporters under Michigan Law.

106.   All Defendants received specialized training in identifying abuse and child endangerment.

107.   Despite the threats, posts of guns and ammunition, threats of violence, and terror, no Defendant made contact with Child Protective Services, which would have investigated Ethan Crumbley and warned the students at Oxford High School of his imminent threats.

108.   Alternatively, and additionally, Defendants failed to institute, train, or otherwise instruct Defendants on their duties as mandatory reporters.

109.   Defendants' failure to mandatorily report such demonstrated violent conduct and threats is so reckless as to have a substantial disregard for whether injury would occur or otherwise amount to gross negligence.

110.   Defendants HOPKINS and EJAK took these actions during school hours, while students were present at Oxford High School.

111.   After the meeting which Defendant HOPKINS met with EJAK, Ethan Crumbley, and his parents, Defendant HOPKINS met with Defendant EJAK and a decision was made by Defendant EJAK that no disciplinary action for his violent internet searches, or threatening notes and drawing was warranted, and Ethan Crumbley was allowed to return to the classroom with his backpack containing the Sig Saur 9 mm semi-automatic handgun and 30 live bullets.

112.   At all times relevant, Defendants HOPKINS and EJAK deliberately conducted this meeting, excluding the School Safety Liaison Officer from the meeting, thereby preventing him from being present at the meeting and increasing the risk that Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, would be exposed to Ethan Crumbley's acts of violence

113.   At all times relevant, the actions of Defendants HOPKINS and EJAK amounted to conduct so reckless so as to demonstrate a substantial disregard for whether injury would occur or otherwise amount to gross negligence.

114.   At all times relevant, Plaintiffs were safer before Defendant SHAWN HOPKINS took action and held a meeting with Crumbley and his parents (without the school safety liaison officer present) and by subsequently allowing Crumbley to return to his classroom where he was able to carry out a massacre of students.   By virtue of Defendant HOPKINS actions, he provided clearance for Ethan Crumbley

to commit his acts of violence and substantially increased the risk that Plaintiffs would be exposed to Ethan Crumbley's acts of violence.

115.   Defendants HOPKINS and EJAK, knew that threatening to call Child Protective Services within 48 hours, and threating, without action, to remove Ethan Crumbley from his home, would create and/or increase the likelihood that Ethan Crumbley would carry out his plan and slaughter he lost the opportunity given the prospect of threatened Child Protective Services intervention in the coming days.

116.   Upon information and belief, after being allowed to return to his classroom, Ethan Crumbley took his backpack to a school bathroom, and, sometime after being returned to his class, loaded ammunition in the Sig Saur 9 mm semi-automatic handgun and walked out of the bathroom to design the massacre.

117.   Defendants EJAK, KUBINA, KARPINSKI, MORGAN, HOPKINS, and EJAK gave Ethan Crumbley the opportunity to go to the bathroom, with his backpack, to prepare for his planned rampage, thereby provided clearance for Ethan Crumbley to commit his acts of violence, increasing the risk that Plaintiffs would be exposed to Ethan Crumbley's acts of violence.

118.   At approximately 12:52 p.m., authorities were notified of an active shooter at Oxford High School.

119.   Upon information and belief, Ethan Crumbley's massacre was halted when he was apprehended by law enforcement.

120.   On November 30, 2021, RILEY FRANZ was shot in the neck as a direct result of each and every one of the within enumerated actions of Defendants', causing her severe trauma, post-traumatic stress disorder, fright, shock, terror, anxiety as well as physical and emotional injuries.

121.   On November 30, 2021, ISABELLA FRANZ, narrowly escaped the bullets discharged towards her, her sister, and her friends. She observed her sister, friends and classmates being shot and murdered, causing her severe trauma, fright, shock, terror, anxiety, post-traumatic stress disorder,  and emotional injuries

122.   On December 1, 2021, Ethan Crumbley was arraigned and charged as an adult with one count of terrorism causing death, four (4) counts of first-degree murder, seven (7) counts of assault with intent to murder, and 12 counts of possession of a firearm in the commission of a felony.

123.   The risk that Ethan Crumbley posed a substantial and deadly harm to other students was obvious and known by the Defendants.

124.   That each and every defendant named herein made affirmative actions that created and increased the risk of harm and danger to Oxford High School students, and in particular, RILEY FRANZ's and Plaintiff's Minor, ISABELLA FRANZ's, vulnerability to the extremely violent behavior and murderous ideology of Ethan Crumbley and provided clearance for Ethan Crumbley to commit his acts of violence.  Minor Plaintiffs were all safer before the actions of all Defendants than they were after.

29

125.   That each and every defendant named herein took affirmative actions as well as committed failures that acted as and created harm and danger to Oxford High School students, including, Plaintiff, RILEY FRANZ's and Plaintiff's Minor ISABELLA FRANZ. Defendants conduct was so reckless as to have a substantial disregard for whether injury would occur or otherwise amounting to gross negligence.

126.   The "state action" of all Defendants substantially increased the harm to the minor Plaintiffs, thereby increasing the risk that Plaintiffs would be exposed to Ethan Crumbley's acts of violence.

127.   The "state action" of each and all of the Defendants provided clearance for Ethan Crumbley to commit his acts of violence and accelerated the acts of violence committed by Ethan Crumbley.

128.   The "state action" of all Defendants allowed threats of violence to be carried out towards the students, provided clearance for Ethan Crumbley to commit his acts of violence, and allowed Crumbley the opportunity to retrieve his handgun, by deliberately conducting inflammatory meetings without a police liaison present, directly causing the students at Oxford High School to be subjected to great bodily harm.

129.   At all times relevant, all Defendants willfully misrepresented the dangers presented which was an action in and of itself.  The students and Plaintiffs

in particular were safer had the misrepresentations not been said, thereby increasing the risk that Plaintiffs would be exposed to Ethan Crumbley's acts of violence.

130.   The Defendants affirmative actions were reckless and put the students at Oxford High School, and in particular Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, in a substantial risk of serious and immediate harm.

131.   Defendants had a clearly established duty to not create and/or increase the risk of harm and danger to Oxford High School Students, and in particular, Plaintiff Rile Franz, and Plaintiff's minor ISABELLA FRANZ.

132.   The Defendants affirmative actions placed Oxford High School students, and in particular Plaintiff, RILEY FRANZ and Plaintiff's Minor, ISABELLA FRANZ, at risk of a violent school shooting.

133.   The Defendants knew and/or clearly should have known that their actions would endanger the students at Oxford High School, and in particular, Plaintiff, RILEY FRANZ and Plaintiff's Minor, ISABELLA FRANZ.

134.   RILEY FRANZ and ISABELLA FRANZ were safer before each and every one of the individual Defendants took the within enumerated actions, which placed Plaintiffs in a substantially more dangerous situation, provided clearance for Ethan Crumbley to commit his acts of violence, increasing the risk that Plaintiffs would be exposed to Ethan Crumbley's acts of violence.

135.   At all times relevant the action by each and every individual defendant created the substantial risk that outside assistance to the Oxford High School

Students and Plaintiff's in particular would be negated, by willfully representing they had taken action ensure the safety of all the Oxford High School Students, including Plaintiffs.

136.   Defendants' failure to report the crimes of threats and violence demonstrated conduct was so reckless as to have a substantial disregard for whether injury would occur, and otherwise amounted to gross negligence.

137.   Alternatively, Defendants failed to institute, train, or otherwise instruct Defendants on their duties as reporters of violence and crimes.

138.   At all times relevant, all Defendants failure to train, institute, or otherwise instruct on the Oxford High School employees and or administration was done in a manner so reckless as to have a substantial disregard for whether injury would occur or otherwise done in a grossly negligent manner.

139.   The actions of all Defendants increased the danger presented by Ethan Crumbley.

140.   The actions of all Defendants were a/the proximate cause of Plaintiffs' injuries.

141.   The actions of all Defendants were the most immediate, efficient, and direct cause of Plaintiffs' injuries.

142.   The actions of all Defendants allowed threats to be carried out against the students, allowed Ethan Crumbley the opportunity to retrieve his handgun, by conducting inflammatory meetings with Ethan Crumbley and his parents without a

police liaison present directly caused the students at Oxford High School to be in danger of harm. This action directly caused Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ injuries.

143.   At all times relevant, all Defendants willfully misrepresented the danger presented which was an action. This action directly caused Plaintiffs' injuries.

144.   The Defendants actions, as well as their failures to act were reckless and put the students at Oxford High School, including Plaintiff RILEY FRANZ, and Plaintiffs' Minor, ISABELLA FRANZ, in substantial risk of serious and immediate harm.

145.   The Defendants actions, as well as their failures to act, placed Oxford High School students, including Plaintiff, RILEY FRANZ and Plaintiff's Minor, ISABELLA FRANZ, at risk of a mass murder expressly promised by Ethan.

146.   At all times relevant hereto the actions of each and every individual defendant removed the likelihood of police outside assistance to the Oxford High School Students and Plaintiff, RILEY FRANZ, and Plaintiff's Minor, ISABELLA FRANZ, in particular by willfully representing they had taken action to ensure the safety of the Oxford High School Students when they had not.

147.   Defendants' conduct was outrageous and shocks the conscience.

148.   Defendants are not entitled to governmental and/or qualified immunity.

149. Defendants acted with conduct so reckless as to demonstrate a substantial lack of concern for whether an injury result causing the proximate cause of injuries to Plaintiff, RILEY FRANZ, and Plaintiff's Minor ISABELLA FRANZ.

**COUNT I**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO THE**
**14TH AMENDMENT TO THE CONSTITUTION**
**AND 42 U.S.C. §1983, 1988 STATE CREATED DANGER**
**AS TO DEFENDANTS TIMOTHY THRONE, STEVEN WOLF,**
**NICHOLAS EJAK, SHAWN HOPKINS, PAMELA FINE, JACQULYN**
**KUBINA, ALLISON KARPINSKI, and BECKY MORGAN**

150. Plaintiffs hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Amended Complaint as if fully set forth herein.

151. As a citizen of the United States Plaintiff, RILEY FRANZ and Plaintiffs' Minor ISABELLA FRANZ were entitled to all rights, privileges, and immunities accorded to all citizens of the State of Michigan and of the United States.

152. Pursuant to the Fourteenth Amendment of the United States Constitution, at all times relevant hereto, Plaintiff, RILEY FRANZ and Plaintiffs' Minor ISABELLA FRANZ, had a clearly established right to be free from danger created and/or increased by the Defendants.

153. At all times relevant hereto, that the Defendants, THRONE, WOLF, EJAK, HOPKINS, FINE, KUBINA, KARPINSKI, and MORGAN, were acting under the color of state law and created and/or increased a state created danger by substantially increasing the risk of harm to RILEY FRANZ and ISABELLA FRANZ

34

and in reckless disregard to Plaintiffs' safety, thereby increasing the risk that Plaintiffs' would be exposed to Ethan Crumbley's acts of violence.

154.   That actions by Defendants, THRONE, WOLF, EJAK, HOPKINS, FINE, KUBINA, KARPINSKI, and MORGAN under the 14th Amendment to the United States Constitution, as well as 42 U.S.C. §1983 and §1988 were all performed under the color of state law and were objectively unreasonable and performed knowingly, deliberately and indifferently to Plaintiff RILEY FRANZ and Plaintiffs' Minor, ISABELLA FRANZ and in reckless disregard to Plaintiffs' safety.

155.   That each and all Defendants, were acting under the color of state law when they deprived Plaintiff RILEY FRANZ and Plaintiffs' Minor, ISABELLA FRANZ of their clearly established rights, privileges, and immunities in violation of the 14th Amendment of the Constitution of the United States, and of 42 U.S.C. §1983 and §1988.

156.   That each and every individual Defendant exhibited deliberate indifference, pursuant to the Fourteenth Amendment to the United States Constitution, by taking affirmative actions resulting in the students and Plaintiffs' in particular being less safe than they were before the action of each and every Individual Defendant.  Their actions created the danger and  increased the risk of harm that their students would be exposed to private acts of violence, to wit:

   a. Deliberately and intentionally dissuading students and parents from reporting threats so that the students could properly and effectively protect themselves from threats of and/or acts of violence;

b. Deliberately and intentionally misleading students and parents regarding their investigation of threats reported to the school so that the students could properly and effectively protect themselves from threats of and/or acts of violence;

c. Deliberately and intentionally misleading students and parents that there has been no threat to the building nor the students of Oxford High School;

d. Deliberately and intentionally returning Ethan Crumbley to class with a loaded Sig Saur 9 mm semi-automatic handgun;

e. Deliberately deciding against involving and advising the proper police authorities of Ethan Crumbley's conduct and making a decision to handle the situation without proper authorities being involved;

f. Choosing to return Ethan Crumbley to class with a Sig Saur 9 mm semi-automatic handgun after he had been actively searching for ammunition during class on the internet the day before;

g. Deliberately deciding against searching Ethan Crumbley's backpack;

h. Deciding against reporting Ethan Crumbley's internet search for ammunition to proper police authorities the day before the shooting;

i. Deliberately returning Ethan Crumbley to his classroom with a Sig Saur 9 mm semi-automatic handgun and ammunition, after confiscating a picture drawn by Ethan Crumbley which demonstrated a high likelihood that Ethan Crumbley would effectuate a slaughter;

j. Deciding against internally handling the complaints and threat of a school shooter in the days leading to the November 30, 2021, school shooting rather than involve the proper police authorities;

k. Deciding against inspecting Ethan Crumbley's backpack which maintained the Sig Saur 9 mm semi-automatic handgun and ammunition used to shoot Plaintiffs  and/or Ethan Crumbley's locker, when Defendants maintained custody and  control over same;

l. Deliberately and intentionally concealing facts from the appropriate law enforcement authority before returning Ethan Crumbley to class where he had access to the Sig Saur 9 mm semi-automatic handgun used to shoot Plaintiffs;

m. Deliberately deciding against reporting Ethan Crumbley's suspicious behavior to Child Protective Services;

n. Deliberately deciding against reporting Ethan Crumbley's suspicious behavior to appropriate law enforcement;

o. Interviewing Ethan Crumbley in front of his parents, knowing that interview would accelerate the violence planned, and creating a more dangerous situation for the students after said interview by, inter alia, providing clearance and the go ahead for Ethan Crumbley to thereafter commit his acts of violence;

p. Deliberately deciding against having appropriate mental health intervention for Ethan Crumbley prior to returning him to class with a Sig Saur 9 mm semi-automatic handgun;

q. Demonstrating conduct so reckless that it demonstrates a substantial lack of concern for whether any injury would result;

r. Wrongfully causing Plaintiffs to suffer extreme emotional distress;

s. Recklessly, or otherwise improperly returning Ethan Crumbley to class with the Sig Saur 9 mm semi-automatic handgun, so that he could effectuate his murderous ideology;

t. Enforced the deficient and faulty policies, procedures, and practices set forth in Count III, *infra*, as well as those previously described in this Amended Complaint.

u. The failures and resulting failures of the actions set for in subparagraphs (a)-(q), above.

v. Any and all other breaches that may become known throughout the course of this litigation.

157. That all of the above conduct alleged in paragraph 156 a-s substantially increased the harm to Plaintiff, RILEY FRANZ, and Plaintiffs' Minor, ISABELLA

FRANZ, who were safer before Defendants took the affirmative acts described within paragraph 156 a-v.

158. That the above-described conduct of Defendants THRONE, WOLF, EJAK, HOPKINS, FINE, KUBINA, KARPINSKI, and MORGAN as specifically set forth above, were the proximate cause of Plaintiff RILEY FRANZ's injuries and damages, including but not limited to the following:

      a. Gunshot wound to the neck;

      b. Fright, shock, and terror leading up to the shooting;

      c. Conscious pain and suffering;

      d. Need for wound care;

      e. Need for therapy;

      f. Post-Traumatic Stress Disorder;

      g. Terrors;

      h. Disruption of her life;

      i. Pain and suffering;

      j. Anxiety;

      k. Mental anguish;

      l. Emotional Distress;

      m. Fright and shock;

      n. Humiliation and/or mortification;

      o. Past and future reasonable medical and hospital expenses;

      p. Past and future wage loss and loss of earnings capacity;

      q. Need for household services;

r.  Need for attendant care;

s.  Punitive damages;

t.  Exemplary damages;

u.  Any and all compensatory damages, both past and future;

v.  Attorneys' fees and costs pursuant to 42 U.S.C. §1988;

w.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

x.  Any other damages allowed by law.

159.  That the above-described conduct of Defendants, THRONE, WOLF, EJAK, HOPKINS, FINE, KUBINA, KARPINSKI, and MORGAN as specifically set forth above, were the proximate cause of Plaintiffs' Minor, ISABELLA FRANZ's injuries and damages, including but not limited to the following:

a.  Post-Traumatic Stress Disorder;

b.  Fright, shock, and terror leading up to the shooting;

c.  Pain and suffering;

d.  Anxiety;

e.  Mental anguish;

f.  Emotional Distress;

g.  Fright and shock;

h.  Humiliation and/or mortification;

i.  Past and future reasonable medical and hospital expenses;

j.  Past and future wage loss and loss of earnings capacity;

k.  Need for household services;

l.  Need for attendant care;

m. Punitive damages;

n. Exemplary damages;

o. Any and all compensatory damages, both past and future;

p. Attorneys' fees and costs pursuant to 42 U.S.C. §1988;

q. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

r. Any other damages allowed by law.

160.  Defendants are not entitled to governmental or qualified immunity.

**WHEREFORE**, Plaintiffs RILEY FRANZ, and JEFFREY FRANZ and BRANDI FRANZ, as Next Friends of ISABELLA FRANZ, a Minor, request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of One-Hundred Million Dollars ($100,000,000.00), together with interest, costs and attorneys' fees, as well as punitive and/or exemplary damages.

## COUNT II
## VIOLATION OF CIVIL RIGHTS PURSUANT TO THE 14TH AMENDMENT TO THE CONSTITUTION AND 42 U.S.C. §1983, 1988 – SUPERVISORY LIABILITY DEFENDANTS SUPERINTENDENT TIMOTHY THRONE, and PRINCIPAL STEVEN WOLF

161.  Plaintiffs hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Amended Complaint.

162.  At all times relevant hereto, Defendant THRONE, was the Superintendent at OXFORD COMMUNITY SCHOOL DISTRICT, and directly supervised and oversaw the actions of Defendants THRONE, WOLF, EJAK,

40

HOPKINS, FINE, KUBINA, KARPINSKI, and MORGAN and encouraged the specific incident of misconduct and/or directly participated in it by not expelling, disciplining, and providing proper supervision for Ethan Crumbley, and/or notifying police authorities of Crumbley's violent plans.

163. At all times relevant hereto, Defendant THRONE, was the Superintendent at OXFORD COMMUNITY SCHOOL DISTRICT, and directly supervised and oversaw the actions of Defendants WOLF, EJAK, HOPKINS, FINE, KUBINA, KARPINSKI, and MORGAN and encouraged the specific incident of misconduct and/or directly participated in it by discoursing the reporting, sharing, or mentioning of threats against Oxford High School.

164. At all times relevant hereto, Defendant WOLF, was the principal at Oxford High School, who was the direct supervisor and oversaw the actions of Defendants EJAK, HOPKINS, FINE, KUBINA, KARPINSKI, and MORGAN, and encouraged the specific incident of misconduct and/or directly participated in it by not expelling, disciplining, and providing proper supervision for Ethan Crumbley.

165. By inadequately training and/or supervising their teachers, counselors, and dean of students, and having a custom or policy of indifference to the constitutional rights of their citizens, and/or by failing to adequately supervise school shooter, Ethan Crumbley, Defendants THRONE and WOLF encouraged and cultivated the conduct which then caused a violation of Plaintiffs' rights under the Fourteenth Amendments of the United States Constitution.

166. By not expelling, disciplining, searching, or providing proper supervision for Ethan Crumbley, Defendants THRONE and WOLF authorized, approved, or knowingly acquiesced in the unconstitutional conduct of Defendants THRONE, WOLF, EJAK, HOPKINS, FINE, KUBINA, KARPINSKI, and MORGAN by allowing Ethan Crumbley to return to his classroom and carry out his murderous rampage.

167. Pursuant to the Fourteenth Amendment of the United States Constitution, at all times relevant hereto, Plaintiff, RILEY FRANZ, and Plaintiffs' Minor, ISABELLA FRANZ, had a clearly established right to be free from dangers created by the Defendants.

168. That actions and omissions by Defendants, THRONE, WOLF, EJAK, HOPKINS, FINE, KUBINA, KARPINSKI, and MORGAN, under the 14th Amendment to the United States Constitution, as well as 42 U.S.C. §1983 and §1988 were all performed under the color of state law and were objectively unreasonable and performed knowingly, deliberately and indifferently to Plaintiff RILEY FRANZ and Plaintiff's Minor, ISABELLA FRANZ, and in reckless disregard to their safety.

169. That Defendants, THRONE, WOLF, EJAK, HOPKINS, FINE, KUBINA, KARPINSKI, and MORGAN were acting under the color of state law when they deprived Plaintiff RILEY FRANZ and Plaintiff's Minor, ISABELLA FRANZ of their clearly established rights, privileges, and immunities in violation of

42

the 14th Amendment of the Constitution of the United States, and of 42 U.S.C. §1983 and §1988.

170. The Defendants exhibited deliberate indifference, pursuant to the Fourteenth Amendment to the United States Constitution, to be free from acts that create the risk of harm and/or increase the risk of harm that an individual will be exposed to private acts of violence, to wit:

    a. Deliberately and intentionally dissuading students and parents from reporting threats so that the students could properly and effectively protect themselves from threats of and/or acts of violence;

    b. Deliberately and intentionally misleading students and parents regarding their investigation of threats reported to the school so that the students could properly and effectively protect themselves from threats of and/or acts of violence;

    c. Deliberately and intentionally misleading students and parents that there has been no threat to the building nor the students of Oxford High School;

    d. Deliberately and intentionally returning Ethan Crumbley to his class with a loaded Sig Saur 9 mm semi-automatic handgun;

    e. Deliberately deciding against involving and advising the proper police authorities of Ethan Crumbley's conduct and making a decision to handle the situation without proper authorities being involved;

    f. Choosing to return Ethan Crumbley to class with a Sig Saur 9 mm semi-automatic handgun after he had been actively searching for ammunition during class on the internet the day before;

    g. Deliberately deciding against searching Ethan Crumbley's backpack;

    h. Deciding against reporting Ethan Crumbley's internet search for ammunition to proper police authorities the day before the shooting;

i.   Deliberately returning Ethan Crumbley to his classroom with a Sig Saur 9 mm semi-automatic handgun and ammunition, after confiscating a picture drawn by Ethan Crumbley which demonstrated a high likelihood that Ethan Crumbley would effectuate a slaughter;

j.   Deciding against internally handling the complaints and threat of a school shooter in the days leading to the November 30, 2021, school shooting rather than involve the proper police authorities;

k.   Deciding against inspecting Ethan Crumbley's backpack which maintained the Sig Saur 9 mm semi-automatic handgun and ammunition used to shoot Plaintiffs and/or Ethan Crumbley's locker, when Defendants maintained custody and  control over same;

l.   Deliberately and intentionally concealing facts from the appropriate law enforcement authority before returning Ethan Crumbley to class where he had access to the Sig Saur 9 mm semi-automatic handgun used to shoot Plaintiffs;

m.  Deliberately deciding against reporting Ethan Crumbley's suspicious behavior to Child Protective Services;

n.   Deliberately deciding against reporting Ethan Crumbley's suspicious behavior to appropriate law enforcement;

o.   Interviewing Ethan Crumbley in front of his parents, knowing that interview would accelerate the violence planned, and creating a more dangerous situation for the students after said interview by, inter alia, providing clearance and the go ahead for Ethan Crumbley to thereafter commit his acts of violence;

p.   Deliberately deciding against having appropriate mental health intervention for Ethan Crumbley prior to returning him to class with a Sig Saur 9 mm semi-automatic handgun;

q.   Demonstrating conduct so reckless that it demonstrates a substantial lack of concern for whether any injury would result;

r.   Wrongfully causing Plaintiffs to suffer extreme emotional distress;

44

s. Recklessly, or otherwise improperly returning Ethan Crumbley to class with the Sig Saur 9 mm semi-automatic handgun, so that he could effectuate his murderous ideology;

t. Enforced the deficient and faulty policies, procedures, and practices set forth in Count III, *infra*, as well as those previously described in this Amended Complaint;

u. The failures and resulting failures of the actions set for in subparagraphs (a)-(q), above;

v. Any and all other breaches that may become known throughout the course of this litigation.

171. That the above-described conduct of Defendants, THRONE, WOLF, EJAK, HOPKINS, FINE, KUBINA, KARPINSKI, and MORGAN as specifically set forth above, were the proximate cause of Plaintiff RILEY FRANZ's injuries and damages, including but not limited to the following:

a. Gunshot wound to the neck;

b. Fright, shock, and terror leading up to the shooting;

c. Conscious pain and suffering;

d. Need for wound care;

e. Need for therapy;

f. Post-Traumatic Stress Disorder;

g. Terrors;

h. Disruption of her life;

i. Pain and suffering;

j. Anxiety;

k. Mental anguish;

l. Emotional Distress;

45

m. Fright and shock;

n. Humiliation and/or mortification;

o. Past and future reasonable medical and hospital expenses;

p. Past and future wage loss and loss of earnings capacity;

q. Need for household services;

r. Need for attendant care;

s. Punitive damages;

t. Exemplary damages;

u. Any and all compensatory damages, both past and future;

v. Attorneys' fees and costs pursuant to 42 U.S.C. §1988;

w. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

x. Any other damages allowed by law.

172. That the above-described conduct of Defendants, THRONE, WOLF, EJAK, HOPKINS, FINE, KUBINA, KARPINSKI, and MORGAN, as specifically set forth above, were the proximate cause of Plaintiffs' Minor, ISABELLA FRANZ's injuries and damages, including but not limited to the following:

a. Post-Traumatic Stress Disorder;

b. Fright, shock, and terror leading up to the shooting;

c. Pain and suffering;

d. Anxiety;

e. Mental anguish;

f. Emotional Distress;

46

    g.  Fright and shock;

    h.  Humiliation and/or mortification;

    i.  Past and future reasonable medical and hospital expenses;

    j.  Past and future wage loss and loss of earnings capacity;

    k.  Need for household services;

    l.  Need for attendant care;

    m. Punitive damages;

    n.  Exemplary damages;

    o.  Any and all compensatory damages, both past and future;

    p.  Attorneys' fees and costs pursuant to 42 U.S.C. §1988;

    q.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

    r.  Any other damages allowed by law.

173.  Defendants are not entitled to governmental or qualified immunity.

**WHEREFORE**, Plaintiffs, RILEY FRANZ and JEFFREY FRANZ and BRANDI FRANZ, as Next Friends of ISABELLA FRANZ, a Minor, request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of One Hundred Million Dollars ($100,000,000.00), together with interest, costs and attorneys' fees, as well as punitive and/or exemplary damages.

47

## COUNT III
## 42 U.S.C. § 1983 – *MONELL* LIABILITY
## DEFENDANT OXFORD COMMUNITY SCHOOL DISTRICT

174.   Plaintiffs hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Amended Complaint.

175.   At all times relevant, Defendant OXFORD COMMUNITY SCHOOL DISTRICT failed and failed adequately to train, discipline and supervise Defendants, THRONE, WOLF, EJAK, HOPKINS, FINE, KUBINA, KARPINSKI, and MORGAN, promulgating and maintaining de facto unconstitutional customs, policies, or practices rendering them liable for the constitutional violations alleged herein under *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658 (1978).

176.   At all times relevant, Defendant OXFORD COMMUNITY SCHOOL DISTRICT knew or should have known that the policies, procedures, training supervision and discipline of Defendants, THRONE, WOLF, EJAK, HOPKINS, FINE, KUBINA, KARPINSKI, and MORGAN, were inadequate for the tasks that each Defendant was required to perform.

177.   At all times relevant, Defendant, OXFORD COMMUNITY SCHOOL DISTRICT failed to establish, implement, or execute adequate policies, procedures, rules and regulations to ensure that their actions did not create or increase the risk Plaintiff RILEY FRANZ and Plaintiffs' Minor ISABELLA FRANZ, would be exposed to private acts of violence.

48

178.   At all times relevant, Defendant, OXFORD COMMUNITY SCHOOL DISTRICT failed to establish, implement, or execute adequate policies, procedures, rules and regulations to ensure that their teachers, counselors and staff do not take actions that create or increase the risk of harm to district's students at Oxford High School, such as Plaintiff RILEY FRANZ, and Plaintiffs' Minor ISABELLA FRANZ.

179.   At all times relevant, Defendant OXFORD COMMUNITY SCHOOL DISTRICT was on notice or should have known, of a history, custom, propensity, and pattern for Defendants, THRONE, WOLF, EJAK, HOPKINS, FINE, KUBINA, KARPINSKI, and MORGAN and other employees of Oxford High School, to fail to properly identify a student with violent tendencies and acted in such a way that created a risk of harm to Oxford High School students and/or increased a risk of harm to Oxford High School students, such as Plaintiff, RILEY FRANZ and Plaintiff's Minor, ISABELLA FRANZ.

180.   Defendant OXFORD COMMUNITY SCHOOL DISTRICT explicitly and implicitly authorized, approved, or knowingly acquiesced in the deliberate indifference to the strong likelihood that constitutional violations, such as in the instant case, would occur, and pursued policies, practices, and customs that were a direct and proximate cause of the deprivations of Plaintiffs' constitutional rights.

181.   At all times relevant, Defendant OXFORD COMMUNITY SCHOOL DISTRICT knew that its policies, procedures, customs, propensity and patterns of

supervising a student with violent tendencies and murderous ideology, would deprive citizens, such as Plaintiff RILEY FRANZ and Plaintiffs' Minor ISABELLA FRANZ, of their constitutional rights.

182. At all times relevant, Defendant OXFORD COMMUNITY SCHOOL DISTRICT knew that its policies, procedures, customs, propensity and patterns allowed principals, counselors, and teachers to return a student with violent tendencies back to his classroom such that their actions created a risk of harm and/or an increased risk of harm to the students at Oxford High School before getting permission from proper authorities.

183. Upon information and belief, Defendant OXFORD COMMUNITY SCHOOL DISTRICT maintained a policy that allowed principals, counselors and teachers to return a fully weaponized violent child with murderous plans, back into a classroom, such that he could effectuate a massacre.

184. By inadequately training and/or supervising their principals and counselors and having a custom or policy of deliberate indifference to the constitutional rights of their citizens, Defendant, OXFORD COMMUNITY SCHOOL DISTRICT, encouraged and cultivated the conduct which violated Plaintiffs rights under the Fourteenth Amendments of the United States Constitution, and provided clearance for Ethan Crumbley to commit his acts of violence, thereby increasing the risk that Plaintiffs would be exposed to Ethan Crumbley's acts of violence.

185. That the above-described conduct of Defendant, OXFORD COMMUNITY SCHOOL DISTRICT, was the proximate cause of Plaintiff, RILEY FRANZ's injuries and damages, including but not limited to the following:

       a.  Gunshot wound to the neck;

       b.  Fright, shock, and terror leading up to the shooting;

       c.  Conscious pain and suffering;

       d.  Need for wound care;

       e.  Need for therapy;

       f.  Post-Traumatic Stress Disorder;

       g.  Terrors;

       h.  Disruption of her life;

       i.  Pain and suffering;

       j.  Anxiety;

       k.  Mental anguish;

       l.  Emotional Distress;

       m. Fright and shock;

       n.  Humiliation and/or mortification;

       o.  Past and future reasonable medical and hospital expenses;

       p.  Past and future wage loss and loss of earnings capacity;

       q.  Need for household services;

       r.  Need for attendant care;

       s.  Punitive damages;

       t.  Exemplary damages;

u.  Any and all compensatory damages, both past and future;

v.  Attorneys' fees and costs pursuant to 42 U.S.C. §1988;

w.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

x.  Any other damages allowed by law.

186.   That the above-described conduct of Defendants was the proximate cause of Plaintiffs' Minor, ISABELLA FRANZ's injuries and damages, including but not limited to the following:

a.  Post-Traumatic Stress Disorder;

b.  Fright, shock, and terror leading up to the shooting;

c.  Pain and suffering;

d.  Anxiety;

e.  Mental anguish;

f.  Emotional Distress;

g.  Fright and shock;

h.  Humiliation and/or mortification;

i.  Past and future reasonable medical and hospital expenses;

j.  Past and future wage loss and loss of earnings capacity;

k.  Need for household services;

l.  Need for attendant care;

m. Punitive damages;

n.  Exemplary damages;

o.  Any and all compensatory damages, both past and future;

52

p. Attorneys' fees and costs pursuant to 42 U.S.C. §1988;

q. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

r. Any other damages allowed by law.

187. Defendants are not entitled to governmental or qualified immunity.

**WHEREFORE**, Plaintiffs, RILEY FRANZ and JEFFREY FRANZ and BRANDI FRANZ, as Next Friends of ISABELLA FRANZ, a Minor, request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of One Hundred Million Dollars ($100,000,000.00), together with interest, costs and attorneys' fees, as well as punitive and/or exemplary damages.

## COUNT IV– GROSS NEGLIGENCE
## DEFENDANT TIMOTHY THRONE

188. Plaintiffs hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Amended Complaint as if fully set forth herein.

189. At all times relevant hereto, and pursuant to Michigan Law, Defendant THRONE owed a duty to act with care for the safety of the public while acting as superintendent of OXFORD COMMUNITY SCHOOL DISTRICT and specifically owed duties to Plaintiff RILEY FRANZ and Plaintiffs' Minor, ISABELLA FRANZ, which duties include, but are not limited to, obeying all laws, statutes and local ordinances in a way that is not grossly negligent.

53

190.   Defendant THRONE had actual knowledge of the threats of violence and shooting made against Oxford High School.

191.   Defendant THRONE had actual knowledge of concerns from parents of students at Oxford High School as well as the students at Oxford High School.

192.   Defendant THRONE viewed social media posts and media which made threats against Oxford High School students.

193.   Despite the posts and knowledge of threats of violence, Defendant THRONE sent correspondence to parents at Oxford High School reassuring them of the safety at the school.

194.   Defendant THRONE announced over the school intercom system at Oxford High School not to worry about any danger and specifically told the children and students at Oxford High School not to post, address, or share information that the school was under threat.

195.   In addition to the social media posts, Defendant THRONE, had actual knowledge of Ethan Crumbley searching for ammunition and making threatening drawings while in class and during school hours at Oxford High School.

196.   Defendant THRONE authorized the meeting between agents of OXFORD COMMUNITY SCHOOL DISTRICT and Jennifer and James Crumbley.

197.   While acting as superintendent of the school, Defendant THRONE knew that a police liaison was present at Oxford High School during the hours that

the meeting between Jennifer and James Crumbley and OXFORD COMMUNITY SCHOOL DISTRICT was held and did not include that officer.

198. While acting as superintendent of the school, Defendant THRONE knew that the subject matter of that meeting was to address threats, searches for ammunition, and violent commentary by Ethan Crumbley.

199. Defendant THRONE allowed Ethan Crumbley to be removed from class during school hours in front of his classmates.

200. Defendant THRONE allowed Ethan Crumbley to sit in a counselor's office for over an hour without any search of his backpack, locker, or phone.

201. Defendant THRONE allowed a meeting to transpire without announcing, warning, or otherwise protecting the students at Oxford High School.

202. Defendant THRONE allowed Ethan Crumbley to threaten the students and warned the students to not report or otherwise mention his threats against them.

203. At all times relevant hereto, Defendant THRONE's conduct was so reckless that it demonstrated a substantial lack of concern for whether an injury resulted when he acted as set forth above.

204. The actions referenced above by Defendant THRONE caused Plaintiffs' minor, RILEY FRANZ, serious injuries to her person including, but not limited to:

   a. Gunshot wound to the neck;

   b. Fright, shock, and terror leading up to the shooting;

c.  Conscious pain and suffering;

d.  Need for wound care;

e.  Need for therapy;

f.  Post-Traumatic Stress Disorder;

g.  Terrors;

h.  Disruption of her life;

i.  Pain and suffering;

j.  Anxiety;

k.  Mental anguish;

l.  Emotional Distress;

m. Fright and shock;

n.  Humiliation and/or mortification;

o.  Past and future reasonable medical and hospital expenses;

p.  Past and future wage loss and loss of earnings capacity;

q.  Need for household services;

r.  Need for attendant care;

s.  Punitive damages;

t.  Exemplary damages;

u.  Any and all compensatory damages, both past and future;

v.  Attorneys' fees and costs;

w. Other damages, injuries, and consequences that are found to be related
   to the incident that develops during the course of discovery; and

x.  Any other damages allowed by Michigan law.

205.    The   actions   referenced   above   by   Defendant   THRONE   caused

Plaintiffs' minor, ISABELLA FRANZ, serious injuries to her person including, but

not limited to:

    a.  Post-Traumatic Stress Disorder;

    b.  Fright, shock, and terror leading up to the shooting;

    c.  Pain and suffering;

    d.  Anxiety;

    e.  Mental anguish;

    f.  Emotional Distress;

    g.  Fright and shock;

    h.  Humiliation and/or mortification;

    i.  Past and future reasonable medical and hospital expenses;

    j.  Past and future wage loss and loss of earnings capacity;

    k.  Need for household services;

    l.  Need for attendant care;

    m. Punitive damages;

    n.  Exemplary damages;

    o.  Any and all compensatory damages, both past and future;

    p.  Attorneys' fees and costs;

    q.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

    r.  Any other damages allowed by Michigan law.

206.   The above actions committed by Defendant THRONE were committed while acting under the course and scope of his employment with OXFORD COMMUNITY SCHOOL DISTRICT.

207.   The above actions committed by Defendant THRONE put the students at Oxford High School and specifically Plaintiff, RILEY FRANZ and Plaintiffs' Minor, ISABELLA FRANZ, in greater danger than they were in prior to Defendant's acts.

208.   That, Defendant THRONE's acts were the most immediate, efficient, and direct causes of RILEY and ISABELLA FRANZ's injuries.

209.   That, Defendant THRONE's acts were the proximate cause of RILEY and ISABELLA FRANZ's RILEY AND ISABELLA FRANZ'S injuries.

210.   But for Defendant THRONE's actions, RILEY AND ISABELLA FRANZhad an opportunity to escape the threat.

211.   Prior to the occurrence of this horrific incident, RILEY AND ISABELLA FRANZ, were healthy, vibrant, and strong young women with every chance at a bright future, and who engaged in the normal activities of life.

**WHEREFORE**, Plaintiffs, RILEY FRANZ and JEFFREY FRANZ and BRANDI FRANZ, as Next Friends of ISABELLA FRANZ, a Minor, respectfully request judgment in their favor and against Defendant, THRONE, in an amount in excess of One Hundred Million Dollars ($100,000,000.00), exclusive of costs, interest, and attorneys' fees.

## COUNT V – GROSS NEGLIGENCE,
## DEFENDANT STEVEN WOLF

212.   Plaintiffs hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Amended Complaint as if fully set forth herein.

213.   At all times relevant hereto, and pursuant to Michigan Law, Defendant WOLF owed a duty to act with care for the safety of the public while acting as principal of Oxford High School and specifically owed duties to Plaintiff, RILEY FRANZ and Plaintiffs' Minor, ISABELLA FRANZ, which duties include, but are not limited to, obeying all laws, statutes and local ordinances in a way that is not grossly negligent.

214.   Defendant WOLF had actual knowledge of the threats of violence and shooting made against Oxford High School.

215.   Defendant WOLF had actual knowledge of concerns from parents of students at Oxford High School as well as the students at Oxford High School.

216.   Defendant WOLF had viewed social media posts and media which made threats against Oxford High School students.

217.   Despite the posts and knowledge of threats of violence, Defendant WOLF sent correspondence to the parents at Oxford High School reassuring them their children were safe at school.

218.    Despite the posts and knowledge of threats of violence, Defendant WOLF sent emails to the parents at Oxford High School instructing them not to share the posts, report the posts, or otherwise take the threats seriously.

219.    While acting as Principal of Oxford High School, Defendant WOLF and Defendant THRONE announced over the school intercom system not to worry about any danger and told the students at Oxford High School not to post, address, or share information that they were being threatened school was under threat.

220.    In addition to the social media posts, Defendant WOLF, had actual knowledge of Ethan Crumbley searching for ammunition, watching videos of shootings, and making threatening drawings while in class and during school hours at Oxford High School.

221.    Defendant WOLF received complaints of threats and violence from Ethan Crumbley by Ethan Crumbley's teachers.

222.    While acting as principal of the school, Defendant WOLF knew that a police liaison was present at Oxford High School during the hours that the meeting between Jennifer and James Crumbley and OXFORD COMMUNITY SCHOOL DISTRICT was held but did not involve them.

223.    Defendant WOLF knew that the subject matter of that meeting was to address threats, searches for ammunition, and violent commentary by Ethan Crumbley.

60

224. Defendant WOLF allowed Ethan Crumbley to be pulled out of class during school hours in front of his classmates.

225. Defendant WOLF allowed Ethan Crumbley to sit in a counselor's office for over an hour without any search of his backpack, locker, or phone.

226. Defendant WOLF allowed a meeting to transpire without announcing, warning, or otherwise protecting the students at Oxford High School.

227. Defendant HOPKINS excited Ethan Crumbley by pulling him out of class, warning him that Child Protective Services might be called (without actually calling Child Protective Services) thereby, encouraging Crumbley to accelerate his timetable for murder.

228. Defendant WOLF allowed Ethan Crumbley to threaten the students and warned the students against reporting or otherwise mentioning the threats.

229. Defendant WOLF gave Ethan Crumbley the opportunity to retrieve the weapon from his backpack and shoot students at Oxford High School.

230. At all times relevant hereto, Defendant WOLF's conduct was so reckless that it demonstrated a substantial lack of concern for whether an injury resulted when he acted as set forth above.

231. The actions referenced above by Defendant WOLF caused Plaintiff, RILEY FRANZ, serious injuries to her person including, but not limited to:

    a. Gunshot wound to the neck;

    b. Fright, shock, and terror leading up to the shooting;

61

c.  Conscious pain and suffering;

d.  Need for wound care;

e.  Need for therapy;

f.  Post-Traumatic Stress Disorder;

g.  Terrors;

h.  Disruption of her life;

i.  Pain and suffering;

j.  Anxiety;

k.  Mental anguish;

l.  Emotional Distress;

m. Fright and shock;

n.  Humiliation and/or mortification;

o.  Past and future reasonable medical and hospital expenses;

p.  Past and future wage loss and loss of earnings capacity;

q.  Need for household services;

r.  Need for attendant care;

s.  Punitive damages;

t.  Exemplary damages;

u.  Any and all compensatory damages, both past and future;

v.  Attorneys' fees and costs;

w. Other damages, injuries, and consequences that are found to be related
   to the incident that develops during the course of discovery; and

x.  Any other damages allowed by Michigan law.

232.   The actions referenced above by Defendant WOLF caused Plaintiffs' Minor, ISABELLA FRANZ, serious injuries to her person including, but not limited to:

    a.  Post-Traumatic Stress Disorder;

    b.  Fright, shock, and terror leading up to the shooting;

    c.  Pain and suffering;

    d.  Anxiety;

    e.  Mental anguish;

    f.  Emotional Distress;

    g.  Fright and shock;

    h.  Humiliation and/or mortification;

    i.  Past and future reasonable medical and hospital expenses;

    j.  Past and future wage loss and loss of earnings capacity;

    k.  Need for household services;

    l.  Need for attendant care;

    m. Punitive damages;

    n.  Exemplary damages;

    o.  Any and all compensatory damages, both past and future;

    p.  Attorneys' fees and costs;

    q.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

    r.  Any other damages allowed by Michigan law.

233.   The above actions committed by Defendant WOLF were committed while acting during the course and scope of his employment with OXFORD COMMUNITY SCHOOL DISTRICT.

234.   The above actions committed by Defendant WOLF put the students at Oxford High School, including RILEY and ISABELLA FRANZ, in great danger.

235.   That, Defendant WOLF's acts were the most immediate, efficient, and direct causes of RILEY and ISABELLA FRANZ's injuries.

236.   That, Defendant WOLF's acts were the proximate cause of RILEY and ISABELLA FRANZ's injuries.

237.   But for Defendant WOLF's actions, RILEY and ISABELLA FRANZ had an opportunity to escape the threat.

238.   Prior to the occurrence of this horrific incident, RILEY AND ISABELLA FRANZ, were healthy, vibrant, and strong young women with every chance at a bright future, and who engaged in the normal activities of life.

**WHEREFORE**, Plaintiffs, RILEY FRANZ, and JEFFREY FRANZ AND BRANDI FRANZ, as next friends of ISABELLA FRANZ, a Minor, respectfully requests judgment in their favor and against Defendant, WOLF, in an amount in excess of One-Hundred-Million-Dollars ($100,000,000.00), exclusive of costs, interest, and attorneys' fees.

## COUNT VI – GROSS NEGLIGENCE, DEFENDANT NICHOLAS EJAK

239.   Plaintiffs hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Amended Complaint as if fully set forth herein.

240.   At all times relevant hereto, and pursuant to Michigan Law, Defendant EJAKEJAK owed a duty to act with care for the safety of the public while acting as Dean of Students at Oxford High School and specifically owed duties to Plaintiffs, RILEY and ISABELLA FRANZ, which duties include, but are not limited to, obeying all laws, statutes and local ordinances in a way that is not grossly negligent.

241.   Defendant EJAK had actual knowledge of the threats of violence and shooting made against Oxford High School.

242.   Defendant EJAK had actual knowledge of concerns from parents of students at Oxford High School as well as the students at Oxford High School.

243.   Defendant EJAK had viewed social media posts and media which made threats against Oxford High School students.

244.   Despite the posts and knowledge of threats of violence, Defendant EJAK reassured students of the safety at the school.

245.   In addition to the social media posts, Defendant EJAK, had actual knowledge of Ethan Crumbley searching for ammunition, watching disturbing videos of shootings, and making threatening drawings while in class and during school hours at Oxford High School.

246.   Defendant EJAK received complaints of threats and violence from Ethan Crumbley by Ethan Crumbley's teachers.

247.   Defendant EJAK met with Jennifer and James Crumbley during school hours while students were still at Oxford High School.

65

248.   While acting as Dean of Students of the school, Defendant EJAK knew that a police liaison was present at Oxford High School during the hours that the meeting between Jennifer and James Crumbley and OXFORD COMMUNITY SCHOOL DISTRICT was held but did not involve them.

249.   Defendant EJAK knew that the subject matter of that meeting was to address threats, searches for ammunition, and violent commentary by Ethan Crumbley.

250.   Defendant EJAK allowed Ethan Crumbley to be pulled out of class during school hours in front of his classmates.

251.   Defendant EJAK allowed Ethan Crumbley to sit in a counselor's office for over an hour without any search of his backpack, locker, or phone.

252.   Defendant EJAK retrieved Ethan Crumbley's backpack and brought it to him despite ethe clear threat Ethan Crumbley posed to the Plaintiffs.

253.   Defendant EJAK allowed a meeting to transpire without announcing, warning, or otherwise protecting the students at Oxford High School.

254.   At all times relevant hereto, Defendant EJAK's conduct was so reckless that it demonstrated a substantial lack of concern for whether an injury resulted when he acted as set forth above.

255.   The actions referenced above by Defendant EJAK caused Plaintiffs' Minor, RILEY FRANZ, serious injuries to her person including, but not limited to:

66

a.  Gunshot wound to the neck;

b.  Fright, shock, and terror leading up to the shooting;

c.  Conscious pain and suffering;

d.  Need for wound care;

e.  Need for therapy;

f.  Post-Traumatic Stress Disorder;

g.  Terrors;

h.  Disruption of her life;

i.  Pain and suffering;

j.  Anxiety;

k.  Mental anguish;

l.  Emotional Distress;

m. Fright and shock;

n.  Humiliation and/or mortification;

o.  Past and future reasonable medical and hospital expenses;

p.  Past and future wage loss and loss of earnings capacity;

q.  Need for household services;

r.  Need for attendant care;

s.  Punitive damages;

t.  Exemplary damages;

u.  Any and all compensatory damages, both past and future;

v.  Attorneys' fees and costs;

w.  Other damages, injuries, and consequences that are found to be related
    to the incident that develops during the course of discovery; and

    x.  Any other damages allowed by Michigan law.

256.   The actions referenced above by Defendant EJAK caused Plaintiffs' Minor, ISABELLA FRANZ, serious injuries to her person including, but not limited to:

    a.  Post-Traumatic Stress Disorder;

    b.  Fright, shock, and terror leading up to the shooting;

    c.  Pain and suffering;

    d.  Anxiety;

    e.  Mental anguish;

    f.  Emotional Distress;

    g.  Fright and shock;

    h.  Humiliation and/or mortification;

    i.  Past and future reasonable medical and hospital expenses;

    j.  Past and future wage loss and loss of earnings capacity;

    k.  Need for household services;

    l.  Need for attendant care;

    m. Punitive damages;

    n.  Exemplary damages;

    o.  Any and all compensatory damages, both past and future;

    p.  Attorneys' fees and costs;

    q.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

    r.  Any other damages allowed by Michigan law.

257.   The above actions committed by Defendant EJAK were committed while acting during the course and scope of his employment with OXFORD COMMUNITY SCHOOL DISTRICT.

258.   The above actions committed by Defendant EJAK put the students at Oxford High School, including RILEY and ISABELLA FRANZ, in great danger.

259.   That, Defendant EJAK's acts were the most immediate, efficient, and direct causes of RILEY and ISABELLA FRANZ's injuries.

260.   That, Defendant EJAK's acts were the proximate cause of RILEY and ISABELLA FRANZ's injuries.

261.   But for Defendant EJAK's actions, RILEY and ISABELLA FRANZ had an opportunity to escape the threat.

262.   Prior to the occurrence of this horrific incident, RILEY and ISABELLA FRANZ, were healthy, vibrant, and strong young women with every chance at a bright future, and who engaged in the normal activities of life.

**WHEREFORE**, Plaintiffs, RILEY FRANZ, and JEFFREY FRANZ AND BRANDI FRANZ, as next friends of ISABELLA FRANZ, a Minor, respectfully requests judgment in their favor and against Defendant, EJAK, in an amount in excess of One Hundred Million Dollars ($100,000,000.00), exclusive of costs, interest, and attorneys' fees.

## COUNT VII-GROSS NEGLIGENCE
## DEFENDANT SHAWN HOPKINS

263.   Plaintiffs hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Amended Complaint as if fully set forth herein.

264.   At all times relevant hereto, and pursuant to Michigan Law, Defendant SHAWN HOPKINS owed a duty to act with care for the safety of the public while acting as a counselor of Oxford High School and specifically owed duties to RILEY and ISABELLA FRANZ, which duties include, but are not limited to, obeying all laws, statutes and local ordinances in a way that is not grossly negligent.

265.   Defendant SHAWN HOPKINS had actual knowledge of the threats of violence and shooting made against Oxford High School.

266.   Defendant SHAWN HOPKINS had actual knowledge of concerns from parents of students at Oxford High School as well as the students at Oxford High School.

267.   Defendant SHAWN HOPKINS had viewed social media posts and media which made threats against Oxford High School students.

268.   In addition to the social media posts, Defendant SHAWN HOPKINS, had actual knowledge of Ethan Crumbley searching for ammunition and making threatening drawings while in class and during school hours at Oxford High School.

269.   SHAWN HOPKINS had actual knowledge that Ethan Crumbley was searching for and watching shooting videos on the day same day as he was making threatening drawings while in class and during school hours at Oxford High School.

270.   SHAWN HOPKINS knew that Ethan Crumbley had motivation to commit the acts after the passing of his dog and the loss of his best friend.

271.   SHAWN HOPKINS had specialized training in detecting threating behavior, such as that exhibited by Ethan Crumbley.

272.   SHAWN HOPKINS had specialized training in defusing a situation, such as the threats made by Ethan Crumbley.

273.   SHAWN HOPKINS removed Ethan Crumbley from his classroom in front of his classmates.

274.   Defendant SHAWN HOPKINS met with Ethan Crumbley for over an hour, during school hours, while students were still at Oxford High School.

275.   Defendant SHAWN HOPKINS was able to observe Ethan Crumbley's mannerisms while he had a gun next to him in his backpack.

276.   Defendant SHAWN HOPKINS knew that the subject matter of that meeting was to address threats, searches for ammunition, and violent commentary by Ethan Crumbley.

277.   SHAWN HOPKINS allowed Ethan Crumbley to sit in their office for over an hour without any search of his backpack, locker, or phone.

278.   Defendant SHAWN HOPKINS allowed a meeting to transpire without announcing, warning, or otherwise protecting the students at Oxford High School.

279.   Defendant SHAWN HOPKINS was so concerned about Ethan's mental health and wellbeing that a demand for immediate counseling was made and knew that immediate mental health intervention would not be provided.

280.   Defendant SHAWN HOPKINS excited Ethan Crumbley by pulling him out of class, warning him that Child Protective Services might be called (without calling Child Protective Services) thereby, encouraging Crumbley to accelerate his timetable for murder.

281.   Defendant SHAWN HOPKINS knew about the violent ideations and the acceleration of those ideations in interacting with Ethan Crumbley the day(s) prior to the shooting rampage.

282.   Defendant SHAWN HOPKINS allowed Ethan Crumbley to threaten the students and warned the students against reporting or otherwise mentioning the threats.

283.   Defendant SHAWN HOPKINS gave Ethan Crumbley the opportunity to retrieve the weapon from his backpack and shoot students at Oxford High School.

284.   At all times relevant hereto, Defendant SHAWN HOPKINS's conduct was so reckless that it demonstrated a substantial lack of concern for whether an injury resulted when he acted as set forth above.

285.    The actions referenced above by Defendant SHAWN HOPKINS caused Plaintiffs' Minor, RILEY FRANZ, serious injuries to her person including, but not limited to:

      a. Gunshot wound to the neck;

      b. Fright, shock, and terror leading up to the shooting;

      c. Conscious pain and suffering;

      d. Need for wound care;

      e. Need for therapy;

      f. Post-Traumatic Stress Disorder;

      g. Terrors;

      h. Disruption of her life;

      i. Pain and suffering;

      j. Anxiety;

      k. Mental anguish;

      l. Emotional Distress;

      m. Fright and shock;

      n. Humiliation and/or mortification;

      o. Past and future reasonable medical and hospital expenses;

      p. Past and future wage loss and loss of earnings capacity;

      q. Need for household services;

      r. Need for attendant care;

      s. Punitive damages;

      t. Exemplary damages;

u.  Any and all compensatory damages, both past and future;

v.  Attorneys' fees and costs;

w.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

x.  Any other damages allowed by Michigan law.

286.  The actions referenced in above by Defendant SHAWN HOPKINS caused Plaintiffs' Minor, ISABELLA FRANZ, serious injuries to her person including, but not limited to:

a.  Post-Traumatic Stress Disorder;

b.  Fright, shock, and terror leading up to the shooting;

c.  Pain and suffering;

d.  Anxiety;

e.  Mental anguish;

f.  Emotional Distress;

g.  Fright and shock;

h.  Humiliation and/or mortification;

i.  Past and future reasonable medical and hospital expenses;

j.  Past and future wage loss and loss of earnings capacity;

k.  Need for household services;

l.  Need for attendant care;

m.  Punitive damages;

n.  Exemplary damages;

o.  Any and all compensatory damages, both past and future;

p.  Attorneys' fees and costs;

q. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

r. Any other damages allowed by Michigan law.

287. The above actions committed by Defendant SHAWN HOPKINS were committed while acting during the course and scope of their employment with OXFORD COMMUNITY SCHOOL DISTRICT.

288. The above actions committed by Defendant SHAWN HOPKINS put the students at Oxford High School, including RILEY and ISABELLA FRANZ, in great danger.

289. That, Defendant SHAWN HOPKINS's acts were the most immediate, efficient, and direct causes of RILEY and ISABELLA FRANZ's injuries.

290. That, Defendant SHAWN HOPKINS's acts were the proximate cause of RILEY and ISABELLA FRANZ's injuries.

291. But for Defendant SHAWN HOPKINS's actions, RILEY and ISABELLA FRANZ had an opportunity to escape the threat.

292. Prior to the occurrence of this horrific incident, RILEY and ISABELLA FRANZ , were healthy, vibrant, and strong young women with every chance at a bright future, and who engaged in the normal activities of life.

**WHEREFORE**, Plaintiffs, RILEY FRANZ, and JEFFREY FRANZ AND BRANDI FRANZ, as next friends of ISABELLA FRANZ, a Minor, respectfully requests judgment in their favor and against Defendant, SHAWN HOPKINS, in an

amount in excess of One Hundred Million Dollars ($100,000,000.00), exclusive of costs, interest, and attorneys' fees.

**COUNT VIII – GROSS NEGLIGENCE,
DEFENDANT PAMELA FINE**

293.    Plaintiffs hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Amended Complaint as if fully set forth herein.

294.    At all times relevant hereto, and pursuant to Michigan Law, Defendant PAMELA FINE owed a duty to act with care for the safety of the public while acting as counselor of Oxford High School and specifically owed duties to Plaintiffs, RILEY and ISABELLA FRANZ, which duties include, but are not limited to, obeying all laws, statutes and local ordinances in a way that is not grossly negligent.

295.    Defendant PAMELA FINE had actual knowledge of the threats of violence and shooting made against Oxford High School.

296.    Defendant PAMELA FINE had actual knowledge of concerns from parents of students at Oxford High School as well as the students at Oxford High School.

297.    Defendant PAMELA FINE had viewed social media posts and media which made threats against Oxford High School students.

298.    In addition to the social media posts, Defendant PAMELA FINE, had actual knowledge of Ethan Crumbley searching for ammunition, watching videos of

76

shootings, and making threatening drawings while in class and during school hours at Oxford High School.

299.  PAMELA FINE had specialized training in detecting threating behavior, such as that exhibited by Ethan Crumbley.

300.  PAMELA FINE had specialized training in defusing a situation, such as the threats made by Ethan Crumbley.

301.  Defendant PAMELA FINE met with Ethan Crumbley for over an hour, during school hours, while students were still at Oxford High School.

302.  Defendant PAMELA FINE was able to observe Ethan Crumbley's mannerisms while he had a gun next to him in his backpack.

303.  Defendant PAMELA FINE knew that the subject matter of that meeting was to address threats, searches for ammunition, and violent commentary by Ethan Crumbley.

304.  PAMELA FINE allowed Ethan Crumbley to sit their office for over an hour without any search of his backpack, locker, or phone.

305.  Defendant PAMELA FINE allowed a meeting to transpire without announcing, warning, or otherwise protecting the students at Oxford High School.

306.  Defendant PAMELA FINE allowed Ethan Crumbley to threaten the students and warned the students against reporting or otherwise mentioning the threats.

307.   Defendant PAMELA FINE gave Ethan Crumbley the opportunity to retrieve the weapon from his backpack and shoot students at Oxford High School.

308.   At all times relevant hereto, Defendant PAMELA FINE 's conduct was so reckless that it demonstrated a substantial lack of concern for whether an injury resulted when he acted as set forth above.

309.   The actions referenced in above by Defendant PAMELA FINE caused Plaintiffs' Minor, RILEY FRANZ, serious injuries to her person including, but not limited to:

   a.  Gunshot wound to the neck;

   b.  Fright, shock, and terror leading up to the shooting;

   c.  Conscious pain and suffering;

   d.  Need for wound care;

   e.  Need for therapy;

   f.  Post-Traumatic Stress Disorder;

   g.  Terrors;

   h.  Disruption of her life;

   i.  Pain and suffering;

   j.  Anxiety;

   k.  Mental anguish;

   l.  Emotional Distress;

   m. Fright and shock;

   n.  Humiliation and/or mortification;

   o.  Past and future reasonable medical and hospital expenses;

78

p.  Past and future wage loss and loss of earnings capacity;

q.  Need for household services;

r.  Need for attendant care;

s.  Punitive damages;

t.  Exemplary damages;

u.  Any and all compensatory damages, both past and future;

v.  Attorneys' fees and costs;

w.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

x.  Any other damages allowed by Michigan law.

310.  The actions referenced in above by Defendant PAMELA FINE  caused Plaintiffs' Minor, ISABELLA FRANZ, serious injuries to her person including, but not limited to:

a.  Post-Traumatic Stress Disorder;

b.  Fright, shock, and terror leading up to the shooting;

c.  Pain and suffering;

d.  Anxiety;

e.  Mental anguish;

f.  Emotional Distress;

g.  Fright and shock;

h.  Humiliation and/or mortification;

i.  Past and future reasonable medical and hospital expenses;

j.  Past and future wage loss and loss of earnings capacity;

k.  Need for household services;

79

l.  Need for attendant care;

m. Punitive damages;

n.  Exemplary damages;

o.  Any and all compensatory damages, both past and future;

p.  Attorneys' fees and costs;

q.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

r.  Any other damages allowed by Michigan law.

311.   The above actions committed by Defendant PAMELA FINE were committed while during under the course and scope of their employment with OXFORD COMMUNITY SCHOOL DISTRICT.

312.   The above actions committed by Defendant PAMELA FINE put the students at Oxford High School, RILEY and ISABELLA FRANZ, in great danger.

313.   That, Defendant PAMELA FINE's acts were the most immediate, efficient, and direct causes of RILEY and ISABELLA FRANZ's injuries.

314.   That, Defendant PAMELA FINE's acts were the proximate cause of RILEY and ISABELLA FRANZ's injuries.

315.   But for Defendant PAMELA FINE 's actions, RILEY and ISABELLA FRANZ had an opportunity to escape the threat.

316.   Prior to the occurrence of this horrific incident, RILEY and ISABELLA FRANZ, were healthy, vibrant, and strong young women with every chance at a bright future, and who engaged in the normal activities of life.

**WHEREFORE**, Plaintiffs, RILEY FRANZ, and JEFFREY FRANZ AND BRANDI FRANZ, as next friends of ISABELLA FRANZ, a Minor, respectfully requests judgment in their favor and against Defendant, PAMELA FINE, in an amount in excess of One Hundred Million Dollars ($100,000,000.00), exclusive of costs, interest, and attorneys' fees.

## COUNT IX-GROSS NEGLIGENCE
## DEFENDANT BECKY MORGAN

317. Plaintiffs hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Amended Complaint as if fully set forth herein.

318. At all times relevant hereto, and pursuant to Michigan Law, Defendant BECKY MORGAN owed a duty to act with care for the safety of the public while acting as an agent of Oxford High School and specifically owed duties to RILEY and ISABELLA FRANZ, which duties include, but are not limited to, obeying all laws, statutes and local ordinances in a way that is not grossly negligent.

319. Defendant BECKY MORGAN had actual knowledge of the threats of violence and shooting made against Oxford High School.

320. Defendant BECKY MORGAN had actual knowledge of concerns from parents of students at Oxford High School as well as the students at Oxford High School.

321. Defendant BECKY MORGAN had viewed social media posts and media which made threats against Oxford High School students.

81

322.   In addition to the social media posts, Defendant BECKY MORGAN, had actual knowledge of Ethan Crumbley searching for ammunition and making threatening drawings while in class and during school hours at Oxford High School.

323.   Defendant BECKY MORGAN made a knowing and deliberate decision not to involve the school safety liaison officer of Ethan Crumbley's behavior and knowingly and deliberately decided not to inform him of his meeting with Ethan Crumbley regarding the same.

324.   Defendant BECKY MORGAN was able to observe Ethan Crumbley's mannerisms and violent tendencies.

325.   Defendant BECKY MORGAN knew that the subject matter of that meeting was to address threats, searches for ammunition, and violent commentary by Ethan Crumbley.

326.   At all times relevant hereto, Defendant BECKY MORGAN's conduct was so reckless that it demonstrated a substantial lack of concern for whether an injury resulted when he acted as set forth above.

327.   The actions referenced in above by Defendant BECKY MORGAN caused Plaintiffs' Minor, RILEY FRANZ, serious injuries to her person including, but not limited to:

     a. Gunshot wound to the neck;

     b. Fright, shock, and terror leading up to the shooting;

     c. Conscious pain and suffering;

d.  Need for wound care;

e.  Need for therapy;

f.  Post-Traumatic Stress Disorder;

g.  Terrors;

h.  Disruption of her life;

i.  Pain and suffering;

j.  Anxiety;

k.  Mental anguish;

l.  Emotional Distress;

m. Fright and shock;

n.  Humiliation and/or mortification;

o.  Past and future reasonable medical and hospital expenses;

p.  Past and future wage loss and loss of earnings capacity;

q.  Need for household services;

r.  Need for attendant care;

s.  Punitive damages;

t.  Exemplary damages;

u.  Any and all compensatory damages, both past and future;

v.  Attorneys' fees and costs;

w. Other damages, injuries, and consequences that are found to be related
to the incident that develops during the course of discovery; and

x.  Any other damages allowed by Michigan law.

328.   The actions referenced above by Defendant BECKY MORGAN caused Plaintiffs' Minor, ISABELLA FRANZ, serious injuries to her person including, but not limited to:

a.  Post-Traumatic Stress Disorder;

b.  Fright, shock, and terror leading up to the shooting;

c.  Pain and suffering;

d.  Anxiety;

e.  Mental anguish;

f.  Emotional Distress;

g.  Fright and shock;

h.  Humiliation and/or mortification;

i.  Past and future reasonable medical and hospital expenses;

j.  Past and future wage loss and loss of earnings capacity;

k.  Need for household services;

l.  Need for attendant care;

m. Punitive damages;

n.  Exemplary damages;

o.  Any and all compensatory damages, both past and future;

p.  Attorneys' fees and costs;

q.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

r.  Any other damages allowed by Michigan law.

329.   The above actions committed by Defendant BECKY MORGAN were committed while acting under the course and scope of their employment with OXFORD COMMUNITY SCHOOL DISTRICT.

330.   The above actions committed by Defendant BECKY MORGAN put the students at Oxford High School, including RILEY and ISABELLA FRANZ, in great danger.

331.   That, Defendant BECKY MORGAN's acts were the most immediate, efficient, and direct causes of RILEY and ISABELLA FRANZ's injuries.

332.   That, Defendant BECKY MORGAN's acts were the proximate cause of RILEY AND ISABELLA FRANZ'S injuries.

333.   But for Defendant BECKY MORGAN's actions, RILEY and ISABELLA FRANZ had an opportunity to escape the threat.

334.   Prior to the occurrence of this horrific incident, RILEY and ISABELLA FRANZ, were healthy, vibrant, and strong young women with every chance at a bright future, and who engaged in the normal activities of life.

**WHEREFORE**, Plaintiffs, RILEY FRANZ, and JEFFREY FRANZ AND BRANDI FRANZ, as next friends of ISABELLA FRANZ, a Minor, respectfully requests judgment in their favor and against Defendant, BECKY MORGAN in an amount in excess of One Hundred Million Dollars ($100,000,000.00), exclusive of costs, interest, and attorneys' fees.

## COUNT X-GROSS NEGLIGENCE
## DEFENDANT JACQUELYN KUBINA

335.   Plaintiffs hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Amended Complaint as if fully set forth herein.

336.   At all times relevant hereto, and pursuant to Michigan Law, Defendant JACQUELYN KUBINA owed a duty to act with care for the safety of the public while acting as a teacher of Oxford High School and specifically owed duties to RILEY and ISABELLA FRANZ, which duties include, but are not limited to, obeying all laws, statutes and local ordinances in a way that is not grossly negligent.

337.   Defendant JACQUELYN KUBINA had actual knowledge of the threats of violence and shooting made against Oxford High School.

338.   In addition to the social media posts, Defendant JACQUELYN KUBINA, had actual knowledge of Ethan Crumbley searching for ammunition while in class and during school hours at Oxford High School.

339.   JACQUELYN KUBINA made a deliberate decision not to inform the school on-campus- officer of the frightening and threatening search.

340.   JACQUELYN KUBINA made a deliberate decision not to search Ethan Crumbley's backpack.

341.   JACQUELYN KUBINA made a deliberate decision not to suspend or otherwise discipline Ethan Crumbley.

342.   At all times relevant hereto, Defendant JACQUELYN KUBINA's conduct was so reckless that it demonstrated a substantial lack of concern for whether an injury resulted when he/she acted as set forth above.

343.   The actions referenced above by Defendant JACQUELYN KUBINA caused Plaintiffs' Minor, RILEY FRANZ, serious injuries to her person including, but not limited to:

      a.  Gunshot wound to the neck;

      b.  Fright, shock, and terror leading up to the shooting;

      c.  Conscious pain and suffering;

      d.  Need for wound care;

      e.  Need for therapy;

      f.  Post-Traumatic Stress Disorder;

      g.  Terrors;

      h.  Disruption of her life;

      i.  Pain and suffering;

      j.  Anxiety;

      k.  Mental anguish;

      l.  Emotional Distress;

      m. Fright and shock;

      n.  Humiliation and/or mortification;

      o.  Past and future reasonable medical and hospital expenses;

      p.  Past and future wage loss and loss of earnings capacity;

      q.  Need for household services;

r.  Need for attendant care;

s.  Punitive damages;

t.  Exemplary damages;

u.  Any and all compensatory damages, both past and future;

v.  Attorneys' fees and costs;

w.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

x.  Any other damages allowed by Michigan law.

344.   The actions referenced above by Defendant JACQUELYN KUBINA caused Plaintiffs' Minor, ISABELLA FRANZ, serious injuries to her person including, but not limited to:

a.  Post-Traumatic Stress Disorder;

b.  Fright, shock, and terror leading up to the shooting;

c.  Pain and suffering;

d.  Anxiety;

e.  Mental anguish;

f.  Emotional Distress;

g.  Fright and shock;

h.  Humiliation and/or mortification;

i.  Past and future reasonable medical and hospital expenses;

j.  Past and future wage loss and loss of earnings capacity;

k.  Need for household services;

l.  Need for attendant care;

m. Punitive damages;

n. Exemplary damages;

o. Any and all compensatory damages, both past and future;

p. Attorneys' fees and costs;

q. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

r. Any other damages allowed by Michigan law.

345. The above actions committed by Defendant JACQUELYN KUBINA were committed while acting under the course and scope of their employment with OXFORD COMMUNITY SCHOOL DISTRICT.

346. The above actions committed by Defendant JACQUELYN KUBINA put the students at Oxford High School, including RILEY and ISABELLA FRANZ, in great danger.

347. That, Defendant JACQUELYN KUBINA's acts were the most immediate, efficient, and direct causes of RILEY and ISABELLA FRANZ's injuries.

348. That, Defendant JACQUELYN KUBINA's acts were the proximate cause of RILEY and ISABELLA FRANZ's injuries.

349. But for Defendant JACQUELYN KUBINA's actions, RILEY and ISABELLA FRANZ had an opportunity to escape the threat.

350. Prior to the occurrence of this horrific incident, RILEY and ISABELLA FRANZ, were healthy, vibrant, and strong young women with every chance at a bright future, and who engaged in the normal activities of life.

**WHEREFORE**, Plaintiffs, JEFFREY FRANZ AND BRANDI FRANZ, as next friends of RILEY FRANZ, a Minor and ISABELLA FRANZ, a Minor, respectfully requests judgment in their favor and against Defendant, JACQUELYN KUBINA, in an amount in excess of One Hundred Million Dollars ($100,000,000.00), exclusive of costs, interest, and attorneys' fees.

## COUNT XI-GROSS NEGLIGENCE
## DEFENDANT ALLISON KARPINSKI

351.   Plaintiffs hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Amended Complaint as if fully set forth herein.

352.   At all times relevant hereto, and pursuant to Michigan Law, Defendant ALLISON KARPINSKI owed a duty to act with care for the safety of the public while acting as teacher at Oxford High School and specifically owed duties to RILEY and ISABELLA FRANZ, which duties include, but are not limited to, obeying all laws, statutes and local ordinances in a way that is not grossly negligent.

353.   Defendant ALLISON KARPINSKI had actual knowledge of the threats of violence and shooting made against Oxford High School.

354.   In addition to the social media posts, Defendant ALLISON KARPINSKI, had actual knowledge of Ethan Crumbley making threating drawings and watching videos of a shooting while in class and during school hours at Oxford High School.

90

355.   ALLISON KARPINSKI made a deliberate decision not to inform the school on-campus- officer of the frightening and threatening drawing and search for shooting videos, as well as the searches for ammunition.

356.   ALLISON KARPINSKI made a deliberate decision not to search Ethan Crumbley's backpack.

357.   ALLISON KARPINSKI made a deliberate decision not to suspend or otherwise discipline Ethan Crumbley.

358.   At all times relevant hereto, Defendant ALLISON KARPINSKI's conduct was so reckless that it demonstrated a substantial lack of concern for whether an injury resulted when he/she acted as set forth above.

359.   The actions referenced above by Defendant ALLISON KARPINSKI caused Plaintiffs' Minor, RILEY FRANZ, serious injuries to her person including, but not limited to:

  a.  Gunshot wound to the neck;

  b.  Fright, shock, and terror leading up to the shooting;

  c.  Conscious pain and suffering;

  d.  Need for wound care;

  e.  Need for therapy;

  f.  Post-Traumatic Stress Disorder;

  g.  Terrors;

  h.  Disruption of her life;

  i.  Pain and suffering;

j.  Anxiety;

k.  Mental anguish;

l.  Emotional Distress;

m. Fright and shock;

n.  Humiliation and/or mortification;

o.  Past and future reasonable medical and hospital expenses;

p.  Past and future wage loss and loss of earnings capacity;

q.  Need for household services;

r.  Need for attendant care;

s.  Punitive damages;

t.  Exemplary damages;

u.  Any and all compensatory damages, both past and future;

v.  Attorneys' fees and costs;

w. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

x.  Any other damages allowed by Michigan law.

360.   The actions referenced above by Defendant ALLISON KARPINSKI caused Plaintiffs' Minor, ISABELLA FRANZ, serious injuries to her person including, but not limited to:

a.  Post-Traumatic Stress Disorder;

b.  Fright, shock, and terror leading up to the shooting;

c.  Pain and suffering;

d.  Anxiety;

e.  Mental anguish;

    f.  Emotional Distress;

    g.  Fright and shock;

    h.  Humiliation and/or mortification;

    i.  Past and future reasonable medical and hospital expenses;

    j.  Past and future wage loss and loss of earnings capacity;

    k.  Need for household services;

    l.  Need for attendant care;

    m. Punitive damages;

    n.  Exemplary damages;

    o.  Any and all compensatory damages, both past and future;

    p.  Attorneys' fees and costs;

    q.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

    r.  Any other damages allowed by Michigan law.

361.  The above actions committed by Defendant ALLISON KARPINSKI were committed while during under the course and scope of their employment with OXFORD COMMUNITY SCHOOL DISTRICT.

362.  The above actions committed by Defendant ALLISON KARPINSKI put the students at Oxford High School, including RILEY AND ISABELLA FRANZ, in great danger.

363.  That, Defendant ALLISON KARPINSKI's acts were the most immediate, efficient, and direct causes of RILEY and ISABELLA FRANZ's injuries.

364.   That, Defendant ALLISON KARPINSKI's acts were the proximate cause of RILEY and ISABELLA FRANZ's injuries.

365.   But for Defendant ALLISON KARPINSKI's actions, RILEY and ISABELLA FRANZ had an opportunity to escape the threat.

366.   Prior to the occurrence of this horrific incident, RILEY and ISABELLA FRANZ s, were healthy, vibrant, and strong young women with every chance at a bright future, and who engaged in the normal activities of life.

**WHEREFORE**, Plaintiffs, JEFFREY FRANZ AND BRANDI FRANZ, as next friends of RILEY FRANZ, a Minor and ISABELLA FRANZ, a Minor, respectfully requests judgment in their favor and against Defendant, ALLISON KARPINSKI, in an amount in excess of One Hundred Million Dollars ($100,000,000.00), exclusive of costs, interest, and attorneys' fees.

## COUNT XII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/ NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS TO PLAINTIFF RILEY FRANZ BY ALL DEFENDANTS

367.   Plaintiffs' Minor hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Amended Complaint as if fully set forth herein.

368.   At the time of the above-described incident, Defendants acted in an extreme and outrageous manner. Their actions went beyond all bounds of decency.

369.   At the time of the above-described incident, Defendants acted in a manner that was so reckless as to demonstrate a substantial lack of concern for whether an injury results.

370.   Defendants intentionally and/or recklessly caused young RILEY FRANZ to suffer severe mental and emotional distress and to be severely and permanently injured physically, mentally, and emotionally.

371.   The actions of all Defendants caused serious emotional injuries resulting in physical manifestations and/or physical consequences as the direct result of defendants' conduct including, but not limited to increased anxiety, headaches, nausea, nightmares, dizziness, loss of appetite, and severe crying spells.

372.   Additionally, and as the direct result of the actions taken by the Defendants Plaintiff, RILEY FRANZ, suffered serious injuries to her person including, but not limited to:

      a.  Gunshot wound to the neck;

      b.  Fright, shock, and terror leading up to the shooting;

      c.  Conscious pain and suffering;

      d.  Need for wound care;

      e.  Need for therapy;

      f.  Post-Traumatic Stress Disorder;

      g.  Terrors;

      h.  Disruption of her life;

      i.  Pain and suffering;

j.   Anxiety;

k.   Mental anguish;

l.   Emotional Distress;

m.  Fright and shock;

n.   Humiliation and/or mortification;

o.   Past and future reasonable medical and hospital expenses;

p.   Past and future wage loss and loss of earnings capacity;

q.   Need for household services;

r.   Need for attendant care;

s.   Punitive damages;

t.   Exemplary damages;

u.   Any and all compensatory damages, both past and future;

v.   Attorneys' fees and costs;

w.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

x.   Any other damages allowed by Michigan law.

**WHEREFORE**, Plaintiffs, JEFFREY FRANZ AND BRANDI FRANZ, as next friends of RILEY FRANZ, a Minor and ISABELLA FRANZ, a Minor, respectfully requests judgment in their favor and against Defendants in an amount in excess of One Hundred Million Dollars ($100,000,000.00), exclusive of costs, interest, and attorneys' fees.

## COUNT XIII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/ NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS TO PLAINTIFF ISABELLA FRANZ BY ALL DEFENDANTS

373.   Plaintiffs hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Amended Complaint as if fully set forth herein.

374.   At the time of the above-described incident, Defendants acted in extreme and outrageous manner. Their actions went beyond all bounds of decency.

375.   At the time of the above-described incident, Defendants acted in a manner that was so reckless as to demonstrate a substantial lack of concern for whether an injury results.

376.   Plaintiff, ISABELLA FRANZ, watched her sister RILEY FRANZ, as well as several other students were shot, and killed.

377.   Plaintiff, ISABELLA FRANZ, was caused to witness the infliction of gunshot injuries upon her sister and her classmates and contemporaneously experienced and continues to experience the consequential effects thereof, due to the intentional and/or reckless behavior of the Defendants.

378.   Defendants intentionally and/or recklessly caused ISABELLA Franz to suffer severe mental and emotional distress and to be severely and permanently injured physically, mentally, and emotionally.

379.   The actions of all Defendants caused serious emotional injuries resulting in physical manifestations and/ or physical consequences as the direct

result of defendant's conduct including, but not limited to increased anxiety, headaches, nausea, nightmares, dizziness, loss of appetite, and severe crying spells.

380.   Additionally, and as the direct result of the actions taken by the Defendants Plaintiff, RILEY FRANZ, serious injuries to her person including, but not limited to:

    a.  Post-Traumatic Stress Disorder;

    b.  Fright, shock, and terror leading up to the shooting;

    c.  Pain and suffering;

    d.  Anxiety;

    e.  Mental anguish;

    f.  Emotional Distress;

    g.  Fright and shock;

    h.  Humiliation and/or mortification;

    i.  Past and future reasonable medical and hospital expenses;

    j.  Past and future wage loss and loss of earnings capacity;

    k.  Need for household services;

    l.  Need for attendant care;

    m. Punitive damages;

    n.  Exemplary damages;

    o.  Any and all compensatory damages, both past and future;

    p.  Attorneys' fees and costs;

    q.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

    r.  Any other damages allowed by Michigan law.

**WHEREFORE**, Plaintiffs, JEFFREY FRANZ AND BRANDI FRANZ, as next friends of RILEY FRANZ, a Minor and ISABELLA FRANZ, a Minor, respectfully requests judgment in their favor and against Defendants in an amount in excess of One-Hundred-Million-Dollars ($100,000,000.00), exclusive of costs, interest, and attorneys' fees.

## COUNT XIV- VIOLATION OF CHILD PROTECTION LAW, MCL§ 722.621, *ET SEQ,* ALL DEFENDANTS

381.   Plaintiffs hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Amended Complaint as if fully set forth herein.

382.   That all of the above-described facts, allegations contained and previously alleged herein pertaining to Plaintiffs constitute child endangerment and/or child neglect and/or reasonable cause to suspect child abuse or endangerment, as defined under MCL§ 722.622.

383.   Pursuant to MCL§722.621, *et seq,* each and every Defendant, including Defendant OXFORD COMMUNITY SCHOOL DISTRICT, under the doctrine of vicarious liability for the actions of its employees and agents, had a statutory duty to report suspected child abuse and/or endangerment of the children at Oxford High School.

384.   RILEY and ISABELLA FRANZ were foreseeable victims protected under the Laws of the State of Michigan, specifically MCL§722.621, *et seq.*

385. Each and every Defendant is classified by the statute as a mandatory reporter.

386. Not a single Defendant reported the endangerment caused by the threats of Ethan Crumbley to Child Protection Services.

387. RILEY and ISABELLA FRANZ were in imminent danger of bodily injury, mental, or physical impairment or death.

388. Defendants knew that Oxford High School students were under threat and yet, allowed the Minor Plaintiffs to be in directly in the crosshairs of that threat.

389. Defendants' actions directly caused RILEY and ISABELLA FRANZ to be in imminent danger of bodily injury, mental or physical impairment, or death.

390. Based upon the information that each and every Defendant possessed, as described herein, all Defendants were required to report Ethan Crumbley to Child Protection Services.

391. Despite knowing of the intent of Crumbley to purchase ammunition, reasonable suspicion that he had a gun, boastful posts about *his* gun, and reams of writings indicating that murder was on his mind, not a single Defendant reported any of the child abuse, neglect, or endangerment to Child Protective Services.

392. All Defendants had knowledge of a real threat to the students at Oxford High School.

393. All Defendants were extremely concerned about Ethan Crumbley's behavior and recognized that he needed immediate mental health intervention and

knew that such intervention was not likely to be provided, putting the students at Oxford High School in danger.

394.   All Defendants failed to take action to prevent the known threat to the students. In fact, perpetrated the threat thereby, placing the Minor Plaintiffs in greater danger.

395.   Defendants took affirmative action to place the Minor Plaintiffs in greater danger.

396.   Not a single Defendant reported the suspected child endangerment to Child Protective Services.

397.   Defendants' failure to report the child endangerment and/or child neglect and/or their reasonable cause to suspect child abuse or endangerment was the most immediate, efficient, and direct causes of RILEY and ISABELLA FRANZ suffering physical, mental, and emotional damages.

398.   Defendants' failure to report the child endangerment and/or child neglect and/or their reasonable cause to suspect child abuse or endangerment was "a" and "the" proximate cause of RILEY and ISABELLA FRANZ suffering physical, mental, and emotional damages.

399.   MCL§ 722.633 requires that  any person responsible and who does not report suspected  child endangerment and/or child neglect and/or  has reasonable cause  to suspect child  abuse  or endangerment is   civilly liable  for damages

proximately caused by the failure to report the same. Each Defendant herein is a mandatory reporter under the act.

400.   Each and every Defendant had reasonable cause to suspect the child abuse or neglect and pursuant to MCL §722.623, to make in immediate report as required to be made by telephone and or by online reporting or both.

401.   Each and every Defendant breached their duty(ies) to report the abuse/ neglect.

402.   As a direct and or the direct proximate cause of the acts of all Defendants in violation of the Child Protection Law, Minor Plaintiff RILEY FRANZ suffered the following:

     a.  Gunshot wound to the neck;

     b.  Fright, shock, and terror leading up to the shooting;

     c.  Conscious pain and suffering;

     d.  Need for wound care;

     e.  Need for therapy;

     f.  Post-Traumatic Stress Disorder;

     g.  Terrors;

     h.  Disruption of her life;

     i.  Pain and suffering;

     j.  Anxiety;

     k.  Mental anguish;

     l.  Emotional Distress;

m. Fright and shock;

n. Humiliation and/or mortification;

o. Past and future reasonable medical and hospital expenses;

p. Past and future wage loss and loss of earnings capacity;

q. Need for household services;

r. Need for attendant care;

s. Punitive damages;

t. Exemplary damages;

u. Any and all compensatory damages, both past and future;

v. Attorneys' fees and costs;

w. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

x. Any other damages allowed by Michigan law.

403.    As a direct and or the direct proximate cause of the acts of all in violation of the Child Protection Law, Minor Plaintiff ISABELLA FRANZ suffered the following:

a. Post-Traumatic Stress Disorder;

b. Fright, shock, and terror leading up to the shooting;

c. Pain and suffering;

d. Anxiety;

e. Mental anguish;

f. Emotional Distress;

g. Fright and shock;

h. Humiliation and/or mortification;

103

i.  Past and future reasonable medical and hospital expenses;

j.  Past and future wage loss and loss of earnings capacity;

k.  Need for household services;

l.  Need for attendant care;

m. Punitive damages;

n.  Exemplary damages;

o.  Any and all compensatory damages, both past and future;

p.  Attorneys' fees and costs;

q.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

r.  Any other damages allowed by Michigan law.

**WHEREFORE**, Plaintiffs, JEFFREY FRANZ AND BRANDI FRANZ, as next friends of RILEY FRANZ, a Minor and ISABELLA FRANZ, a Minor, respectfully requests judgment in their favor and against Defendants in an amount in excess of One Hundred Million Dollars ($100,000,000.00), exclusive of costs, interest, and attorneys' fees.

Respectfully submitted,

/s/Milica Filipovic
MILICA FILIPOVIC (P80189)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 West Ten Mile Road
Southfield, MI 48075
P: (248) 355-5555/ F: (248) 355-5148
m.filipovic@fiegerlaw.com

Dated: May 27, 2022

104

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 27, 2022, I electronically filed the foregoing paper with the Clerk of Court using the ECF system which will send notification of such filing to all participating attorneys.

*/s/     Milica Filipovic*
Milica Filipovic (P80189)

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

RILEY FRANZ, and JEFFREY FRANZ and
BRANDI FRANZ, as NEXT FRIEND For
ISABELLA FRANZ, a Minor,

                                Case No.: 2:21-cv-12871

        Plaintiffs,              Hon. Mark A. Goldsmith

Vs.

OXFORD COMMUNITY SCHOOL
DISTRICT, SUPERINTENDENT TIMOTHY
THRONE, PRINCIPAL STEVEN WOLF,
DEAN OF STUDENTS NICHOLAS EJAK,
COUNSELOR SHAWN HOPKINS,
DIRECTOR OF RESTORATIVE PRACTICES,
PAMELA FINE, TEACHER JACQUELYN
KUBINA, TEACHER ALLISON KARPINSKI,
and TEACHER BECKY MORGAN.

In their Individual Capacity,

        Defendants.

## **PLAINTIFFS' RELIANCE ON DEMAND FOR TRIAL BY JURY**

**NOW COME** Plaintiffs, RILEY FRANZ, and JEFFREY FRANZ, and

BRANDI FRANZ, as Next Friends ISABELLA FRANZ, a Minor, by and through

their attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and hereby

relies on their demand for a trial by jury in the above-captioned matter.

Respectfully submitted,

*/s/Milica Filipovic*

MILICA FILIPOVIC (P80189)

Dated: May 27, 2022     *Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 West Ten Mile Road
Southfield, MI 48075
P: (248) 355-5555/ F: (248) 355-5148
m.filipovic@fiegerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2022, I electronically filed the foregoing paper with the Clerk of Court using the ECF system which will send notification of such filing to all participating attorneys.

*/s/     Milica Filipovic*
Milica Filipovic (P80189)

107