UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RILEY FRANZ, et. al.

Plaintiffs,

Case No. 21-cv-12871
HON. MARK A. GOLDSMITH

Vs.

OXFORD COMMUNITY SCHOOL DISTRICT, et al.,

Defendants.

---

## JOINT STATEMENT REGARDING DISCOVERY

NOW COME the Parties, by and through their respective counsel, and pursuant to the Case Management Order entered April 29, 2022 (ECF NO.: 50) hereby submit this Joint Statement Regarding Discovery with their respective positions on the dispute:

### PLAINTIFFS' POSITION

### FACTS:

On May 2, 2022, Defendants were served the following discovery:

1. Plaintiff's First Request for Production to All Defendants Regarding Defendants' Amended Affirmative Defenses (**Exhibit 1**);

2. Plaintiff's First Request for Production to All Defendants Regarding Insurance (**Exhibit 2**); and

3. Plaintiff's First Request for Production of Documents and Things to all Defendants (**Exhibit 3**).

Pursuant to Fed. R. Civ. P. 34, responses were due within 30 days. Defendants' responses were due on or before June 1, 2022. On June 2, 2022, Plaintiffs' Counsel requested Defendants' responses and sent a proposed Stipulated Order requesting that Defendants produce outstanding discovery within seven (7) days of the entry of the Order. **(Exhibit 4).**

On June 6, 2022, Defendants responded to Plaintiff's request for a Stipulated Order, indicating that they would not stipulate to an order compelling discovery, and requested a 10-day extension to respond to Plaintiffs' Request for Production of Documents. (**Exhibit 5**) Plaintiffs declined to provide an extension as the request was late and objections have been waived.

On June 6, 2022, Defendants also provided late responses to the following discovery:

1. Plaintiff's First Request for Production to All Defendants Regarding Defendants' Amended Affirmative Defenses (**Exhibit 6**); and

2. Plaintiff's First Request for Production to All Defendants Regarding Insurance (**Exhibit 7**).

It is Plaintiffs' position that Defendants Response to Plaintiff's Request for Production Regarding Defendants' Amended Affirmative Defenses, is deficient. Not only were Defendants objections waived as untimely, but the answers are incomplete and do not include a privilege log for any such privilege claimed.

It is Plaintiffs' position that Defendants Response to Plaintiff's First Request for Production of Documents and Things to all Defendants is untimely. Defendants had not requested an extension to Plaintiffs request and were due on, or before, June 1, 2022. Despite Defendants asking for a 10-day extension on June 6, 2022, no such response was provided to Plaintiffs within the allotted 10-day period, prompting Plaintiffs to request this status conference.

Undersigned Plaintiffs' counsel, has met with the other Plaintiffs' counsel on the companion cases pending before this honorable court and all Plaintiffs' counsel is in agreement that the Franz Plaintiffs' discovery request would satisfy any requests their offices may have and that receipt of requested documentation would aid in exploration of early facilitation options and opportunities.

Defendants' answers to discovery are outstanding by 26 days. The requests, are not unduly burdensome, overly broad, nor are they ambiguous. Additionally, they encompass information that has already been collected by Defendants for production to the Oakland County Sheriff's Department and Oakland County Prosecutor's office.

Rule 26 of the Federal Rules of Civil Procedure govern the scope of discovery. In particular Fed. R. Civ. P. 26(b)(1) states as follows:

> (1)Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of

the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 30 of the Federal Rules of Civil Procedure provides that an organization must designate one or more officers, directors who consent to testify on its behalf, which Defendants have failed to do. Rule 34 of the Federal Rules of Civil Procedure provide that:

> IN GENERAL. A party may serve on any other party a request within the scope of Rule 26(b):
>
> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
>
> (A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or
>
> (B) any designated tangible things; or
>
> (2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.
>
> (b) PROCEDURE.
>
> (1) *Contents of the Request.* The request:
>
> (A) must describe with reasonable particularity each item or category of items to be inspected;

> (B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and
>
> (C) may specify the form or forms in which electronically stored information is to be produced.
>
> (2) *Responses and Objections.*
>
> (A) *Time to Respond.* The party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

The requested information is relevant and necessary for Plaintiffs on this matter, and companion cases to properly prosecute their case. Defendants' failure to provide the requested written discovery, will impede Plaintiffs' ability to properly prosecute this case and will severely impact all this case and all companion cases arising out of the Oxford School Shooting in efficient and timely early facilitation possibilities. Counsel for the Plaintiffs have met and conferred with all other counsel for Plaintiffs' and all attorneys are in agreement that Plaintiffs' requests would satisfy any discovery that they would send so as to not unduly burden or prejudice the Defendants.

## **DEFENDANTS' POSITION**

On April 29, 2022, this Court entered a Case Management Order setting forth the rules governing discovery in this case. Pursuant to this Court's Order, the parties were to serve each other with Initial Disclosures under Fed. R. Civ. P. 26(a)(1) on

May 17, 2022. Then on May 2, 2022, Plaintiffs served Defendants with three different sets of Request to Produce Documents, which contained a total of 62 requests to produce.

On May 17, 2022, Defendants timely served Plaintiffs with their Initial Disclosures. Defendants then worked diligently to gather documents responsive to each of Plaintiffs' 62 requests.

On June 2, 2022, Plaintiffs' Counsel sent Defense Counsel a letter requesting that Defense Counsel stipulate to a motion to compel discovery. On June 6, 2022, Defense Counsel provided Plaintiffs with answers to two of the three requests. Defense Counsel then informed Plaintiffs that they were working diligently to gather documents responsive to the third request but requested 10 additional days respond to the third request. (**Exhibit 5**). To date, Plaintiffs never responded to this request. Instead, Plaintiffs requested a status conference. On June 27, 2022, Defense Counsel informed Plaintiffs' Counsel that the responses to the third discovery request were almost complete. However, they still need to be reviewed by Defendants for accuracy. Defense Counsel also informed Plaintiffs' Counsel that they believe that they will be able to serve complete answers to the third discovery requests by July 11, 2022.

Despite Defense Counsel's efforts to resolve the potential discovery dispute without the need for this Court's intervention, Plaintiffs' Counsel has not made

reasonable efforts to confer and work with Defense Counsel in good faith towards a resolution.

        Respectfully Submitted,

BY:   */s/ Milica Filipovic*
      GEOFFREY N. FIEGER (P30441)
      JAMES J. HARRINGTON (P65351)
      ROBERT G. KAMENEC (P35283)
      NORA Y. HANNA (P80067)
      MILICA FILIPOVIC (P80189)
      *Fieger, Fieger, Kenney & Harrington, P.C.*
      Attorneys for Plaintiffs
      19390 West Ten Mile Road
      Southfield, MI 48075
      P: (248) 355-5555 / F: (248) 355-5148
      g.fieger@fiegerlaw.com
      j.harrington@fiegerlaw.com
      r.kamenec@fiegerlaw.com
      n.hanna@fiegerlaw.com
      m.filipovic@fiegerlaw.com

      */s/ Timothy J. Mullins (with Permission)*
      TIMOTHY J. MULLINS (P28021)
      KENNETH B. CHAPIE (P66148)
      JOHN L. MILLER (71913)
      ANNABEL F. SHEA (P83750)
      *Giarmarco, Mullins & Horton, P.C.*
      Attorneys for Defendants Oxford Community Schools, Timothy Throne, Steven Wolf and Ryan Moore
      101 W. Big Beaver Road, 10th Floor
      Troy, MI 4808-5280
      P: (248) 457-7020
      tmullins@gmhlaw.com
      kchapie@gmhlaw.com
      jmiller@gmhlaw.com
      ashea@gmhlaw.com

Dated: June 27, 2022