UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RILEY FRANZ, et. al.

      Plaintiffs,

Case No. 21-cv-12871
HON. MARK A. GOLDSMITH

Vs.

OXFORD COMMUNITY SCHOOL DISTRICT, et al.,

      Defendants.

## JOINT STATEMENT REGARDING DISCOVERY

NOW COME the Parties, by and through their respective counsel, and pursuant to the Order for Joint Statement and Status Conference on Discovery (ECF NO.: 66) hereby submit this Joint Statement regarding discovery disputes:

## FACTUAL BACKGROUND

On June 29, 2022, this Honorable Court held a status conference regarding a discovery dispute outlined in a Joint Statement submitted June 27, 2022 (ECF No.: 62). Per the court's instruction, Defendants were to provide responsive documents to Plaintiffs' counsel by July 8, 2022. On July 8, 2022, at 4:34 p.m., a thumb drive containing over 1000 pages of documents was delivered to Plaintiffs' counsel. The thumb drive contained 31 documents to select from. Four of those documents were PDF documents that contained a various collection of documents partially responsive to the request totaling 1042 pages. The documents were not bates stamped, documents

were upside down, blank documents were produced intermittently between documents, not as a separation between documents. Defendants' responses indicate to "see attached" but do not direct Plaintiff to where the information is, such that when Plaintiffs' counsel would want to find the record referenced as "attached" they would have to independently click on 31 documents and scroll through over 1000 pages to figure out what documents are responsive to each answer. (**Exhibit 1, Defs' Answer to Plaintiffs' First Request for Production of Documents and Things.**)

This discovery practice is abusive, improper, and unduly burdensome. Courts have routinely held that "document dumps" such as these are improper. It is Plaintiffs' position that the discovery should be submitted properly bates stamped, in an upright and legible order, and indicating which bates stamp is responsive to each request, particularly if these documents are to be utilized in coordinated discovery.

## PLAINTIFF'S POSITION

Plaintiffs' position remains that Defendants' answers to Discovery as outlined below are deficient and incomplete. Additionally, Plaintiffs position remains that objections which were not properly asserted are waived. On July 13, 2022, Plaintiffs' counsel sent a letter to Defense counsel outlining in detail Plaintiffs' positions regarding discovery. (**Exhibit 2, Correspondence to Mr. Mullins 07/13/2022**). Plaintiffs' position with respect to each discovery request is outlined below and provided to Defense counsel in the July 13, 2022, correspondence:

### Defendants' Responses Regarding Affirmative Defenses

For nearly each response, Defendants answered, "Objection. As to (a) and (b), the request is overly broad and unduly burdensome. This request is also deficient under the Federal Rules of Civil Procedure." As to (a), to the extent documents exist with regard to this request, it seeks disclosure of the legal defense created by Defendants' attorneys. Any documents already produced or that will be produced in the future may support Defendants' affirmative defenses, and to that effect is Attorney Work Product and up to the mental impression of Defense Counsel." (**Exhibit 3, Defendants Response to Request for Production Regarding Affirmative Defenses).**

Although affirmative defenses are crafted by Defense counsel, there has to be a reasonable basis in asserting the defense. Affirmative defenses such as (1) the court lacking jurisdiction, (2) failure to state a claim, (3) that Plaintiffs' failed to mitigate their damages, (4) that Plaintiffs' claims are barred by claim and issue preclusion; (5) and "Defendants will show and rely upon at the time of trial that Plaintiffs had preexisting medical conditions which are a contributing proximate cause of the injuries complained of," require a factual basis for raising such affirmative defenses. Accordingly, any such documents and/or information which form the basis for asserting affirmative defenses are discoverable. In addition to the objections being waived, the answers are deficient, and documents should be provided, or the affirmative defenses should be stricken.

**Defendants Response Re: Production of Documents & Things**

The following documents and/or things were not produced and Plaintiffs' position with respect to each is enumerated below:

1. **Full and Complete Personnel File for Ryan Moore. (RFP #2)**

    Mr. Moore was dismissed from this lawsuit on June 6, 2022, and Defendants' answers were originally due June 1, 2022. Their delay in asserting a proper objection and failing to adhere to FRCP 34, is not a basis for not providing Mr. Moore's personnel file. As of the time that the answers were due, Mr. Moore was very much still a named defendant, and he was dismissed <u>without prejudice</u>.  The 2021-2022 Student Course Handbook still names Mr. Moore as the Dean of Students, and whether he had information relating to Ethan Crumbley; or was responsible for the policies and/or procedures enacted when he **was** the Dean of Students is discoverable and believed to be clarified in his personnel file.  Further, verification of when he ceased being the Dean of Students is relevant and discoverable and previously addressed by this court in a hearing for a motion to dismiss Mr. Moore, which was denied.  Moreover, Defendant's Answer to Plaintiffs' second amended complaint does not admit that Mr. Ejak was the Dean of Students, but rather, an "employee." (ECF No.: 59; Page ID 1267-1268; ¶ 16.)

2. **Any and all emails, letters, reports, and/or notes received from Oxford High School parents regarding any identified threats of violence at Oxford High School from November 1, 2021 to November 30, 2021. (RFP #10).**

    Defendants claim that no such emails exist, however as plead in Plaintiffs' Complaint at least one parent emailed their concerns to the school on November 16,

2022. The email from Defendant Wolfe in response indicates he is being redundant, which would only be possible if prior responses regarding threats was previously articulated and circulated. Additionally various parents came forward on news media outlets in the days after the tragedy and reported the same. Any concerns about individual privacy can be remedied by redacting names of the individuals, until a protective order is entered, but the contents and information are discoverable.

3. **Any and all emails, letters, reports and/or notes provided to any and all Oxford High School students and/or parents regarding any identified threats of violence at Oxford High School from November 1, 2021, to November 30, 2021. (RFP #11 and RFP #12).**

Oxford Community Schools correspondence to the student body are not protected by Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g; 34 C.F.R. Part 99, as communications from the district. In fact, most, but not all, district communications are published online. Additionally, any individualized responses to the reports of threats and school safety could easily redact the child and/or parents' names until such time that a protective order governing these matters is entered. Plaintiffs specifically allege that Defendants communicated to the students not to report certain information and to not spread "rumors" of what they see on social media and communicated with parents that these threats were nothing more than "rumors." Certainly, any emails, letters, reports and/or notes to students and/or parents regarding any identified threats at Oxford High School from November 1, 2021, until November 30, 2021, are relevant and discoverable.

4. **Any and all photographs and/or videos of the subject incident. (RFP #19 and RFP #20.)**

Defendants' using the Oakland County Prosecutors office as a shield from turning this information over is improper, particularly where the videos are directly relevant to the Defendants liability, as well as the damages, including fear and shock, suffered by each and every Plaintiff in this incident. There is no prohibition of release of the records, Oakland County Circuit Court Judge Chabot has ordered release of this very same information in the related State Law Case, and Defendants cannot use nonparty preference for information maintained by the Defendants as a basis from releasing discoverable information. Additionally, Plaintiffs' office was specifically advised to try and get the information from Defendants first, by Nicole Tabin of the Oakland County Prosecutor's office before resorting to Subpoena and motion practice of the same.

5. **Any and all emails sent and/or received by Oxford Staff regarding Ethan Crumbley for the 2020-2021 school year. (RFP #24)**

Defendants have chosen not to provide email correspondence after November 30, 2022, asserting attorney-client privilege. Communication amongst staff, regarding EC after November 30, 2021, are not afforded attorney client privilege, nor are they work product when they are correspondence between the Defendants in the days immediately following this tragedy. There is no indication that emails regarding EC were sent at counsels' request and certainly if they were there would be a privilege assertion on the documentation noting attorney client privilege and/or work product during the

time of its submission.  No privilege log was produced indicating what emails are protected attorney client privilege with redactions, and no emails noting such designation were produced redacted on that basis.  The Defendants simply did not provide any emails after November 30, 2022. These emails are discoverable, relevant, and not protected by attorney client privilege, and any objections are otherwise untimely and therefore waived.

**6. Any and all homework assignments and/or tests and/or reviews in your possession authored by and/or completed by Ethan Crumbley. (RFP #25)**
   Defendants have objected that this request is overbroad, vague, and unduly burdensome.  Not only are the objections waived as untimely, but Defendants have provided unintelligible documents which are encoded and not in their native format. (**Exhibit 4, Email Purported to be EC Chats on Assignments[1]**). Additionally, for the 2021 academic school year, E.C. was attending classes with **<u>eight</u>** teachers including, (1) Mr. Yinger; (2) Mr. Mezin; (3) Ms. Kubina; (4) Ms. Morgan; (5) Ms. Jasinski; (6) Ms. McConnell; (7) Ms. Brown; and (8) Mr. Cosey.  It is not unduly burdensome to produce homework assignments turned in for approximately 3 months in 8 classes, in the days leading up to the tragedy, and that information is limited and easily identifiable and ascertainable. This information is discoverable and relevant, especially given that E.C. drew pictures of bullets, guns, and a shot person bleeding to death on a math test, just prior to engaging in a school rampage.

---

[1] There are 51 individual documents of this nature that can be made available for the court's review upon request. Plaintiffs' counsel did not want to overburden the court with duplicative and incomprehensible documentation and only offered one document by way of example.

7. **Any and all correspondence between Oxford High School staff and Oakland County Sheriff's Department for the 2021-2022 school year.**

Defendants have not provided any information and/or documentation and indicate that this material will be supplemented. At the status conference on June 29, 2022, Defendants indicated to this court that responsive documents could be produced by July 8, 2022, which is **67 days** in which Defendants had the opportunity to collect this information. Additionally, this lawsuit was filed on December 9, 2021, which is 211 days since Defendants have been on notice of claims that they chose not to involve the Oakland County Sheriff's Department and certainly were aware that a request such as this would be forthcoming. This is particularly true where they have consistently responded to pleadings that threats were forwarded to the Oakland County Sheriff's Department as early as February 5, 2022, in their Answer to Plaintiffs' complaint.

8. **Phone call logs from November 1, 2021 to December 1, 2021**

Oxford Community Schools is a defendant in this matter, and it is Plaintiffs' position that Oxford Community Schools should have access to their own phone call records. Presumably Oxford Community Schools pays the phone bill for the phones their high school staff and administrators use and would have access to the logs. Numerous parents came forward on media, and at the board meetings, indicating that they called the school regarding these threats in the days and weeks leading up to the tragic shooting. Incoming and outgoing calls and when they were placed corroborating that the Defendants were warned of this tragedy prior to it taking place is certainly

relevant, likely to lead to the discovery of admissible evidence, and any such objections to this information are waived, as they were untimely.

9. **Please produce the names of the students who were absent from school on November 30, 2021. Please include the name of the child's guardian, their address, email, and phone number.**

Plaintiffs recognize the need to protect vital private information of students in accordance with FERPA. Plaintiffs have requested merely a confirmation that this information will be produced subject to a protective order which Defendants have not yet responded to. While we understand that the information contained certainly has privacy concerns, numerous students stayed home because they feared credible threats at the school. The information is extremely relevant, and certainly discoverable upon entry of a mutually agreeable protective order.

## CONCLUSION

Undersigned Plaintiffs' counsel has met with the other Plaintiffs' counsel on the companion cases pending before this honorable court and all Plaintiffs' counsel is in agreement that the Franz Plaintiffs' discovery request would satisfy any requests their offices may have and that receipt of requested documentation would aid in exploration of early facilitation options and opportunities. As such, properly identified responses to discovery with bate stamps and documents properly in order, which could be used by all parties properly and appropriately is warranted. Further, Plaintiffs' rely on the legal arguments outlined in the Parties Joint Statement Regarding Discovery filed on June 27, 2022 (ECF No.: 62).

The requested information is relevant, discoverable, and necessary for all Plaintiffs. The Plaintiffs' ability to properly prosecute this case will severely be prejudiced without production of the requested documents on this case, and all companion cases arising out of the Oxford School Shooting, and production of the same will aid in efficient and timely early facilitation possibilities.

## DEFENDANTS' POSITION

**1. Defendants' Response to Plaintiffs' claimed deficiencies regarding Defendants' Plaintiffs' First Request for Production to All Defendants Regarding Defendants' Amended Affirmative Defenses.**

There was good cause for Defendants to take four extra days to respond to Plaintiffs discovery request given that Plaintiffs served over 60 requests to produce simultaneously which resulted in the production of thousands of documents. This Court should excuse the delay under the circumstances and deem Defendants' objections not waived.

**2. Defendants' Response to Plaintiffs' claimed deficiencies regarding Defendants' Responses to Plaintiffs' First Request for Production of Documents and Things to all Defendants.**

**A. The Organization of Documents.**

The documents produced in PDF format are organized in order of the requests. Defendants will mail a second flash drive with the documents reorganized by request number. Documents produced under Fed. R. Civ. P. 34 will be organized according to numbered request moving forward.

In terms of bates stamps, there is no requirement that the documents have bate stamp numbering. In order to include bate stamp numbering, each document will need to be converted to a PDF. This would require Defendants to produce documents in a form different than how they are kept in the usual course of business which is contrary to Fed. R. of Civ. P. 34(b)(2)(D).

### B. Waiver of Objections.

There was good cause for Defendants to take more than 30 days to respond to Plaintiffs discovery request given that Plaintiffs served over 60 requests to produce simultaneously which resulted in the production of thousands of documents. Defendants worked diligently to respond to each of these requests and ultimately served responses to 2 of the 3 requests within 34 days. Defendants then requested an extension to respond to the third request, but Plaintiffs never responded. Plaintiffs then agreed to the extension during a telephone conference before this Court, which provided Defendants until the close of business on July 8, 2022 to serve responses to the third request. Defendants met the agreed upon extended deadline. Based on the above, this Court should excuse the delay and deem Defendants' objections not waived.

Defendants' response to the specific requests at issue is contained below.

### C. Request No. 2.

Without waiving the objection stated in response to Request No. 2, and in the interest of cooperation, Defendants are working with the School District to obtain a

copy of Ryan Moore's personnel file and will provide a copy to Plaintiffs by July 22, 2022.

### D. Request No. 10.

In Request No. 10, Plaintiffs requested "any and all emails, letters, reports, and/or notes received from Oxford High School parents regarding any ***identified threats of violence*** at Oxford High School from November 1, 2021 to November 30, 2021." Defendants explained in its response that they "do not have any documents in their custody, possession, or control that is responsive to this request." This statement still holds true as zero Oxford High School parents sent emails, letters, reports, or notes regarding identified threats of violence during that time frame.

While Plaintiffs are correct that parents did email administrators at Oxford High School regarding the rumors, these rumors never rose to the level of identified threats of violence. Should Plaintiffs wish to clarify that their request seeks emails, letters, and reports regarding the rumors during that timeframe, Defendants would be happy to supplement their response accordingly.

### E. Request No. 11.

In Request No. 11, Plaintiffs requested any and all emails letters, reports and/or notes provided to any and all Oxford High School Students regarding any ***identified threat of violence*** at Oxford High School from November 1, 2021, to November 30, 2021." Defendants explained that there were no such responsive documents in their custody, possession, and control. Plaintiffs claim that this response is deficient based

on their allegations contained in their complaint. However, Plaintiffs are mistaken as there are no emails, letters, reports, or notes that Defendants provided to any student at Oxford High School regarding identified threats of violence.

That being said, there are emails sent to students at Oxford High School regarding the rumors in early November 2021. Should Plaintiffs wish to clarify that their request seeks disclosure of these emails, Defendants would be happy to supplement their response accordingly.

### F. Request No. 12.

In Request No. 12, Plaintiffs requested "any and all emails, letters, reports and/or notes provided to any and all Oxford High School parents regarding any ***identified threats of violence*** at Oxford High School from November 1, 2021, to November 30, 2021." Defendants responded that there were no documents in their custody, possession, or control that are responsive to this request. Plaintiffs now claim that this response is deficient. Plaintiffs reason that they believe that Defendants communicated with various parents that reported threats that were *credible*. However, Plaintiffs are mistaken. Defendants have no communications with parents regarding credible and identified threats of violence.

However, as explained above, there are communications from Oxford High School administrators from November 1, 2021, to November 30, 2021, to parents reassuring them that the rumors were fully investigated and posed no credible threat at the high school. Should Plaintiffs wish to clarify that their request seeks disclosure of

these communications, Defendants would be happy to supplement their response accordingly.

### G. Request No. 19 and 20.

The dispute over the video footage is ongoing in Oakland County Circuit Court. More specifically, the Oakland County Prosecutor has filed a motion to intervene to prevent the disclosure of the video footage. The Prosecutor's Office has expressed concerns that sharing these images and the video will interfere with the prosecutions and may incite others to commit similar acts.

### H. Request No. 24.

With regard to Request No. 24, in the interest of cooperation, Defendants will supplement this response with a privilege log and produce any non-privileged emails from November 30, 2021, to June 10, 2022. However, Defense Counsel will need 14 days to complete this request.

### I. Request No. 25.

With regard to Request No. 25, Defendants are happy to comply with Plaintiffs' clarified request. However, Defense Counsel will need an additional 14 days to gather the responsive documents from the other six teachers. All six teachers are currently on summer vacation. Additionally, some teachers maintain hard copies of assignments, making them not easily accessible online. Because of this Defendants will necessarily need additional time to work with each of the six teachers to gather the documents responsive to the request.

### J. Request No. 26.

Defense Counsel had to review close to one million emails to respond to this request and is still working on gathering the responsive documentation. Defense Counsel is almost done sorting through these emails and can provide the responsive emails to Plaintiffs by July 22, 2022.

### K. Request No. 31.

There are no phone logs from November 1, 2021, to December 1, 2021 in Defendants' possession, custody, or control.

### L. Request No. 34.

The parties have since agreed to a protective order. Once the protective order is entered by this Court, the documents responsive to this request, along with any of the other requests seeking documents with student identifying information, will be produced to Plaintiffs.

Respectfully Submitted,

BY:  /s/ Milica Filipovic
GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON (P65351)
ROBERT G. KAMENEC (P35283)
MILICA FILIPOVIC (P80189)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 West Ten Mile Road
Southfield, MI 48075
P: (248) 355-5555 / F: (248) 355-5148
m.filipovic@fiegerlaw.com

BY: /s/ Annabel Shea (W.P.)
TIMOTHY J. MULLINS (P280821)
KENNETH B. CHAPIE (P66148)
JOHN L. MILLER (71913)
ANNABEL F. SHEA (P83750)
*Giarmarco, Mullins & Horton, P.C.*
Attorneys for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 4808-5280
P: (248) 457-7020
ashea@gmhlaw.com

Dated: 07/14/2022