# FIEGER, FIEGER, KENNEY & HARRINGTON
### A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS AT LAW
19390 WEST TEN MILE ROAD
SOUTHFIELD, MICHIGAN 48075-2463
TELEPHONE (248) 355-5555
FAX (248) 355-5148
WEBSITE: www.fiegerlaw.com
E-MAIL: info@fiegerlaw.com

MILICA FILIPOVIĆ

DIRECT DIAL: (248) 945-7511
E-MAIL: m.filipovic@fiegerlaw.com

July 12, 2022

<u>Via Electronic Mail:</u> tmullins@gmhlaw.com
Giarmarco, Mullins & Horton, P.C.
ATTN: Timothy J. Mullins
101 West Big Beaver Rd.
Troy, MI 48084-5280

  Re:  **Franz v Oxford Community Schools,** *et al.*
      **Our File No. 22213**

Dear Mr. Mullins,

Your clients were served the following discovery on May 2, 2022 to be answered within 30 days pursuant to Fed. R. Civ. P. 34:

- Plaintiff's First Request for Production to All Defendants Regarding Defendants' Amended Affirmative Defenses;
- Plaintiff's First Request for Production to All Defendants Regarding Insurance; and
- Plaintiff's First Request for Production of Documents and Things to all Defendants.

Your clients' answers were due on or before June 1, 2022. On June 29, 2022, we appeared before the Honorable Judge Goldsmith regarding your clients' failure to produce discovery responses, and the Court required that by July 8, 2022, your office provide our office with your clients' responses.

On July 8, 2022, your office delivered over 1000 pages of records to our office on a thumb drive. These documents were upside down, out of order, not identified for purposes of which answers they were responsive to, nor were they bates stamped. Nevertheless, we went through the material and your clients' responses, and we believe that many answers remain deficient, and will be addressed in the joint statement that is due on July 14, 2022.

With regards to ***Plaintiff's First Request for Production to All Defendants Regarding Defendants' Amended Affirmative Defenses***, your client's answers are deficient as follows:

- For each of the affirmative defenses listed your clients were asked to produce any and all documents, photos, videos, and things in your custody and control which is currently known to be relevant and discoverable pertaining to the defense, and the name(s), address(es), occupation(s), and relationship to Defendant of each witness who will testify

**FIEGER LAW**

in support of this defense. For each and every answer your clients responded, "Objection. as to (a) and (b), the request is overly broad and unduly burdensome. This request is also deficient under the Federal Rules of Civil Procedure." As to (a), to the extent documents exist with regard to this request, it seeks disclosure of the legal defense created by Defendants' attorneys. Any documents already produced or that will be produced in the future may support Defendants' affirmative defenses, and to what effect is Attorney Work Product and up to the mental impression of Defense Counsel. Your clients' answer is deficient, your objection is untimely and therefore waived, and otherwise improper. Although affirmative defenses are crafted by Defense counsel, there has to be a reasonable basis in asserting the defense. Affirmative defenses such as (1) the court lacking jurisdiction, (2) failure to state a claim, (3) that Plaintiffs' failed to mitigate their damages, (4) that Plaintiffs' claims are barred by claim and issue preclusion; (5) and "Defendants will show and rely upon at the time of trial that Plaintiffs had preexisting medical conditions which are a contributing proximate cause of the injuries complained of," requires a factual basis and belief for raising such affirmative defenses. Accordingly, any such documents and/or information which form the basis for asserting affirmative defenses is discoverable. If there is no reasonable basis for the affirmative defenses referenced above, please confirm you will withdraw those affirmative defenses as they are frivolous in nature.

With regards to ***Plaintiffs' First Request for Production of Documents and Things to all Defendants,*** your clients' answers are deficient as follows:

- For Question 2, your clients were asked to produce the "full and complete Personnel File for Ryan Moore." Your clients' response includes an objection that the request is not relevant, or likely to lead to the discovery of relevant information as Ryan Moore was dismissed from the case." You also indicate that "this request is also likely made only for the purpose of harassment as Ryan Moore was not the Dean of Students at the High School in November 2021, and has never met E.C." Your clients' answer is deficient, your objection is untimely and therefore waived, and otherwise improper. As you may recall Mr. Moore was not dismissed until June 6, 2022, and your clients' answers were due June 1, 2022. As of the time that the answers were due, Mr. Moore was very much still a named defendant, and he was dismissed without prejudice. The 2021-2022 Student Course Handbook still names Mr. Moore as the Dean of Students, and whether he had information relating to Ethan Crumbley or the policies and procedures enacted when he <u>was</u> the dean of students is discoverable. Further, verification of when he no longer was the acting dean of students is relevant and discoverable and previously addressed by this court in a hearing for a motion to dismiss Mr. Moore, which was denied.

- For Question 10, you were asked to produce, "any and all emails, letters, reports, and/or notes received from Oxford High School parents regarding any identified threats of violence at Oxford High School from November 1, 2021 to November 30, 2021. Your clients' response includes an objection that the request is ambiguous, overly broad, and unduly burdensome." Your clients' response also objects on the basis of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g; 34 C.F.R. Part 99, and is not relevant, or likely to lead to the discovery of relevant information. Your clients' further

2

**FIEGER LAW**

respond, "without waiving the objection and in the interest of cooperation, there were no identified threats of violence at Oxford High School during that time frame" and that "Defendants do not have any documents in their custody, possession, or control responsive to this request." Your clients' answer is deficient, your objection is untimely and therefore waived, and otherwise improper. As you are aware, there were multiple media reports from multiple parents indicating that they emailed the school. In fact, Plaintiffs' complaint alleges that a parent emailed the school regarding their concerns to which Principal Wolfe responded. Accordingly, emails from parents do exist, and the assertion that they do not is inappropriate, and untruthful.

- For Question 11, you were asked to produce, "any and all emails, letters, reports and/or notes provided to any and all Oxford High School students regarding any identified threats of violence at Oxford High School from November 1, 2021 to November 30, 2021." Your clients' response includes an objection that the request is ambiguous, overly broad, and unduly burdensome." Your clients' response also objects on the basis of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g; 34 C.F.R. Part 99, and is not relevant, or likely to lead to the discovery of relevant information. Your clients' further respond, "without waiving the objection and in the interest of cooperation, there were no identified threats of violence at Oxford High School during that time frame" and that "Defendants do not have any documents in their custody, possession, or control responsive to this request." Your clients' answer is deficient, your objection is untimely and therefore waived, and otherwise improper. Oxford Community Schools correspondence to the student body are not protected by Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g; 34 C.F.R. Part 99. Additionally, any individualized responses to the reports of threats and school safety could easily redact the child's name at this time until a protective order governing these matters is entered. As you are aware, Plaintiffs specifically allege that Defendants communicated to the students not to report certain information and to not spread "rumors" of what they see on social media. Certainly, any emails, letters, reports and/or notes to students regarding any identified threats at Oxford High School from November 1, 2021 until November 30, 2021, are relevant.

- For Question 12, you were asked to produce, "any and all emails, letters, reports and/or notes provided to any and all Oxford High School parents regarding any identified threats of violence at Oxford High School from November 1, 2021, to November 30, 2021." Your clients' response includes an objection that the request is ambiguous, overly broad, and unduly burdensome." Your clients' response also objects on the basis of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g; 34 C.F.R. Part 99, and is not relevant, or likely to lead to the discovery of relevant information. Your clients' further respond, "without waiving the objection and in the interest of cooperation, there were no identified threats of violence at Oxford High School during that time frame" and that "Defendants do not have any documents in their custody, possession, or control responsive to this request." Your clients' answer is deficient, your objection is untimely and therefore waived, and otherwise improper. Oxford Community Schools correspondence to the student body are not protected by Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g; 34 C.F.R. Part 99. Additionally, any individualized responses to the reports of threats and school safety could easily redact the parents' name at this time until a protective order governing these matters is entered. As you are aware, Plaintiffs specifically allege

3

**FIEGER LAW**

that Defendants communicated with various parents that reported threats were not credible and that certain information was merely "rumors" circulating on social media. Certainly, any emails, letters, reports and/or notes to concerned parents regarding any identified threats at Oxford High School from November 1, 2021 until November 30, 2021, are relevant.

- For Question 19, you were asked to produce "any and all photographs of the subject incident." Your clients' response includes an objection without a basis for the objection. Your clients' further indicate, "there are two photographs from the subject incident. These photos are still-frames from the video. The Prosecutor's office has expressed concerns that sharing these images and the video will interfere with the prosecutions and may incite others to commit similar acts. Your clients' answer is deficient, your objection is untimely and therefore waived, and otherwise improper. As you may recall, you sent a subpoena to the Oakland County Sheriffs' office on July 8, 2022, requesting the very information that you seek to prevent disclosure of. Additionally, your clients using the Oakland County Prosecutors office as a shield from turning this information over is improper, particularly where the videos are not relevant in the criminal case for public disclosure, but are certainly relevant to Plaintiffs' damages as well as Defendants' liability in this matter. There is no prohibition of release of the records, and as you are aware, in the State Court matter Judge Chabot has ordered release of this very same information.

- For Question 20, you were asked to produce "any and all videos of the subject incident." Your clients' response includes an objection that "this request seeks disclosure of video that can identify students" and that "[f]ederal law prevents a school district from disseminating such information. Your clients' answer is deficient, your objection is untimely and therefore waived, and otherwise improper. The students that any video can identify are the shooter, who is publicly known, and the students which by and large part are named plaintiffs on this matter and at least 7 other cases brought against your clients. Additionally, the very same information you claim to be privileged you are seeking from the Oakland County Sheriff's Department in the improperly submitted Subpoena submitted by your office, July 8, 2022.

- For Question 24, you were asked to produce, "Any and all emails sent and/or received by Oxford Staff regarding Ethan Crumbley for the 2020-2021 school year." Your clients' responded, "Objection. To the extent that this requests [sic] seeks emails regarding EC following November 30, 2021, those emails are protected by Attorney client privilege and are irrelevant. Also this requests seeks disclosure of emails that contain other student identifying information which are privilege [sic] under FERPA." Your clients then produced emails sent or received by Oxford staff on or prior to November 30, 2021. Your clients' answer is deficient, your objection is untimely and therefore waived, and otherwise improper. Communication amongst staff, regarding EC after November 30, 2021, are not afforded attorney client privilege, nor are they work product. There is no valid privilege protection based on the attorney client relationship that would protect the communications between Defendants in the days after the tragic shooting. Additionally, no such privilege log was provided identifying the correspondence that took place after November 30, 2021, such that the privilege could be asserted.

4

**FIEGER LAW**

- For Question 25, your clients were asked to produce, "Any and all homework assignments and/or tests and/or reviews in your possession authored by and/or completed by Ethan Crumbley." Your clients' responded, "Objection. This request is overbroad, unduly burdensome, and unlikely to lead to relevant information. In the interest of cooperation, please see the attached assignments and tests in possession of Ms. Kubina, Ms. Morgan, and Ms. Karpinski." Your clients' answer is deficient, your objection is untimely and therefore waived, and otherwise improper. For the 2021 academic school year, your clients provided records indicating that he was attending classes with **eight** teachings including, (1) Mr. Yinger; (2) Mr. Mezin; (3) Ms. Kubina; (4) Ms. Morgan; (5) Ms. Jasinski; (6) Ms. McConnell; (7) Ms. Brown; and (8) Mr. Cosey. It is not unduly burdensome to produce homework assignments turned in for approximately 3 months in 8 classes, and is easily identifiable and ascertainable.

- For Question 26, your clients were asked to produce, "any and all correspondence between Oxford High School staff and Oakland County Sheriff's Department for the 2021-2022 school year." Your clients' responded, "we are currently working with the School District to gather and process the documents responsive to this request. We will supplement these Answers as soon as we receive the responsive documents." Your clients answer is deficient and otherwise improper. As you are aware the Hon. Mark Goldsmith indicated that all records were to be produced to Plaintiffs' counsel by July 8, 2022. Additionally, these requests were sent on May 2, 2022, and Defendants have had ample time in the **67 days** in which Defendants had the opportunity to collect this information.

- For question 31, your clients were asked to produce, "Phone call logs from November 1, 2021 to December 1, 2021. Your clients' response includes an objection that the request is ambiguous, overly broad, and unduly burdensome. Also, to the extent that this requests seeks phone logs on school district phones, Defendants to [sic] not have possession, custody, or control of school district phone logs from November 1, 2021, to December 1, 2021. Your clients' answer is deficient, your objection is untimely and therefore waived, and otherwise improper. Oxford Community Schools is a defendant in this matter, I find it hard to believe that Oxford Community Schools does not have access to their own phone call records. Nevertheless this information is relevant, likely to lead to the discovery of admissible evidence, and any such objections to this information are waived.

- For Question 34, your clients were asked to produce, "Please produce the names of the students who were absent from school on November 30, 2021. Please include the name of the child's guardian, their address, email, and phone number." While we recognize that this information is private in nature, and while we are reviewing the protective order, please confirm that this information will be turned over upon the execution of a mutually agreeable protective order.

Please allow this letter to serve as a deficiency letter for each discovery request, in an effort to streamline the discovery dispute and subjects of the status conference and contact me at your earliest convenience to work out an amicable resolution of some of these matters without Court intervention.

**FIEGER LAW**

Please feel free to contact me at any time, at the number above, or directly on my personal cell phone at (586) 873-9063. I look forward to hearing from you and resolving these matters.

> Best Regards,
> *Fieger, Fieger, Kenney & Harrington, P.C.*
>
> *Milica Filipovic*
>
> Milica Filipovic

CC:   Kenneth Chapie
　　　Jon Miller
　　　Annabel Shea