EXHIBIT 3

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

JARROD WATSON and LINDA WATSON,
as co-Next Friends for AIDEN WATSON, a Minor;
and JARROD WATSON and LINDA WATSON,
individually,

          Plaintiffs,

v

OXFORD COMMUNITY SCHOOLS, TIMOTHY
THRONE, STEVEN WOLF, NICHOLAS EJAK,
PAM PARKER FINE, SHAWN HOPKINS,
KIMBERLY POTTS, JOHN DOE, JENNIFER
CRUMBLEY and JAMES CRUMBLEY,

          Defendants.
_____/

Case No. 22-195663-NO
Hon. Rae Lee Chabot

**Cases arising out of same occurrence: 22-192262-NO and 22-194891-NO**

| | |
|---|---|
| TODD F. FLOOD (P58555)<br>VINCENT J. HAISHA (P76506)<br>FLOOD LAW, PLLC<br>*Attorneys for Plaintiffs*<br>155 W. Congress St., Ste. 603<br>Detroit, MI 48226<br>(248) 547-1032<br>tflood@floodlaw.com<br>vhaisha@floodlaw.com | TIMOTHY J. MULLINS (P28021)<br>KENNETH B. CHAPIE (P66148)<br>JOHN L. MILLER (P71913)<br>ANNABEL F. SHEA (P83750)<br>GIARMARCO, MULLINS & HORTON, P.C.<br>*Attorneys for Defendants Oxford, Throne, Wolf,<br>Ejak, Fine, Hopkins and Potts*<br>101 W. Big Beaver Road, 10th Floor<br>Troy, MI 48084-5280<br>(248) 457-7020<br>tmullins@gmhlaw.com<br>kchapie@gmhlaw.com<br>jmiller@gmhlaw.com<br>ashea@gmhlaw.com |

**STIPULATED CASE MANAGEMENT ORDER
PRE-FACILITATION DISCOVERY**

There are several companion cases arising from the Oxford High School Shooting that occurred on November 30, 2021, that are pending in both federal and state court ("Oxford Cases"), which are listed below:

- Case No. 21-12871, <u>Franz et al. v. Oxford Community School District et al.</u> (E.D. Mich.);
- Case No. 22-10407, <u>Asciutto et al v. Oxford Community School District et al.</u> (E.D. Mich.);

- Case No. 22-10805, <u>St. Juliana et al v. Oxford Community School District et al.</u> (E.D. Mich.);
- Case No. 22-11113, <u>Myre et al. v. Oxford Community School District et al.</u> (E.D. Mich.);
- Case No. 22-11250, <u>Beausoleil v. Oxford Community School District, et al.</u> (E.D. Mich.);
- Case No. 22-11251, <u>Ossege v. Oxford Community School District, et al.</u> (E.D. Mich.);
- Case No. 22-11360, <u>GLJ, et al. v. Oxford Community School District, et al.</u>,
- Case No. 22-cv-11448 <u>Mueller et al. v. Oxford Community School District et al.</u> (E.D. Mich);
- Case No. 22-cv-11959 <u>Watson et al v. Oxford Community School District et al</u> (E.D. Mich);
- Case No. 22-cv-11398 <u>Cunningham et al v. Oxford Community School District et al</u> (E.D. Mich);
- Case No. 22-192262-<u>NO Myre et al v Pam Parker Fine et al</u> (Oakland County Circuit Court);
- Case No. 22-194891-NO <u>Poblette et al. v Throne, et al</u>. (Oakland County Circuit Court); AND
- Case No. 22-195663-NO <u>Watson et al v Oxford Community School District et al</u> (Oakland County Circuit Court)

On August 23, 2022, the parties in the then filed Oxford Cases[1] entered into a Case Management Order whereby the parties agreed to a coordinated discovery process prior to the scheduled facilitation. (Exhibit 1).

The parties in this case entered into a Case Management Order in the companion federal case, Case No. 22-cv-11959 <u>Watson et al v. Oxford Community School District et al</u> (E.D. Mich),

---

[1] Plaintiffs' Counsel in Case No. 22-192262-<u>NO Myre et al v Pam Parker Fine et al</u> (Oakland County Circuit Court) is the only counsel that has not agreed to be subject to the case management order. The parties to Case No. 22-cv-11959 <u>Watson et al v. Oxford Community School District et al</u> (E.D. Mich) and Case No. 22-cv-11398 <u>Cunningham et al v. Oxford Community School District et al</u> (E.D. Mich) recently filed case management orders in federal court making them subject to the substance of the August 23, 2022 order. Additionally, the parties to Case No. 22-194891-NO <u>Poblette et al. v Throne, et al</u>. (Oakland County Circuit Court) recently filed a stipulated case management order before Judge Cunningham making the substance of the August 23, 2022 order applicable to that case.

2

that corresponds with the August 23, 2022 Order. (See Exhibit 2). The parties have agreed this case should also be subject to the substance of the Case Management Orders filed in the federal cases, (Exhibit 1 and Exhibit 2), and are now filing the Stipulated Case Management Order in this Court with regard to pre-facilitation discovery.

This matter having come before the Court upon stipulation of the parties below,

IT IS HEREBY ORDERED that the parties comply with the following regarding all discovery permitted under the Michigan Court Rules:

**I.    Prior Interrogatories and Document Requests.**

With reference to the written discovery conducted prior to the entry of this Order in the Oxford Cases, Plaintiffs' counsel in Case No. 22-cv-11959 <u>Watson et al v. Oxford Community School District et al</u> (E.D. Mich), is currently in possession of discovery responses and shall supply full and complete copies of the written discovery responses, including any documents to all Plaintiffs' counsel in this case subject to this Order. This subsection shall not require delivery of written discovery response to the extent delivery in accordance with this subsection would contravene a confidentiality order or other protective order entered by the court with jurisdiction over the case in which the written discovery was issued. To the extent the discovery responses are subject to a confidentiality order or other protective order, in this case, Plaintiffs' counsel in the above referenced cases shall enter into a substantially similar protective order to that entered into by the parties in the *Franz et. al. v. Oxford Community School District, et. al.* case with Defendants before Plaintiffs' counsel in this case may receive copies of those discovery responses.

Plaintiffs may not serve additional discovery requests beyond what was already requested, and subject to this Case Management Order, without seeking leave of the Court for good cause as to why such discovery requests and/or production would benefit explore early resolution attempts

3

for Facilitation.

**II.    Preliminary Discovery Prior to Early Facilitation.**

In order to pursue early facilitation, the parties will stage discovery as set forth below. The parties agree to limit discovery to the exchange of "Preliminary Discovery" as described in this Order, which shall be expressly limited to the following:

- A. **Initial Disclosures.** To the extent initial disclosures have not yet been exchanged by the parties, the parties shall exchange initial disclosures by October 17, 2022.
- B. **Requests to Produce to Defendants.** To the extent not already received by Plaintiffs' Counsel in Case No. 22-cv-11959 <u>Watson et al v. Oxford Community School District et al</u> (E.D. Mich) by way of the applicable Case Management Order, Defendants shall produce the following by October 17, 2022:
    1. Defendant shall produce to Plaintiffs the period of August 25, 2021, through June 10, 2022, all email communications and other electronic communications generated or received by any Oxford Community Schools District ("OCS") employee, administrator or staff (collectively "staff") of any kind, concerning Ethan Crumbley.
    2. Defendants shall produce any text messages generated or received by the following individuals regarding Ethan Crumbley from a period of August 25, 2021, until present:
        i. All named Defendants in this matter including:
            1. Mr. Timothy Throne;
            2. Mr. Ken Weaver;
            3. Mr. Shawn Hopkins;

4

    4. Mr. Nicholas Ejak

    5. Ms. Pam Fine;

    6. Mr. Steven Wolf;

    7. Ms. Becky Morgan;

    8. Ms. Allison Karpinski; and

    9. Ms. Jacquelyn Kubina.

ii. Ethan Crumbley's 10th grade teachers including, the following:

    1. Mr. Yinger;

    2. Mr. Mezin;

    3. Ms. Kubina;

    4. Ms. Morgan;

    5. Ms. Jasinski;

    6. Ms. McConnell;

    7. Ms. Brown; and

    8. Ms. Cosey

iii. Mr. Nuss, Mr. Nelms, and Ms. Gibson-Marshall, the Oxford High School Assistant Principals;

iv. The Assistant Superintendents for the School District including:

    1. Mr. Barna, the Assistant Superintendent of Business & Maintenance;

    2. Mr. Pass, the Assistant Superintendent of Human Resources; and

    3. Ms. Lemond, the Assistant Superintendent of Safety & School Operations

  v. The two (2) identified secretaries that receive calls from the public who work in the main office: Ms. Melissa Williams and Ms. Stephanie Shefcyk.

3. Defendants shall inquire from all Oxford High School teachers not identified in subsection (2) if they had sent and/or received any text messages regarding Ethan Crumbley during the applicable timeframe, and if so, produce the same.

4. Defendant shall produce to Plaintiffs the email communications from the period of August 25, 2021, through December 1, 2021, regarding any threat and/or safety or security issue related to Oxford High School, staff or student. This request includes, but is not limited to, documents and communications from or to law enforcement, and any OCS parent, student or other third party that has not already been produced in response to a discovery request.

5. Electronic or Hard-copy documents relating to school safety in use during the 2021-2022 school year not otherwise produced above, including policy statements, memorandum regarding school safety and risk assessment that has not already been produced in response to a discovery request.

6. Insurance policies of defendant School District and Individual Defendants, reservation of rights relevant correspondence with insurance carriers together with a 30(b)(6) deposition limited to insurance coverage if needed, that has not already been produced in response to a discovery request and/or in initial disclosures.

7. Any and all documents, materials, photos, videos, policies and/or procedures, and information provided in response to FOIA requests received by the Oxford Community School District.

C. **Requests to Produce to Plaintiffs**:

1. By October 17, 2022, each Plaintiff shall produce to Defendants the following

    i. Signed authorizations for medical records.

    ii. Any and all medical records currently in their possession.

    iii. Any and all documents received in response to FOIA requests described in the notice issued to Defendants under Section II (F)(1).

2. By October 17, 2022, Plaintiffs shall provide:

    i. Any and all documents, including but not limited to, written material, notes, reports, records, videos, photographs, emails, correspondence, or any other ESI within their possession in support of their claims against Defendants. Plaintiffs' shall simultaneously produce these documents to all other Plaintiffs'.

    ii. Any and all text messages, and social media posts in the Plaintiffs' possession regarding allegations contained in their complaint.

    Any and all documents, notes, reports, records, videos, photographs, emails, text messages, social media posts, correspondence, or any other ESI received from any and all non-parties including but not limited to the Oakland County Sheriff's Department, the Oakland County Prosecutor's Office, the Oxford Police Department, the criminal defense attorneys for Ethan Crumbley, Jennifer Crumbley, and James Crumbley, OK2SAY, any parents or students from Oxford Community Schools.

D. **Document-Only Subpoenas to Non-Parties:**

1. This Order applies to subpoenas issued in the Oxford Cases to non-parties who are

commanded by the subpoena to produce documents, electronically stored information, and tangible things but who are not commanded by the subpoena to provide testimony.

2. Plaintiffs and/or any Defendant may cause a subpoena for discovery purposes to be properly served on a non-party in accordance with Federal Rule of Civil Procedure 45 or with the non-party's agreement to accept service by other means. Prior to the issuance of the subpoena, the issuing Plaintiffs' attorney shall make reasonable efforts to coordinate with other Plaintiffs' counsel to ensure that the request to the non-party is sufficiently inclusive. A Plaintiffs' attorney who issues a Document Only Subpoena to a non-party shall serve a copy of the subpoena on all other Plaintiffs' counsel and on Defense Counsel.

3. Fifty percent of the costs associated with third-party discovery shall be borne by Plaintiffs and fifty percent of the costs associated with third-party discovery shall be borne by Defendants.

E. **Exchange of Freedom of Information Act Materials**

1. By October 17, 2022, all parties will give written notice to all other parties of documents and other information that they have obtained by means of Freedom of Information Act (FOIA) requests submitted both to parties and non-parties pursuant to 5 U.S.C. § 552, Mich. Comp. Laws §§ 15.231–246, or any statute or regulation of similar purpose in any other state. This paragraph applies to any information obtained through FOIA requests relating to the Oxford Cases regardless of the source or recipient of the FOIA request. The notice described above shall concisely identify the person, agency, or entity that provided the FOIA

response, approximately when the response was provided, the form in which it was provided, approximately how large the response was, and the general types of materials included in the response. Copies should be produced in the same form in which they were produced in response to the FOIA request unless they are no longer available in that form. Counsel have an obligation to ascertain the FOIA materials over which they have control.

**F. Privilege Logs:**

1. Each party agrees to comply with F.R.C.P 26(b)(5) with regards to materials in which a privilege is claimed.

**G. Privilege Waiver**

1. Each party agrees that submission of documents will be subject to and not considered a waiver of any applicable privilege such as attorney/client and/or work product privilege.

**H. Depositions**. In order to explore early settlement negotiations and facilation, parties agree that Plaintiffs may conduct one Rule 30(b)(6) deposition, as provided for in Case Management Order in Case No. 22-cv-11959 <u>Watson et al v. Oxford Community School District et al</u> (E.D. Mich) contained in Exhibit 2, of the Oxford Community Schools designated corporate representative regarding insurance coverage applicable to the Oxford Defendants. This Order does not provide for any additional depositions prior to facilitation and merely reaffirms Plaintiffs' right to participate in the single 30(b)(6) deposition, which Plaintiffs may do by remote means. Counsel participating in the 30(b)(6) deposition remotely, shall have the same opportunity to examine the witness as counsel attending in person. The parties may only seek additional depositions for the purposes of early

9

facilitation, by leave of court with a request for good cause as to why the additional deposition(s) is(are) beneficial to participating in early facilitation.

### III. Facilitation and Post-Facilitation Discovery

Following completion of Preliminary Discovery, the parties will proceed with Kara Tertzag Lividini as the agreed facilitator to seek early resolution of the claims. At this time facilitation is scheduled to occur October 28, 2022. This Order shall be in effect until all parties have had the ability to engage in early facilitation scheduled with Kara Tertzag.

Should facilitation with Kara Tertzag Lividini prove to be unsuccessful, the parties agree that post-facilitation discovery will be governed by the Michigan Court Rules and to coordinate further post-facilitation discovery pursuant to a separate order. The separate order shall then supplement and replace this Order.

IT IS SO ORDERED.

/s/ Rae Lee Chabot
_____
Judge Rae Lee Chabot
JSG

DATED: 10/12/2022

The undersigned stipulate to entry of the above Case Management Order.

Respectfully submitted,

/s/Todd F. Flood
Todd F. Flood (P58555)
Vincent J. Haisha (P76506)
Flood Law, PLLC
*Attorneys for Plaintiffs*
155 W. Congress St., Ste. 603
Detroit, MI 48226
(248) 547-1032
tflood@floodlaw.com
vhaisha@floodlaw.com

/s/Timothy Mullins
Timothy J. Mullins (P28021)
Kenneth B. Chapie (P66148)
John L. Miller (P71913)
Annabel F. Shea (P83750)
Giarmarco, Mullins & Horton, P.C.
*Attorneys for Defendants*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
kchapie@gmhlaw.com
jmiller@gmhlaw.com
ashea@gmhlaw.com