# Exhibit 1

```
                      STATE OF MICHIGAN

          IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND



PEOPLE OF THE STATE OF MICHIGAN,

     vs                           Case No. 2022-279506-FC

ETHAN ROBERT CRUMBLEY,


                Defendant.

_____/

                      PRETRIAL/PLEA

          BEFORE THE HONORABLE KWAME' L. ROWE

       Pontiac, Michigan - Monday, October 24, 2022

APPEARANCES:

For the People:           KAREN D. MCDONALD (P59083)
                          MARC ANDREW KEAST (P69842)
                          Oakland County Prosecutor's Office
                          1200 North Telegraph Road
                          Pontiac, Michigan 48341
                          (248) 858-0656

For the Defendant:        PAULETTE MICHEL LOFTIN (P71982)
                          Law Offices of Paulette Michel, PLLC
                          145 South Livernois Road, #183
                          Rochester, Michigan 48307
                          (248) 505-4766

For the Defendant:        AMY M. HOPP (P48872)
                          P.O. Box 941
                          Troy, Michigan 48099
                          (248) 408-1742



              Videotape Transcription Provided By:
                Deanna L. Harrison, CER 7464
                About Town Court Reporting, Inc.
                       248-634-3369

                           1
```

```
APPEARANCES (CONTINUED):

Lawyer-Guardian ad        DEBORAH H. MCKELVY (P44157)
Litem:                    1432 Maryland Boulevard
                          Birmingham, Michigan 48009
                          (248) 644-2854
```

TABLE OF CONTENTS

WITNESSES:                                                    PAGE

None.


EXHIBITS                              Introduced    Admitted

None.

1          Pontiac, Michigan

2          Monday, October 24, 2022

3                -   -   -

4          (At 8:51 a.m., proceedings begin)

5          THE CLERK:  Your Honor, calling People versus

6     Ethan Crumbley, case number 2022-279506-FC.

7          THE COURT:  Thank you.  Good morning.

8          Appearances for the record.

9          MS. MCDONALD:  Karen McDonald on behalf of the

10    People of the State of Michigan.

11         MR. KEAST:  Thank you.  Marc Keast for the

12    People.

13         MS. LOFTIN:  Good morning, Your Honor.  Paulette

14    Michel Loftin on behalf of Ethan Crumbley.

15         MS. HOPP:  Good morning, Your Honor.  Amy Hopp

16    on behalf of Ethan Crumbley.

17         MS. MCKELVY:  Good morning, Your Honor.  Deborah

18    H. McKelvy on behalf of Ethan Crumbley.

19         THE COURT:  Thank you.  And good morning to all

20    counsel.

21         Today's the date and time set for a pretrial

22    this morning.  How would you all like to proceed?

23         MR. KEAST:  Judge, it's my understanding that

24    the Defendant is going to plead guilty to all 24 counts.

25         THE COURT:  Thank you.

                                    4

1          MS. LOFTIN:  That is our understanding as well,

2     Your Honor.

3          First, we filed a notice asserting the defense

4     of insanity on January 27th of 2022.  At this time, we are

5     withdrawing that notice, and will be proceeding with a

6     guilty plea.

7          THE COURT:  Thank you.  And I will let all

8     counsel know, you may remove your mask if you're

9     comfortable.

10         MS. LOFTIN:  My client has completed a plea

11    form.  May I approach your clerk?

12         THE COURT:  You may.

13         MR. KEAST:  Judge, for the record, we've also

14    executed a written statement of guilty plea for the Court.

15         THE COURT:  Thank you.  Thank you.

16         With that being said, is there anything else we

17    need to address before I take your client's plea, Ms.

18    Loftin?

19         MS. LOFTIN:  Your Honor, I would ask the Court

20    to inquire of Ms. McKelvy, as the LGAL, if she had time to

21    meet with Mr. Crumbley, and what the decision should be.

22         THE COURT:  Thank you.

23         Ms. McKelvy.

24         MS. MCKELVY:  Good morning, Your Honor.

25         Your Honor, I did -- after Ms. Loftin and I

1    spoke that this was going to take place today, I went to

2    see him at the jail on Thursday.  We did spend an

3    appreciable time discussing all this.  I believe he under

4    -- I believe, as his lawyer-guardian ad litem, he does

5    understand what this process is, what his intent is to do

6    today, and I believe -- and I know that as part of the

7    plea form that he is doing this freely, voluntarily, and

8    knowingly, so I -- I do believe that this is something he

9    desires to do today.

10              THE COURT:  Thank you.

11              With that being said, anything else from the

12   People?

13              MR. KEAST:  No, Judge.  Thank you.

14              THE COURT:  Thank you.

15              Mr. Crumbley, if you could, please approach the

16   podium.  Please raise your right hand.  Under penalty of

17   perjury, do you swear or affirm that the statements you're

18   about to make will be the truth?

19              ETHAN CRUMBLEY:  Yes, I do, Your Honor.

20              (At 8:53 a.m., Defendant sworn)

21              THE COURT:  Thank you.  You can put your hand

22   down.

23              What is your name?

24              ETHAN CRUMBLEY:  Ethan Robert Crumbley.

25              THE COURT:  And Mr. Crumbley, how old are you?

```
 1              ETHAN CRUMBLEY:  I'm 16 years old.

 2              THE COURT:  Can you read, write, and understand

 3      the English language?

 4              ETHAN CRUMBLEY:  Yes, sir.

 5              THE COURT:  Can you hear and understand me, the

 6      prosecutor, as well as your attorney?

 7              ETHAN CRUMBLEY:  Yes, sir.

 8              THE COURT:  Are you satisfied with the advice

 9      your attorney has given you?

10              ETHAN CRUMBLEY:  Yes, sir.

11              THE COURT:  And you also have been appointed

12      another court-appointed attorney, as well as a legal

13      guardian ad litem.  Did you have an opportunity to speak

14      to your legal guardian ad litem?

15              ETHAN CRUMBLEY:  Yes, sir.

16              THE COURT:  And having spoken to your legal

17      guardian ad litem, are you still prepared to proceed this

18      morning?

19              ETHAN CRUMBLEY:  Yes, sir.

20              THE COURT:  And you're comfortable with

21      proceeding?

22              ETHAN CRUMBLEY:  Yes, sir.

23              THE COURT:  You understand you have the right to

24      have the assistance of an attorney throughout all

25      proceedings, and if you could not afford an attorney, the
```

1  Court would appoint one for you?

2  ETHAN CRUMBLEY:  Yes, sir.

3  THE COURT:  You understand that you'll be

4  pleading guilty to count one, terrorism causing death;

5  that is a felony where you face up to life without parole,

6  or a minimum sentence of 25 to 40 years, and a maximum

7  sentence of at least 60 years.  You may have to reimburse

8  the government for expenses incurred from the violation.

9  You're also charged in count two, first degree

10 premeditated murder; that is a felony where you face up to

11 life without parole, or a minimum of 25 to 40 years, and a

12 maximum sentence of at least 60 years.

13 You're charged in count three with first degree

14 premediated murder; that is a felony where you face up to

15 life without parole, or a minimum of 25 to 40 years, and a

16 maximum sentence of at least 60 years.

17 You're charged in count four with first degree

18 murder; that is a felony where you face up to life without

19 parole, or a minimum sentence of 25 to 40 years, and a

20 maximum sentence of at least 60 years.

21 You're charged in count five with homicide,

22 first degree murder; that is a felony where you face up to

23 life without parole, or a minimum sentence of 25 to 40

24 years, and a maximum sentence of at least 60 years.

25 You're charged in count six with assault with

1    intent to murder; that is a felony where you face up to

2    life or any number of years.

3            You're charged in count seven with assault with

4    intent to murder; that is a felony where you face up to

5    life or any number of years.

6            You're charged in count eight with assault with

7    intent to murder; that is a felony where you face up to

8    life or any number of years.

9            You're charged in count nine with assault with

10   intent to murder; that is a felony where you face up to

11   life or any number of years in prison.

12           You're charged in count 10 with assault with

13   intent to murder; that is a felony where you face up to

14   life or any number of years with the Michigan Department

15   of Corrections.

16           You're charged in count 11 with assault with

17   intent to murder; that is a felony where you face up to

18   life or any number of years, again with the Michigan

19   Department of Corrections.

20           You're charged in count 12 with assault with

21   intent to murder; that is a felony where you face up to

22   life or any number of years with the Michigan Department

23   of Corrections.

24           You're charged with count 13, possession of a

25   firearm in the commission of a felony; I will note for the

1       record that you're charged in counts 13 through 24, all

2       being felony firearm offenses.

3               Counts 13 through 24, you face 2 years

4       consecutively with and preceding any term of imprisonment

5       imposed for the felony or attempted felony conviction.

6               You understand the maximum possible penalties

7       you face here?

8               ETHAN CRUMBLEY:  Yes, sir.

9               THE COURT:  You understand that the maximum

10      possible penalty you face here on the underlying offenses

11      is up to life in prison?

12              ETHAN CRUMBLEY:  Yes, sir.

13              THE COURT:  And that would be life in prison

14      without parole; you understand that?

15              ETHAN CRUMBLEY:  Yes, sir.

16              THE COURT:  Mr. Keast, is there a plea

17      agreement?

18              MR. KEAST:  No, Your Honor.

19              THE COURT:  Thank you.

20              Sir, did you have an opportunity to review

21      People's Exhibit Number 1 with your attorneys?

22              ETHAN CRUMBLEY:  Yes, sir.

23              THE COURT:  And this is the plea form that

24      covers all of your rights, sir?

25              ETHAN CRUMBLEY:  Yes, sir.

1          THE COURT:  And did you have an opportunity to

2     sign this form?

3          ETHAN CRUMBLEY:  Yes, sir.

4          THE COURT:  Thank you.  And this form goes over

5     all of your rights; is that correct?

6          ETHAN CRUMBLEY:  Yes, sir.

7          THE COURT:  I'm going to cover your rights with

8     you here in court.

9          Sir, if your plea is accepted, you will not have

10    a trial of any kind, and you'll be giving up the following

11    rights.

12          The right to be tried by a jury, and throughout

13    the trial, the right to be presumed innocent, unless the

14    prosecutor proves your guilt beyond a reasonable doubt.

15          You'd be giving up the right to have witnesses

16    against you appear at the trial and to question witnesses

17    against you.  You will also be giving up the right to have

18    the Court order any witnesses you have to appear at the

19    trial, and you will be giving up your right to remain

20    silent during the trial and the right to not have that

21    silence used against you during the trial.  On the other

22    hand, you could testify at trial, if you wanted to

23    testify.

24          If your plea is accepted, you'll be giving up

25    any claim that the plea was the result of promises or

11

1    threats that were not disclosed on the record, or that the

2    plea was not of your own choice.  Additionally, if your

3    plea is accepted, you may be giving up the right to appeal

4    issues that would be otherwise appealable if you were

5    convicted at trial.  Any appeal from conviction and

6    sentence pursuant to this plea will be by application for

7    leave to appeal, and not by right.

8            A plea means you have a conviction that may be

9    used against you in the future.  If you're on probation or

10   parole, these pleas could affect your status; you

11   understand that?

12           ETHAN CRUMBLEY:  Yes.

13           THE COURT:  Were you born in the United States?

14           ETHAN CRUMBLEY:  Yes, sir.

15           THE COURT:  I do have to advise you that if you

16   were not born in the United States, that this plea could

17   affect your immigration status.

18           Sir, has anyone promised you anything or made

19   threats that have not been stated on the record?

20           ETHAN CRUMBLEY:  No, sir.

21           THE COURT:  Is it your own choice to plead

22   guilty?

23           ETHAN CRUMBLEY:  Yes, sir.

24           THE COURT:  Do you need any more time to talk to

25   your attorneys about any of your rights?

                              12

1          ETHAN CRUMBLEY:  No, sir.

2          THE COURT:  And I will allow the prosecutor to

3    conduct the voir dire; however, I will ask you, sir, did

4    these offenses occur on or about November 30th, 2021, in

5    Oakland County?

6          ETHAN CRUMBLEY:  Yes, sir.

7          THE COURT:  What city or township?

8          ETHAN CRUMBLEY:  Oxford.

9          THE COURT:  Thank you.

10          People?

11          MR. KEAST:  Thank you, Judge.

12          Sir, on that date, November the 30th, 2021, in

13    Oakland County, Michigan, did you bring a 9 millimeter Sig

14    Sauer handgun and 50 rounds of 9 millimeter ammunition

15    with you to the Oxford High School?

16          ETHAN CRUMBLEY:  Yes, sir.

17          MR. KEAST:  Did you keep the gun and ammunition

18    in your backpack with you that day?

19          ETHAN CRUMBLEY:  Yes.

20          MR. KEAST:  Is it true that at approximately

21    12:49 p.m. on that date, you entered a boys' bathroom in

22    the Oxford High School?

23          ETHAN CRUMBLEY:  Yes.

24          MR. KEAST:  Is it true that while --

25          THE COURT:  I'm sorry; can you keep your voice

13

1    up for me?

2         ETHAN CRUMBLEY:  Yes, sir.

3         MR. KEAST:  Is it true that while inside the

4    boys' bathroom, in the stall in the bathroom, you removed

5    the handgun from your backpack?

6         ETHAN CRUMBLEY:  Yes.

7         MR. KEAST:  Is it true that you ensured that the

8    handgun was loaded?

9         ETHAN CRUMBLEY:  Yes.

10        MR. KEAST:  Is it true that you exited the

11   bathroom approximately 12:51 p.m. on November the 30th,

12   2021?

13        ETHAN CRUMBLEY:  Yes.

14        MR. KEAST:  Is it true that when you exited the

15   bathroom, you began shooting at students and staff members

16   of the Oxford High School?

17        ETHAN CRUMBLEY:  Yes.

18        MR. KEAST:  Judge, for the specific factual

19   basis, I'm going to do counts two through five, and then

20   count one.

21        THE COURT:  Please.

22        MR. KEAST:  Regarding count two, first degree

23   murder; is it true on November the 30th, 2021, while you

24   were in Oxford, County of Oakland, you deliberately, with

25   the intent to kill, and with premeditation, used a 9

14

1    millimeter handgun to shoot and kill Ms. Madisyn Baldwin?

2            ETHAN CRUMBLEY:  Yes.

3            MR. KEAST:  Is it true on November the 30th,

4    2021, while you were in Oxford, County of Oakland, you did

5    deliberately, with the intent to kill, and with

6    premeditation, use a 9 millimeter handgun and shoot and

7    kill Mr. Tate Myre?

8            ETHAN CRUMBLEY:  Yes.

9            MR. KEAST:  Is it true on November the 30th,

10    2021, while you were in Oxford, County of Oakland, you

11    deliberately, with the intent to kill, and with

12    premeditation, did use a 9 millimeter handgun and shoot

13    and kill Ms. Hana St. Juliana?

14            ETHAN CRUMBLEY:  Yes.

15            MR. KEAST:  Is it true on November the 30th,

16    2021, while you were in Oxford, County of Oakland, you did

17    deliberately, with the intent to kill, and with

18    premeditation, use a 9 millimeter handgun to shoot and

19    kill Mr. Justin Shilling?

20            ETHAN CRUMBLEY:  Yes.

21            THE COURT:  Could you repeat your answer, sir?

22            ETHAN CRUMBLEY:  Yes.

23            THE COURT:  Thank you.

24            MR. KEAST:  Is it true that on November the

25    30th, 2021, when you committed the crimes of first degree

1    premeditated murder in Oxford, County of Oakland, that you

2    acted knowingly, willfully, deliberately, meaning you

3    considered the pros and cons of your actions, then you

4    made the decision after substantial reflection to commit

5    first degree premeditated murder?

6              ETHAN CRUMBLEY:  Yes.

7              MR. KEAST:  Is it true that you knew or had

8    reason to know that your choices on November the 30th,

9    2021, in committing these crimes, would cause a

10   substantial likelihood of death or serious injury?

11             ETHAN CRUMBLEY:  Yes.

12             MR. KEAST:  Is it true when you committed these

13   crimes, you intended to put students and teachers in fear,

14   and you intended to cause panic among the Oxford High

15   School community?

16             ETHAN CRUMBLEY:  Yes.

17             MR. KEAST:  Is it true that your actions on

18   November the 30th, 2021, caused the deaths of Madisyn

19   Baldwin, Tate Myre, Hana St. Juliana, and Justin Shilling?

20             ETHAN CRUMBLEY:  Yes.

21             MR. KEAST:  Regarding count six; is it true that

22   on November the 30th, 2021, you assaulted Ms. Phoebe

23   Arthur, by shooting her with a 9 millimeter handgun, and

24   it was your intention to kill her?

25             ETHAN CRUMBLEY:  Yes.

                              16

1          MR. KEAST:  Count seven; is it true that on

2    November the 30th, 2021, you assaulted Mr. John Asciutto,

3    by shooting him with a 9 millimeter handgun, and was it

4    your intention to kill him?

5          ETHAN CRUMBLEY:  Yes.

6          MR. KEAST:  Count eight; is it true that on

7    November the 30th, 2021, you assaulted Ms. Molly Darnell,

8    by shooting her with a 9 millimeter handgun, and it was

9    your intention to kill her?

10         ETHAN CRUMBLEY:  Yes.

11         MR. KEAST:  Count nine; is it true that on

12   November the 30th, 2021, you assaulted Ms. Riley Franz, by

13   shooting her with a 9 millimeter handgun, and it was your

14   intention to kill her?

15         ETHAN CRUMBLEY:  Yes.

16         MR. KEAST:  Count 10; is it true that on

17   November the 30th, 2021, you assaulted Mr. Elijah Mueller,

18   by shooting him with a 9 millimeter handgun, and it was

19   your intention to kill him?

20         ETHAN CRUMBLEY:  Yes.

21         MR. KEAST:  Count 11; is it true that on

22   November the 30th, 2021, you assaulted Ms. Kylie Ossege,

23   with the intent to commit the crime of murder, and it was

24   -- by shooting her with a 9 millimeter handgun, and it was

25   your intention to kill her?

17

1           ETHAN CRUMBLEY:  Yes.

2           MR. KEAST:  Count 12; is it true that on

3     November the 30th, 2021, you assaulted Mr. Aiden Watson,

4     by shooting him with a 9 millimeter handgun, and it was

5     your intention to kill him?

6           ETHAN CRUMBLEY:  Yes.

7           MR. KEAST:  For counts 13 through 24, Judge, I'm

8     going to take the factual basis all at once; these are all

9     the felony firearm crimes.

10          Is it true on November 30th, 2021, that all

11    crimes were carried out while you possessed and used that

12    9 millimeter handgun?

13          ETHAN CRUMBLEY:  Yes.

14          MR. KEAST:  Is it true that the firearm that you

15    used on November the 30th was purchased on November the

16    26th, 2021, by your father, James Crumbley?

17          ETHAN CRUMBLEY:  Yes.

18          MR. KEAST:  Is it true that you asked him to buy

19    that firearm?

20          ETHAN CRUMBLEY:  Yes.

21          MR. KEAST:  Is it true that you gave him your

22    own money to buy that firearm?

23          ETHAN CRUMBLEY:  Yes.

24          MR. KEAST:  Is it true that you picked that gun

25    out to buy?

                              18

1                ETHAN CRUMBLEY:  Yes.

2                MR. KEAST:  Is it true that on November the

3      30th, 2021, that 9 millimeter handgun that you used at

4      Oxford High School was not kept in a safe or locked

5      container?

6                ETHAN CRUMBLEY:  I'm sorry; repeat that.

7                MR. KEAST:  Is it true on November the 30th,

8      2021, when you obtained the firearm, it was not kept in a

9      locked container or a safe?

10               ETHAN CRUMBLEY:  Yes, it was not locked.

11               MR. KEAST:  The People are satisfied.

12               THE COURT:  Thank you.  The Court adopts the

13     People's voir dire as its own.

14               With that being said, defense satisfied as well?

15               MS. LOFTIN:  Defense is satisfied.

16               THE COURT:  Thank you.

17               Does the prosecutor and the defense attorney

18     agree that the Court has complied with subrules B through

19     D?

20               MR. KEAST:  Yes, Your Honor.

21               MS. MCDONALD:  Yes, Your Honor.

22               MS. LOFTIN:  You have, Your Honor.

23               THE COURT:  Thank you.  And if I haven't stated

24     it, based upon that voir dire, I do believe there's a

25     sufficient factual basis for the convictions in counts one

                              19

1      through 24.

2              With that being said, is either prosecutor or

3      defense attorney aware of any promises, threats, or

4      inducements, other than those disclosed on the record?

5              MR. KEAST:  No, Your Honor.

6              MS. MCDONALD:  No.

7              MS. LOFTIN:  No, Your Honor.

8              THE COURT:  Thank you.  The Court finds the plea

9      to be voluntary, understanding, and accurately given, and

10     I accept the plea.

11             The Court will set this matter for a tentative

12     *Miller* hearing on February 9th, 2023, at 9 a.m.  That will

13     be in person here in my courtroom.

14             As counsel is aware, we must continue to conduct

15     a review hearing every 30 days because the Defendant is a

16     minor at the Oakland County Jail.  As such, the Court will

17     conduct a review hearing in this matter on November 29th,

18     2022, at 9 a.m., via Zoom.

19             With that being said, is there anything else for

20     the record this morning?

21             MR. KEAST:  Judge, just I did want to note for

22     the record that paragraph 2 of our statement of guilty

23     plea does indicate that to the extent it ever becomes

24     necessary, the parties do agree to supplement today's

25     record with all case reports, all evidence submitted to

20

1    this Court during the juvenile justice and delinquency

2    prevention hearings that occurred February 22nd, March

3    24th, April 21st, May 19th, June 23rd, July 22nd, August

4    25th, September 22nd, Oct -- and October the 20th.

5              THE COURT:  Thank you.  So noted.

6              Anything else for the record?

7              MS. MCDONALD:  Just one moment, Your Honor.

8              MR. KEAST:  Judge, just so the record is clear,

9    the tentative *Miller* hearing date is February the 9th.

10   We'll have a sentencing hearing after that date; is that

11   correct?

12             THE COURT:  That is correct.  The Court will set

13   it for sentencing after I've conducted the *Miller* hearing,

14   to give myself an opportunity to make a decision about the

15   *Miller* hearing, as well as to allow counsel to supplement

16   any record that they need to supplement.

17             MS. MCDONALD:  As you know, Your Honor, we have

18   a lot of victims in the courtroom today, a lot of victims

19   watching, and just to put on the record that they will

20   have an opportunity to make a statement to the Court at

21   the time of sentencing.

22             THE COURT:  Absolutely.

23             MS. MCDONALD:  Thank you.

24             THE COURT:  Thank you.

25             With that being said, anything else?

1      MR. KEAST:  No, Judge.  Thank you.

2      MS. MCDONALD:  Thank you, Your Honor.

3      MS. LOFTIN:  No, Your Honor.

4      THE COURT:  Thank you.  Deputies, you may take

5 the Defendant.  Thank you.

6      If everyone in the courtroom could please be

7 seated.

8      Thank you.  With that being said, the Court is

9 going to stand in recess.

10      THE CLERK:  All rise.

11      (At 9:06 a.m., proceedings concluded)

12        -   -   -

13

14

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATION

I certify that this transcript, consisting of 23 pages, is a true and accurate transcription, to the best of my ability, of the video proceeding in this case before the Honorable Kwame' L. Rowe on Monday, October 24, 2022, as recorded by the clerk.

Videotape proceedings were recorded and were provided to this transcriptionist by the court and this certified reporter accepts no responsibility for any events that occurred during the above proceedings, for any inaudible and/or indiscernible responses by any person or party involved in the proceedings, or for the content of the videotape provided.

/s/ Deanna L. Harrison, CER 7464
About Town Court Reporting, Inc.
248-634-3369

23