UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RILEY FRANZ, and JEFFREY FRANZ
and BRANDI FRANZ, as NEXT FRIEND
for ISABELLA FRANZ, a Minor,

               Plaintiffs,                      Hon. Mark A. Goldsmith
                                                    Magistrate Anthony P. Patti

v                                                    No. 21-12871

OXFORD COMMUNITY SCHOOLS,
TIMOTHY THRONE, STEVEN WOLF,
NICHOLAS EJAK, SHAWN HOPKINS,
PAMELA FINE, JACQUELYN KUBINA,
ALLISON KARPINSKI and BECKY MORGAN,

               Defendants.

_____/

Geoffrey N. Fieger (P30441)
James J. Harrington (P65351)
Robert G. Kamenec (P35283)
Nora Y. Hanna (P80067)
Milica Filipovic (P80189)
Fieger, Fieger, Kenney & Harrington, P.C.
*Attorneys for Plaintiffs*
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555
g.fieger@fiegerlaw.com
j.harrington@fiegerlaw.com
r.kamenec@fiegerlaw.com
n.hanna@fiegerlaw.com
m.filipovic@fiegerlaw.com

Timothy J. Mullins (P28021)
Kenneth B. Chapie (P66148)
John L. Miller (P71913)
Annabel F. Shea (P83750)
Giarmarco, Mullins & Horton, P.C.
*Attorneys for Defendants*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
kchapie@gmhlaw.com
jmiller@gmhlaw.com
ashea@gmhlaw.com

**DEFENDANTS' EX PARTE MOTION TO EXCEED THE TWENTY PAGE
LIMIT FOR THEIR
BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendants request that this Court allow them to submit a brief in excess of 25 pages.  In support of their motion, Defendants state:

1. As a result of the school shooting at Oxford High School on November 30, 2021, Plaintiffs have filed suit in ten separate cases[1] against Oxford Community Schools, former Superintendent Timothy Throne, Oxford High School Principal Steven Wolf, Counselor Shawn Hopkins, Dean of Students Nicholas Ejak, Restorative Practices Coordinator Pamela Fine, teachers Jacquelyn Kubina, Allison Karpinski and Becky Morgan in their individual capacities, and former Superintendent Ken Weaver in his official capacity only.

2. Each of the lawsuits are lengthy. For example, one complaint is 106 pages long.

3. Each of the lawsuits are also factually and legally complex.

4. Plaintiffs' federal lawsuits allege the following claims:

   a. Substantive due process, state-created danger under § 1983;

---

[1] The federal cases include: Case No. 21-12871, Franz et al. v. Oxford Community School  District et al. (E.D. Mich.); Case No. 22-10407, Asciutto et al v. Oxford Community  School District et al. (E.D. Mich.); Case No. 22-10805, St. Juliana et al v. Oxford Community  School District et al. (E.D. Mich.); Case No. 22-11113, Myre et al. v. Oxford Community School  District et al. (E.D. Mich.); Case No. 22-11250, Beausoleil v. Oxford Community School  District, et al. (E.D. Mich.); Case No. 22-11251, Ossege v. Oxford Community School  District, et al. (E.D. Mich.); Case No. 22-cv-11398 Cunningham et al v. Oxford Community School District et al (E.D. Mich); Case No. 22-11360, GLJ, et al. v. Oxford Community School  District, et al.; Case No. 22-cv-11959 Watson et al v. Oxford Community School District et al (E.D. Mich); and Case No. 22-cv-11448 Mueller et al. v. Oxford Community  School District et al.  (E.D. Mich).

    b. supervisory liability as to Defendants Superintendent Tim Throne and Principal Steve Wolf;

    c. *Monell* liability;

    d. gross negligence;

    e. violation of the Child Protection Law;

    f. violation of the Michigan Constitution; and

    g. prospective injunctive relief for alleged violation of procedural due process.

5. Plaintiff's substantive due process claims require an analysis of the following:

    a. Whether many of the alleged acts amount to affirmative acts.

    b. If an affirmative act is shown, whether the Defendants' conduct was conscience shocking. For this element, the additional elements must be analyzed:

        i. Each individual defendant's knowledge and conduct must be analyzed separately.

        ii. Whether each individual defendant knew of the specific risk of harm that would occur.

        iii. If so, whether each defendant responded to that knowledge in a conscience shocking manner.

iv. An analysis of legitimate countervailing interests involved.

6. Plaintiffs' supervisory liability claims require an analysis of whether Defendants' Throne and Wolf encouraged and participated in unconstitutional conduct.

7. The qualified immunity defense also requires an analysis of case law to determine whether Defendants' alleged conduct violates clearly established constitutional rights in the particularized circumstances presented in the case.

8. Plaintiffs' *Monell* liability claim requires an analysis of whether a constitutional violation occurred, and whether the constitutional right at issue was clearly established.

9. Plaintiffs' request for injunctive relief requires an analysis of:

   a. Whether a procedural due process violation has occurred.

   b. Whether the alleged violation was an emergency situation of general applicability, which would negate a procedural due process violation.

   c. Whether the request for relief is now moot.

10. Plaintiff's Gross negligence claim requires an analysis of the following:

   a. Whether a governmental entity like a public school district can be held liable for gross negligence.

4

    b.  Whether an individual Defendant's conduct was grossly negligent.

    c.  Whether an individual Defendant's conduct was the proximate cause of the injury.

11. Plaintiffs' Child Protection Law (CPL) claim requires analysis of:

    a.  Whether suspected conduct by a student must be reported under the act.

    b.  Whether individual defendants are entitled to state statutory governmental immunity when the injury was caused by a student.

    c.  Whether the CPL provides for an expressed statutory exception to immunity as it applies to governmental entities.

12. Defendants now file their motion to dismiss all of the federal complaints pending before this Court under Fed. R. Civ. P. 12(c).

13. The extensive list of legal issues explained above cannot adequately be examined in the 25-page limitation.

14. Defendants request that, pursuant to Local Rule 7.1 (3)(a), this Honorable Court allow Defendants to exceed the 25-page limit in its brief in support of their motion to dismiss.

15. Granting leave to Defendants in this instance will not prejudice any of the parties in this case.

16. Defendants would agree to allow Plaintiff to file a brief that is the same

number of pages. Defendants would also allow Plaintiffs additional time to respond to their motion.

17. This motion to exceed the page limit as to Defendants' Motion to Dismiss applies to all Oxford cases pending before this Court. [2]

WHEREFORE, Defendants request that, pursuant to Local Rule 7.1 (3)(a), this Honorable Court allow Defendants to exceed the 25-page limit in its brief in support of their motion to dismiss.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Oxford Defendants

DATED: December 22, 2022

---

[2] The federal cases include: Case No. 21-12871, Franz et al. v. Oxford Community School District et al. (E.D. Mich.); Case No. 22-10407, Asciutto et al v. Oxford Community  School District et al. (E.D. Mich.); Case No. 22-10805, St. Juliana et al v. Oxford Community  School District et al. (E.D. Mich.); Case No. 22-11113, Myre et al. v. Oxford Community School District et al. (E.D. Mich.); Case No. 22-11250, Beausoleil v. Oxford Community School District, et al. (E.D. Mich.); Case No. 22-11251, Ossege v. Oxford Community School  District, et al. (E.D. Mich.); Case No. 22-cv-11398 Cunningham et al v. Oxford Community School District et al (E.D. Mich); Case No. 22-11360, GLJ, et al. v. Oxford Community School  District, et al.; Case No. 22-cv-11959 Watson et al v. Oxford Community School District et al (E.D. Mich); and Case No. 22-cv-11448 Mueller et al. v. Oxford Community  School District et al. (E.D. Mich).

LOCAL RULE CERTIFICATION: I, Timothy J. Mullins, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Oxford Defendants

DATED: December 22, 2022

## CERTIFICATE OF ELECTRONIC SERVICE

TIMOTHY J. MULLINS states that on December 22, 2002, he did serve a copy of **Defendants' Ex Parte Motion to Exceed the Twenty Page Limit for their Brief in Support of Motion to Dismiss** via the United States District Court electronic transmission.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorneys for Oxford Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021