UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RILEY FRANZ, and JEFFREY FRANZ
and BRANDI FRANZ, as NEXT FRIEND
for ISABELLA FRANZ, a Minor,

       Plaintiffs,                     Hon. Mark A. Goldsmith
                                          Magistrate Anthony P. Patti
v                                                No. 21-12871

OXFORD COMMUNITY SCHOOLS,
TIMOTHY THRONE, STEVEN WOLF,
NICHOLAS EJAK, SHAWN HOPKINS,
PAMELA FINE, JACQUELYN KUBINA,
ALLISON KARPINSKI and BECKY MORGAN,

       Defendants.
_____/

| | |
|---|---|
| Geoffrey N. Fieger (P30441) | Timothy J. Mullins (P28021) |
| James J. Harrington (P65351) | Kenneth B. Chapie (P66148) |
| Robert G. Kamenec (P35283) | John L. Miller (P71913) |
| Nora Y. Hanna (P80067) | Annabel F. Shea (P83750) |
| Milica Filipovic (P80189) | Giarmarco, Mullins & Horton, P.C. |
| Fieger, Fieger, Kenney & Harrington, P.C. | *Attorneys for Defendants* |
| *Attorneys for Plaintiffs* | 101 W. Big Beaver Road, 10th Floor |
| 19390 West Ten Mile Road | Troy, MI 48084-5280 |
| Southfield, MI 48075 | (248) 457-7020 |
| (248) 355-5555 | tmullins@gmhlaw.com |
| g.fieger@fiegerlaw.com | kchapie@gmhlaw.com |
| j.harrington@fiegerlaw.com | jmiller@gmhlaw.com |
| r.kamenec@fiegerlaw.com | ashea@gmhlaw.com |
| n.hanna@fiegerlaw.com | |
| m.filipovic@fiegerlaw.com | |

**DEFENDANTS' MOTION TO STAY DISCOVERY PENDING THIS
COURT'S DECISION OF DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(C)**

## ISSUES PRESENTED AND MOST CONTROLLING AUTHORITY

Issue One: Should this Court stay discovery in the Oxford Cases pending its decision of Defendants' Motion to Dismiss given that it raises issues of qualified immunity and governmental immunity? **YES**

### Most Controlling Authority:

- *Mitchell v. Forsyth*, 472 U.S. 511, 105 (1985); *Kennedy v. Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986)(holding that a court should stay discovery until the issue of qualified immunity is decided); *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) ("While the issue [of qualified immunity] is before the trial court or the case is on appeal, the trial court should stay discovery.").

## FACTS

There are currently 10 cases pending before this Court arising out of the November 30, 2021, shooting at Oxford High School. As a result, this Court has coordinated this case with the other 9 for purposes of judicial economy.

On July 13, 2022, this Court held a status conference with counsel for all parties, including counsel to the then filed civil companion cases pending in Oakland County Circuit Court. During the status conference, undersigned counsel indicated that he desired to file motions to dismiss based on qualified immunity. Counsel for Plaintiffs voiced their opposition. This Court responded by entering the July 19, 2022, Order, directing the parties to file a memorandum regarding whether motions for qualified immunity should be allowed prior to discovery. ECF No. 71, PageID 1469.

On August 12, 2022, both Defendants and Plaintiffs filed a memorandum. *See* ECF No. 80; *see* ECF No. 81. On August 26, 2022, both Defendants and Plaintiffs filed a response. *See* ECF No. 86; *see* ECF No. 87. On October 5, 2022, this Court then entered an Order deferring the filing of any motions addressing qualified immunity until further ordered by this Court.

On December 12, 2022, this Court entered an Order instructing Defendants to file any motion to dismiss based on qualified immunity and any motion for a stay of discovery based on qualified immunity by December 22, 2022. ECF No. 105. Defendants are currently filing the instant Motion to Stay Discovery along with their Motion to Dismiss in accordance with this Court's Order.

## LAW AND ARGUMENT

I. **THIS COURT SHOULD STAY DISCOVERY PENDING ITS DECISION ON DEFENDANTS' MOTION TO DISMISS.**

    1. **A Stay of Discovery is Appropriate pending this Court's Decision on the Issue of Qualified Immunity.**

Once a motion to dismiss is filed raising the issue of qualified immunity, it is well settled that the defendant is protected from the burdens of discovery until the resolution of that issue. *Kennedy v. Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986), *cert. denied*, 479 U.S. 1103 (1987); *see Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982)("Until the threshold immunity question is resolved, discovery should not be allowed"); *see Minick v. Metropolitan Government of Nashville*, 543 Fed. Appx. 507, 509 (6th Cir. 2013)("[A] defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); *see also Smith v. Leis*, 407 Fed. Appx. 918, 923 (6th Cir. 2011)(finding that district court erred by "permit[ting] discovery to continue before first resolving the qualified-immunity question"). Because of this, both the United States Supreme Court and the Sixth Circuit have

4

concluded that the district court should stay discovery until that issue is decided. *Id.* (citing *Mitchell v. Forsyth*, 472 U.S. 511, 105 (1985)); *see English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) ("While the issue [of qualified immunity] is before the trial court or the case is on appeal, the trial court should stay discovery.").

Here, Defendants are filing a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(C) based on qualified immunity concurrently with the instant motion. Based on the above well settled authority, this Court should grant Defendants' Motion and stay discovery pending its decision on the issue. *See Sterrett v. Cowan*, __F. Supp. 3d__; 2014 WL 4926264 (E.D. Mich. Oct. 1, 2014)(granting the defendants' motion to stay discovery based on the pending the court's decision of the issue of qualified immunity); *see Harrison v. Pittman*, __F. Supp. 2d__, 2010 WL 2231828 (W.D. Mich. June 1, 2010)(granting the defendants' motion to stay discovery until the court rules on their outstanding dispositive motion).

**2. A Stay of Discovery Is Appropriate with Regard to the State Law Claims that Raise Issues of Governmental Immunity.**

As explained in Defendants Motion to Dismiss, some of the complaints raise state law tort claims and claims under the Child Protection Law, all of which are subject to governmental immunity. Because of this, Defendants also raise governmental immunity as a defense to those claims. Michigan Courts have found that it is appropriate to stay discovery once a motion to dismiss is filed. *Temrowski*

5

*v. Kent*, No. 352207, 2021 WL 4142739, at *3 (Mich Ct App Sept 9, 2021)(finding a stay of discovery appropriate once defendant filed a summary disposition motion based on the pleadings and governmental immunity). Michigan Courts have also found a stay appropriate pending a decision on a motion to dismiss when "further discovery does not stand a reasonable chance of uncovering factual support for the party's position." *Oliver v. Smith*, 269 Mich App 560, 567;715 NW2d 314 (2006). This is certainly the case here given that the issue presented regarding Plaintiffs' State law claims raise only narrow legal issues to be decided by this Court. Here, the only issues presented regarding Plaintiffs' state law claims are: (1) whether EC—who recently plead guilty to all counts—was "the" proximate cause of Plaintiffs' injuries and (2) whether Plaintiffs plead an exception to governmental immunity as to the District. Based on this, no discovery is needed to decide the issues of governmental immunity making a stay appropriate. *C.f.*, *Xu v Gay*, 257 Mich App 263, 267; 668 NW2d 166 (2003)(holding that a motion for summary disposition brought under MCR 2.116(C)(7) should be granted "if no factual development could provide a basis for recovery.")).

## CONCLUSION

For all the reasons stated above, Defendants request that this Court stay discovery in all Oxford cases[1] until a decision is rendered regarding Defendants' Motion to Dismiss.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Oxford Defendants

DATED: December 22, 2022

LOCAL RULE CERTIFICATION: I, Timothy J. Mullins, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Oxford Defendants

DATED: December 22, 2022

---

[1] The federal cases include: Case No. 21-12871, Franz et al. v. Oxford Community School District et al. (E.D. Mich.); Case No. 22-10407, Asciutto et al v. Oxford Community School District et al. (E.D. Mich.); Case No. 22-10805, St. Juliana et al v. Oxford Community School District et al. (E.D. Mich.); Case No. 22-11113, Myre et al. v. Oxford Community School District et al. (E.D. Mich.); Case No. 22-11250, Beausoleil v. Oxford Community School District, et al. (E.D. Mich.); Case No. 22-11251, Ossege v. Oxford Community School District, et al. (E.D. Mich.); Case No. 22-cv-11398 Cunningham et al v. Oxford Community School District et al (E.D. Mich); Case No. 22-11360, GLJ, et al. v. Oxford Community School District, et al.; Case No. 22-cv-11959 Watson et al v. Oxford Community School District et al (E.D. Mich); and Case No. 22-cv-11448 Mueller et al. v. Oxford Community School District et al. (E.D. Mich).

## CERTIFICATE OF ELECTRONIC SERVICE

      TIMOTHY J. MULLINS states that on December 22, 2002, he did serve a copy of **Defendants' Motion to Stay Discovery Pending this Court's Decision of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(C)** via the United States District Court electronic transmission.

    /s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorneys for Oxford Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021