UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JEFFREY FRANZ, et al.**,

    Plaintiffs,

v.   Case No: 21-cv-12871
    Hon. Mark A. Goldsmith
    Mag. Anthony P. Patti

**OXFORD COMMUNITY SCHOOL DISTRICT**, et al.,

    Defendants.

**PLAINTIFFS' JOINT MOTION TO VOLUNTARILY DISMISS STATE LAW CLAIMS WITHOUT PREJUDICE**

NOW COME the Plaintiffs[1] in the related "Oxford Cases," by and through their respective counsel, who move pursuant to Fed. R. Civ. P. 41(a)(2) to dismiss Plaintiffs' state law claims without prejudice to be refiled in state court.

---

[1] The instant motion is brought by all Plaintiffs alleging state law claims in federal court, which includes the Plaintiffs in the following pending actions: Case No. 21-12871, Franz et al. v. Oxford Community School District et al. (E.D. Mich.); Case No. 22-10407, Asciutto et al v. Oxford Community School District et al. (E.D. Mich.); Case No. 22-10805, St. Juliana et al v. Oxford Community School District et al. (E.D. Mich.); Case No. 22-11250, Beausoleil v. Oxford Community School District, et al. (E.D. Mich.); Case No. 22-11251, Ossege v. Oxford Community School District, et al. (E.D. Mich.); Case No. 22-11360, GLJ, et al. v. Oxford Community School District, et al.; Case No. 22-cv-11448, Mueller et al. v. Oxford Community School District et al. (E.D. Mich).

{01388972.DOCX}   1

1. In addition to their federal claims, Plaintiffs have brought state law claims against Defendants including claims for Gross Negligence, violations of the Michigan Child Protection Act and violations of the Michigan Constitution ("state law claims").

2. Plaintiffs seek to voluntarily dismiss their state law claims without prejudice to be refiled in state court.

3. As the Court is aware, a related case is currently pending in Oakland County Circuit Court dealing with identical state law claims against Defendants. The issues of Michigan law raised by Defendants in that case will be adjudicated through the Michigan Courts.

4. Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

5. The effect of such dismissal is without prejudice. Fed. R. Civ. P. 41(a)(2).

6. Whether dismiss should be granted is within the discretion of the district court. *Grover by Grover v. Eli Lilly & Co,*, 33 F.3d 716, 718 (6th Cir. 1994).

7. In exercising that discretion, courts are to "consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Enterprises v. Zurich Am. Ins. Co.*, 2015 WL 5014114, at *2 (E.D.

Mich. Aug. 21, 2015) (Goldsmith, J.). All factors counsel in favor of granting Plaintiffs' Motion.

8. The pending litigation is still in its preliminary stage. The Court has worked closely with the parties in coordinating this litigation. To date, the parties have engaged in early facilitation and minimal document exchange necessary to provide for meaningful facilitation. *See Franz et al.*, ECF No. 82. When early facilitation efforts were unsuccessful, Defendants moved to dismiss. In that the pending litigation is still at the motion to dismiss stage, the first factor regarding Defendants' efforts in preparing for trial weighs in favor of granting Plaintiffs' Motion.

9. The second factor, regarding Plaintiffs' delay and lack of diligence, also weighs in favor of granting Plaintiffs' Motion. As the Court is aware, Plaintiffs have worked closely with each other, the Defendants, and the Court in coordinating the related cases, setting a schedule for early facilitation, and the timing of any motion practice. Plaintiffs have not been dilatory in prosecuting the action.

10. The third factor also weighs in Plaintiffs' favor. With regard to several of the issues raised by Defendants in their Motion to Dismiss, Plaintiffs intend to seek a reversal or partial reversal of existing Michigan law. In that this Court is not empowered to deviate from existing Michigan law, Plaintiffs' state law claims are better suited for adjudication in the Michigan courts.

11. Lastly, the fourth factor weighs in favor of granting Plaintiffs' Motion because Defendants have not invested efforts in filing a motion for summary judgment.

12. Defendants will not suffer a "plain legal prejudice" as a result of voluntary dismissal.

13. The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel thereafter expressly denied concurrence.

For the foregoing reasons, Plaintiffs' request that this Court grant the instant motion and allow Plaintiffs to voluntary dismiss their state law claims without prejudice to be refiled in state court.

[INTENTIONALLY LEFT BLANK]

## LOCAL RULE CERTIFICATION

I, Milica Filipovic, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully Submitted:

BY:   /s/ Milica Filipovic
GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON (P65351)
ROBERT G. KAMENEC (P35283)
MILICA FILIPOVIC (P80189)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Franz et. al. Plaintiffs
19390 West Ten Mile Road
Southfield, MI 48075
P: (248) 355-5555 / F: (248) 355-5148
m.filipovic@fiegerlaw.com

**DEBORAH GORDON LAW**

/s/Deborah L. Gordon (P27058) w/p
Elizabeth A. Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
*Attorneys for Ossege Plaintiff*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com

/s/ Andrew J. Laurila (w/p)
Andrew J. Laurila (P78880)
Robert M. Giroux (P47966)
**GIROUX TRIAL ATTORNEYS, P.C.**
*Attorneys for Asciutto & Vackaro Plaintiffs*

/s/ Kevin M. Carlson (w/p)
Michael L. Pitt (P24429)
Megan A. Bonanni (P52079)
Beth M. Rivers (P33614)
Kevin M. Carlson (P66704)

28588 Northwestern Hwy., Suite 100
Southfield, MI 48034
(248) 531-8665
alaurila@greatMIattorneys.com

**MUELLER LAW FIRM**

*/s/ Wolfgang Mueller (P43728) w/p*
WOLFGANG MUELLER (P43728)
*Attorney for Beausoleil Plaintiff*
*Attorney for Arthur Plaintiff*
41850 W. 11 Mile Rd. #101
Novi, MI 48375
P: (248) 489-9653
wolf@wolfmuellerlaw.com

*/s/ Matthew L. Turner   (w/p)*
Matthew L. Turner (P48706)
Lisa M. Esser (P70628)
*Plaintiff Attorneys in Case No. 22-cv-11448*
*Mueller et al. v. OCSD, et al. (E.D. Mich)*
**Sommers Schwartz, P.C.**
One Towne Square, Suite 1700
Southfield, MI 48076
T: (248) 355-0300
F: (248) 936-2158
mturner@sommerspc.com
lesser@sommerspc.com

Dated: January 25, 2023

Danielle Young Canepa (P82237)
*Counsel for St. Juliana Plaintiffs*
Pitt, McGehee, Palmer, Bonanni & Rivers, PC
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
mpitt@pittlawpc.com
mbonanni@pittlawpc.com
kcarlson@pittlawpc.com
dcanepa@pittlawpc.com

*/s/  Scott Weidenfeller (w/p)*
Scott Weidenfeller (P56001)
*Attorney for GLJ, et. al. Plaintiffs*
GREWAL LAW, PLLC
345 E. Cady St., 3rd Floor
Northville, MI 48167
(517)393-3000
sweidenfeller@4grewal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys.

*/s/      Milica Filipovic*
**MILICA FILIPOVIC (P80189)**