UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RILEY FRANZ and JEFFREY FRANZ
and BRANDI FRANZ, as Next Friend
for ISABELLA FRANZ, a Minor,

                Plaintiffs,

vs.

OXFORD COMMUNITY SCHOOLS, et al.

                Defendants.

_____/

SANDRA A. CUNNINGHAM, Next Friend
of P.A., a minor,

                Plaintiff,

vs.

OXFORD COMMUNITY SCHOOLS, et al.,

                Defendants.

_____/

NICOLETTE ASCIUTTO, as Next Friend
Of JOHN ASCIUTTO and ANTHONY
ASCIUTTO II, minors; and JOHN
VACKARO as Next Friend of MARCO
VACKARO, a minor,

                Plaintiffs,

vs.

OXFORD COMMUNITY SCHOOLS, et al.,

                Defendants

_____/

Case No. 21-12871
Hon. Mark A. Goldsmith
Mag. Judge Anthony P. Patti

Consolidated With Case Nos.
22-11398; 22-10407; 22-11250;
22-11360; 22-11448; 22-11113;
22-11251; 22-10805; 22-11959

**PLAINTIFFS' RESPONSE
IN OPPOSITION TO
DEFENDANTS' MOTION TO
STAY DISCOVERY [ECF
NO. 109]**

**\*\*Oral Argument Requested\*\***

i

NICOLE BEAUSOLEIL, Personal
Representative of the Estate of MADISON
BALDWIN, Deceased,

     Plaintiffs,

vs.

OXFORD COMMUNITY SCHOOLS, et al.,

     Defendants

_____/

G.J., a minor, by his Next Friend, ANDREA
JONES, et al.,

     Plaintiff,

vs.

OXFORD COMMUNITY SCHOOLS, et al.,

     Defendants.

_____/

MATTHEW MUELLER and MARY
MUELLER as co-Next Friends for
E.M., a minor,

     Plaintiffs,

vs.

OXFORD COMMUNITY SCHOOLS, et al.,

     Defendants.

_____/

WILLIAM MYRE and SHERI MYRE, as
Co-Personal Representatives of the Estate of
T.M., deceased; CRAIG SHILLING and JILL
SOAVE as Co-Personal Representatives of
the Estate of J.S., deceased; CHAD GREGORY
as Next Friend for K.G., a minor; LAUREN
ALIANO, as Next Friend for S.K,, a minor,
and G.K., a minor; and LAURA LUCAS,
as Next Friend for A.S., a minor,

               Plaintiffs,

vs.

OXFORD COMMUNITY SCHOOLS, et al.,

               Defendants.

_____/

KYLIE OSSEGE,

               Plaintiff

vs.

OXFORD COMMUNITY SCHOOLS, et al.,

               Defendants.

_____/

STEVE ST. JULIANA, Personal Representative
of the Estate of HANA ST. JULIANA, deceased;
and REINA ST. JULIANA, a minor, by her
Next Friend, STEVE ST. JULIANA,

               Plaintiffs,

vs.

OXFORD COMMUNITY SCHOOLS, et al.,

               Defendants.

_____/

iii

JARROD WATSON and LINDA WATSON,
as co-Next Friends for A.W., a minor; and
JARROD WATSON and LINDA WATSON,
individually,

                Plaintiffs,

vs.

OXFORD COMMUNITY SCHOOLS, et al.,

                Defendants.

_____/

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES.........................................................................vi

ARGUMENT ........................................................................................ 1

CONCLUSION ...................................................................................... 3

# INDEX OF AUTHORITIES

Cases

*Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ..................... 3

*Guertin v. State*, 912 F.3d 907, 927 (6th Cir. 2019) ................................................ 1

*Roth v. President & Bd. of Trustees of Ohio Univ.*, No. 08-1173,
2009 WL 2579388 at *1 (S.D. Ohio, Aug. 18, 2009)..........................................2-3

*Singleton v. Kentucky*, 843 F.3d 238, 242 (6th Cir. 2016) .................................... 1

*Turner Broadcasting System, Inc. v. Tracinda Corp.*,
175 F.R.D. 554, 556 (D.Nev. 1997)........................................................................ 2

*Wesley v. Campbell*, 779- F.3d 421, 433-34 (6th Cir. 2015)................................. 2

*Zakora v. Chrisman*, 44 F.3d 452, 466-67 ........................................................... 1

Court Rules
Fed. R. Civ. P. 12(b)(6).................................................................................*passim*

Statutes
MCL § 722.623(a)................................................................................................ 55

## PLAINTIFFS' RESPONSE IN OPPOSITION
## DEFENDANTS' MOTION TO STAY DISCOVERY [ECF NO. 109]

### ARGUMENT

Defendants filed their motion to dismiss (ECF No. 107) on December 22, 2022 and filed a motion to stay discovery the same day. (ECF No. 109). The Court should deny Defendants' motion to stay.

First, both the motion to dismiss and the motion to stay are premature. The Sixth Circuit maintains a "stated preference for deciding a defendant's entitlement to qualified immunity at summary judgment as opposed to under Rule 12(b)(6)." *Zakora v. Chrisman*, 44 F.3d 452, 466-67 (citing *Guertin v. State*, 912 F.3d 907, 917 (6th Cir. 2019)). "[I]t is often perilous to resolve a Rule 12(b)(6) motion on qualified immunity grounds" because development of the factual record is frequently necessary to decide whether the official's actions violated clearly established law. *Singleton v. Kentucky*, 843 F.3d 238, 242 (6th Cir. 2016).

This case demonstrates how "[t]he assertion of qualified immunity at the motion-to-dismiss stage pulls a court in two, competing directions." *Guertin v. State*, 912 F.3d 907, 917 (6th Cir. 2019). "On the one hand, the Supreme Court has repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Id*. (citation and quotation marks omitted). "But on the other, [w]hen qualified immunity is asserted at the pleading stage, as defendants did here, the precise factual basis for the plaintiff's claim or claims may be hard to

1

identify." *Id*. The Sixth Circuit has "thus cautioned that "it is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity." *Id*. "Although…entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12." *Id*. (quoting *Wesley v. Campbell*, 779 F.3d 421, 433–34 (6th Cir. 2015) (internal citations, quotation marks, and brackets omitted).

In this case, Defendants' motion to dismiss is premature, and Defendants should not be permitted obtain an unfair advantage by avoiding discovery simply because they filed a premature motion to dismiss. The Court should deny Defendants' motion to stay discovery.

Second, even though Defendants claim that their motion raises an issue of qualified immunity, they in fact merely argue that Plaintiffs failed to state a claim upon which relief can be granted under Rule 12(b)(6). "[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Roth v. President & Bd. of Trustees of Ohio Univ*., No. 2:08-CV-1173, 2009 WL 2579388, at *1 (S.D. Ohio Aug. 18, 2009); see also *id.* at * 2 (citing *Turner Broadcasting System, Inc. v. Tracinda Corp*., 175 F.R.D. 554, 556 (D.Nev.1997) ("a

pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery....").

"Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Roth*, 2009 WL 2579388, at *2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990)). "In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.... Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions." *Id*. "Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss." *Id.* "This would circumvent the procedures for resolution of such a motion." *Id*.

Defendants' motion is, in fact, a traditional 12(b)(6) motion, and the mere fact that the claim at issue is a constitutional claim does not mean that the issues raised in the motion to dismiss truly implicate qualified immunity. Thus, Defendants' motion to stay discovery should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion to stay discovery [ECF No. 109].

Respectfully submitted,

PITT, McGEHEE, PALMER,
BONANNI & RIVERS PC

*/s/ Kevin M. Carlson*
Michael L. Pitt (P24429)
Megan A. Bonanni (P52079)
Beth M. Rivers (P33614)
Kevin M. Carlson (P66704)
Danielle Young Canepa (P82237)
Counsel for St. Juliana Plaintiffs
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
mpitt@pittlawpc.com
mbonanni@pittlawpc.com
kcarlson@pittlawpc.com
dcanepa@pittlawpc.com

FIEGER, FIEGER, KENNEY &
HARRINGTON, P.C.

*/s/ Milica Filipovic (w/p)*
GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON (P65351)
ROBERT G. KAMENEC (P35283)
MILICA FILIPOVIC (P80189)
Attorneys for Franz et. al. Plaintiffs
19390 West Ten Mile Road
Southfield, MI 48075
P: (248) 355-5555 / F: (248) 355-5148
m.filipovic@fiegerlaw.com

DEBORAH GORDON LAW

/s/Deborah L. Gordon (P27058) w/p
Elizabeth A. Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
Attorneys for Ossege Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com

GIROUX TRIAL ATTORNEYS,
P.C.

*/s/ Andrew J. Laurila (w/p)*
Andrew J. Laurila (P78880)
Robert M. Giroux (P47966)
Attorneys for Asciutto & Vackaro
Plaintiffs
28588 Northwestern Hwy., Suite 100
Southfield, MI 48034
(248) 531-8665
alaurila@greatMIattorneys.com

MUELLER LAW FIRM

*/s/ Wolfgang Mueller (P43728) w/p*

GREWAL LAW, PLLC

/s/ Scott Weidenfeller (w/p)

4

WOLFGANG MUELLER (P43728)
Attorney for Beausoleil Plaintiff
Attorney for Arthur Plaintiff
41850 W. 11 Mile Rd. #101
Novi, MI 48375
P: (248) 489-9653
wolf@wolfmuellerlaw.com

Scott Weidenfeller (P56001)
Attorney for GLJ, et. al. Plaintiffs
GREWAL LAW, PLLC
345 E. Cady St., 3rd Floor
Northville, MI 48167
(517)393-3000
sweidenfeller@4grewal.com


FLOOD LAW PLLC

*/s/ Todd Flood w/p*
Todd. F. Flood (P58555)
Counsel for *Watson* Plaintiffs
155 W Congress St Ste 603
Detroit, MI 48226-3267
P: 248-547-1032
tflood@floodlaw.com

Date: January 26, 2023


## CERTIFICATE OF SERVICE

The undersigned certifies that on the 26th day of January, 2023, the foregoing document was filed using the Court's CM/ECF electronic filing system which will provide electronic notice of this filing to all counsel of record.


*/s/ Milica Filipovic*