UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RILEY FRANZ, and JEFFREY FRANZ
and BRANDI FRANZ, as NEXT FRIEND
for ISABELLA FRANZ, a Minor,

        Plaintiffs,

v

OXFORD COMMUNITY SCHOOLS,
TIMOTHY THRONE, STEVEN WOLF,
NICHOLAS EJAK, SHAWN HOPKINS,
PAMELA FINE, JACQUELYN KUBINA,
ALLISON KARPINSKI and BECKY
MORGAN,

        Defendants.

_____/

Hon. Mark A. Goldsmith
Magistrate Anthony P. Patti
No. 21-12871

> **OXFORD DEFENDANTS' MOTION TO ADJOURN THE HEARING ON PLAINTIFFS' JOINT MOTION TO VOLUNTARILY DISMISS STATE LAW CLAIMS**

Geoffrey N. Fieger (P30441)
James J. Harrington (P65351)
Robert G. Kamenec (P35283)
Nora Y. Hanna (P80067)
Milica Filipovic (P80189)
Fieger, Fieger, Kenney & Harrington, P.C.
*Attorneys for Plaintiffs*
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555
g.fieger@fiegerlaw.com
j.harrington@fiegerlaw.com
r.kamenec@fiegerlaw.com
n.hanna@fiegerlaw.com
m.filipovic@fiegerlaw.com

Timothy J. Mullins (P28021)
Kenneth B. Chapie (P66148)
John L. Miller (P71913)
Annabel F. Shea (P83750)
Giarmarco, Mullins & Horton, P.C.
*Attorneys for Defendants*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
kchapie@gmhlaw.com
jmiller@gmhlaw.com
ashea@gmhlaw.com

1

NICOLETTE ASCIUTTO, as Next
Friend of JOHN ASCIUTTO and
ANTHONY ASCIUTTO II, minors;
and JOHN VACKARO as Next Friend
of MARCO VACKARO, a Minor,

              Plaintiffs,

                                   Judge Mark A. Goldsmith
                                   Magistrate Anthony P. Patti
v                                   No. 22-10407

OXFORD COMMUNITY SCHOOLS,
TIMOTHY THRONE, STEVEN WOLF,
NICHOLAS EJAK, PAM PARKER FINE,
SHAWN HOPKINS, JACQUELYN KUBINA,
ALLISON KARPINSKI and BECKY MORGAN,

              Defendants.

_____/

| | |
|---|---|
| ROBERT M. GIROUX (P47966) | TIMOTHY J. MULLINS (P28021) |
| ANDREW J. LAURILA (P78880) | KENNETH B. CHAPIE (P66148) |
| Giroux Trial Attorneys, P.C. | JOHN L. MILLER (P71913) |
| *Attorneys for Plaintiffs* | ANNABEL F. SHEA (P83750) |
| 28588 Northwestern Highway, Suite 100 | Giarmarco, Mullins & Horton, P.C. |
| Southfield, MI 48034 | *Attorneys for Defendants* |
| (248) 531-8665 | 101 W. Big Beaver Road, 10th Floor |
| rgiroux@greatMIattorneys.com | Troy, MI 48084-5280 |
| alaurila@greatmiattorneys.com | (248) 457-7020 |
| | tmullins@gmhlaw.com |
| | kchapie@gmhlaw.com |
| | jmiller@gmhlaw.com |
| | ashea@gmhlaw.com |

2

NICOLE BEAUSOLEIL, Personal
Representative of the Estate of Madisyn
Baldwin, Deceased,

        Plaintiff,

v

OXFORD COMMUNITY SCHOOLS,
TIMOTHY THRONE, STEVEN WOLF,
NICHOLAS EJAK and SHAWN HOPKINS,

        Defendants.

Hon. Mark A. Goldsmith
Magistrate David R. Grand
No. 22-11250

_____/

| | |
|---|---|
| Wolfgang Mueller (P43728) | Timothy J. Mullins (P28021) |
| Mueller Law Firm | Kenneth B. Chapie (P66148) |
| *Attorney for Plaintiff* | John L. Miller (P71913) |
| 41850 W. 11 Mile Road, Suite 101 | Annabel F. Shea (P83750) |
| Novi, MI 48375 | Giarmarco, Mullins & Horton, P.C. |
| (248) 489-9653 | *Attorneys for Defendants* |
| wolf@wolfmuellerlaw.com | 101 W. Big Beaver Road, 10th Floor |
| | Troy, MI 48084-5280 |
| | (248) 457-7020 |
| | tmullins@gmhlaw.com |
| | kchapie@gmhlaw.com |
| | jmiller@gmhlaw.com |
| | ashea@gmhlaw.com |

3

MATTHEW MUELLER and MARY
MUELLER as Co-Next Friends for
E.M., a minor,                                              Hon. Mark Goldsmith
                                                           No. 22-11448

        Plaintiff,

v

OXFORD COMMUNITY SCHOOLS,
SHAWN HOPKINS, NICHOLAS EJAK,
TIMOTHY THRONE, STEVEN WOLF,
KENNETH WEAVER and ACME
SHOOTING GOODS, LLC,

        Defendants.

_____/

| | |
|---|---|
| Matthew L. Turner (P48706) | Timothy J. Mullins (P28021) |
| Lisa M. Esser (P70628) | Kenneth B. Chapie (P66148) |
| Sommers Schwartz, P.C. | John L. Miller (P71913) |
| *Attorneys for Plaintiff* | Annabel F. Shea (P83750) |
| One Towne Square, Suite 1700 | Giarmarco, Mullins & Horton, P.C. |
| Southfield, MI 48076 | *Attorneys for Defendants Oxford, Hopkins,* |
| (248) 355-0300 | *Ejak, Throne, Wolf and Weaver* |
| mturner@sommerspc.com | 101 W. Big Beaver Road, 10th Floor |
| lesser@sommerspc.com | Troy, MI 48084-5280 |
| | (248) 457-7020 |
| Jonathan E. Lowy | tmullins@gmhlaw.com |
| Erin C. Davis | kchapie@gmhlaw.com |
| Robert Cross | jmiller@gmhlaw.com |
| *Co-Counsel for Plaintiff* | ashea@gmhlaw.com |
| 840 Street NE, Suite 400 | |
| Washington DC 20002 | |
| (202) 370-8106 | Thomas J. Rheaume (P74422) |
| jlowy@bradyunited.org | Donovan S. Asmar (P77951) |
| edavis@bradyunited.org | Fawzeih H. Daher (P82995) |
| rcross@bradyunited.org | Bodman PLC |
| | *Attorney for Defendant Acme Shooting* |
| | *Goods, LLC* |
| | 201 W. Big Beaver Road, Suite 500 |
| | Troy, MI 48084 |
| | (248) 743-6000 |
| | trheaume@bodmanlaw.com |
| | dasmar@bodmanlaw.com |
| | fdaher@bodmanlaw.com |

4

KYLIE OSSEGE,

        Plaintiff,

v

        Hon. Mark A. Goldsmith
        Magistrate Judge Anthony P. Patti
        No. 22-11251

OXFORD COMMUNITY SCHOOLS,
TIMOTHY THRONE, STEVEN WOLF,
NICHOLAS EJAK and SHAWN HOPKINS,

        Defendants.

_____/

| | |
|---|---|
| Deborah L. Gordon (P27058) | Timothy J. Mullins (P28021) |
| Elizabeth Marzotto Taylor (P82061) | Kenneth B. Chapie (P66148) |
| Sarah Gordon Thomas (P83935) | John L. Miller (P71913) |
| Molly Savage (P84472) | Annabel F. Shea (P83750) |
| Deborah Gordon Law | Giarmarco, Mullins & Horton, P.C. |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| 33 Bloomfield Hills Parkway, Suite 220 | 101 W. Big Beaver Road, 10th Floor |
| Bloomfield Hills, MI  48304 | Troy, MI 48084-5280 |
| (248) 258-2500 | (248) 457-7020 |
| dgordon@deborahgordonlaw.com | tmullins@gmhlaw.com |
| emarzottotaylor@deborahgordonlaw.com | kchapie@gmhlaw.com |
| sthomas@deborahgordonlaw.com | jmiller@gmhlaw.com |
| msavage@deborahgordonlaw.com | ashea@gmhlaw.com |

STEVE ST. JULIANA, Personal
Representative of the Estate of HANA
ST. JULIANA, deceased, and REINA
ST. JULIANA, a minor, by her NEXT
FRIEND, STEVE ST. JULIANA,

        Plaintiffs,

v

OXFORD COMMUNITY SCHOOLS,
TIMOTHY THRONE, NICHOLAS EJAK,
SHAWN HOPKINS and KENNETH WEAVER,

        Defendants.

_____/

Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti
No. 22-10805

Michael L. Pitt (P24429)
Beth Rivers (P33614)
Megan Bonanni (P52079)
Kevin Carlson (P67704)
Danielle Canepa (P82237)
Pitt, McGehee, Palmer Bonanni & Rivers, PC
*Attorneys for Plaintiffs*
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
mpitt@pittlawpc.com
brivers@pittlawpc.com
mbonanni@pittlawpc.com
kcarlson@pittlawpc.com
dcanepa@pittlawpc.com

Timothy J. Mullins (P28021)
Kenneth B. Chapie (P66148)
John L. Miller (P71913)
Annabel F. Shea (P83750)
Giarmarco, Mullins & Horton, P.C.
*Attorneys for Defendants*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
kchapie@gmhlaw.com
jmiller@gmhlaw.com
ashea@gmhlaw.com

## OXFORD DEFENDANTS' MOTION TO ADJOURN THE HEARING ON PLAINTIFFS' JOINT MOTION TO VOLUNTARILY DISMISS STATE LAW CLAIMS

Defendants request that the Court adjourn the hearing date on Plaintiffs' motion to voluntarily dismiss their state law claims for the following reasons:

1.      Fourteen lawsuits have been filed related to the Oxford Schools shooting. Ten lawsuits have been filed in federal court. Four lawsuits are currently pending in Oakland County Circuit Court.

2.      On September 28, 2022, Defendants filed a motion for summary disposition in Oakland County Circuit Court on *Watson, et. al. v. Oxford Community Schools, et. al.*, Case No. 2022-195663-NO, one of the four lawsuits pending in state court related to the Oxford shooting.

3.      On September 29, 2022, the Oakland County Circuit Court entered an order scheduling the hearing on Defendants' summary disposition motion for **Wednesday, February 22, 2023, at 8:30 AM**.

4.      On October 13, 2022, Defendants filed Oakland County Circuit Court's scheduling order regarding Defendants' motion for summary disposition with this Court. See Ex. 1 – ECF No. 96, PageID.1703; ECF No. 96-2, PageID.1707.

5.      On January 25, 2023, Plaintiffs in the ten lawsuits pending in Federal Court filed a motion to voluntarily dismiss their state law claims.

6.      On February 9, 2023, this Court entered a notice of hearing on Plaintiffs' motion for **Wednesday, February 22, at 9:30 AM**, one hour after Oakland County's motion hearing is scheduled.

7.      It is uncertain how long the hearing in the *Watson* matter may last and could conflict with this Court's hearing.

8.      Therefore, Defendants respectfully request the Court adjourn the hearing on Plaintiffs' motion for involuntary dismissal to a different date.

Wherefore, Defendants respectfully request the Court adjourn the hearing on Plaintiffs' motion for involuntary dismissal.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Oxford Defendants

DATED: February 17, 2023

8

## BRIEF IN SUPPORT OF OXFORD DEFENDANTS' MOTION TO ADJOURN THE HEARING ON PLAINTIFFS' JOINT MOTION TO VOLUNTARILY DISMISS STATE LAW CLAIMS

### Statement Of Issue Presented

Should the Court adjourn the hearing date scheduled for Plaintiffs' motion to involuntarily dismiss state law claims, as it conflicts with a previously scheduled hearing in Oakland County Circuit Court?

### Most Controlling Authority

*Marie v. American Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014)

Fed. R. Civ. P. 16(b)(4)

L.R. 7.1 (f)(3).

### Argument

These lawsuits arise from the shooting at Oxford High School on November 30, 2021. Plaintiffs have filed 10 lawsuits in federal court and four lawsuits in Oakland County Circuit Court related to the tragedy.

On September 28, 2022, Defendants filed a motion for summary disposition in Oakland County Circuit Court on the *Watson, et. al. v. Oxford Community Schools, et. al*, Case No. 2022-195663-NO, matter. On September 29, 2022, the Oakland County Circuit Court issued a scheduling order regarding the summary disposition motion, and set the hearing for Wednesday, February 22, 2023, at 8:30 AM. On October 13, 2022, Defendants filed its Notice of Entry of Orders with this

9

Court. That notice included the scheduling order setting the motion hearing for February 22, 2023. Ex. 1 – ECF No. 96, PageID.1703; ECF No. 96-2, PageID.1707.

On January 25, 2023, Plaintiffs filed their motion to voluntarily dismiss the state court claims. On February 9, 2023, this Court issued a notice of hearing for Wednesday, February 22, 2023, at 9:30 AM, which is one hour after the Oakland County hearing. It is uncertain how long the Oakland County motion hearing will last and could potentially conflict with this Court's scheduled hearing.

Defendants respectfully request that the Court adjourn the hearing on Plaintiffs' motion for involuntary dismissal to a different date. The Federal Rules of Civil Procedure afford District Courts broad authority and discretion to manage and control their dockets. *Marie v. American Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014); see also Fed. R. Civ. P. 16(b)(4); L.R. 7.1 (f)(3).

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Oxford Defendants

DATED: February 17, 2023

LOCAL RULE CERTIFICATION: I, Timothy J. Mullins, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Oxford Defendants

DATED: February 17, 2023

## CERTIFICATE OF ELECTRONIC SERVICE

TIMOTHY J. MULLINS states that on February 17, 2023, he did serve a copy of **OXFORD DEFENDANTS' MOTION TO ADJOURN THE HEARING ON PLAINTIFFS' JOINT MOTION TO VOLUNTARILY DISMISS STATE LAW CLAIMS** via the United States District Court electronic transmission.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorneys for Oxford Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021

11

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RILEY FRANZ, and JEFFREY FRANZ
and BRANDI FRANZ, as NEXT FRIEND
for ISABELLA FRANZ, a Minor,

        Plaintiffs,                           Hon. Mark A. Goldsmith
                                                  Magistrate Anthony P. Patti

v                                                 No. 21-12871

OXFORD COMMUNITY SCHOOLS,
TIMOTHY THRONE, STEVEN WOLF,
NICHOLAS EJAK, SHAWN HOPKINS,
PAMELA FINE, JACQUELYN KUBINA,
ALLISON KARPINSKI and BECKY MORGAN,

        Defendants.

_____/

| | |
|---|---|
| Geoffrey N. Fieger (P30441) | Timothy J. Mullins (P28021) |
| James J. Harrington (P65351) | Kenneth B. Chapie (P66148) |
| Robert G. Kamenec (P35283) | John L. Miller (P71913) |
| Nora Y. Hanna (P80067) | Annabel F. Shea (P83750) |
| Milica Filipovic (P80189) | Giarmarco, Mullins & Horton, P.C. |
| Fieger, Fieger, Kenney & Harrington, P.C. | *Attorneys for Defendants* |
| *Attorneys for Plaintiffs* | 101 W. Big Beaver Road, 10th Floor |
| 19390 West Ten Mile Road | Troy, MI 48084-5280 |
| Southfield, MI 48075 | (248) 457-7020 |
| (248) 355-5555 | tmullins@gmhlaw.com |
| g.fieger@fiegerlaw.com | kchapie@gmhlaw.com |
| j.harrington@fiegerlaw.com | jmiller@gmhlaw.com |
| r.kamenec@fiegerlaw.com | ashea@gmhlaw.com |
| n.hanna@fiegerlaw.com | |
| m.filipovic@fiegerlaw.com | |

## NOTICE OF ENTRY OF PRIOR ORDERS IN
## *WATSON, ET AL V OXFORD COMMUNITY SCHOOLS, ET AL*

      Pursuant to this Court's Order, please take notice that the following Orders

have been entered in *Watson, et al v Oxford Community Schools, et al,* Oakland

Circuit Case No. 22-195663-NO case:

1.    Scheduling Order regarding Defendants' Motion for Summary Disposition dated September 29, 2022 (Exhibit 1).

2.    Protective Order dated October 12, 2022 (Exhibit 2).

3.    Stipulated Case Management Order dated October 13, 2022 (Exhibit 3)

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants

DATED:  October 13, 2022

## CERTIFICATE OF ELECTRONIC SERVICE

TIMOTHY J. MULLINS states that on October 13, 2022, he did serve a copy of the **Notice of Entry of Prior Orders in** ***Watson, et al v Oxford Community Schools, et al,*** via the United States District Court electronic transmission.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021

2

Case 2:21-cv-12871-MAG-APP   ECF No. 96-1, PageID.1705   Filed 10/13/22   Page 1 of 1

## EXHIBIT LIST

1.      Scheduling Order regarding Defendants' Motion for Summary Disposition dated September 29, 2022

2.      Protective Order dated October 12, 2022

3.      Stipulated Case Management Order dated October 13, 2022

EXHIBIT 1

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

JARROD WATSON, et al.,

      Plaintiffs,                        Case No. 2022-195663-NO
                                            Hon. Rae Lee Chabot

v.

OXFORD COMMUNITY SCHOOLS, et al.,

      Defendants.
_____/

SCHEDULING ORDER REGARDING
MOTION FOR SUMMARY DISPOSITION FILED BY
THE OXFORD COMMUNITY SCHOOLS DEFENDANTS

IT IS HEREBY ORDERED that the parties adhere to the following schedule:

(1)     The response briefs must be filed by November 9, 2022.

(2)     The reply briefs (optional) must be filed by December 7, 2022.

(3)     The moving party shall file a praecipe for the above-stated motion(s) to be heard on February 22, 2023, at 8:30 am.

(4)     PLEASE BE ADVISED THE COURT WILL STRICTLY ENFORCE MCR 2.119(A)(2).

If briefs are not filed, the Court will assume that the party is without authority for the respective positions, and will proceed with the motion accordingly.  This scheduling order pertains to the above-stated motion only.  All other motions remain scheduled as praeciped.  It is the responsibility of the moving party to notify the Court, in advance of the date scheduled, of any cancellations of the hearing.  The scheduling of this matter for oral argument does not preclude the Court from waiving oral argument at a later date pursuant to applicable Michigan Court Rule.

IT IS SO ORDERED.

Dated: 9-29-2022

                       /s/ Rae Lee Chabot
                       HONORABLE RAE LEE CHABOT
                                  JSG

FILED   Received for Filing   Oakland County Clerk   9/29/2022 10:59 AM

EXHIBIT 2

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

JARROD WATSON and LINDA WATSON,
as co-Next Friends for AIDEN WATSON, a Minor;
and JARROD WATSON and LINDA WATSON,
individually,

Plaintiffs,

v

OXFORD COMMUNITY SCHOOLS, TIMOTHY
THRONE, STEVEN WOLF, NICHOLAS EJAK,
PAM PARKER FINE, SHAWN HOPKINS,
KIMBERLY POTTS, JOHN DOE, JENNIFER
CRUMBLEY and JAMES CRUMBLEY,

Defendants.

Case No. 22-195663-NO
Hon. Rae Lee Chabot

**Cases arising out of same
occurrence: 22-192262-NO and
22-194891-NO**

_____/

| | |
|---|---|
| TODD F. FLOOD (P58555) | TIMOTHY J. MULLINS (P28021) |
| VINCENT J. HAISHA (P76506) | KENNETH B. CHAPIE (P66148) |
| FLOOD LAW, PLLC | JOHN L. MILLER (P71913) |
| *Attorneys for Plaintiffs* | ANNABEL F. SHEA (P83750) |
| 155 W. Congress St., Ste. 603 | GIARMARCO, MULLINS & HORTON, P.C. |
| Detroit, MI 48226 | *Attorneys for Defendants Oxford, Throne, Wolf,* |
| (248) 547-1032 | *Ejak, Fine, Hopkins and Potts* |
| tflood@floodlaw.com | 101 W. Big Beaver Road, 10th Floor |
| vhaisha@floodlaw.com | Troy, MI 48084-5280 |
| | (248) 457-7020 |
| | tmullins@gmhlaw.com |
| | kchapie@gmhlaw.com |
| | jmiller@gmhlaw.com |
| | ashea@gmhlaw.com |

**STIPULATED PROTECTIVE ORDER**

The parties agree, and the Court has determined, that the parties may produce certain

documents and information that are of a confidential, private, and/or sensitive nature, or that is

protected from dissemination by state or federal law, including medical records, videos, pictures,

student records, and other documents, ESI, records, or other evidence, that contain information

of a confidential, private, and/or sensitive nature.

FILED  Received for Filing  Oakland County Clerk  10/12/2022 3:51 PM

Disclosure of this confidential, private, and/or sensitive information outside of this litigation could have a detrimental impact on the parties. Therefore, the parties, by and through their attorneys, hereby stipulate to the entry of the following protective order:

**IT IS HEREBY ORDERED** as follows:

1.      When used in this Order, "confidential documents" mean documents of a type contemplated by Federal Rule of Civil Procedure 26(c) which a party, in good faith, regards as confidential and not a finding by the Court that any such record is in fact confidential. The designating party in good faith believes that it is  proprietary, trade secret(s), or other sensitive business or personal information, including medical records, text message, social medial content, phone records, tax records, educational records of non-parties, student identifying information, information protected by the Family Educational Rights and Privacy Act, and financial information. However, the Court in accordance with the provisions of the Federal Court Rules and relevant case law shall, if required, make the ultimate determination of whether information is actually entitled to the designation "Confidential" and nothing in this Order shall be deemed to have altered the parties' burdens in establishing or disputing the propriety of any designation of confidentiality. Confidential documents will be marked "confidential — produced pursuant to protective order" or otherwise designated as "confidential." This protective order shall apply to all student educational records as defined by Family Education Rights and Privacy Act, 20 U.S.C. § 1232g, from Oxford Community Schools, whether marked "confidential" or not.

2.      All confidential documents, as that term is defined by Paragraph 1, shall be used solely for the prosecution and/or defense of this action which shall include any appeal taken by any party.

3.      Except as provided in Paragraphs 4 and 5, no document designated as

confidential and no information contained in a confidential document may be disclosed to any person other than:

a.   The parties;

b.   Counsel for the parties;

c.   Secretaries, paralegal assistants and other employees of such counsel who are actively engaged in assisting counsel in the preparation of this action;

d.   Persons noticed for deposition or persons who may be designated as witnesses, including outside consultants and experts retained for the purpose of assisting in the preparation of this action (whether or not said outside consultant or expert is retained to testify in this action);

e.   Any facilitator/mediator who the parties have agreed to use in this case; or

f.   Court reporters used in this case.

4.   Except for counsel for the parties in this action and their employees, secretaries and paralegals covered by the provisions of Paragraph 3a. and 3b., disclosure to other persons shall be made only upon the condition that the party disclosing the confidential document or information shall inform the person that he or she shall not use, directly or indirectly, any information from the confidential documents of another party for purposes other than the prosecution or defense of this action or disclose such information to any person who is not permitted to receive such documents and information under the terms of this Protective Order.

5.   A party may not designate a record obtained pursuant to a subpoena, FOIA request, voluntary production issued, served or requested in this matter to a non-party as "confidential". Materials obtained from sources other than the parties to this action or other than pursuant to discovery or voluntary production in this action shall not be deemed subject

3

to this Protective Order.

6.      Whenever a party objects to the designation of a document as confidential, and the opposing party objects to the designation, the designating party must apply to the Court for a ruling that the document shall be so treated, giving notice to the party producing the document, or in the case of a subpoenaed record to the party designating the record as confidential. Until this Court enters an Order changing the designation, the document shall be given the confidential treatment initially assigned to it and provided for it in this Order.

7.      Documents produced or information covered by this Protective Order shall be made available only to persons authorized by this Protective Order. In the event that any documents or information covered by this Protective Order are used in any other court proceeding by anyone in anyway whether it be by way of introduction or reference, including, but not limited to the criminal prosecutions arising out of this subject incident, wherein the documents or information are not marked as confidential and made publicly available, it shall lose its confidential status through such use.  In the event that any documents or information covered by this Protective Order are used in any other court proceeding, wherein a Protective Order governing their confidential status, the parties shall take all steps reasonably required to protect its confidentiality during such use. In the event that a party includes any documents or information covered by this Protective Order in any affidavits, briefs, memoranda of law or other papers filed in Court in this litigation, the parties agree that they will first inquire with the other parties as to whether the documents may be filed in a redacted form to cure the confidentiality concern. The party designating the document as confidential pursuant to this Order may waive the confidentiality designation by providing written notice to the opposing party, or by express oral waiver of such designation during a deposition or other proceeding

on the record.

8.      All documents produced pursuant to this Protective Order shall be destroyed by Plaintiffs' counsel and/or Defendants' counsel after final disposition (including all appeals) of the case except any documents attached to any pleadings filed with the Court.

9.      This Order does not authorize the filing of any documents or other matter under seal. Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court.  A party seeking to file such items under seal shall file and serve a motion or submit a proposed stipulated order that sets forth: (i) the authority sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that means other than sealing are available or unsatisfactory to preserve the interest advanced by the movant in support of sealing; and (v) a memorandum of legal authority supporting sealing.

10.      Nothing in this Order shall prevent any party or nonparty from seeking modification of this Order or from objecting to discovery which it believes to be otherwise improper.

IT IS SO ORDERED.

/s/ Rae Lee Chabot
_____
Hon. Rae Lee Chabot

JSG

DATED: 10/12/2022

The undersigned stipulate to entry of the above Stipulated Protective Oder.

Respectfully submitted,

/s/Todd F. Flood
Todd F. Flood (P58555)
Vincent J.  Haisha (P76506)
Flood Law, PLLC
*Attorneys for Plaintiffs*
155 W. Congress St., Ste. 603
Detroit, MI 48226
(248) 547-1032
tflood@floodlaw.com
vhaisha@floodlaw.com

/s/Timothy Mullins
Timothy J. Mullins (P28021)
Kenneth B. Chapie (P66148)
John L. Miller (P71913)
Annabel F. Shea (P83750)
Giarmarco, Mullins & Horton, P.C.
*Attorneys for Defendants*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
kchapie@gmhlaw.com
jmiller@gmhlaw.com
ashea@gmhlaw.com

6

EXHIBIT 3

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

JARROD WATSON and LINDA WATSON,
as co-Next Friends for AIDEN WATSON, a Minor;
and JARROD WATSON and LINDA WATSON,
individually,

           Plaintiffs,

v

OXFORD COMMUNITY SCHOOLS, TIMOTHY
THRONE, STEVEN WOLF, NICHOLAS EJAK,
PAM PARKER FINE, SHAWN HOPKINS,
KIMBERLY POTTS, JOHN DOE, JENNIFER
CRUMBLEY and JAMES CRUMBLEY,

           Defendants.

_____/

Case No. 22-195663-NO
Hon. Rae Lee Chabot

**Cases arising out of same
occurrence: 22-192262-NO and
22-194891-NO**

| | |
|---|---|
| TODD F. FLOOD (P58555) | TIMOTHY J. MULLINS (P28021) |
| VINCENT J. HAISHA (P76506) | KENNETH B. CHAPIE (P66148) |
| FLOOD LAW, PLLC | JOHN L. MILLER (P71913) |
| *Attorneys for Plaintiffs* | ANNABEL F. SHEA (P83750) |
| 155 W. Congress St., Ste. 603 | GIARMARCO, MULLINS & HORTON, P.C. |
| Detroit, MI 48226 | *Attorneys for Defendants Oxford, Throne, Wolf,* |
| (248) 547-1032 | *Ejak, Fine, Hopkins and Potts* |
| tflood@floodlaw.com | 101 W. Big Beaver Road, 10th Floor |
| vhaisha@floodlaw.com | Troy, MI 48084-5280 |
| | (248) 457-7020 |
| | tmullins@gmhlaw.com |
| | kchapie@gmhlaw.com |
| | jmiller@gmhlaw.com |
| | ashea@gmhlaw.com |

**STIPULATED CASE MANAGEMENT ORDER
PRE-FACILITATION DISCOVERY**

There are several companion cases arising from the Oxford High School Shooting that

occurred on November 30, 2021, that are pending in both federal and state court ("Oxford Cases"),

which are listed below:

- Case No. 21-12871, <u>Franz et al. v. Oxford Community School District et al.</u>
  (E.D. Mich.);
- Case No. 22-10407, <u>Asciutto et al v. Oxford Community School District et
  al.</u> (E.D. Mich.);

FILED   Received for Filing   Oakland County Clerk   10/13/2022 8:32 AM

- Case No. 22-10805, <u>St. Juliana et al v. Oxford Community School District et al.</u> (E.D.  Mich.);
- Case No. 22-11113, <u>Myre et al. v. Oxford Community School District et al.</u> (E.D. Mich.);
- Case No. 22-11250, <u>Beausoleil v. Oxford Community School District, et al.</u> (E.D. Mich.);
- Case No. 22-11251, <u>Ossege v. Oxford Community School District, et al.</u> (E.D. Mich.);
- Case No. 22-11360, <u>GLJ, et al. v. Oxford Community School District, et al.</u>,
- Case No. 22-cv-11448 <u>Mueller et al. v. Oxford Community School District et al.</u> (E.D. Mich);
- Case No. 22-cv-11959 <u>Watson et al v. Oxford Community School District et al</u> (E.D. Mich);
- Case No. 22-cv-11398 <u>Cunningham et al v. Oxford Community School District et al</u> (E.D. Mich);
- Case No. 22-192262-<u>NO Myre et al v Pam Parker Fine et al</u> (Oakland County Circuit Court);
- Case No. 22-194891-NO <u>Poblette et al. v Throne, et al.</u> (Oakland County Circuit Court); AND
- Case No. 22-195663-NO <u>Watson et al v Oxford Community School District et al</u> (Oakland County Circuit Court)

On August 23, 2022, the parties in the then filed Oxford Cases[1] entered into a Case Management Order whereby the parties agreed to a coordinated discovery process prior to the scheduled facilitation. (Exhibit 1).

The parties in this case entered into a Case Management Order in the companion federal case, Case No. 22-cv-11959 <u>Watson et al v. Oxford Community School District et al</u> (E.D. Mich),

---

[1] Plaintiffs' Counsel in Case No. 22-192262-<u>NO Myre et al v Pam Parker Fine et al</u> (Oakland County Circuit Court) is the only counsel that has not agreed to be subject to the case management order. The parties to Case No. 22-cv-11959 <u>Watson et al v. Oxford Community School District et al</u> (E.D. Mich) and Case No. 22-cv-11398 <u>Cunningham et al v. Oxford Community School District et al</u> (E.D. Mich) recently filed case management orders in federal court making them subject to the substance of the August 23, 2022 order. Additionally, the parties to Case No. 22-194891-NO <u>Poblette et al. v Throne, et al.</u> (Oakland County Circuit Court) recently filed a stipulated case management order before Judge Cunningham making the substance of the August 23, 2022 order applicable to that case.

that corresponds with the August 23, 2022 Order. (See Exhibit 2). The parties have agreed this case should also be subject to the substance of the Case Management Orders filed in the federal cases, (Exhibit 1 and Exhibit 2), and are now filing the Stipulated Case Management Order in this Court with regard to pre-facilitation discovery.

This matter having come before the Court upon stipulation of the parties below,

IT IS HEREBY ORDERED that the parties comply with the following regarding all discovery permitted under the Michigan Court Rules:

**I.     Prior Interrogatories and Document Requests.**

With reference to the written discovery conducted prior to the entry of this Order in the Oxford Cases, Plaintiffs' counsel in Case No. 22-cv-11959 <u>Watson et al v. Oxford Community School District et al</u> (E.D. Mich), is currently in possession of discovery responses and shall supply full and complete copies of the written discovery responses, including any documents to all Plaintiffs' counsel in this case subject to this Order. This subsection shall not require delivery of written discovery response to the extent delivery in accordance with this subsection would contravene a confidentiality order or other protective order entered by the court with jurisdiction over the case in which the written discovery was issued. To the extent the discovery responses are subject to a confidentiality order or other protective order, in this case, Plaintiffs' counsel in the above referenced cases shall enter into a substantially similar protective order to that entered into by the parties in the *Franz et. al. v. Oxford Community School District, et. al.* case with Defendants before Plaintiffs' counsel in this case may receive copies of those discovery responses.

Plaintiffs may not serve additional discovery requests beyond what was already requested, and subject to this Case Management Order, without seeking leave of the Court for good cause as to why such discovery requests and/or production would benefit explore early resolution attempts

for Facilitation.

**II.      Preliminary Discovery Prior to Early Facilitation.**

In order to pursue early facilitation, the parties will stage discovery as set forth below. The parties agree to limit discovery to the exchange of "Preliminary Discovery" as described in this Order, which shall be expressly limited to the following:

**A. Initial Disclosures.** To the extent initial disclosures have not yet been exchanged by the parties, the parties shall exchange initial disclosures by October 17, 2022.

**B. Requests to Produce to Defendants.** To the extent not already received by Plaintiffs' Counsel in Case No. 22-cv-11959 Watson et al v. Oxford Community School District et al (E.D. Mich) by way of the applicable Case Management Order,  Defendants shall produce the following by October 17, 2022:

1.   Defendant shall produce to Plaintiffs the period of August 25, 2021, through June 10, 2022, all email communications and other electronic communications generated or received by any Oxford Community Schools District ("OCS") employee, administrator or staff (collectively "staff") of any kind, concerning Ethan Crumbley.

2.   Defendants shall produce any text messages generated or received by the following individuals regarding Ethan Crumbley from a period of August 25, 2021, until present:

    i.   All named Defendants in this matter including:

        1.   Mr. Timothy Throne;

        2.   Mr. Ken Weaver;

        3.   Mr. Shawn Hopkins;

    4. Mr. Nicholas Ejak

    5. Ms. Pam Fine;

    6. Mr. Steven Wolf;

    7. Ms. Becky Morgan;

    8. Ms. Allison Karpinski; and

    9. Ms. Jacquelyn Kubina.

ii. Ethan Crumbley's 10th grade teachers including, the following:

    1. Mr. Yinger;

    2. Mr. Mezin;

    3. Ms. Kubina;

    4. Ms. Morgan;

    5. Ms. Jasinski;

    6. Ms. McConnell;

    7. Ms. Brown; and

    8. Ms. Cosey

iii. Mr. Nuss, Mr. Nelms, and Ms. Gibson-Marshall, the Oxford High School Assistant Principals;

iv. The Assistant Superintendents for the School District including:

    1. Mr. Barna, the Assistant Superintendent of Business & Maintenance;

    2. Mr. Pass, the Assistant Superintendent of Human Resources; and

    3. Ms. Lemond, the Assistant Superintendent of Safety & School Operations

      v. The two (2) identified secretaries that receive calls from the public who work in the main office: Ms. Melissa Williams and Ms. Stephanie Shefcyk.

3. Defendants shall inquire from all Oxford High School teachers not identified in subsection (2) if they had sent and/or received any text messages regarding Ethan Crumbley during the applicable timeframe, and if so, produce the same.

4. Defendant shall produce to Plaintiffs the email communications from the period of August 25, 2021, through December 1, 2021, regarding any threat and/or safety or security issue related to Oxford High School, staff or student. This request includes, but is not limited to, documents and communications from or to law enforcement, and any OCS parent, student or other third party that has not already been produced in response to a discovery request.

5. Electronic or Hard-copy documents relating to school safety in use during the 2021-2022 school year not otherwise produced above, including policy statements, memorandum regarding school safety and risk assessment that has not already been produced in response to a discovery request.

6. Insurance policies of defendant School District and Individual Defendants, reservation of rights relevant correspondence with insurance carriers together with a 30(b)(6) deposition limited to insurance coverage if needed, that has not already been produced in response to a discovery request and/or in initial disclosures.

7. Any and all documents, materials, photos, videos, policies and/or procedures, and information provided in response to FOIA requests received by the Oxford Community School District.

C. **Requests to Produce to Plaintiffs**:

    1. By October 17, 2022, each Plaintiff shall produce to Defendants the following

        i. Signed authorizations for medical records.

        ii. Any and all medical records currently in their possession.

        iii. Any and all documents received in response to FOIA requests described in the notice issued to Defendants under Section II (F)(1).

    2. By October 17, 2022, Plaintiffs shall provide:

        i. Any and all documents, including but not limited to, written material, notes, reports, records, videos, photographs, emails, correspondence, or any other ESI within their possession in support of their claims against Defendants. Plaintiffs' shall simultaneously produce these documents to all other Plaintiffs'.

        ii. Any and all text messages, and social media posts in the Plaintiffs' possession regarding allegations contained in their complaint.

        Any and all documents, notes, reports, records, videos, photographs, emails, text messages, social media posts, correspondence, or any other ESI received from any and all non-parties including but not limited to the Oakland County Sheriff's Department, the Oakland County Prosecutor's Office, the Oxford Police Department, the criminal defense attorneys for Ethan Crumbley, Jennifer Crumbley, and James Crumbley, OK2SAY, any parents or students from Oxford Community Schools.

D. **Document-Only Subpoenas to Non-Parties:**

    1. This Order applies to subpoenas issued in the Oxford Cases to non-parties who are

commanded by the subpoena to produce documents, electronically stored information, and tangible things but who are not commanded by the subpoena to provide testimony.

2.  Plaintiffs and/or any Defendant may cause a subpoena for discovery purposes to be properly served on a non-party in accordance with Federal Rule of Civil Procedure 45 or with the non-party's agreement to accept service by other means. Prior to the issuance of the subpoena, the issuing Plaintiffs' attorney shall make reasonable efforts to coordinate with other Plaintiffs' counsel to ensure that the request to the non-party is sufficiently inclusive. A Plaintiffs' attorney who issues a Document Only Subpoena to a non-party shall serve a copy of the subpoena on all other Plaintiffs' counsel and on Defense Counsel.

3.  Fifty percent of the costs associated with third-party discovery shall be borne by Plaintiffs and fifty percent of the costs associated with third-party discovery shall be borne by Defendants.

**E. Exchange of Freedom of Information Act Materials**

1.  By October 17, 2022, all parties will give written notice to all other parties of documents and other information that they have obtained by means of Freedom of Information Act (FOIA) requests submitted both to parties and non-parties pursuant to 5 U.S.C. § 552, Mich. Comp. Laws §§ 15.231–246, or any statute or regulation of similar purpose in any other state. This paragraph applies to any information obtained through FOIA requests relating to the Oxford Cases regardless of the source or recipient of the FOIA request. The notice described above shall concisely identify the person, agency, or entity that provided the FOIA

response, approximately when the response was provided, the form in which it was provided, approximately how large the response was, and the general types of materials included in the response. Copies should be produced in the same form in which they were produced in response to the FOIA request unless they are no longer available in that form. Counsel have an obligation to ascertain the FOIA materials over which they have control.

**F.  Privilege Logs:**

1.  Each party agrees to comply with F.R.C.P 26(b)(5) with regards to materials in which a privilege is claimed.

**G.  Privilege Waiver**

1.  Each party agrees that submission of documents will be subject to and not considered a waiver of any applicable privilege such as attorney/client and/or work product privilege.

**H.  Depositions.** In order to explore early settlement negotiations and facilitation, parties agree that Plaintiffs may conduct one Rule 30(b)(6) deposition, as provided for in Case Management Order in Case No. 22-cv-11959 Watson et al v. Oxford Community School District et al (E.D. Mich) contained in Exhibit 2, of the Oxford Community Schools designated corporate representative regarding insurance coverage applicable to the Oxford Defendants. This Order does not provide for any additional depositions prior to facilitation and merely reaffirms Plaintiffs' right to participate in the single 30(b)(6) deposition, which Plaintiffs may do by remote means. Counsel participating in the 30(b)(6) deposition remotely, shall have the same opportunity to examine the witness as counsel attending in person.   The parties may only seek additional depositions for the purposes of early

facilitation, by leave of court with a request for good cause as to why the additional deposition(s) is(are) beneficial to participating in early facilitation.

### III.   Facilitation and Post-Facilitation Discovery

Following completion of Preliminary Discovery, the parties will proceed with Kara Tertzag Lividini as the agreed facilitator to seek early resolution of the claims. At this time facilitation is scheduled to occur October 28, 2022. This Order shall be in effect until all parties have had the ability to engage in early facilitation scheduled with Kara Tertzag.

Should facilitation with Kara Tertzag Lividini prove to be unsuccessful, the parties agree that post-facilitation discovery will be governed by the Michigan Court Rules and to coordinate further post-facilitation discovery pursuant to a separate order. The separate order shall then supplement and replace this Order.

IT IS SO ORDERED.

/s/ Rae Lee Chabot

DATED: 10/12/2022

Judge Rae Lee Chabot

JSG

The undersigned stipulate to entry of the above Case Management Order.

Respectfully submitted,

/s/Todd F. Flood
Todd F. Flood (P58555)
Vincent J.  Haisha (P76506)
Flood Law, PLLC
*Attorneys for Plaintiffs*
155 W. Congress St., Ste. 603
Detroit, MI 48226
(248) 547-1032
tflood@floodlaw.com
vhaisha@floodlaw.com

/s/Timothy Mullins
Timothy J. Mullins (P28021)
Kenneth B. Chapie (P66148)
John L. Miller (P71913)
Annabel F. Shea (P83750)
Giarmarco, Mullins & Horton, P.C.
*Attorneys for Defendants*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
kchapie@gmhlaw.com
jmiller@gmhlaw.com
ashea@gmhlaw.com