UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JEFFREY FRANZ, et al.**,

    Plaintiffs,

v.                                                      Case No: 21-cv-12871
                                                         Hon. Mark A. Goldsmith
                                                         Mag. Anthony P. Patti

**OXFORD COMMUNITY SCHOOL DISTRICT**, **et al.**,

    Defendants.

---

**PLAINTIFFS' JOINT SUPPLEMENTAL BRIEF IN SUPPORT OF
MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE**

During oral argument, Defendants raised for the first time the Sixth Circuit's recent unpublished opinion in *Griesmar v. City of Stow, Ohio*, 2022 WL 17581658 (6th Cir. 2022). Relying on *Griesmar*, Defendants argue that the Court is not empowered to dismiss individual claims against Defendants without prejudice. Defendants are incorrect and their argument is based on a technicality. The scope of Rule 41 is unclear in the Sixth Circuit, however the contours of the rule do not need to be decided in order to find that the Court is empowered to allow dismissal of the state law claims without prejudice. The Court should follow the direction of its sister district courts in construing Plaintiffs' request as a request for dismissal without prejudice under Rule 21. Whether under Rule 41 or Rule 21, the analysis for the Court is the same and turns on whether Defendants will suffer any actual legal prejudice as a result of the dismissal. As set forth

in Plaintiffs' principal motion, and as demonstrated in Defendants' response, Defendants cannot show actual legal prejudice at this preliminary stage of the litigation, counseling in favor of allowing voluntary dismissal of the state law claims.

### I. The scope of Rule 41 is unclear in this Circuit

The Sixth Circuit has acknowledged, in a published opinion, that its "interpretation of Rule 41 is unclear." *Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 266 (6th Cir. 2003) (overruled on other grounds by *Blackburn v. Oaktree Capital Mgmt, LLC*, 511 F.3d 633 (6th Cir. 2008)). In 1961, the Sixth Circuit noted that "…Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.'" *Philip Carey Manufacturing Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). However, in a subsequent, published opinion, the Sixth Circuit affirmed dismissal of less than an entire action under Rule 41. *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). The *Banque de Depots* court provided no explanation for "why Rule 41 was the appropriate avenue for dismissal." *Letherer*, 328 F.3d at 266.

District courts in this Circuit have noted the lack of clarity on this issue. *See U.S. ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464 (E.D. Ky. 2018) ("The Sixth Circuit has itself muddled Rule 41's contours…"); *White v. Parker*, 2016 WL 6237962 at *1 ("The Sixth Circuit has noted that its precedent is unclear as to the appropriate procedure for dismissing less than all of an action"). Indeed, the majority of circuits

have interpreted Rule 41 to allow for voluntary dismissal of less than the entire action. *See Van Leeuwen v. Bank of America, N.A.*, 304 F.R.D. 691, 693-97 (D. Utah 2015) (discussing the circuit split on this issue). In light of the conflicting, published opinions from the Sixth Circuit on the scope of Rule 41, the Court is not bound by the unpublished opinion in *Griesmar*, as Defendants argue.

## II. Plaintiffs' Motion should be construed as a request for dismissal without prejudice under Rule 21

District courts in this Circuit have navigated the lack of clarity on Rule 41 by construing requests for dismissal of select claims or select defendants as requests for dismissal under Rule 21.[1] *See Letherer*, 328 F.3d at 266 (assuming the district court's dismissal was Rule 21); *Howard v. 21st Mortgage Corp.*, 2019 WL 638365 at *1 (E.D. Ky. Feb. 14, 2019) (construing plaintiff's motion for voluntary dismissal under Rule 41(a) as a motion to dismiss under Rule 21); *U.S. v. Roberts*, 2019 WL 6499128 at *1 (E.D. Ky. Dec. 3, 2019) (same); *Wilkerson v. Brakebill*, 2017 WL 401212 at *2 (E.D. Tenn. Jan. 30, 2017) (same); ; *See also Preferred Care, Inc.*, 326 F.R.D. at 463 ("…the Court construes filings by their substantive content and not by their labels").

Rule 21 provides, in pertinent part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim

---

[1] Some district courts in this Circuit have construed a motion to dismiss some, but not all, claims as a motion to amend the complaint under Rule 15(a). *See Doss v. Mich. Dep't of Corr.*, 2021 WL 978813 at *3 (E.D. Mich. Mar. 16, 2021); *Coleman v. Ohio St. Univ. Med. Ctr.*, 2011 WL 3273531 at *3 (S.D. Ohio Aug. 1, 2011).

against a party." Fed. R. Civ. P. 21. The standard for dismissal under Rule 21 is identical to the standard under Rule 41, as set forth in Plaintiffs' Motion. *Howard*, 2019 WL 638365 at *2. Under Rule 21, "courts consider whether allowing withdrawal would be unduly prejudicial to the nonmoving party" and "are guided by the standard for Rule 41 voluntary dismissals"--i.e. "whether the defendant would suffer 'plain legal prejudice'" *Arnold v. Heyns*, 2015 WL 1131767 at *4 (E.D. Mich. March 11, 2015) (quoting *Grover v. Eli Lily and Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). Under both rules, the court looks to the factors outlined in Plaintiffs' principal motion: (1) defendant's effort and expense of preparation for trial, (2) excessive delay and lack of diligence on plaintiff's part in prosecuting the case, (3) insufficient explanation for the need for dismissal, and (4) whether a motion for summary judgment is pending. *Id.*; *Franz*, ECF No. 118 at PageID.1909.

Under both rules, the question for the Court is whether the defendant will suffer plain legal prejudice. If not, "a motion to dismiss should be granted." *Id.* Given the identical legal standards between Rule 21 and Rule 41, denial of Plaintiffs' motion on the basis of a technicality would be unduly formalistic. Indeed, in *EQT Gathering, LLC v. A Tract of Property Situated in Knott Cnty, Ky.*, Judge Thapar noted that so long as the court dismissed on terms the court deems proper to protect the other parties, the decision to proceed under Rule 21 versus Rule 41 is a "procedural tempest in a judicial teapot." 2012 WL 3644968 at *3 (E.D. Ky. Aug. 24, 2012) (holding that Rule 21 allows for dismissal without prejudice of some but not all claims against a defendant).

Problems arise only when a plaintiff attempts to unilaterally dismiss his claims *without a court order* under Rule 41(a)(1)(A). *Id. See also Wilkerson*, 2017 WL 401212 at *2 (finding that "so long as the Court evaluates prejudice to defendants, application of Rule 41, versus Rule 21, would make little functional difference in this instance").

### III. Dismiss of Plaintiffs' state law claims under Rule 21 should be without prejudice

Dismissal under Rule 21, like under Rule 41, is without prejudice. *United Food & Commercial Workers, Local 1995 v. Kroger Company* is instructive. 2022 WL 80238 (M.D. Tenn. Jan. 7, 2022). There, as here, the plaintiff sought voluntary dismissal of claims without prejudice. *Id.* at *2. The court "construed the Motion…as one seeking either dismissal without prejudice, or no dismissal at all--which is to say…to grant the Motion means to dismiss [defendant] without prejudice, and to deny the Motion means not to dismiss [defendant] at all." *Id.* Relying on caselaw explaining the distinction between with or without prejudice in the context of Rule 41, the court reasoned that the same distinction should apply to Rule 21, given the identical legal standards. *Id.* at *3-4. Because Rule 21 authorizes the court to act "on just terms," the court found that "the applicable 'term' here is that the dismissal of [defendant] would be without prejudice, and so the question is whether dismissal without prejudice would be 'just'" *Id.* at *3. The court then applied the Rule 41 factors to determine that because defendant would suffer no plain legal prejudice, dismissal without prejudice under Rule 21 was just and warranted. *Id.* "After all, a plaintiff is the master of its own complaint." *Id.* at *5.

## IV.  Conclusion

In general, whether under Rule 41 or Rule 21, "a motion to dismiss should be granted unless a defendant will suffer plain legal prejudice." *Arnold*, 2015 WL 1131767 at *4. The Court should grant Plaintiffs' Motion to Voluntarily Dismiss because Defendants are unable to show plain legal prejudice. In the event the Court should deny Plaintiffs' Motion, Plaintiffs request the opportunity to respond to Defendants' arguments for dismissal of the state law claims on the merits. *See Franz*, ECF No. 126, PageID.2097.


Respectfully Submitted:

| | |
|---|---|
| BY:  /s/ *Milica Filipovic*<br>GEOFFREY N. FIEGER (P30441)<br>JAMES J. HARRINGTON (P65351)<br>ROBERT G. KAMENEC (P35283)<br>MILICA FILIPOVIC (P80189)<br>*Fieger, Fieger, Kenney & Harrington, P.C.*<br>Attorneys for Franz et. al. Plaintiffs<br>19390 West Ten Mile Road<br>Southfield, MI 48075<br>P: (248) 355-5555 / F: (248) 355-5148<br>m.filipovic@fiegerlaw.com | **DEBORAH GORDON LAW**<br><br>*/s/Deborah L. Gordon (P27058) w/p*<br>Elizabeth A. Marzotto Taylor (P82061)<br>Sarah Gordon Thomas (P83935)<br>Molly Savage (P84472)<br>*Attorneys for Ossege Plaintiff*<br>33 Bloomfield Hills Parkway, Suite 220<br>Bloomfield Hills, Michigan 48304<br>(248) 258-2500<br>dgordon@deborahgordonlaw.com<br>emarzottotaylor@deborahgordonlaw.com<br>sthomas@deborahgordonlaw.com<br>msavage@deborahgordonlaw.com |

*/s/ Andrew J. Laurila (w/p)*
Andrew J. Laurila (P78880)
Robert M. Giroux (P47966)
**GIROUX TRIAL ATTORNEYS, P.C.**
*Attorneys for Asciutto & Vackaro Plaintiffs*
28588 Northwestern Hwy., Suite 100
Southfield, MI 48034
(248) 531-8665
alaurila@greatMIattorneys.com

**MUELLER LAW FIRM**

*/s/ Wolfgang Mueller (P43728) w/p*
WOLFGANG MUELLER (P43728)
*Attorney for Beausoleil Plaintiff*
*Attorney for Arthur Plaintiff*
41850 W. 11 Mile Rd. #101
Novi, MI 48375
P: (248) 489-9653
wolf@wolfmuellerlaw.com

FLOOD LAW PLLC

*/s/ Todd Flood (w/p)* .
Todd F. Flood (P58555)
Counsel for *Watson* Plaintiffs
155 W. Congress St. Ste. 603
Detroit, MI 48226-3267
P:(248) 547-1032
tflood@floodlaw.com

Dated: February 24, 2023

/s/ Kevin M. Carlson (w/p)
Michael L. Pitt (P24429)
Megan A. Bonanni (P52079)
Beth M. Rivers (P33614)
Kevin M. Carlson (P66704)
Danielle Young Canepa (P82237)
*Counsel for St. Juliana Plaintiffs*
Pitt, McGehee, Palmer, Bonanni & Rivers, PC
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
mpitt@pittlawpc.com
mbonanni@pittlawpc.com
kcarlson@pittlawpc.com
dcanepa@pittlawpc.com

*/s/ Matthew L. Turner    (w/p)*
Matthew L. Turner (P48706)
Lisa M. Esser (P70628)
*Plaintiff Attorneys in Case No. 22-cv-11448 Mueller et al. v. OCSD, et al. (E.D. Mich)*
**Sommers Schwartz, P.C.**
One Towne Square, Suite 1700
Southfield, MI 48076
T: (248) 355-0300
F: (248) 936-2158
mturner@sommerspc.com
lesser@sommerspc.com

## LOCAL RULE CERTIFICATION

I, Milica Filipovic, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys.

/s/      *Milica Filipovic*

**MILICA FILIPOVIC (P80189)**