UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY FRANZ, et al,

                    Plaintiffs,

v.                                          No. 21-cv-12871

OXFORD COMMUNITY SCHOOL DISTRICT, et al.,     HON. MARK A. GOLDSMITH

                    Defendants.

**OPINION & ORDER
GRANTING PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS STATE-LAW
CLAIMS WITHOUT PREJUDICE (Dkt. 118)**

Before the Court is a motion filed by all Plaintiffs who brought state-law claims in the related Oxford Cases before this Court.[1] These Plaintiffs move to voluntarily dismiss their state-law claims without prejudice so that they can refile those claims in state court (Dkt. 118). For the reasons that follow, the Court grants Plaintiffs' motion.[2]

---

[1] The related Oxford Cases are federal actions arising from the November 30, 2021 shooting at Oxford High School in Oakland County, Michigan. The Oxford Cases in which Plaintiffs bring state-law claims are: Case No. 21-cv-12871, Franz et al. v. Oxford Community School District et al. (E.D. Mich.); Case No. 22-cv-10407, Asciutto et al v. Oxford Community School District et al. (E.D. Mich.); Case No. 22-cv-10805, St. Juliana et al v. Oxford Community School District et al. (E.D. Mich.); Case No. 22-cv-11250, Beausoleil v. Oxford Community School District et al. (E.D. Mich.); Case No. 22-cv-11251, Ossege v. Oxford Community School District et al. (E.D. Mich.); Case No. 22-cv-11360, GLJ et al. v. Oxford Community School District et al. (E.D. Mich.); and Case No. 22-cv-11448, Mueller et al. v. Oxford Community School District et al. (E.D. Mich.). The state-law claims include claims for gross negligence, violations of the Michigan Child Protection Act, and violations of the Michigan Constitution. See Mot. at 2.

[2] The Court held a hearing on this motion on February 23, 2023. In addition to Plaintiffs' motion, the briefing includes Defendants' response (Dkt. 121), Plaintiffs' reply (Dkt. 126), and Plaintiffs' supplemental brief (Dkt. 132).

The Court construes Plaintiffs' motion as one brought under Federal Rule of Civil Procedure 21. See Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").³ A court may properly dismiss claims without prejudice "on just terms" under Rule 21 if there is no "gratuitous harm" or "plain legal prejudice" to the parties.⁴ In determining whether dismissal would prejudice any parties, courts "consider such factors as the defendant's effort and expense of

---

³ Plaintiffs initially moved for the relief requested under Rule 41(a)(2), see Mot. at 1–2, but they subsequently urged the Court to construe their motion as one brought under Rule 21, see Suppl. Br. at 3–5. Several courts have construed Rule 41(a) motions to dismiss parties or claims without prejudice as Rule 21 motions, recognizing that the latter framework is more appropriate for requests to voluntarily dismiss less than an entire action. See, e.g., Wilkerson v. Brakebill, No. 3:15-cv-435-TAV-CCS, 2017 WL 401212, at *2 (E.D. Tenn. Jan. 30, 2017) (finding "it appropriate to apply Rule 21 in this matter, where plaintiffs move [under Rule 41(a)] to voluntarily dismiss one of several claims"); see also Letherer v. Alger Grp., L.L.C., 328 F.3d 262, 266 (6th Cir. 2003) (assuming that district court's dismissal of one party was effected pursuant to Rule 21 rather than Rule 41(a)), overruled on other grounds by Blackburn v. Oaktree Cap. Mgmt., LLC, 511 F.3d 633 (6th Cir. 2008); Acklin v. Express Courier Int'l, Inc., No. 3:18-cv-0028, 2019 WL 13026871, at *1 (M.D. Tenn. Aug. 12, 2019) ("Because the Stipulation dismisses some or all claims of only some Plaintiffs, the applicable rule is Fed. R. Civ. P. 21 rather than Fed. R. Civ. P. 41(a)(1)(A)(ii), cited by the parties.") (emphasis in original). Though Rule 21 expressly concerns "severing" claims, "Rule 21 gives the Court discretion to both sever and dismiss claims . . . ." Dix v. Atos IT Sols. & Servs., Inc., No. 1:18-cv-275, 2021 WL 1165762, at *4 (S.D. Ohio Mar. 25, 2021).

⁴ See, e.g., Smith v. Penman, No. 2:20-cv-12052, 2021 WL 634733, at *3 (E.D. Mich. Feb. 18, 2021) ("Several federal courts have interpreted 'on just terms' to mean 'without gratuitous harm to the parties.'") (citing Harris v. Gerth, No. 08-CV-12374, 2008 WL 5424134, at *5 (E.D. Mich. Dec. 30, 2008)); Arnold v. Heyns, No. 13-14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015) (accepting recommendation to dismiss parties where magistrate judge explained that courts confronted with Rule 21 motions "consider whether allowing withdrawal would be unduly prejudicial to the nonmoving party" and "are guided by the standard for Rule 41 voluntary dismissals") (citing Grover by Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994)); EQT Gathering, LLC v. A Tract of Prop. Situated in Knott Cnty., Ky., No. 12-58-ART, 2012 WL 3644968, at *3 (E.D. Ky. Aug. 24, 2012) ("Rules 21 and 41(a)(2) opt for a court's determination of prejudice . . . ."); United Food & Com. Workers, Loc. 1995 v. Kroger Co., No. 3:20-CV-00948, 2022 WL 80238, at *3–*6 (M.D. Tenn. Jan. 7, 2022) (granting motion to dismiss without prejudice one defendant under Rule 21 "absent plain legal prejudice to Defendants") (citing Grover, 33 F.3d at 718).

preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." Grover by Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994).

The Court sees no gratuitous harm or plain legal prejudice to Defendants from allowing Plaintiffs to voluntarily dismiss their state-law claims and refile those claims in state court. Defendants are already litigating multiple actions in state court relating to the same underlying controversy that gave rise to the actions before this Court, and Plaintiffs submit that the claims they seek to dismiss before this Court are "identical" to claims already in state court. See Mot. at 2. Further, Oakland County Circuit Judge Mary Ellen Brennan has recently granted summary disposition to Defendants in two state-court actions raising "identical" claims to those that Plaintiffs now seek to refile in state court (Dkts. 133-1, 134-1). It is reasonable to expect that Defendants will present a defense that is identical to the one that the Oakland Circuit Court has already found to be meritorious, with the likelihood that the outcome will be the same at the trial court level. Given this posture, Defendants will suffer no prejudice from litigating Plaintiffs' claims in state court.[5]

As the "explanation" for Plaintiffs' inclination to refile their claims, Grover, 33 F.3d at 718, Plaintiffs submit that they intend to argue for a reversal of existing Michigan law, see Mot. at 3. Although Defendants criticize this motive as forum shopping, see Resp. at 8–10, the law has long recognized the propriety of having state courts decide state-law issues as a laudatory expression of the federal courts' commitment to federalism. See Moore v. Sims, 442 U.S. 415,

---

[5] Even if the expected new actions are assigned to a different Oakland Circuit judge whose views on the immunity issue differ from Judge Brennan's, there is no prejudice. Defendants will have no additional burden litigating state-law immunity in state court rather than this Court.

3

429 (1979) ("State courts are the principal expositors of state law."). Having state appellate courts address the arguments for new interpretations of state law is unquestionably appropriate. See Exclusively Cats Veterinary Hosp., P.C. v. M/A/R/C Rsch., L.L.C., 444 F. Supp. 3d 775, 786 (E.D. Mich. 2020) (dismissing state-law claim without prejudice, explaining: "If Plaintiff wishes to present a contestable legal theory never before endorsed by a Michigan court, it is best to do so in the Michigan court system. Michigan's state courts can better analyze their own law and explore possible new frontiers of traditionally understood concepts . . . ."); Oneida Indian Nation of New York v. Madison Cnty., 665 F.3d 408, 439 (2d Cir. 2011) (instructing district court to dismiss state-law claims without prejudice to be refiled in state court to allow "state court to decide the [] state-law claims itself based on its understanding of its own law . . ."). Given the wisdom in allowing the state court system to rule on state-law immunity, Plaintiffs' explanation for changing the situs for resolving the state-law claims is consonant with traditional notions of federal and state judicial co-existence.[6]

    The other Grover factors also indicate that voluntary dismissal would not prejudice Defendants. Because early facilitation efforts in this Court's Oxford Cases paused the pursuit of discovery, Defendants have not invested significant "effort and expense" in "preparation for trial" or filed any motion for summary judgment. Grover, 33 F.3d at 718. Defendants note that they have filed a motion to dismiss before this Court, see Resp. at 9, but Defendants suffer little harm from reasserting the arguments in this motion before a new judge at the pleadings stage. And because discovery has been limited, Plaintiffs are not guilty of "excessive delay and lack of

---

[6] Notably, the state-law claims asserted by Plaintiffs have been filed in federal court under the discretionary allowance for supplemental jurisdiction, rather than with an independent grant of federal court jurisdiction. See, e.g., Franz Am. Compl. ¶ 3 (Case No. 21-cv-12871, Dkt. 55). Thus, the Court is not now, nor has it ever been, required to hear those claims. See Kauffman v. Allied Signal, Inc., Autolite Div., 970 F.2d 178, 187 (6th Cir. 1992).

4

diligence" in filing their motion at this time. Grover, 33 F.3d at 718. A voluntary dismissal of Plaintiffs' claims without prejudice does not cause gratuitous harm or plain legal prejudice to Defendants. See Smith, 2021 WL 634733, at *3; United Food, 2022 WL 80238, at *6.

There is also no merit to Defendants' suggestion that the Court dismiss Plaintiffs' state-law claims with prejudice. See Resp. at 11. The single case cited by Defendants where dismissal with prejudice was proper is distinguishable from this case in multiple respects, including the moving party's delay in seeking dismissal only after taking "extensive discovery" and losing, in part, a summary judgment motion. See Kern Oil & Ref. Co. v. Tenneco Oil Co., 792 F.2d 1380, 1389–1390 (9th Cir. 1986) (affirming, as within the trial court's "sound discretion," dismissal of claim with prejudice) (punctuation modified). Given the lack of harm or prejudice to Defendants here, the dismissal of Plaintiffs' claims without prejudice is the proper approach. See, e.g., United Food, 2022 WL 80238, at *3–*6.

Accordingly, the Court grants Plaintiffs' motion to dismiss their state-law claims without prejudice (Dkt. 118).

SO ORDERED.

Dated: March 14, 2023                  s/Mark A. Goldsmith
    Detroit, Michigan              MARK A. GOLDSMITH
                                                        United States District Judge