UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RILEY FRANZ, and JEFFREY FRANZ and BRANDI FRANZ, as NEXT FRIEND for ISABELLA FRANZ, a Minor,

Plaintiffs,

v

OXFORD COMMUNITY SCHOOLS, NICHOLAS EJAK and SHAWN HOPKINS,

Defendants.

______________________________________/

Hon. Mark A. Goldsmith
Magistrate Anthony P. Patti
No. 21-12871

Geoffrey N. Fieger (P30441)
James J. Harrington (P65351)
Robert G. Kamenec (P35283)
Milica Filipovic (P80189)
Fieger, Fieger, Kenney & Harrington, P.C.
*Attorneys for Plaintiffs*
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555
g.fieger@fiegerlaw.com
j.harrington@fiegerlaw.com
r.kamenec@fiegerlaw.com
m.filipovic@fiegerlaw.com

Timothy J. Mullins (P28021)
Kenneth B. Chapie (P66148)
John L. Miller (P71913)
Annabel F. Shea (P83750)
Giarmarco, Mullins & Horton, P.C.
*Attorneys for Defendants*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
kchapie@gmhlaw.com
jmiller@gmhlaw.com
ashea@gmhlaw.com

**OXFORD DEFENDANTS' POSITION REGARDING FUTURE PROCEEDINGS PURSUANT TO ECF NO. 143**

NOW COME the Oxford Defendants, by and through their counsel, and pursuant to the Order for Joint Statement and Status Conference regarding the parties positions as to: (i) what future proceedings are required, (ii) what schedule should be

established or how and existing schedule should be modified, and (iii) to what extent phases dates, or proceedings should be coordinated as to all Oxford Cases, (ECF NO. 143) hereby submit their statement containing the Oxford Defendants' position which pertains to the following federal cases:

> Case No. 21-12871, Franz et al. v. Oxford Community School District et al. (E.D. Mich.);
>
> Case No. 22-10407, Asciutto et al v. Oxford Community School District et al. (E.D. Mich.);
>
> Case No. 22-10805, St. Juliana et al v. Oxford Community School District et al. (E.D. Mich.);
>
> Case No. 22-11113, Myre et al. v. Oxford Community School District et al. (E.D. Mich.);
>
> Case No. 22-11250, Beausoleil v. Oxford Community School District, et al. (E.D. Mich.);
>
> Case No. 22-11251, Ossege v. Oxford Community School District, et al. (E.D. Mich.);
>
> Case No. 22-11360, GLJ, et al. v. Oxford Community School District, et al.,[1]

[1] This Case was dismissed by way of this Court's Opinion and Order entered on May 12, 2023, which dismissed all claims for injunctive relief.

Case No. 22-cv-11448 Mueller et al. v. Oxford Community School District et al. (E.D. Mich)

Case No. 22-cv-11959 Watson et. al. v. Oxford Community School District, et al. (E.D. Mich); and

Case No. 22-cv-11398 Cunningham et al. v. Oxford Community School District et al. (E.D.).

Plaintiffs separately filed their position. See (ECF No. 145). The Oxford Defendants are now filing the instant statement which disagrees with Plaintiffs' position on all points.

**1. Background**

On May 12, 2023, this Court issued its Opinion and Orders regarding Defendants motion granting in part and denying in part Defendants' motion. (ECF No. 142, PageID.2219). This Court dismissed all of Plaintiff's substantive due process claims against Defendants Fine, Kubina, Karpinski, Morgan, Throne, Weaver, and Wolf. (ECF No. 61, PageID.327). The Court also dismissed all claims "for injunctive relief under any theory of due process". (ECF No. 142, PageID 2244). This Court concluded that Plaintiffs' state created danger claims against Hopkins, Ejak and the District survived "to the extent those claims are based on allegations that Hopkins and Ejak increased the risk of harm to Plaintiffs or their decedents by threatening, in E.C.'s presence, to report ECs parents to Child Protective Services if they did not provide EC

with counseling." *Id.* This Court "dismisse[d] all other claims against Hopkins and Ejak." *Id.* Therefore, the only surviving claims are: whether Hopkins' and Ejak's alleged threat to contact CPS amounts to a state created danger, and if so, if the District is liable for a *Monell* claim.

Based on this Court's decision, Defendants will file an interlocutory appeal regarding the denial of qualified immunity. Concurrently, Defendants will also file a motion to stay proceedings pending the Sixth Circuit's decision on the issue of qualified immunity.

Lastly, Defendants have filed a motion for judgment on the pleadings in Case No. 22-11113, Myre et al. v. Oxford Community School District et al. (E.D. Mich.) and Case No. 22-cv-11959 Watson et. al. v. Oxford Community School District, et al. (E.D. Mich) based on res judicata seeking dismissal of the remaining surviving claims. Those motions are currently pending before this Court.

**2. What Future Proceedings Are Required?**

Once Defendants file their notice of appeal from the denial of qualified immunity, there should be no future proceedings in this Court until the Sixth Circuit decides the qualified immunity issue on appeal.

Defendants have the right to file an interlocutory appeal based on this Court's partial denial of Defendants' motion for judgment on the pleadings which turns on an

issue of law. *See Sinick v. County of Summit*, 76 Fed. Appx. 675, 679 (6th Cir. 2003)(holding that the Sixth Circuit had jurisdiction to review an interlocutory appeal regarding the denial of qualified immunity under the collateral order doctrine); *see Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *see Cervantes v. Torbett*, __ F. Supp. 2d. __, 2010 WL 1417832 (E.D. Mich April 5, 2010). As Defendants will explain in more detail in their motion to stay, this Court should stay all proceedings until the Sixth Circuit decides that issue on appeal. *See Kennedy v. Cleveland,* 797 F.2d 297, 299 (6th Cir. 1986)(holding that following receipt of an interlocutory appeal of the qualified immunity issue, the district court is obligated to refrain from proceeding to trial and to stay discovery until the issue is decided); *see English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994)("While the issue [of qualified immunity] is before the trial court or the case is on appeal, the trial court should stay discovery."); *see Rondigo LLC v. Twp. of Richmond, Michigan*, No. CV 08-10432, 2009 WL 10681186, at *3 (E.D. Mich. Dec. 9, 2009)(granting defendants' motion for stay and noting that "[qualified immunity] is an immunity from suit and not a mere defense to liability"); *see Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009)("The basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'").

This includes staying the proceedings relating to the *Monell* claim since the District's liability under *Monell* is contingent upon the Sixth Circuit's decision of whether Hopkins and Ejak's alleged act of threatening to call CPS in E.C.'s presence meets the

pleading requirement for a state created danger claim when the same danger existed both before and after the statement was allegedly made, and whether the Plaintiffs' plead that Hopkins and Ejak acted with the requisite degree of culpability when they allegedly threatened to call CPS. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)(A city "cannot be liable under § 1983 absent an underlying constitutional violation by its officers.").

**3. What Schedule Should be Established or How Any Existing Schedule Should be Modified?**

This question is premature as it is the Oxford Defendants' position that all proceedings should be stayed pending the Sixth Circuit's decision on the issue of qualified immunity.

Plaintiffs' suggestion that they should be permitted to obtain discovery from Defendants while the issue of qualified immunity is on appeal but that this Court should prevent Defendants from obtaining any discovery from Plaintiffs until after dispositive motions are decided is absurd. This proposition directs this Court to engage in unequal treatment of the parties in a manner that does not comport with the Federal Rules of Civil Procedure and with Due Process. Plaintiff's proposition further underscores that necessity to stay all proceedings until the purely legal issues regarding *liability* are decided by the Sixth Circuit.

**4. To What Extent Phases, Dates, or Proceedings Should be Coordinated as to All Oxford Cases?**

This question is premature as it is the Oxford Defendants' position that all proceedings should be stayed pending the Sixth Circuit's decision on the issue of qualified immunity.

To the extent that this inquiry applies to the state cases that were filed in Oakland County Circuit Court, it should be noted that a final order of dismissal has been entered in Myre v. Fine et. al., Case No. 22-192262-NO and Watson v. Oxford Community Schools, Case No. 22-195663-NO, and that Plaintiffs in those cases have filed a claim of appeal, this will result in an automatic stay of those proceedings pending the Michigan Court of Appeals decision on the issue of governmental immunity.

Respectfully Submitted,

Date: May 23, 2023

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Oxford Defendants

**CERTIFICATE OF ELECTRONIC SERVICE**

TIMOTHY J. MULLINS states that on May 23, 2023 he did serve a copy of **Oxford Defendants' Position Regarding Future Proceedings Pursuant to ECF No. 143** via the United States District Court electronic transmission.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Oxford Defendants

101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021