UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RILEY FRANZ, and JEFFREY FRANZ
and BRANDI FRANZ, as NEXT FRIEND
for ISABELLA FRANZ, a Minor,

        Plaintiffs,

v

OXFORD COMMUNITY SCHOOLS,
NICHOLAS EJAK, and SHAWN HOPKINS,

        Defendants.

Hon. Mark A. Goldsmith
Magistrate Anthony P. Patti
No. 21-12871

---

**DEFENDANTS'
MOTION TO STAY**

---

_____/

Geoffrey N. Fieger (P30441)
James J. Harrington (P65351)
Robert G. Kamenec (P35283)
Nora Y. Hanna (P80067)
Milica Filipovic (P80189)
Fieger, Fieger, Kenney & Harrington, P.C.
*Attorneys for Plaintiffs*
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555
g.fieger@fiegerlaw.com
j.harrington@fiegerlaw.com
r.kamenec@fiegerlaw.com
n.hanna@fiegerlaw.com
m.filipovic@fiegerlaw.com

Timothy J. Mullins (P28021)
Kenneth B. Chapie (P66148)
John L. Miller (P71913)
Annabel F. Shea (P83750)
Giarmarco, Mullins & Horton, P.C.
*Attorneys for Defendants*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
kchapie@gmhlaw.com
jmiller@gmhlaw.com
ashea@gmhlaw.com

SANDRA A. CUNNINGHAM, Next Friend
of P.A., a minor,

   Plaintiff,       Hon. Mark A. Goldsmith
              Magistrate Anthony P. Patti
v              No. 22-11398

OXFORD COMMUNITY SCHOOLS,
NICHOLAS EJAK and SHAWN HOPKINS,

   Defendants.

_____/

Wolfgang Mueller (P43728)
Mueller Law Firm
*Attorney for Plaintiff*
41850 W. 11 Mile Road, Suite 101
Novi, MI 48375
(248) 489-9653
wolf@wolfmuellerlaw.com

Timothy J. Mullins (P28021)
Kenneth B. Chapie (P66148)
John L. Miller (P71913)
Annabel F. Shea (P83750)
Giarmarco, Mullins & Horton, P.C.
*Attorneys for Defendants*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
kchapie@gmhlaw.com
jmiller@gmhlaw.com
ashea@gmhlaw.com

ii

NICOLETTE ASCIUTTO, as Next
Friend of JOHN ASCIUTTO and
ANTHONY ASCIUTTO II, minors;
and JOHN VACKARO as Next Friend
of MARCO VACKARO, a Minor,

        Plaintiffs,                Judge Mark A. Goldsmith
                                 Magistrate Anthony P. Patti

v                                No. 22-10407

OXFORD COMMUNITY SCHOOLS,
NICHOLAS EJAK, and
SHAWN HOPKINS,

        Defendants.

_____/

| ROBERT M. GIROUX (P47966) | TIMOTHY J. MULLINS (P28021) |
|---|---|
| ANDREW J. LAURILA (P78880) | KENNETH B. CHAPIE (P66148) |
| Giroux Trial Attorneys, P.C. | JOHN L. MILLER (P71913) |
| *Attorneys for Plaintiffs* | ANNABEL F. SHEA (P83750) |
| 28588 Northwestern Highway, Suite 100 | Giarmarco, Mullins & Horton, P.C. |
| Southfield, MI  48034 | *Attorneys for Defendants* |
| (248) 531-8665 | 101 W. Big Beaver Road, 10th Floor |
| rgiroux@greatMIattorneys.com | Troy, MI 48084-5280 |
| alaurila@greatmiattorneys.com | (248) 457-7020 |
|  | tmullins@gmhlaw.com |
|  | kchapie@gmhlaw.com |
|  | jmiller@gmhlaw.com |
|  | ashea@gmhlaw.com |

NICOLE BEAUSOLEIL, Personal
Representative of the Estate of Madisyn
Baldwin, Deceased,

       Plaintiff,                            Hon. Mark A. Goldsmith
                                       Magistrate David R. Grand
v                                          No. 22-11250

OXFORD COMMUNITY SCHOOLS,
NICHOLAS EJAK and SHAWN HOPKINS,

       Defendants.

_____/

| | |
|---|---|
| Wolfgang Mueller (P43728) | Timothy J. Mullins (P28021) |
| Mueller Law Firm | Kenneth B. Chapie (P66148) |
| *Attorney for Plaintiff* | John L. Miller (P71913) |
| 41850 W. 11 Mile Road, Suite 101 | Annabel F. Shea (P83750) |
| Novi, MI 48375 | Giarmarco, Mullins & Horton, P.C. |
| (248) 489-9653 | *Attorneys for Defendants* |
| wolf@wolfmuellerlaw.com | 101 W. Big Beaver Road, 10th Floor |
| | Troy, MI 48084-5280 |
| | (248) 457-7020 |
| | tmullins@gmhlaw.com |
| | kchapie@gmhlaw.com |
| | jmiller@gmhlaw.com |
| | ashea@gmhlaw.com |

G.J., a Minor, by his Next Friend,
Andrea Jones, et al,

      Plaintiffs,              Judge Mark Goldsmith

v                          No. 22-11360

OXFORD COMMUNITY SCHOOLS,
NICHOLAS EJAK and SHAWN HOPKINS,

      Defendants.
_____/

| | |
|---|---|
| MANVIR S. GREWAL, SR. (P48082) | TIMOTHY J. MULLINS (P28021) |
| SCOTT WEIDENFELLER (P56001) | KENNETH B. CHAPIE (P66148) |
| Grewal Law, PLLC | JOHN L. MILLER (P71913) |
| *Attorneys for Plaintiffs* | ANNABEL F. SHEA (P83750) |
| 345 E. Cady St., 3rd Floor | Giarmarco, Mullins & Horton, P.C. |
| Northville, MI  48167 | *Attorneys for Defendants* |
| (517)393-3000 | 101 W. Big Beaver Road, 10th Floor |
| sweidenfeller@4grewal.com | Troy, MI 48084-5280 |
| | (248) 457-7020 |
| AMY L. MARINO (P76998) | tmullins@gmhlaw.com |
| Marino Law PLLC | kchapie@gmhlaw.com |
| *Attorneys for Plaintiffs* | jmiller@gmhlaw.com |
| 18977 W. Ten Mile Road, Suite 100E | ashea@gmhlaw.com |
| Southfield, MI  48075 | |
| (248)797-9944 | |
| amy@marinopllc.com | |

MATTHEW MUELLER and MARY
MUELLER as Co-Next Friends for
E.M., a minor,                                   Hon. Mark Goldsmith
                                                 No. 22-11448

              Plaintiff,

v

OXFORD COMMUNITY SCHOOLS,
SHAWN HOPKINS, NICHOLAS EJAK,
and ACME
SHOOTING GOODS, LLC,

              Defendants.
_____/

| | |
|---|---|
| Matthew L. Turner (P48706) | Timothy J. Mullins (P28021) |
| Lisa M. Esser (P70628) | Kenneth B. Chapie (P66148) |
| Sommers Schwartz, P.C. | John L. Miller (P71913) |
| *Attorneys for Plaintiff* | Annabel F. Shea (P83750) |
| One Towne Square, Suite 1700 | Giarmarco, Mullins & Horton, P.C. |
| Southfield, MI 48076 | *Attorneys for Defendants Oxford, Hopkins,* |
| (248) 355-0300 | *Ejak, Throne, Wolf and Weaver* |
| mturner@sommerspc.com | 101 W. Big Beaver Road, 10th Floor |
| lesser@sommerspc.com | Troy, MI 48084-5280 |
| | (248) 457-7020 |
| Jonathan E. Lowy | tmullins@gmhlaw.com |
| Erin C. Davis | kchapie@gmhlaw.com |
| Robert Cross | jmiller@gmhlaw.com |
| *Co-Counsel for Plaintiff* | ashea@gmhlaw.com |
| 840 Street NE, Suite 400 | |
| Washington DC 20002 | Thomas J. Rheaume (P74422) |
| (202) 370-8106 | Donovan S. Asmar (P77951) |
| jlowy@bradyunited.org | Fawzeih H. Daher (P82995) |
| edavis@bradyunited.org | Bodman PLC |
| rcross@bradyunited.org | *Attorney for Defendant Acme Shooting* |
| | *Goods, LLC* |
| | 201 W. Big Beaver Road, Suite 500 |
| | Troy, MI 48084 |
| | (248) 743-6000 |
| | trheaume@bodmanlaw.com |
| | dasmar@bodmanlaw.com |
| | fdaher@bodmanlaw.com |

vi

WILLIAM MYRE, and SHERI MYRE,
as co-personal representatives of the Estate
of T.M., Deceased; CRAIG SHILLING, and
JILL SOAVE, as co-personal representatives
of the Estate of J. S., Deceased; CHAD
GREGORY, as Next Friend for K. G., a minor;
LAUREN ALIANO, as Next Friend for S.K.,
a minor, and G.K., a minor; and LAURA LUCAS,
as Next Friend for A.S., a minor,

    Plaintiffs,        Judge Mark A. Goldsmith

v             No. 22-11113

OXFORD COMMUNITY SCHOOLS,
NICHOLAS EJAK, and SHAWN HOPKINS,

    Defendants.

_____/

| | |
|---|---|
| VEN JOHNSON (P39219) | TIMOTHY J. MULLINS (P28021) |
| JEFFREY T. STEWART (P24138) | KENNETH B. CHAPIE (P66148) |
| KANWARPREET S. KHAHRA (P80253) | JOHN L. MILLER (P71913) |
| CHRISTOPHER DESMOND (P71493) | ANNABEL F. SHEA (P83750) |
| Johnson Law, PLC | Giarmarco, Mullins & Horton, P.C. |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| 535 Griswold St., Suite 2632 | 101 W. Big Beaver Road, 10th Floor |
| Detroit, MI 48226 | Troy, MI 48084-5280 |
| (313) 324-8300 | (248) 457-7020 |
| vjohnson@venjohnsonlaw.com | tmullins@gmhlaw.com |
| jstewart@venjohnsonlaw.com | kchapie@gmhlaw.com |
| kkhahra@venjohnsonlaw.com | jmiller@gmhlaw.com |
| cdesmond@venjohnsonlaw.com | ashea@gmhlaw.com |

KYLIE OSSEGE,

      Plaintiff,                    Hon. Mark A. Goldsmith
                                                  Magistrate Judge Anthony P. Patti

v                                           No. 22-11251

OXFORD COMMUNITY SCHOOLS,
NICHOLAS EJAK and SHAWN HOPKINS,

      Defendants.

_____/

| | |
|---|---|
| Deborah L. Gordon (P27058) | Timothy J. Mullins (P28021) |
| Elizabeth Marzotto Taylor (P82061) | Kenneth B. Chapie (P66148) |
| Sarah Gordon Thomas (P83935) | John L. Miller (P71913) |
| Molly Savage (P84472) | Annabel F. Shea (P83750) |
| Deborah Gordon Law | Giarmarco, Mullins & Horton, P.C. |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| 33 Bloomfield Hills Parkway, Suite 220 | 101 W. Big Beaver Road, 10th Floor |
| Bloomfield Hills, MI  48304 | Troy, MI 48084-5280 |
| (248) 258-2500 | (248) 457-7020 |
| dgordon@deborahgordonlaw.com | tmullins@gmhlaw.com |
| emarzottotaylor@deborahgordonlaw.com | kchapie@gmhlaw.com |
| sthomas@deborahgordonlaw.com | jmiller@gmhlaw.com |
| msavage@deborahgordonlaw.com | ashea@gmhlaw.com |

STEVE ST. JULIANA, Personal
Representative of the Estate of HANA
ST. JULIANA, deceased, and REINA
ST. JULIANA, a minor, by her NEXT
FRIEND, STEVE ST. JULIANA,

        Plaintiffs,              Judge Mark A. Goldsmith
                                  Magistrate Judge Anthony P. Patti
v                              No. 22-10805

OXFORD COMMUNITY SCHOOLS,
NICHOLAS EJAK, and
SHAWN HOPKINS,

        Defendants.
_____/

Michael L. Pitt (P24429)
Beth Rivers (P33614)
Megan Bonanni (P52079)
Kevin Carlson (P67704)
Danielle Canepa (P82237)
Pitt, McGehee, Palmer Bonanni & Rivers, PC
*Attorneys for Plaintiffs*
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
mpitt@pittlawpc.com
brivers@pittlawpc.com
mbonanni@pittlawpc.com
kcarlson@pittlawpc.com
dcanepa@pittlawpc.com

Timothy J. Mullins (P28021)
Kenneth B. Chapie (P66148)
John L. Miller (P71913)
Annabel F. Shea (P83750)
Giarmarco, Mullins & Horton, P.C.
*Attorneys for Defendants*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
kchapie@gmhlaw.com
jmiller@gmhlaw.com
ashea@gmhlaw.com

JARROD WATSON, and LINDA WATSON,
as co-Next Friends for A.W., a minor; and
JARROD WATSON and LINDA WATSON,
Individually,

        Plaintiffs,                           Judge Mark A. Goldsmith

v                                            No. 22-11959

OXFORD COMMUNITY SCHOOLS,
NICHOLAS EJAK, and
SHAWN HOPKINS,

        Defendants.

_____/

| | |
|---|---|
| TODD F. FLOOD (P58555) | TIMOTHY J. MULLINS (P28021) |
| VINCENT J. HAISHA (P76506) | KENNETH B. CHAPIE (P66148) |
| FLOOD LAW, PLLC | JOHN L. MILLER (P71913) |
| *Attorneys for Plaintiffs* | ANNABEL F. SHEA (P83750) |
| 155 W. Congress St., Ste. 603 | Giarmarco, Mullins & Horton, P.C. |
| Detroit, MI 48226 | *Attorneys for Defendants* |
| (248) 547-1032 | 101 W. Big Beaver Road, 10th Floor |
| tflood@floodlaw.com | Troy, MI 48084-5280 |
| vhaisha@floodlaw.com | (248) 457-7020 |
| | tmullins@gmhlaw.com |
| | kchapie@gmhlaw.com |
| | jmiller@gmhlaw.com |
| | ashea@gmhlaw.com |

x

## **<u>TABLE OF CONTENTS</u>**

Statement Regarding Concurrence Pursuant to LR 7.1(a) ..........................................xii

INTRODUCTION.........................................................................................................xii

STATEMENT OF ISSUES PRESENTED AND MOST
CONTROLLING AUTHORITY....................................................................................xiii

FACTS……………………………………………………………………………… 1

LAW AND ARGUMENT ...........................................................................................13

      I.     All Discovery and Proceedings Should be Stayed While The Issue of
           Qualified Immunity Is Pending On Appeal……………………………4

          1. The Appeal is Not Frivolous…………………………………………8

          2. The Appeal is Not Being Sought "Solely" for the Purpose of
             Delay…………………………………………………………..11

          3. All Discovery and Proceedings, Including those Related to the
             *Monell* Claims, Should be Stayed Pending Appeal…13

          4. Defendants Will be Irreparably Harmed by Not Entering a
             Stay…………………………………………………………………16

          5. A Stay Would Pose No Real Harm to Plaintiffs………………..18

CONCLUSION ............................................................................................................19

**Statement Regarding Concurrence Pursuant to LR 7.1(a):** The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel have not concurred.

## INTRODUCTION

Defendants request that this Court stay all discovery and proceedings pending Defendants Hopkins and Ejak's appeal of the denial of qualified immunity for the reasons stated below.

On May 12, 2022, this Court entered its Opinion and Orders on Defendants' motion for judgment on the pleadings based on qualified immunity. This Court dismissed all claims against all individual Oxford Defendants, with one exception: whether it was a constitutional violation for Counselor Shawn Hopkins and Dean of Students Nick Ejak to allegedly threaten to contact CPS on the Crumbley parents if they did not get their son mental health counseling. The Court also denied Defendants' motion as to the *Monell* claim against the District.

Since this Court denied Hopkins and Ejak qualified immunity on this issue, they have a right to file an interlocutory appeal on the qualified immunity issue. The Sixth Circuit and this Court have repeatedly held that while the issue of qualified immunity is on appeal, the trial court is divested of jurisdiction over the case and all discovery and proceedings should be stayed. This includes the *Monell* issues not currently on appeal.

This Court has found that staying all proceedings, including those not related to the issues on appeal, is necessary to promote judicial economy, prevent inconsistent outcomes, and to meet the purpose of qualified immunity. Those purposes would certainly be met by entering the stay in this case on all remaining issues.

The *Monell* claim is inextricably intertwined with the qualified immunity issue. If the Sixth Circuit determines that no constitutional violation has occurred, then not only would Hopkins and Ejak be entitled to qualified immunity, but the *Monell* claim against the District would also fail. There is no need to go through costly and extensive discovery until the Sixth Circuit addresses that threshold issue.

## STATEMENT OF ISSUE PRESENTED AND MOST CONTROLLING AUTHORITY

**Issue:** Should the Court stay *all* discovery and proceedings while the issue of qualified immunity is on appeal?

Defendants: **YES.**

### *Most Controlling Authority*

- *See English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994)("While the issue [of qualified immunity] is before the trial court or the case is on appeal, the trial court should stay discovery."); *see also Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994)( "[a] proper notice of appeal divests the district court of jurisdiction and

xiii

transfers jurisdiction to the court of appeals."); *see also Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993)(same).

- See *Bays v. Montmorency, Cty. of*, No. 15-10534, 2017 WL 510696, at *1 (E.D. Mich. Feb. 8, 2017)("[T]rial courts are obliged to stay proceedings when Defendants properly appeal the trial court's denial of qualified immunity."); *see Sexton v. Cernuto*, No. 19-12574, 2021 WL 949541, at *2 (E.D. Mich. Mar. 12, 2021, J. Goldsmith)(holding that a stay of all proceedings is appropriate pending an interlocutory appeal of a denial of qualified immunity unless the appeal is frivolous or for the sole purpose of delay

## FACTS

As a result of the school shooting at Oxford High School on November 30, 2021, Plaintiffs filed suit in this Court in 10 separate cases[1] naming as Defendants Oxford Community Schools, Superintendent Timothy Throne, Oxford High School Principal Steven Wolf, Superintendent Kenneth Weaver (in his official capacity only), Counselor Shawn Hopkins, Dean of Students Nicholas Ejak, Restorative Practices Coordinator Pamela Fine, and teachers Jacquelyn Kubina, Allison Karpinski, Kim Potts, and Becky Morgan in their individual capacities. Plaintiffs' federal lawsuits allege the following federal claims: State-Created Danger under § 1983; Supervisory Liability as to Defendants Superintendent Tim Throne and Principal Steve Wolf; *Monell* liability; and a claim for injunctive and prospective relief was also brought against Ken Weaver in his official capacity.

At the same time these lawsuits were pending in federal court, multiple Plaintiffs filed suits in state court as well. *Extensive* discovery was conducted in the *Myre, et. al. v. Fine, et. al.* state court lawsuit. This included Defendants providing Plaintiffs with

---

[1] The federal cases include: Case No. 21-12871, *Franz et al. v. Oxford Community School District et al.* (E.D. Mich.); Case No. 22-10407, *Asciutto et al v. Oxford Community School District et al.* (E.D. Mich.); Case No. 22-10805, *St. Juliana et al v. Oxford Community School District et al.* (E.D. Mich.); Case No. 22-11113, *Myre et al v. Oxford Community School District et al.* (E.D. Mich.); Case No. 22-11250, *Beausoleil v. Oxford Community School District, et al.* (E.D. Mich.); Case No. 22-11251, *Ossege v. Oxford Community School District, et al.* (E.D. Mich.); Case No. 22-11398, *Cunningham et al v. Oxford Community School District et al* (E.D. Mich); Case No. 22-11360, *GLJ, et al. v. Oxford Community School District, et al.*; Case No. 22-cv-11959, *Watson et al v. Oxford Community School District et al* (E.D. Mich); and Case No. 22-cv-11448, *Mueller et al. v. Oxford Community School District et al.* (E.D. Mich).

thousands of pages of discovery and deposing 19 witnesses. The following individuals were deposed:

1. Counselor Shawn Hopkins

2. Dean Nick Ejack

3. Teacher Jackie Kubina

4. Teacher Becky Morgan

5. Teacher Allison Karpinski

6. Restorative Practices Coordinator Pam Fine

7. Superintendent Tim Throne

8. Superintendent Ken Weaver

9. High School Principal Steve Wolf

10. Assistant High School Principal Kristy Gibson-Marshall

11. Teacher Diana McConnell

12. School Resource Officer Jason Louwaert

13. Oakland County Sheriff's Deputy Patrick Yens

14. Lunch Aid Kim Potts

15. School Security Jim Rourke

16. Assistant Superintendent Jill LeMond

17. Teacher Rene DeRyckere

18. Board Member Kory Bailey

2

19. Board Member Tom Donnelly

On December 22, 2022, the Oxford Defendants filed a motion for judgment on the pleadings asking the Court to dismiss all of the federal claims brought against the individual Oxford Defendants on the basis that the claims are barred by qualified immunity. Defendants also sought dismissal of the *Monell* claims brought against the District, arguing that *Monell* claims fail as a matter of law if Plaintiffs are unable to establish an underlying Constitutional violation.

On May 12, 2023, the Court issued its Opinion and Orders regarding Defendants motion, granting in part and denying in part Defendants' motion. (ECF No. 142, PageID. 2219). This Court dismissed all of Plaintiffs' substantive due process claims against Defendants Fine, Kubina, Karpinski, Morgan, Throne, Weaver and Wolf. (ECF No. 61, PageID. 327). Plaintiffs' state created danger claims against Hopkins, Ejak and the District survived "to the extent those claims are based on allegations that Hopkins and Ejak increased the risk of harm to Plaintiffs or their decedents by threatening, in E.C.'s presence, to report E.C.'s parents to Child Protective Services if they did not provide E.C. with counseling." *Id.* This Court "dismisse[d] all other claims against Hopkins and Ejak." *Id.*

Therefore, this Court denied Hopkins and Ejak qualified immunity on part of Plaintiffs' claims. So, the issues remaining are whether it is clearly established that

3

Hopkins' and Ejak's alleged threat to contact CPS amounts to a state created danger claim, and if so, if the District is liable for a *Monell* claim.

Defendants Hopkins and Ejak are appealing the denial of qualified immunity as to this single surviving issue against them. Defendants are now filing this motion to stay all discovery and proceedings while this issue is on appeal.

## LAW AND ARGUMENT

### I.   ALL DISCOVERY AND PROCEEDINGS SHOULD BE STAYED WHILE THE ISSUE OF QUALIFIED IMMUNITY IS PENDING ON APPEAL.

The United States Supreme Court in *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806, 2817, 86 L. Ed. 2d 411 (1985), held that a district court's denial of qualified immunity to a governmental official is a "final decision" within the meaning of 28 U.S.C. § 1291, which is immediately appealable.

In *Mitchell*, the Supreme Court explained that "[t]he entitlement [to qualified immunity] is an immunity rather than a mere defense for liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id.* at 2815 (emphasis in original). *See also Bishop v. Hackel*, 636 F.3d 757, 764 (6th Cir. 2011)(finding that a district court's denial of a motion for summary judgment based on qualified immunity "may be deemed a final, appealable order because the qualified immunity doctrine exists partly to protect officials from having to stand trial, and a defendant wrongly forced to go to trial loses the benefit of the immunity even if exonerated after trial.").

4

"Because qualified immunity is a protection not only from liability, but also from the trial process," *Gentry v. Wayne County*, No. 10-11714, 2011 WL 13160849, at *1 (E.D. Mich. Oct. 17, 2011), the Sixth Circuit has held that when a defendant appeals the denial of qualified immunity, the District Court no longer retains jurisdiction, and discovery should be stayed while the case is on appeal to preserve the rights of state officials. *See English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994); *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994). In *Kennedy v. Cleveland*, the Sixth Circuit stated:

> [I]t is possible that the progress of civil rights actions brought under 42 U.S.C. § 1983 may be interrupted by not one but two interlocutory appeals. First, if the pleading itself is insufficient the defendant may file a motion to dismiss and upon denial thereof take an immediate appeal. Because *Mitchell* contemplates that the defendant is to be also protected from the burdens of discovery until the resolution of that issue, *Mitchell* necessarily holds that the court is further obligated, upon application, not only to refrain from proceeding to trial but to stay discovery until that issue is decided.

797 F.2d 297, 299 (6th Cir. 1986); *see also English*, 23 F.3d at 1089 (6th Cir. 1994)("**While the issue [of qualified immunity] is before the trial court or the case is on appeal, the trial court should stay discovery**."); *Dickerson*, 37 F.3d at 252 (6th Cir. 1994)("**[a] proper notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals**."); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993)("As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court.").

Many Circuit Courts follow the traditional rule that district courts are automatically divested of jurisdiction and discovery is automatically stayed upon the filing of an interlocutory qualified immunity appeal. *See Williams v. Brooks*, 996 F.2d 728, 729 (5th Cir. 1993); *see Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *see Goshtasby v. Board of Trustees of the Univ. of Illinois*, 123 F.3d 427 (7th Cir. 1997)(using its supervisory powers and directing the district court to stay proceedings pending resolution of the appeal); *see Hegarty v. Somerset County*, 25 F.3d 17, 18 (1st Cir. 1994) (same).

Courts in this Circuit have also repeatedly found that discovery should be stayed while qualified immunity issues are on appeal. *See Bays v. Montmorency, Cty. of*, No. 15-10534, 2017 WL 510696, at *1 (E.D. Mich. Feb. 8, 2017) ("[T]rial courts are obliged to stay proceedings when Defendants properly appeal the trial court's denial of qualified immunity."); *Rondigo LLC v. Twp. of Richmond, Michigan*, No. CV 08-10432, 2009 WL 10681186, at *3 (E.D. Mich. Dec. 9, 2009)(granting the defendants' motion for stay and noting that "[qualified immunity] is an immunity from suit and not a mere defense to liability"); *Willis v. Cnty. of Saginaw*, No. 1:21-CV-10217, 2021 WL 2139097, at *5 (E.D. Mich. May 26, 2021)("courts routinely stay proceedings for the pendency of appeal to preserve immunity."); *Wuopio v. Miller*, No. 08-11371, 2010 WL 187740, at *1 (E.D. Mich. Jan. 15, 2010)(finding that in staying discovery pending qualified immunity appeal, "[g]enerally, the filing of a notice of appeal from the denial of immunity divests the district court of jurisdiction of the case."); *Cervantes v. Torbett*, No. 08-14390, 2010

6

WL 1417832, at *1 (E.D. Mich. Apr. 5, 2010)("The Court concludes that its denial of

qualified immunity for the Defendants as to Ms. Cervantes' claims is an appealable final

order under 28 U.S.C. § 1291, and divests this court of jurisdiction pending appeal.");

*Williams ex rel. T.S.L. v. Port Huron Area Sch. Dist. Bd. of Educ.*, No. 06-14556, 2010 WL

2772437, at *2 (E.D. Mich. July 13, 2010)("The filing of a notice of appeal from the

denial of immunity divests the district court of jurisdiction of the case, or at least over

those aspects over the case involved in the appeal.").

  In *Sexton v. Cernuto*, No. 19-12574, 2021 WL 949541, at *2 (E.D. Mich. Mar. 12,

2021, J. Goldsmith), this Court determined that *when the denial of qualified immunity is on

appeal* (as opposed to typical interlocutory appeals), "a stay should be granted unless the

appeal is frivolous or for the sole purpose of delay." *Id.* Thus, a district court may

decline to stay a case pending an appeal of a denial of qualified immunity in the limited

circumstance that the appeal is (i) frivolous or (ii) being sought solely for purposes of

delay. Id. (citing *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991) and *Howlett

v. City of Warren*, No. 17-11260, 2020 WL 5095521, at *1, *2 n.2 (E.D. Mich. Aug. 28,

2020)(granting a stay pending interlocutory appeal of denial of qualified immunity upon

finding that the appeal was neither frivolous nor sought for dilatory purposes)). This

standard has been affirmed multiple times by this Court since. *See e.g., Miller v. Gettel*,

No. 21-CV-10175, 2022 WL 2070385 (E.D. Mich. June 8, 2022)(finding that this

Court's decision in *Sexton*, 2021 WL 949541, "has succinctly summarized the standard

7

for determining whether to grant a stay of proceedings pending an interlocutory appeal of the denial of qualified immunity."); *see also Monson v. Ghougoian*, No. 18-10638, 2023 WL 2249958 (E.D. Mich. Feb. 27, 2023).

Here, applying the *Sexton v. Cernuto* test, all discovery and proceedings should be stayed for the reasons explained below.

### 1.     The Appeal is Not Frivolous.

The appeal here is not frivolous. A showing of frivolousness is a hard standard to overcome. To be frivolous, the appeal must be "unmistakab[ly] futil[e]", *McDonald v. Flake*, 814 F.3d 804, 817 (6th Cir. 2016), such as there is "controlling authority on all fours" establishing that the defendant's position on appeal is "unquestionably wrong." *Sexton*, 2021 WL 949541, at *3.

Conversely, an appeal is not frivolous if the challenge raised on appeal has "some legal aspect to it," which is to say that the challenge cannot be "aimed **solely** at the district court's determination of the record-supported evidence[.]" *Id.* at *2 (citing *Bunkley v. City of Detroit*, 902 F.3d 552, 560-561 (6th Cir. 2018))(emphasis added). Similarly, an appeal cannot be considered "frivolous" when there is real legal merit to the appeal. *See A & B Steel Shearing & Processing, Inc. v. United States*, 174 F.R.D. 65, 70 (E.D. Mich. 1997)(legal merit to an appeal exists even though the District Court's view of the case "may be contrary to the movants in view of the merits."). There is more than at least "some" legal aspect to the appeal in this case.

The issue on appeal is whether it is clearly established that allegedly threatening to contact CPS on parents if they do not get their child needed care would violate substantive due process rights. This is not a fact-based challenge, but a legal challenge as to whether that allegation amounts to a violation of a clearly established legal principle. Because of this, "[t]his argument turns—at least facially—on an issue of law appropriate for appeal." *Monson v. Ghougoian*, No. 18-10638, 2023 WL 2249958, at *1 (E.D. Mich. Feb. 27, 2023)(citing *Bunkley v. City of Detroit*, 902 F.3d 552, 560–61 (6th Cir. 2018); *see also Gentry v. Wayne County*, No. 10-11714, 2011 WL 13160849, at *2 (E.D. Mich. Oct. 17, 2011)("The Court's reliance on factual disputes in resolving the motion does not preclude the Sixth Circuit from answering the purely legal questions the appeal will present.")(citing *Estate of Carter v. City of Detroit*, 186 F.3d 685, 689-690 (6th Cir. 2005).

The fact that individuals have a clearly established right to not be deprived of life or liberty without due process of law as a general proposition does not make the appeal futile. *See Sexton*, 2021 WL 949541, *3. Plaintiffs have not pointed "to any controlling authority **on all fours with the present case** that expressly shows that Defendant's position is unquestionably wrong." *Id.* As a result, Defendants Hopkins and Ejak's challenge to the Court's denial of their claim of qualified immunity has at least some "legal aspect" to it and is not frivolous.

9

Furthermore, based on this Court's Opinion and the applicable authority from the Sixth Circuit, there is real legal merit to the appeal. The Court's Opinion concluded that "[a]ll facts indicate that E.C. came to school on November 30, 2021 prepared to commit a shooting. The risk that E.C. would do so was 'a pre-existing danger.'" (ECF No. 142, PageID.2228). Based on this conclusion, there is legal merit to the argument that Hopkins and Ejak did not commit a constitutional affirmative act as a matter of law, as E.C. was a preexisting danger before their involvement. See *Cartwright v. City of Marine City*, 336 F.3d 487, 493 (6th Cir. 2003)("The question is not whether the victim was safer *during* the state action, but whether he was safer *before* the state action than he was *after* it.").

There is also legal merit to the argument that this case is distinguishable from *Lipman v. Budish*, 974 F.3d 726 (6th Cir. 2020). *Lipman* falls within a very narrow line of "revenge" cases, along with *Kallstrom* and *Nelson*. In those cases, a state official outed an informant to a suspect who, surprised by the information, then acted in retribution against the informant. As the Sixth Circuit noted, the key to those cases is that "the private actors had no desire to harm the plaintiffs before the state outed them as undercover officers or informants." *Lipman*, 974 F.3d at 746. The opposite is true in this case. Again, Plaintiffs allege the shooter already intended to carry out the specific harm that ultimately occurred—a school shooting—before entering Hopkins' office.

There is also a question going to the legal merits whether Hopkins' action of threatening to call CPS if the Crumbley parents did not get their child mental health support is "conscience shocking" in light of the standard set in *Jane Doe v. Jackson Loc. Sch. Dist. Bd. of Educ.*, 954 F.3d 925, 928 (6th Cir. 2020). In substance, Plaintiffs argue that a school counselor received word that a student had some mental health distress. That counselor then recommended that the student's parents get the student mental health support to address those concerns. After encountering some resistance, that counselor warned the parents if they do not provide appropriate care for their child, he will contact CPS, as is required by law. Far from conscience shocking, that is what you want a school counselor to do: speak with the parent(s) about his or her concerns regarding the student, recommend outside counseling support when needed, and take the necessary steps to protect the child, including making sure the parents do not neglect their child's medical needs.

## 2. The Appeal is Not Being Sought "Solely" for the Purpose of Delay.

Nor is this appeal being sought "solely" for the purposes of delay. *Yates*, 941 F.2d at 448. "[T]hat the interlocutory appeal will necessarily delay trial does not, alone, establish that the appeal is sought for dilatory purposes." *Sexton*, 2021 WL 949541, at *3 (E.D. Mich. Mar. 12, 2021). After all, delay will occur in every case where a stay is sought, which is why it is well-settled that "delay alone does not support the denial of a stay." *Longitude Licensing Ltd. v. Apple Inc.*, No. 14-CV-04275-EDL, 2015 WL

11

12778777, *6 (N.D. Cal. Oct. 29, 2015); *Topia Technology, Inc., Plaintiff, v. Dropbox Inc., Defendant. Topia Technology, Inc., Plaintiff*, No. 23-CV-00062-JSC, 2023 WL 3437823 (N.D. Cal. May 12, 2023)("although a stay will delay this case's resolution, such harm is inherent to any stay and does not, alone, constitute undue prejudice"). When determining whether a stay is inappropriate, the key is that the appeal is frivolous and sought for the **sole** purpose of delaying trial. *See Yates*, 941 F.2d at 448. This is an exceedingly difficult standard to meet. In *Yates*, 941 F.2d at 448, the Sixth Circuit declined to dispose of an appeal even though the qualified immunity defense was first asserted 5 years after the filing of the complaint, and only days before trial.

This Court suggested that an appeal is being sought "**solely**" for the purposes of delay when the defendant seeks the appeal after multiple years of discovery, "only days" before trial is scheduled to begin, and "only after the district court had denied its motion to continue trial to a later date." *Sexton*, 2021 WL 949541, at *3 (E.D. Mich. Mar. 12, 2021), *citing McDonald v. Flake*, 814 F.3d 804, 817 (6th Cir. 2016). By contrast, this Court found no undue delay when the appeal was requested roughly four months before the trial date. *Id.*

The appeal in this case is not being sought solely for the purpose of delay, nor can Plaintiffs argue that the appeal was taken with any undue delay. Here, Defendants immediately asserted qualified immunity as a defense. Defendants filed a motion to dismiss based on the pleadings arguing that Plaintiffs' claims are barred by qualified

immunity at the earliest stage possible in this litigation. Plaintiffs prevented Defendants from filing their motion to dismiss earlier, contending that discovery was necessary. No substantive discovery has been conducted and no trial date has been scheduled. Far from dilatory, Defendants asserted qualified immunity expeditiously. If the defendants in *Yates* did not act with the **sole** intention of delay when waiting to assert qualified immunity until 5 years after the complaint was filed, and only days before trial, no argument can be made Defendants meet that standard. Therefore, a stay of proceedings pending Hopkins and Ejak's interlocutory appeal is appropriate.

### 3. All Discovery and Proceedings, Including those Related to the *Monell* Claims, Should be Stayed Pending Appeal.

Following a determination that a stay of discovery is appropriate, the next question becomes whether a limited stay should be entered or whether the district court should stay all proceedings, including those that are not involved in the qualified immunity appeal. *See Sexton*, No. 19-12574, 2021 WL 949541, at *3.

Generally, when an issue remains while the issue of qualified immunity is on appeal, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.'" *Sexton*, 2021 WL 949541, at *3. This Court explained that caselaw from the Sixth Circuit "supports staying all proceedings pending an appeal of a denial of qualified immunity to fewer than all defendants if doing so will foster judicial economy and judicial administration." *Id.* at *4 (citations omitted). This Court observed:

> [I]n *Johnson v. City of Saginaw*, the court stayed all proceedings during the pendency of the court's denial of two defendants' qualified immunity claims. The *Johnson* court found persuasive the defendants' argument that if the Sixth Circuit determined that the two appealing defendants were entitled to qualified immunity, it was possible that the remaining defendant would also be entitled to qualified immunity. The court thus concluded that "judicial economy calls for a stay of the case as the issues reviewed by the Sixth Circuit may impact those present in this case." Id. Similarly, in *Speers v. Cty. of Berrian*, the court held that "sound judicial administration" compelled the court to stay all proceedings pending certain defendants' appeal of the denial of their qualified immunity claims. The *Speers* court observed that the plaintiff's proposal that the court proceed to trial on the claims and defendants not involved in the appeal "is a recipe for needless duplication, waste, and expense."

*Id. (citing Johnson v. City of Saginaw*, No. 17-13174, 2019 WL 1400408, at *5 (E.D. Mich Mar. 28, 2019) and *Speers v. Cty. of Berrian,* No. 04-32, 2005 WL 1907525, at *3 (W.D. Mich. Aug. 10, 2005)(internal citations omitted).

Certainly, judicial economy would be best served by staying all discovery and proceedings here. The *Monell* claims against the District should be stayed as well because the *Monell* claim is "inextricably intertwined" with the qualified immunity issue. *See Williams ex rel. T.S.L. v. Port Huron Area Sch. Dist. Bd. of Educ.*, No. 06-14556, 2010 WL 2772437 (E.D. Mich. July 13, 2010)(staying all discovery and proceedings while qualified immunity issue is on appeal, because claims against the Board of Education were "inextricably intertwined" with the qualified immunity issues.).

Indeed, liability against the District is contingent on whether Hopkins or Ejak violated the constitution. If the Sixth Circuit finds that Hopkins or Ejak had not violated the Constitution, satisfying the first prong of a qualified immunity defense, then the

*Monell* claim against the District will fail as well. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986)(holding that a city "cannot be liable under § 1983 absent an underlying constitutional violation by its officers."). Additionally, a failure to train claim also fails if the constitutional right at issue was not clearly established under the circumstances. *See Arrington-Bey v. City of Bedford Heights, Ohio*, 858 F.3d 988, 994 (6th Cir. 2017)("The absence of a clearly established right spells the end of this *Monell* claim."). Because the *Monell* claim depends on the outcome of the appeal, "it would be illogical to try the municipality first since its liability under § 1983 would not be determined without a determination of the lawfulness of the individuals' actions." *Wilson v. Morgan,* 477 F.3d 326, 340 (6th Cir. 2007). Therefore, it makes little sense to proceed with discovery on a claim that may not survive an issue currently pending before the Sixth Circuit.

So, allowing discovery and the proceedings to continue on the *Monell* claims while the qualified immunity issue is on appeal "would waste judicial resources," potentially lead to inconsistent outcomes, and (as explained below) cause prejudice to Defendants. *See Monson v. Ghougoian*, No. 18-10638, 2023 WL 2249958, at *1 (E.D. Mich. Feb. 27, 2023). "Indeed, the [c]ourt might try a case that should not be tried, or it might be required to try the case twice." *Id.* (citing *Sexton,* No. 19-12574, 2021 WL 949541, at *4 (concluding that trying a case while an interlocutory appeal is pending might "result in duplication, waste, and additional expense")).

15

Since Defendants are appealing a denial of qualified immunity as to the only claim remaining against any of the Individual Oxford Defendants, and since the liability of the District is contingent on that claim, all discovery and proceedings should be stayed.

### 4.     Defendants Will be Irreparably Harmed by Not Entering a Stay.

There will be significant irreparable prejudice to Defendants should the proceedings continue while the qualified immunity issue is on appeal. Again, the entitlement to qualified immunity involves immunity from suit rather than a mere defense to liability. *Siegert v. Gilley*, 500 U.S. 226, 233, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). The philosophy behind the doctrine of qualified immunity "is a desire to avoid the substantial costs imposed on government, and society, by subjecting officials to the risks of trial." *Vaughn v. United States Small Bus. Admin.*, 65 F.3d 1322, 1326 (6th Cir. 1995)(*citing Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982)(internal quotation marks omitted). Such burdens include "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Id.*

By allowing discovery while the Sixth Circuit determines the qualified immunity issue then "the central benefits of qualified immunity – avoiding the costs and general consequences of subjecting public officials to the risk of discovery and trial – would be forfeited." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy,* Inc., 113 S. Ct. 684, 121

L. Ed. 2d 605 (1993); *see also Gentry v. Wayne Cnty.*, No. 10-CV-11714, 2011 WL 13160849, at *2 (E.D. Mich. Oct. 17, 2011)(proceeding with the case "may result in a violation of the prerogatives of government officials that cannot be undone."); *Monson*, No. 18-10638, 2023 WL 2249958, at *1 (same).

Additionally, Defendants have already participated in extensive full discovery in one of the lawsuits pending in Oakland County Circuit Court. Defendants produced thousands of pages of documentation in that state court case. Nineteen depositions were taken in the state court case, including the deposition of Shawn Hopkins and Nick Ejak. Each deposition was extraordinarily lengthy, with all but one deposition lasting several hours. It would be unfairly prejudicial to force these individuals to be deposed again, and force Defendants to incur the expense that goes with it when it has not yet been determined whether it is necessary.

Based on the extensive amount of discovery that occurred in the state court case, most of which is a part of the public record, there are no secrets. Most of this discovery occurred several months before Defendants' motion to for judgment on the pleadings was filed. All of this extensive discovery had been conducted months before the hearing on that motion. Had there been any new revelations developed through the thousands of pages of deposition testimony and tens of thousands of pages of documents shared with Plaintiffs, surely Plaintiffs would have amended their complaints.

17

### 5.    A Stay Would Pose No Real Harm to Plaintiffs.

Plaintiffs will not be unduly harmed by the issuance of the stay. The evidence has been well preserved. All of the relevant witnesses have already been deposed in the state court case. These witnesses' memories have been preserved in deposition transcripts. Plaintiffs also have the benefit of a substantial police investigation and criminal prosecutions---which are ongoing and which contain scores of witness statements and over a thousand pages of evidence.

Since there is no dispute that all of the evidence and testimony has already been preserved, the only argument Plaintiffs may try to make relates to a delay in seeking a potential recovery. But delay can be argued in every case where a stay is sought, thus "delay alone does not support the denial of a stay." *Longitude Licensing Ltd. v. Apple Inc.*, No. 14-CV-04275-EDL, 2015 WL 12778777, *6 (N.D. Cal. Oct. 29, 2015); *Topia Technology, Inc., Plaintiff, v. Dropbox Inc., Defendant. Topia Technology, Inc., Plaintiff*, No. 23-CV-00062-JSC, 2023 WL 3437823 (N.D. Cal. May 12, 2023)("although a stay will delay this case's resolution, such harm is inherent to any stay and does not, alone, constitute undue prejudice"); *DSW Inc. v. Shoe Show, Inc.*, No. 1:11-cv-1797, 2012 WL 2994193 at *2 (N.D. Ohio July 20, 2012); *Allied Erecting & Dismantling Co., Inc. v. Genesis Equip. & Mfg., Inc.*, No. 4:08-cv-589, 2010 WL 3239001, at *2 (N.D. Ohio Aug. 16, 2010)(finding that plaintiff's arguments of undue prejudice were generalized and did not "identify any clear tactical disadvantage that [it] [would] suffer as a result of any delay."); *Avanos Med.*

18

*Sales, LLC v. Medtronic Sofamor Danek USA, Inc.*, No. 219CV02754JMPTMP, 2020 WL 7865959, at *2 (W.D. Tenn. Nov. 24, 2020); *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 643 (S.D.N.Y. 2012)("the only harm to her from a stay is delay in achieving a final resolution of her claim, and that harm may be fully remedied by an award of pre-judgment interest.").

## CONCLUSION

For all the reasons stated above, this Court should grant Defendants' Motion to Stay and stay all discovery and proceedings pending the Sixth Circuit's decision on Hopkins and Ejak's interlocutory appeal.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Oxford Defendants

DATED: June 2, 2023

19

LOCAL RULE CERTIFICATION: I, Timothy J. Mullins, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). Defendants are filing concurrent herewith an ex parte motion to exceed the page length.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Oxford Defendants

DATED: June 2, 2023

## CERTIFICATE OF ELECTRONIC SERVICE

TIMOTHY J. MULLINS states that on June 2, 2023, he did serve a copy of **DEFENDANTS' MOTION TO STAY** via the United States District Court electronic transmission.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorneys for Oxford Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021

20