UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY FRANZ, Individually and as Next Friend as to RF and BF, minors; <br> BRANDI FRANZ, Individually and as Next Friend as to RF and BF, minors; <br> RF, a Minor, By Next Friends Jeffrey Franz and Brandi Franz; <br> BF, a Minor, By Next Friends Jeffrey Franz and Brandi Franz, <br><br>      Plaintiffs, <br><br> v. <br><br> OXFORD COMMUNITY SCHOOL DISTRICT; TIMOTHY THRONE, Superintendent; STEVEN WOLF, Principal; RYAN MOORE; COUNSELOR #1; COUNSELOR #2; STAFF MEMBER; TEACHER #1; TEACHER #2; PAMELA FINE, Teacher; JACQUELYN KUBINA, Teacher; JACQUELYN KUBINA, Teacher; ALLISON KARPINSKI, Teacher; BECKY MORGAN, Teacher and NICHOLAS EJAK, Dean of Students; SHAWN HOPKINS, Student Counselor, <br><br>      Defendants. <br> _____/ | Case No. 21-cv-12871 <br> Hon. Mark A. Goldsmith <br> Mag. Judge Anthony P. Patti <br><br> Consolidated With Case Nos. 22-11398; 22-10407; 22-11250; 22-11360; 22-11448; 22-11113; 22-11251; 22-10805; 22-11959 |

**PLAINTIFFS' NOTICE OF CROSS APPEAL**

All Plaintiffs cross-appeal to the United States Court of Appeals for the Sixth Circuit from the district court's OPINION & ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE

PLEADINGS (R. 142, Opinion & Order, PageID.2219-2245) (attached), entered in this action on May 12, 2023.[1]

All Plaintiffs cross appeal from the Opinion & Order only to the extent of the district court's findings as to the assertion of qualified immunity by Defendants Nicholas Ejak and Shawn Hopkins, in particular as to the affirmative acts alleged against those Defendants for purposes of Plaintiffs' state-created danger claim, as described below.

In its Opinion & Order, the district court ruled that "Plaintiffs have sufficiently pleaded state-created danger claims against Hopkins and Ejak," R. 142, PageID.2237, with respect to the claims Hopkins and Ejak "threatened E.C. and his parents" with demands the EC receive counseling within 24 hours and these Defendants would report E.C.'s parents to Child Protect Services (CPS) if the parents did not obtain counseling, placing direct pressure on E.C., increasing the danger E.C. would act on his violent ideation. PageID.2231. The state-created danger claims survive against Defendants Shawn Hopkins, Nicholas Ejak, and

---

[1] The district court's Opinion & Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings was entered in this case, Case No. 21-cv-12871, *Franz, et al. v. Oxford Community Schools, et al.*, which was consolidated with other cases arising out of the shooting at Oxford High School on November 30, 2021, in which separate orders were entered reflecting the ruling in this case, Franz, applied was entered in the other cases. There was no need for such an Order here because the district court's Opinion & Order (R.142) was entered in this case.

{01456227.DOCX} 2

Oxford Community Schools, to the extent that those claims are based on allegations that Hopkins and Ejak increased the risk of harm to Plaintiffs or their decedents by threatening, in E.C.'s presence, to report E.C.'s parents to CPS if they did not provide E.C. with counseling (R. 142, Page ID.2230-2233). The district court dismisses all other claims against Hopkins and Ejak. (R. 142, Page ID.2226-2230, 2244).

On June 1, 2023, Defendants Shawn Hopkins and Nicholas Ejak filed a Notice of Appeal (R. 148, Notice of Appeal, PageID.2268-2270) from the district court's Opinion & Order (R. 142), appealing "the District Court's denial of their assertions of qualified immunity as to Plaintiffs' [42 U.S.C.] § 1983 Substantive Due Process Claims brought under the state created danger theory." (R. 148, Notice of Appeal, PageID.2269). Defendants Ejak and Hopkins assert as the basis for their appeal that "the District Court mistakenly held that Hopkins and Ejak's actions violated Plaintiffs' clearly established constitutional rights." (R. 148, Notice of Appeal, Page ID.2269). Thus, the issue raised by Defendants' qualified immunity appeal will be whether the district court erred in its analysis of the "affirmative act" element of Plaintiffs' state-created danger claim, holding that Plaintiffs plausibly alleged that Defendants Hopkins and Ejak increased the risk of harm by threatening, in E.C.'s presence, to report E.C.'s parents to CPS if they did not provide E.C. with counseling.

In this Cross Appeal, Plaintiffs appeal from the portions of the district court's Opinion & Order (R. 142) that analyzed whether Defendants Hopkins and Ejak engaged in affirmative acts that increased the risk of harm. Plaintiffs specifically appeal:

1. The district court's finding that Plaintiffs did not plausibly allege an "affirmative act" for purposes of a state-created danger claim by alleging that "Defendants [Hopkins and Ejak] 'hid[]' or 'concealed' information from law enforcement, the school liaison officer, Child Protective Services (CPS), and other OHS staff members[.]" (R. 142, Opinion & Order, PageID.2225).

2. The district court's finding that Plaintiffs did not plausibly allege an affirmative act that increased the risk of harm by alleging that Defendants Hopkins and Ejak returned E.C. to class with his backpack. (R. 142, Opinion & Order, PageID.2228-2230).

3. The district court's dismissal of all other claims against Hopkins and Ejak, to the extent that those claims are based on the alleged affirmative acts returning E.C. to class with this backpack, and concealing information from law enforcement, the school liaison officer, CPS, and other OHS staff members. (R. 142, Opinion & Order, PageID. 2225-2226, 2228-2230).

The Court of Appeals for the Sixth Circuit should exercise pendent appellate jurisdiction as to the issues raised in Plaintiffs' cross appeal. The Sixth Circuit's review of the affirmative act element, as raised in Plaintiffs' cross appeal, is "necessary to ensure meaningful review of [Defendants'] qualified immunity claims," see *Richko v. Wayne* County, 819 F.3d 907, 921 (6th Cir. 2016), and "the question of the [defendants'] liability is so completely intertwined with the claims of qualified immunity that…one necessarily resolves the other and establishes

{01456227.DOCX} 4

pendent jurisdiction." *Thames v. City of Westland*, 796 Fed.Appx. 251, 260 (6th Cir. 2019).

In this case, both parties raise the same issue on appeal: whether Defendants Shawn Hopkins and Nicholas Ejak engaged in affirmative acts for purposes of a state-created danger claim. In both Defendants' appeal and Plaintiffs' cross-appeal, the Court of Appeals is asked to decide whether the factual allegations in Plaintiffs' complaint plausibly allege "affirmative acts" in support of Plaintiffs' state-created danger claim against the same Defendants, Hopkins and Ejak.

The Sixth Circuit's analysis and resolution of the affirmative act issue will control the district court's analysis of the issue on remand, as well as the Sixth Circuit's analysis of the issue in subsequent appeals on the same issue and will effectively resolve the entirety of the qualified immunity issue as to Defendants Hopkins and Ejak. Because the appeal and cross appeal arise out of the same bundle of facts and allegations, the Sixth Circuit should review them together and in context in this appeal.

Plaintiffs cross appeal as indicated and request that the Sixth Circuit exercise pendent appellate jurisdiction to review the qualified immunity findings raised in Plaintiffs' cross appeal, as well review the qualified immunity findings raised in Defendants' Notice of Appeal.

        Respectfully submitted,

        FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.

        /s/ *Robert G. Kamenec*
        GEOFFREY N. FIEGER (P30441)
        JAMES J. HARRINGTON (P65351)
        ROBERT G. KAMENEC (P35283)
        MILICA FILIPOVIC (P80189)
        Attorneys for Plaintiffs
        19390 West Ten Mile Road
        Southfield, MI 48075
        (248) 355-5555
        Fax: (248) 355-5148
        g.fieger@fiegerlaw.com
        j.harrington@fiegerlaw.com
        r.kamenec@fiegerlaw.com
        m.filipovic@fiegerlaw.com

Date:  June 14, 2023

## CERTIFICATE OF SERVICE

  I certify that on June 14, 2023, I electronically filed the foregoing with the Clerk of the Court using the Court's ECF system, which will send notification of such filing to all counsel of record.

        /S/ Audra A. Arndt
          Audra A. Arndt
          19390 West Ten Mile Road
          Southfield, MI 48075
          (248) 355-5555
          a.arndt@fiegerlaw.com