UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY FRANZ et al.,

    Plaintiffs,

v.

OXFORD COMMUNITY SCHOOL DISTRICT et al.,

    Defendants.

No. 21-cv-12871

HON. MARK A. GOLDSMITH

## ORDER (1) GRANTING DEFENDANTS' MOTION TO STAY (Dkt. 150) AND (2) STAYING AND ADMINISTRATIVELY CLOSING OXFORD CASES

Before the Court is Defendants' unopposed motion to stay all proceedings in the related Oxford Cases (Dkt. 150).[1] For the reasons that follow, the Court grants Defendants' motion, stays and administratively closes the Oxford Cases, and denies without prejudice Defendants' motions for judgment on the pleadings filed in two of these actions.[2]

---

[1] The related Oxford Cases derive from the tragic November 30, 2021 shooting at Oxford High School. These cases consist of: Franz et al. v. Oxford Community School District et al., No. 21-cv-12871 (E.D. Mich.); Asciutto et al. v. Oxford Community School District et al., No. 22-cv-10407 (E.D. Mich.); Myre et al. v. Oxford Community School District et al., No. 22-cv-11113 (E.D. Mich.); St. Juliana et al. v. Oxford Community School District et al., No. 22-cv-10805 (E.D. Mich.); Beausoleil v. Oxford Community School District et al., No. 22-cv-11250 (E.D. Mich.); Ossege v. Oxford Community School District et al., No. 22-cv-11251 (E.D. Mich.); Mueller et al. v. Oxford Community School District et al., No. 22-cv-11448 (E.D. Mich.); Watson et al. v. Oxford Community School District et al., 22-cv-11959 (E.D. Mich.); and Cunningham et al. v. Oxford Community School District et al., No. 22-cv-11398 (E.D. Mich.). Additionally, G.J. et al. v. Oxford Community School District et al., No. 22-cv-11360, (E.D. Mich.)—formerly an Oxford Case—has been dismissed with prejudice and is now closed.

[2] Oral argument will not aid the Court's decisional process, so the issues will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). Plaintiffs' response was due 14 days after service of Defendants' motion, i.e., June 16, 2023, see E.D. Mich. LR 7.1(e)(1)(A); Plaintiffs elected not to file one. Defendants' two pending motions for judgment on the pleadings were filed in Myre (No. 22-cv-11113, Dkt. 47) and Watson (No. 22-cv-11959, Dkt. 25). This Court will

Defendants in the Oxford Cases filed a motion for judgment on the pleadings asserting a qualified immunity defense, which this Court granted in part and denied in part. See 5/12/23 Op. & Order (Dkt. 142). The Court dismissed multiple Defendants, and it found that Plaintiffs had surviving claims against Defendants Nicholas Ejak, Shawn Hopkins, and Oxford Community Schools. Id. In each Oxford Case, Ejak and Hopkins filed an interlocutory appeal with the United States Court of Appeals for the Sixth Circuit to appeal the denial of qualified immunity, see, e.g., Franz Notice of Appeal (Dkt. 148), and in some Oxford Cases, Plaintiffs filed notices of cross-appeal, see, e.g., Franz Notice of Cross-Appeal (Dkt. 152). Defendants now submit that a stay of "all discovery and proceedings" is appropriate while the Sixth Circuit considers the issues on appeal. See Br. in Supp. Mot. at 4.

As is well-demonstrated by Defendants' caselaw, the Oxford Cases should be stayed in their entirety. Defendants' filing of a notice of appeal "confer[red] jurisdiction on the court of appeals and divest[ed] the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). Without any suggestion that Defendants' appeal is frivolous or intended solely to cause delay, a stay is "mandatory" as to "all issues" related to the liability of Ejak and Hopkins. Black v. Dixie Consumer Prod. LLC, No. 108-cv-00142, 2015 WL 13714173, at *2 (W.D. Ky. Sept. 9, 2015) (granting motion to stay proceedings while defendant challenged denial of immunity on appeal).

To the extent that this Court retains jurisdiction over any aspects of the Oxford Cases, it finds in its discretion that a stay of all proceedings is appropriate.[3] Absent unique considerations

---

enter separate orders in each Oxford Case staying and administratively closing that case and, if applicable, denying without prejudice Defendants' motion for judgment on the pleadings.

[3] Courts sometimes consider the following four factors when determining whether to stay a case while an issue is on appeal: (i) "the likelihood that the party seeking the stay will prevail on the

that are not present here, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." Sexton v. Cernuto, No. 19-12574, 2021 WL 949541, at *3 (E.D. Mich. Mar. 12, 2021) (staying all proceedings while defendants appealed denial of qualified immunity) (quoting Griggs, 459 U.S. at 58)). Courts in this district regularly stay all proceedings when defendants appeal a denial of immunity, including where—as is the case here—plaintiffs have a surviving Monell claim against a defendant governmental entity that (i) is not on appeal but (ii) is subject to dismissal if the individual defendants prevail on their qualified immunity defense. See, e.g., id. at *4; Johnson v. City of Saginaw, No. 17-cv-13174, 2019 WL 1400408, at *5 (E.D. Mich. Mar. 28, 2019); Gentry v. Wayne Cnty., No. 10-cv-11714, 2011 WL 13160849, at *2 (E.D. Mich. Oct. 17, 2011).

Given the appropriateness of a stay of all proceedings, the Court also denies without prejudice Defendants' pending motions for judgment on the pleadings in Watson and Myre. Because "the issues reviewed by the Sixth Circuit may impact" whether the Court needs to address these motions, interests of "judicial economy" weigh in favor of the Court not addressing those motions while the Sixth Circuit has jurisdiction over these cases. Johnson, 2019 WL 1400408, at *5 (staying all proceedings while defendants appealed denial of qualified immunity); see also

---

merits of the appeal," on which point this Court expresses no opinion; (ii) "the likelihood that the moving party will be irreparably harmed absent a stay," which factor favors Defendants, as a continuation of proceedings may unnecessarily burden government officials with litigation costs; (iii) "the prospect that others will be harmed if the court grants the stay," on which point Plaintiffs have offered no argument; and (iv) "the public interest in granting the stay," which counsels in favor of a stay in large part due to the threatened waste of judicial resources. Smith v. Cnty. of Lenawee, No. 09-10648, 2009 WL 3672107, at *1 (E.D. Mich. Nov. 3, 2009) (punctuation modified); see also Coinbase, Inc. v. Bielski, No. 22-105, 2023 WL 4138983, at *5 (U.S. June 23, 2023) (requiring that case be stayed pending appeal on arbitrability and noting that "allowing a case to proceed simultaneously in the district court and the court of appeals creates the possibility that the district court will waste scarce judicial resources—which could be devoted to other pressing criminal or civil matters . . ."). All but the first factor suggest the propriety of granting a stay.

Miller v. Gettel, No. 21-cv-10175, 2022 WL 2070385, at *3–*4 (E.D. Mich. June 8, 2022) (staying case pending resolution of cross-appeals on issue of qualified immunity and denying without prejudice pending motion to compel).

Accordingly, the Court grants Defendants' motion (Dkt. 150), and it stays and administratively closes this case and all Oxford Cases pending resolution of the appeal before the Sixth Circuit.

SO ORDERED.

Dated: July 10, 2023  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge