UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY FRANZ et al.

    Plaintiffs,

v.

OXFORD COMMUNITY SCHOOL DISTRICT et al.,

    Defendants.

No. 21-cv-12871

HON. MARK A. GOLDSMITH

**OPINION & ORDER
DENYING WITHOUT PREJUDICE PLAINTIFFS' JOINT MOTION FOR RELIEF
FROM MAY 12, 2023 OPINION & ORDER AND FOR LEAVE TO FILE AMENDED
COMPLAINTS (Dkt. 157)**

This matter concerns the tragic school shooting executed by student E.C. at Oxford High School (OHS) in Oxford, Michigan on November 30, 2021. Plaintiffs—OHS students, their Next Friends, and certain students' estates—have brought ten separate but related actions against school district Oxford Community Schools and certain district employees.[1] The full factual background is set forth in the Court's May 12, 2023 opinion and order (Dkt. 142).

Before the Court is Plaintiffs' joint motion for relief from the Court's May 12, 2023 opinion and order granting in part and denying in part Defendants' motion for judgment on the pleadings

---

[1] These related cases (Oxford Cases) are: Franz et al. v. Oxford Community School District et al., No. 21-cv-12871 (E.D. Mich.); Asciutto et al v. Oxford Community School District et al., No. 22-cv-10407 (E.D. Mich.); Myre, et al. v. Oxford Community School District, et al., No. 22-cv-11113 (E.D. Mich.); St. Juliana et al v. Oxford Community School District et al., No. 22-cv-10805 (E.D. Mich.); Beausoleil v. Oxford Community School District et al., No. 22-cv-11250 (E.D. Mich.); Ossege v. Oxford Community School District et al., No. 22-cv-11251 (E.D. Mich.); G.J. et al. v. Oxford Community School District et al., No. 22-cv-11360, (E.D. Mich.); Mueller et al. v. Oxford Community School District et al., No. 22-cv-11448 (E.D. Mich.); Watson et al. v. Oxford Community School District, et al., 22-cv-11959 (E.D. Mich.); and Cunningham et al. v. Oxford Community School District et al., No. 22-cv-11398 (E.D. Mich.).

(Dkt. 157).[2] In its prior opinion and order, the Court dismissed Plaintiffs' state-created danger claims against Defendants Shawn Hopkins, an OHS counselor, and Nicholas Ejak, the OHS dean of students. 5/12/23 Op. & Order at 12. Plaintiffs assert they are moving for relief from the order under Federal Rule of Civil Procedure 60(b), or alternatively, under Rule 54(b). In addition, they move to amend under Rule 15. For the reasons set forth below, the Court denies Plaintiffs' motion without prejudice because it lacks jurisdiction. It also sets forth an indicative ruling that it would deny the motion on the merits if it had jurisdiction.

## I. ANALYSIS

### A. Jurisdiction

Plaintiffs acknowledge that their motion presents a jurisdictional issue. See Br. Supp. Mot. at 3. Defendants correctly assert that this Court lost jurisdiction to entertain the motion by virtue of the appeal filed in this case. See Resp. at 17 (citing Pickens v. Howes, 549 F.3d 377, 383 (6th Cir. 2008) ("After an appeal of a trial court's final judgment has been perfected by the filing of a notice of appeal, the trial court no longer has jurisdiction to grant a Rule 60(b) motion.")). Plaintiffs appear to agree, as they filed no reply brief.

One available solution for Plaintiffs would be to seek an indicative ruling from this Court. If a district court has no jurisdiction to decide a motion because of the filing of an appeal, Rule 62.1 permits the district court to give an indicative ruling on how it would decide the motion should the court of appeals remand for that purpose. Although Plaintiffs did not cite the rule, they did cite a case to that effect. See Br. Supp. Mot. at 3 (citing Huffman v. Speedway LLC, 621 F. App'x 792, 795 n.2 (6th Cir. 2015)). While the language of the rule provides for a district to indicate that

---

[2] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes Defendants' response (Dkt. 158).

2

it would grant the motion or that the motion raises "substantial questions," caselaw recognizes a district court's ability to express its skepticism on the merits of a motion, so as to give guidance to the court of appeals on whether remand might be warranted. See Daulatzai v Maryland, 340 F.R.D. 99, 106 (D. Md. 2021) (giving an indicative ruling that plaintiff's motion to amend "likely fails to state a claim" and does not warrant remand, so as "to ensure effective coordination between itself and the Court of Appeals").

This Court will follow course. It has no jurisdiction to grant the motion, so the motion will be denied without prejudice. However, it addresses the merits of the motion, as an indicative ruling for whatever purpose that may serve in connection with the ongoing appellate process.

**B. Indicative Ruling**

"To prevail on a Rule 60(b)(2) motion, a movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) that the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." JPMorgan Chase Bank, N.A. v. First Am. Title Ins. Co., 750 F.3d 573, 584–585 (6th Cir. 2014) (punctuation modified). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." Info-Hold, Inc. v. Sound Merch., Inc., 538 F.3d 448, 454 (6th Cir. 2008). The Rule "does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir. 2001).

Plaintiffs seek relief from the Court's dismissal of Plaintiffs' state-created danger claims against Hopkins and Ejak premised on the theory that they increased the risk of a shooing by

3

returning E. C. to class. See Br. Supp. Mot. at 9; 5/12/23 Op. & Order at 12. In that opinion and order, the Court concluded:

> Plaintiffs have not plausibly alleged that the act of returning E.C. to class with his backpack increased the risk that E.C. would harm other people. All facts indicate that E.C. came to school on November 30, 2021 prepared to commit a shooting. The risk that E.C. would do so was "a preexisting danger." By directing E.C. back to his classroom with the backpack that E.C. had brought from home, Hopkins and Ejak did no more than "return[]" the student body to the already-extant state of risk. Just as a police officer does not increase the risk that a private actor will harm other people by detaining the actor and then letting him go—even if the officer has notice that the private actor may pose a danger—Hopkins and Ejak's act of holding E.C. in the counselor's office and then returning him to class did not increase the risk already presented by E.C.

5/12/23 Op. & Order at 10–11 (punctuation modified).

Plaintiffs argue that "newly discovered evidence establishes that any pre-existing or initial risk to Plaintiffs" "render[s] Plaintiffs' allegations of state[-]created danger even more plausible." Br. Supp. Mot. at 11–12. Plaintiffs' "newly discovered evidence" comes from the October 30, 2023 "Independent Report On the Shooting At Oxford High School On November 30, 2021" by Guidepost Solutions. Guidepost Report Excerpts (Dkt. 157-4). Plaintiffs point to a number of the report's findings, including that Hopkins and Ejak failed to initiate a "threat assessment" when E.C. was in the counselor's office, failed to search his backpack, and permitted E.C. to return to class with his un-searched backpack containing the gun and ammunition, and that Hopkins "contributed directly to the tragic shooting . . . ." Br. Supp. Mot. at 6–7 (citing Guidepost Report Excerpts). According to Plaintiffs, the report's findings show that "[Hopkins and Ejak] re-created the danger by returning [E.C.] to class" despite knowing it was unsafe to do so. Id. at 11.

Plaintiffs' argument fails because (i) the evidence is not material such that it compels the Court to reach a result different from its original judgment and, (ii) even if the evidence were material, Plaintiffs have not demonstrated that this evidence was not previously available or discoverable.

Turning first to materiality, as the Court explained in its prior opinion and order, to successfully plead that Hopkins and Ejak committed actionable affirmative actions, Plaintiffs must allege that they were "safer before the state action than [they] [were] after it." 5/12/23 Op. & Order at 9 (quoting Lipman v. Budish, 974 F.3d 726, 744 (6th Cir. 2020)). However, "'[w]hen an official intervenes . . . , then later returns the person to a situation with a preexisting danger, the intervention does not satisfy the affirmative act requirement for state-created danger'—so long as the official's actions did not increase the preexisting risk." Id. (quoting Walker v. Detroit Pub. Sch. Dist., 535 F. App'x 461, 465 (6th Cir. 2013)).

Here, none of the actions taken by Ejack and Hopkins cited in the Guidepost report shows that handing E.C. his backpack and sending him back to class increased the risk that E.C. would harm others. True enough, the report's findings may detail with further specificity how Ejack and Hopkins failed to effectively intervene to avert the shooting. But as courts—including this Court—have explained, it is not sufficient for Plaintiffs to plead an affirmative act by submitting that, "if school officials had intervened more effectively, the shooting may have been averted." Walker, 535 F. App'x at 466. The Guidepost report excerpts upon which Plaintiffs rely are immaterial to the Court's prior order dismissing Plaintiffs' state-created danger claim premised on the allegation that Ejack and Hopkins increased the risk of a shooting.

Resisting this conclusion, Plaintiffs rely on Est. of Sanchez v. City of Saginaw, No. 20-cv-11685, 2020 WL 7122085, at *5 (E.D. Mich. Dec. 4, 2020). In Sanchez, the Court held that a plaintiff successfully pleaded a state-created danger claim against police officers by alleging that the officers created a danger by ordering a driver who was admittedly too incapacitated to drive to get back in his vehicle and drive out of the city. Sanchez is unhelpful to Plaintiffs' cause for multiple reasons. For one, a Rule 60(b) motion is not the proper vehicle to raise new arguments

5

or authorities that could have been raised the first time around, and Plaintiffs did not cite Sanchez in their original briefing on Defendants' motion for judgment on the pleadings. In any event, Sanchez is distinguishable because the defendant officers in that case did not merely return an intoxicated driver to the road such that they subjected plaintiffs to a preexisting danger. Instead, the officers increased the risk by allegedly ordering a driver, who would have otherwise stopped driving, to continue driving while intoxicated. Sanchez, 2020 WL 7122085, at *5. Sanchez is of no help to Plaintiffs' position.

Plaintiffs also fail to show that the Guidepost report's findings constitute "new" evidence. As Defendants point out, the allegedly new facts sourced from the report were already included as allegations in complaints filed in this consolidated case. See Resp. at 8. "Rule 60(b) is not a vehicle to give the losing litigant a second bite at the apple." Lunn v. City of Detroit, No. 19-13578, 2024 WL 3160311, at *4 (E.D. Mich. June 25, 2024) (punctuation modified).[3]

Because Plaintiffs fail to raise new evidence that would have produced a different result if presented before the original judgment, Plaintiffs are not entitled to relief under Rule 60(b).[4]

---

[3] Plaintiffs also make the cursory argument that Oxford Community Schools' complaint asserting a declaratory judgment action against its insurer MASB-SEG Property/Casualty Pool, Inc. shows that Oxford now asserts that the shooting was caused by a "singular event, namely, the shooter's plan," and that such a position "warrants relief from the Court's Opinion [and] Order." Br. Supp. Mot. at 8–9; see also Complaint for Declaratory Relief, Oxford Cmty. Schools v. MASB-SEG Property/Casualty Pool, Inc. Case No. 2024-204988 (Dkt. 157-5). This argument is without merit. As Defendants point out, the declaratory judgment action centers on whether the insurer has a duty to defend and to pay for claims against Oxford stemming from "bodily injury caused by an occurrence that takes place in the coverage territory." See Decl. J. Compl. ¶ 16. The declaratory judgment action poses a distinct legal issue that is unrelated to whether Hopkins and Ejak committed affirmative acts such that they are subject to Plaintiffs' state-created danger claim.

[4] Because Plaintiffs are not entitled to relief under Rule 60(b), Plaintiffs fare no better under Rule 54, which they say follows the same standards for relief. See Br. Supp. Mot. at 3–4. In addition, no relief is warranted under Rule 15, because the finding of an absence good cause for relief under Rule 60 applies equally to relief under Rule 15.

## II.  CONCLUSION

Because it lacks jurisdiction, the Court denies the motion (Dkt. 157) without prejudice. However, it also sets forth an indicate ruling that it would deny the motion on the merits if it had jurisdiction.

SO ORDERED.


Dated:  September 27, 2024                             s/Mark A. Goldsmith
Detroit, Michigan                                      MARK A. GOLDSMITH
                                                       United States District Judge